ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 2 7 2006

at ___ o'clock and ___ min __ M
SUE BEITIA, CLERK

Joseph R. Thames
P.O. Box 674
Kailua, HI 96734
(808) 554-8082

IN THE UNITED STATES DISRTICT COURT
DISTRICT OF HAWAII

| | |
|---|---|
| Joseph R. Thames<br>    Plaintiff, | ) CIVIL NO.  04-00644DAE-LEK<br>)<br>) |
| vs. | ) MOTION FOR<br>) RECONSIDERATION<br>) |
| Deborah Y. Miller, et al.<br>    Defendants. | )<br>)<br>) CERTIFICATE OF SERVICE<br>) |

MOTION FOR RECONSIDERATION

Now Comes Plaintiff Joseph R. Thames, Pro Se and files and submits this Motion

for Reconsideration of the Court ruling dated of January 03, 2006.  Plaintiff raises the

issue that the Court mailed the ruling dated January 03, 2006 on January 17, 2006 with a

January 17, 2006 response deadline. (Exhibit 1)  The Court gives the Plaintiff no time to

respond.  Plaintiff moves for an extension in time to properly, adequately and

appropriately respond.  Plaintiff requests a sixty day extension in time to respond to

address this matter and the unjust Court ruling.  Court ruling violates Plaintiff's

Constitutional rights.  The Magistrate Judge is not the trier of facts in this action and has

no authority to make such rulings of dismissing these claims.  The Court ruling is

inaccurate and or unjust. (Exhibit 2)  Plaintiff reserves the right to submit additional

supplemental responses to this matter.

Additionally, Plaintiff lodges a formal complaint against this Court for these and other such continuing unjust and illegal actions of this Court to include discrimination, prejudice and biases of the Court.

Under the penalty of perjury, Plaintiff states that the above is true, correct and accurate. For good cause, Plaintiff request of this Court to reconsider the Court ruling.

Dated January 27, 2006 in Honolulu, Hawaii.

Joseph R. Thames

to the United States District Court for the District of Raleigh and Fayetteville, North Carolina.  [Proposed Amended Complaint at 26-28.]  If Plaintiff wishes to intervene in that case, he must do so in state court.  This Court does not have the authority to accept his third party complaint or to remove the case. Plaintiff's Motion is therefore denied as to Plaintiff's proffered third-party complaint in <u>Coelho v. Quitan</u>.

<b><u>CONCLUSION</u></b>

On the basis of the foregoing, Plaintiff's Motion is HEREBY GRANTED IN PART and DENIED IN PART.  The Court grants Plaintiff leave to amend his Complaint to add a claim against Defendant for the repayment of $3,290.00 in various loans that Plaintiff made to Defendant.  The Court denies Plaintiff's Motion in all other respects.

Plaintiff shall file his First Amended Complaint by no later than January 17, 2006.  The First Amended Complaint may include the claims alleged in Plaintiff's original complaint and Plaintiff's proposed claim against Defendant for repayment of the $3,290.00 in loans.  The Court instructs Plaintiff that he may not include any other claims, nor may he name any additional defendants.  The Court further cautions Plaintiff that the failure to follow these instructions may result in sanctions, including the striking of the First Amended Complaint.

Exhibit 1A

UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
300 ALA MOANA BLVD., C-338
HONOLULU, HAWAII 96850 • 0338
CLERK

OFFICIAL BUSINESS

Joseph R. Thames
PO Box 674
Kailua, HI 96734

PRESORTED
FIRST CLASS



*Exhibit 1B*

argues that he, as landlord of the Property, orally agreed to rent the Property to Defendant. He claims she failed to pay rent and seeks an award of $11,050 in back rent. [Id. at 19-20.] The Court finds that these claims are also futile based on the state court's ruling that Plaintiff never had an ownership interest in the Property. The Court therefore denies the Motion with regard to all proposed claims that either challenge Defendant's ownership of the Property or are related to Plaintiff's allegation that he had an ownership interest in the Property.

Plaintiff also asserts that Defendant owes him $3,290 for various loans that he made to her. [Id. at 18-19.] These loans appear to be for items unrelated to the property ownership issue. The Court therefore grants the Motion as to Plaintiff's claims for repayment of these loans. See Fed. R. Civ. P. 18(a) ("A party asserting a claim to relief as an original claim . . . may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.").

Plaintiff asserts an additional claim regarding two loans he allegedly made to Defendant, one for $15,240.00, and another for $13,230.00. [Proposed Amended Complaint at 20.] The documentation Plaintiff has provided does not clearly indicate what these loans were for, but the amounts appear to be funds that Plaintiff allegedly gave Defendant to purchase the Property.

8

Exhibit 2

L-134            STATE OF HAWAII
        OFFICE OF ASSISTANT REGISTRAR
                RECORDED

        NOV 18, 1997    08:01 AM

            Doc No(s) 2418498

        on Cert(s) 336,361

    Issuance of Cert(s) 500,864


        /s/ CARL T. WATANABE
        ASSISTANT REGISTRAR

    CONVEYANCE TAX: $178.50

I hereby certify that this is
a true copy from the records
of the Bureau of Conveyances.

*η Gega-Chang*

Registrar of Conveyances
Assistant Registrar, Land Court
State of Hawaii

---

LAND COURT                REGULAR SYSTEM

AFTER RECORDATION, RETURN BY:  MAIL ( ✓ )  PICK-UP ( )

INTERNATIONAL SAVINGS
201 MERCHANT ST                 TG : 305175 - ℔
10th FLOOR                      TGE: 97-102-0455
HONOLULU, HI  96813             Craig Y. Endo      ②

ATTN:  MTGE SERVICING

---

Tax Map Key:  Oahu 4-3-039-003, CPR 2

---

### APARTMENT DEED


THIS INDENTURE is executed this 5th day of November, 19 97, by and between RICHARD QUON SING FONG III and NEDA FONG, husband and wife, whose residence and post office address is 2623 Kinoole Street, Hilo, Hawaii 96720, hereinafter collectively called the "Grantor", and JOSEPH RUFUS THAMES, single, whose residence and post office address is 383-A Kaimake Loop, Kailua, Hawaii 96734, as tenant in severalty, hereinafter called the "Grantee".

### WITNESSETH:

The Grantor, for and in consideration of the sum of TEN AND NO/100 DOLLARS ($10.00) and other good and valuable consideration to Grantor paid by Grantee, receipt whereof is hereby acknowledged, does by these presents grant and convey the real and personal property (if any) described in Exhibit "A" hereto attached and expressly made a part hereof, unto Grantee;

And the reversions, remainders, rents, issues and profits thereof and all of the estate, right, title and interest of the Grantor, both at law and in equity, therein and thereto;

*Exhibit 2 (A)*

TOGETHER WITH the benefits of, but SUBJECT, ALSO, to all restrictions, covenants, agreements, obligations, conditions and other provisions created by, referred to or set forth in the Declaration of Condominium Property Regime, Bylaws and the Condominium Map of the condominium project described in Exhibit "A", as the same may have been or may hereafter be amended.

TO HAVE AND TO HOLD the same, as to said real property, together with all buildings, improvements, tenements, hereditaments, rights, easements, privileges and appurtenances thereunto belonging or appertaining or held and enjoyed therewith unto Grantee, absolutely and in fee simple, and as to said personal property (if any), absolutely and forever;

The Grantor does hereby covenant and agree to and with Grantee that Grantor is lawfully seized in fee simple of the real property described in Exhibit "A" and is the absolute owner of all of said personal property (if any) and that Grantor's title to all of said property is free and clear of and from all encumbrances other than those mentioned in Exhibit "A"; that Grantor has good right to sell and convey said property as aforesaid and that Grantor will WARRANT and DEFEND the same unto Grantee against the lawful claims and demands of all persons except as aforesaid.

IT IS MUTUALLY AGREED that the terms "Grantor" and "Grantee", as and when used herein, or any pronouns used in place thereof, shall mean and include the masculine or feminine, the singular or plural number, individuals, associations, trustees, partnerships or corporations, and their and each of their respective successors in interest, heirs, personal representatives and permitted assigns, according to the context thereof. If these presents shall be signed by two or more grantors or by two or more grantees, all covenants of such parties shall for all purposes be joint and several.

[END OF TEXT, CONTINUED ON PAGE 3]

*Exhibit 2 (B)*

IN WITNESS WHEREOF, the parties hereto have executed these presents effective as of the day and year first above written.

_____
RICHARD QUON SING FONG III

_____
NEDA FONG

"Grantor"

APPROVED AS TO FORM:

ALSTON, HUNT, FLOYD & ING
Attorneys At Law
A Law Corporation
64713/3300-1

Exhibit 2(c)

-3-

STATE OF HAWAII      )
                          ) SS:

COUNTY OF HAWAII   )

On this 5th day of November, 19 97, before me personally

appeared RICHARD QUON SING FONG III and NEDA FONG, to me known to be

the persons described in and who executed the foregoing instrument, and

acknowledged that they executed the same as their free act and deed.

_____

Notary Public, State of Hawaii

My commission expires: 2/16/2001

Exhibit 2 (D)

9

EXHIBIT "A"

-FIRST:-

Apartment No. 404-A of that certain Condominium Project known as "404/404-A KALAMA STREET", as established by Declaration of Condominium Property Regime dated June 23, 1989, filed in the Office of the Assistant Registrar of the Land Court of the State of Hawaii as Land Court Document No. 1645433, and as shown on Condominium Map No. 723 and any amendments thereto.

Together with appurtenant easements as follows:

(A)    An exclusive easement to use the Dwelling Lot having the same letter as the Apartment as designated on said Condominium Map.

(B)    An exclusive easement to use the parking spaces designated on said Condominium Map.

(C)    Non-exclusive easements in the common elements designed for such purposes for ingress to, egress from, utility services for and support of said Apartment; in the other common elements for use according to their respective purposes.

(D)    Exclusive easements to use other limited common elements appurtenant thereto designated for its exclusive use by the Declaration.

-SECOND:-

An undivided 50% interest in all common elements of the Project as established for said Apartment by said Declaration, or such other percentage interest as hereinafter established for said Apartment by an amendment of said Declaration, as tenant in common with the other apartment owners and tenants thereof.

The land upon which said Condominium Project "404/404-A KALAMA STREET" is located is described as follows:

All of that certain parcel of land situate at Kailua, District of Koolaupoko, City and County of Honolulu, State of Hawaii, described as follows:

LOT 118-A, area 5,504 square feet, more or less, of the "KAILUA COCONUT GROVE TRACT", as shown on Map 343, filed in the Office of the Assistant Registrar of the Land Court of the State of Hawaii with Land Court Application No. 495 of Arthur Hyde Rice.

Together with an easement of right of way over and through all roads shown and delineated on the subdivision map or plan of said "Kailua Coconut Grove Tract".

Exhibit 2(E)

Being the land(s) described in Transfer Certificate of Title No. 336,361 issued to RICHARD QUON SING FONG III and NEDA (NMN) FONG, husband and wife, as Tenants by the Entirety, as to an undivided 50% interest.

BEING THE PREMISES ACQUIRED BY APARTMENT DEED

GRANTOR       :    STEVEN LEROY PETERS, husband of Codie Carter
                        Peters
GRANTEE       :    RICHARD QUON SING FONG III and NEDA (NMN)
                        FONG, husband and wife, as Tenants by the Entirety

DATED          :    September 25, 1989
FILED           :    Land Court Document No. 1670845

SUBJECT, HOWEVER, to the following:

1.      Any lien for real property taxes not yet delinquent (Tax Map Key: Oahu
        4-3-039-003, CPR 2).

2.      The terms and provisions, including the failure to comply with any covenants,
        conditions and reservations, contained in the Declaration of Condominium Property
        Regime for the "404/404-A Kalama Street" Condominium Project dated June 23, 1989,
        filed as Land Court Document No. 1645433, as shown on Condominium Map No. 723
        and any amendments thereto.

3.      The terms and provisions, including the failure to comply with any covenants,
        conditions and reservations, contained in the By-Laws of the Association of Apartment
        Owners dated June 23, 1989, filed as Land Court Document No. 1645434.

4.      The terms and provisions, including the failure to comply with any covenants,
        conditions and reservations, contained in Apartment Deed dated September 25, 1989,
        filed as Land Court Document No. 1670845.

TOGETHER WITH, all built-in furniture, attached existing fixtures, built-in appliances, water
heater, electrical and/or gas and plumbing fixtures, attached carpeting, range, refrigerator,
disposal, TV cable outlet, existing window coverings, and smoke detectors; all of which,
together with all real property and improvements conveyed hereby, are conveyed in "AS IS"
condition.

END OF EXHIBIT "A"

Exhibit 2(F)                          -2-

Joseph R. Thames
P.O. Box 674
Kailua, HI 96734
(808) 554-8082

IN THE UNITED STATES DISRTICT COURT
DISTRICT OF HAWAII

| | |
|---|---|
| Joseph R. Thames<br>    Plaintiff, | ) CIVIL NO. 04-00644DAE-LEK<br>)<br>) |
| vs. | ) CERTIFICATE OF SERVICE<br>) |
| Deborah Y. Miller, et al.<br>    Defendants. | )<br>)<br>) |

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document, Motion for

Reconsideration, was duly served on the above-identified party, Deborah Y. Miller, at the

indicated address on the date shown by depositing same in the United States mail,

postage prepaid.

        TO:    DEBORAH Y. MILLER
               305 Hahani Street #165
               Kailua, HI  96734

Dated January 27, 2006 in Honolulu, Hawaii.

                                        Joseph R. Thames