ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 0 2 2006

at ___ o'clock and ___ min ___ M
SUE BEITIA, CLERK

Joseph R. Thames
P.O. Box 674
Kailua, HI 96734
(808) 554-8082

In The United States District Court for the District of Hawaii

Case Number 04-00644DAE-LEK

Joseph R. Thames, Plaintiff,

v.                                                  NOTICE OF APPEAL

Deborah Y. Miller, et. Al, Defendants.

Notice is hereby given that Plaintiff Joseph R. Thames in the above named

case hereby appeal to the United States Court of Appeals for the Federal Circuit from the

Order Granting in Part and Denying in Part Plaintiff's Motion to Take Leave entered

(dated) in this action on January 3, 2006.

Dated:  February 2, 2006 in Honolulu, Hawaii.

Joseph R. Thames

P.O. Box 674, Kailua HI  96734




IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

JOSEPH R. THAMES,                    )        CIVIL NO. 04-00644 DAE-LEK
                                     )
              Plaintiff,             )
                                     )
        vs.                          )
                                     )
DEBORAH Y. MILLER, et al.,           )
                                     )
              Defendants.            )
_____)

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO TAKE LEAVE

Before the Court is pro se Plaintiff Joseph R. Thames'
("Plaintiff") Motion to Take Leave ("Motion"), filed on June 24,
2005.  On August 7, 2005, pro se Defendant Deborah Y. Miller, et
al., ("Defendant") filed a motion asking the Court to deny
Plaintiff leave to amend his complaint, which the Court construes
as a memorandum in opposition to the Motion ("Memorandum in
Opposition").  Pursuant to Rule LR7.2(d) of the Local Rules of
Practice of the United States District Court for the District of
Hawai`i ("Local Rules"), the Court finds this matter suitable for
disposition without hearing.  After careful consideration of the
Motion and the supporting and opposing documents, the Court
GRANTS IN PART and DENIES IN PART Plaintiff's Motion for the
reason set forth below.

## BACKGROUND

Plaintiff claims that, on July 30, 1998, Defendant, acting as his agent, entered into an agreement with Julia Coelho, a real estate agent, and purchased property at 404 Kalama Street in Kailua, Hawaii ("the Property"). Plaintiff also claims he provided Defendant with funds to purchase the Property for him. The purchase records, however, bear no indication that Plaintiff had ownership of the Property. [Proposed Amended Complaint at 5-6.[1]] Defendant denies that they made such an agreement and denies that Plaintiff had an ownership interest in the Property. [Answer at 4.]

On March 31, 2000, Plaintiff brought suit against Defendant in state court. On November 8, 2002, the court dismissed Plaintiff's complaint with prejudice and entered judgment in favor of Defendant after Plaintiff failed to appear for trial on November 6, 2002. [Mem. in. Opp. at 2 & Attach. 1AA.] The court found that Plaintiff never had an ownership interest in the Property, that Defendant was the sole owner, and that she was entitled to the proceeds from its sale.[2] [Id. at

_____

[1] Plaintiff did not number the pages of the proposed amended complaint. This Court, however, will refer the proposed amended complaint as if he had.

[2] On October 18, 2002, Plaintiff filed a notice of removal to the United States District Court for the Eastern District of North Carolina. On January 3, 2003, that court dismissed Plaintiff's action for improper removal and lack of jurisdiction,
(continued...)

2

Attach. 1.]  Plaintiff later appealed and, on September 20, 2004, the Hawai`i Intermediate Court of Appeals affirmed the state court's judgement.  [Id. at Attach. 1C.]

On October 29, 2004, Plaintiff filed a complaint with the United States District Court for the District of Hawai`i alleging that his constitutional rights were violated, that he was terrorized and discriminated against by the state court, and that Defendant deprived him of his property rights.  [Complaint at 1-2.]

On July 28, 2005, this Court lodged Plaintiff's Proposed Amended Complaint, pending review of Plaintiff's Motion. On August 3, 2005, Plaintiff lodged two documents entitled "Supplemental Amended Complaint" and "Supplemental I Amended Complaint."  The Court construes these documents as exhibits to the Proposed Amended Complaint and has considered them in connection with the Motion.

## DISCUSSION

## I.  Defendant's Memorandum in Opposition

This Court granted Defendant until August 12, 2005, to submit a memorandum in opposition to the Motion.  Defendant did not file the Memorandum in Opposition until August 17, 2005.  On

---

[2](...continued)
and remanded it to the Hawai`i state court.  Plaintiff attempted to remove the case a second time on May 6, 2003 and the court dismissed the case and remanded it to the state court on July 18, 2003.  [Mem. in. Opp. at Attach. 1B.]

3

August 25, 2005, Plaintiff filed a reply and an objection to Defendant's Memorandum in Opposition, arguing that it was untimely filed. Plaintiff asks the Court to strike the Memorandum in Opposition.

Under Local Rule LR7.4, a party must serve and file a memorandum in opposition to a non-hearing motion no more than eleven days after service of the motion.[3] See Local Rule LR7.4, however, does not state what the penalty is for late filing. The court may, upon motion made after the deadline has passed, enlarge the time for filing where the failure to file "was the result of excusable neglect[.]" See Fed. R. Civ. P. 6(b); see also Local Rule LR6.2. In determining whether there was "excusable neglect," courts consider the following factors: prejudice to the opposing party; the effect on the proceedings; the reason for the delay; and the movant's good faith. See Crue v. Aiken, 370 F.3d 668, 681 (7th Cir. 2004) (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380 (1993)).

In the present case, the Court construes the Memorandum in Opposition broadly to include a request to enlarge the time for filing. Defendant filed the Memorandum in Opposition five days late. This brief delay neither prejudiced Plaintiff nor

---

[3] By order of this Court, Defendant had fourteen days to file a response to Plaintiff's Motion.

4

negatively affected the proceedings.  Further, there is no
indication that Defendant acted in bad faith.  In addition, this
Court has previously taken notice of Defendant's serious medical
condition, which has led her to temporarily relocate to Boston,
and this Court has also acknowledged the delay caused by having
to forward court filings to Defendant in Boston.  The Court
therefore finds that the delay in filing the Memorandum in
Opposition was the result of excusable neglect and grants the
request to enlarge time for filing.

## II.  Plaintiff's Motion

        Leave to amend a complaint is "freely given when
justice so requires."  Fed. R. Civ. P. 15(a).  The determination
whether a party should be allowed to amend a pleading is left to
the discretion of the court.  See Zenith Radio Corp. v. Hazeltine
Research, Inc., 401 U.S. 321, 330 (1971) (citation omitted).  If
the facts or circumstances a plaintiff relies upon may be the
basis of relief, he should be afforded an opportunity to test his
claim on the merits.  See Foman v. Davis, 371 U.S. 178, 182
(1962).  Furthermore, in exercising its discretion to grant leave
to amend, a court "'should be guided by the underlying purpose of
Rule 15(a) . . . which was to facilitate decisions on the merits,
rather than on technicalities or pleadings.'"  In re Morris, 363
F.3d 891, 894 (9th Cir. 2004) (quoting James v. Pliler, 269 F.3d
1124, 1126 (9th Cir. 2001)) (alteration in original).

Courts may consider factors such as: bad faith or dilatory motive on the movant's part; whether the amendment will cause undue delay; whether it will prejudice the opposing party; futility of the amendment; and whether the movant has already failed to cure deficiencies in prior amendments of her pleadings. See Foman, 371 U.S. at 182; Morris, 363 F.3d at 894 (citation omitted). Not all of these factors carry equal weight; prejudice to the opposing party is generally considered the most persuasive factor. See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (citation omitted). The party opposing the motion for leave to amend bears the burden of establishing prejudice. See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987) (citing Beeck v. Aqua-slide 'N' Dive Corp., 562 F.2d 537, 540 (8th Cir. 1977)). If there is neither prejudice to the opposing party nor a strong showing of the remaining factors, there is a presumption in favor of granting leave to amend. See Eminence, 316 F.3d at 1052 (citing Lowrey v. Tex. A&M Univ. Sys., 117 F.3d 242, 245 (5th Cir. 1997)).

However, "[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend." Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). An amendment is futile when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim

6

or defense." <u>Miller v. Rykoff-Sexton Inc.</u>, 845 F.2d 209, 214
(9th Cir. 1988) (citations omitted).  The Ninth Circuit has held
that the denial of a motion for leave to amend was allowable
under Fed. R. Civ. P. 15(a) where "the proffered amendments would
be nothing more than an exercise in futility." <u>Bonin</u>, 59 F.3d at
845 (citing <u>Outdoor Sys. Inc. v. City of Mesa</u>, 997 F.2d 604, 614
(9th Cir. 1993)).  In <u>Outdoor Systems</u>, the court refused leave to
amend because no discovery sought by the plaintiff would have
undermined the patent facial validity of the law that approved of
the defendant's actions.  <u>See</u> 997 F.2d at 614.

        This Court finds that the claims within in Plaintiff's
Proposed Amended Complaint that challenge Defendant's ownership
of the Property are futile because the matter has already been
adjudicated in state court.  Plaintiff's Proposed Amended
Complaint also sets forth several other causes of action against
Defendant that are related to the ownership issue.  First,
Plaintiff argues that Defendant breached the contract when she
refused to transfer ownership of the Property to him.  [Proposed
Amended Complaint at 13-14.]  Second, he claims that Defendant
breached their "Covenant of Good Faith and Fair Dealing" by
refusing to transfer ownership of the Property.  [<u>Id.</u> at 14-15.]
Third, Plaintiff alleges that Defendant committed fraud because
she previously indicated that she would transfer full ownership
of the Property to him.  [<u>Id.</u> at 15-17.]  Fourth, Plaintiff

argues that he, as landlord of the Property, orally agreed to rent the Property to Defendant. He claims she failed to pay rent and seeks an award of $11,050 in back rent. [Id. at 19-20.] The Court finds that these claims are also futile based on the state court's ruling that Plaintiff never had an ownership interest in the Property. The Court therefore denies the Motion with regard to all proposed claims that either challenge Defendant's ownership of the Property or are related to Plaintiff's allegation that he had an ownership interest in the Property.

Plaintiff also asserts that Defendant owes him $3,290 for various loans that he made to her. [Id. at 18-19.] These loans appear to be for items unrelated to the property ownership issue. The Court therefore grants the Motion as to Plaintiff's claims for repayment of these loans. See Fed. R. Civ. P. 18(a) ("A party asserting a claim to relief as an original claim . . . may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.").

Plaintiff asserts an additional claim regarding two loans he allegedly made to Defendant, one for $15,240.00, and another for $13,230.00. [Proposed Amended Complaint at 20.] The documentation Plaintiff has provided does not clearly indicate what these loans were for, but the amounts appear to be funds that Plaintiff allegedly gave Defendant to purchase the Property.

The Court therefore finds that these claims are futile unless Plaintiff can produce evidence that the loans were not related to the purchase or sale of the Property.  The Court denies Plaintiff's Motion as to the proposed claims for repayment of the $15,240.00 loan and the $13,230.00 loan.

Plaintiff also seeks to add the University of Hawaii Federal Credit Union ("UHFCU") as a defendant and alleges a claim that UHFCU wrongfully dishonored his check.  [Id. at 24-25.] Rule 20(a) of the Federal Rules of Civil Procedure states, in pertinent part: "All persons. . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a).  Plaintiff has not alleged joint and several liability among Defendant and UHFCU, nor do his claims against each arise from the same transaction, occurrence, or series of transactions or occurrences.  The Court therefore denies the Motion as to Plaintiff's proposed claim against UHFCU.

Plaintiff also attempts to incorporate a third party complaint against Julia F. Coelho, Deborah Y. Miller, and Victor Quitan, Jr., in Coelho v. Quitan, an action currently pending in a Hawai`i state court.  Plaintiff seeks to have the case removed

9

to the United States District Court for the District of Raleigh and Fayetteville, North Carolina. [Proposed Amended Complaint at 26-28.] If Plaintiff wishes to intervene in that case, he must do so in state court. This Court does not have the authority to accept his third party complaint or to remove the case. Plaintiff's Motion is therefore denied as to Plaintiff's proffered third-party complaint in <u>Coelho v. Quitan</u>.

### CONCLUSION

On the basis of the foregoing, Plaintiff's Motion is HEREBY GRANTED IN PART and DENIED IN PART. The Court grants Plaintiff leave to amend his Complaint to add a claim against Defendant for the repayment of $3,290.00 in various loans that Plaintiff made to Defendant. The Court denies Plaintiff's Motion in all other respects.

Plaintiff shall file his First Amended Complaint by no later than January 17, 2006. The First Amended Complaint may include the claims alleged in Plaintiff's original complaint and Plaintiff's proposed claim against Defendant for repayment of the $3,290.00 in loans. The Court instructs Plaintiff that he may not include any other claims, nor may he name any additional defendants. The Court further cautions Plaintiff that the failure to follow these instructions may result in sanctions, including the striking of the First Amended Complaint.

10

Defendant shall have until February 13, 2006 to file an answer to the First Amended Complaint.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI'I, January 3, 2006.



Leslie E. Kobayashi
United States Magistrate Judge

JOSEPH R. THAMES V. DEBORAH Y. MILLER, ET AL.; CIVIL NO. 04-00644
DAE-LEK; ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S
MOTION TO TAKE LEAVE

11