**EXHIBIT 1**




Office of the Clerk
**United States Court of Appeals for the Ninth Circuit**
95 Seventh Street
Post Office Box 193939
San Francisco, California 94119-3939

Cathy A. Catterson
Clerk of Court

(415) 556-9800

February 14, 2006

U.S. Court of Appeals Docket Number:    06-15239
Lower Court Docket No.:                 CV-04-00644-LEK
Short Title:                            Thames v. Miller

Dear Counsel:

A copy of your notice of appeal/petition has been received in the Clerk's office of the United States Court of Appeals for the Ninth Circuit.

The U.S. Court of Appeals docket number shown above has been assigned to this case. You must indicate this Court of Appeals docket number whenever you communicate with this court regarding this case. Please furnish this docket number immediately to the court reporter if you place an order, or have placed an order, for portions of the trial transcripts. The court reporter will need this docket number when communicating with this court.

**The due dates for designating and filing the reporter's transcript, if applicable, filing the parties' briefs and otherwise perfecting the appeal have been set by the enclosed "Time Schedule Order," pursuant to applicable FRAP rules. These dates can be extended only by court order. Failure of the appellant to comply with the time schedule order will result in automatic dismissal of the appeal. 9th Cir. R. 42-1.**

The following information is being provided in an attempt to answer the most frequently asked questions regarding the appellate process. Please review this information very carefully. For convenience, we use the term "Circuit Rules" instead of "Rules of the United States Court of Appeals for the Ninth Circuit" and "FRAP" instead of "Federal Rules of Appellate Procedure."

Enclosed with this letter is an appellate processing schedule along with a case processing checklist to help you monitor the progress of your case.

**Appellants/Petitioners who are filing pro se should refer to the accompanying information sheet regarding the filing of informal briefs.**

Exhibit 1

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED
FEB 14 2006
CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSEPH R. THAMES,<br><br>  Plaintiff - Appellant,<br><br>v.<br><br>DEBORAH Y. MILLER, aka Deborah Y. Richardson, Deborah Yolanda Richardson, Deborah Y. Miller-Richardson, Deborah Yolanda Miller-Richardson, Deborah Yolanda Miller,<br><br>  Defendant - Appellee. | No. 06-15239<br>D.C. No. CV-04-00644-LEK<br><br>**TIME SCHEDULE ORDER** |

The parties shall meet the following time schedule:

2/13/06    Appellant/petitioner shall notify appellee/respondent of transcripts to be ordered, pursuant to 9th Cir. R. 10-3.1(a);

2/22/06    Appellee/respondent shall notify appellant/petitioner of any additional transcripts needed, pursuant to 9th Cir. R. 10-3.1(b);

3/6/06     Appellant/petitioner shall file transcript order form with the district court and make payment arrangements with court reporter, pursuant to 9th Cir. R. 10-3.1;

4/4/06     Court reporter shall file transcript in the district court, pursuant to FRAP 11(b) and 9th Cir. R. 11-1.1;

5/22/06    Appellant/petitioner's opening brief and excerpts of record shall be served and filed pursuant to FRAP 32 and 9th Cir. R. 32-1;

Exhibit 1

6/20/06       The brief of appellee/respondent shall be filed and served, pursuant to FRAP 32 and 9th Cir. R. 32-1

***           The optional appellant/petitioner reply brief shall be filed and served within fourteen days of service of the appellee/respondent's brief, pursuant to FRAP 32 and 9th Cir. R. 32-1.

**Failure of the appellant to comply with the Time Schedule Order will result in automatic dismissal of the appeal. 9th Cir. R. 42-1**

**Appellants/Petitioners without representation of counsel in a prisoner appeal may have their case submitted on the briefs and record without oral argument, pursuant to FRAP 34(a). Within 10 days of the filing of the appellant's opening brief, parties may file a statement setting forth the reasons why, in the opinion of the parties, oral argument should be heard.**

FOR THE COURT:

Cathy A. Catterson
Clerk of Court

By: Gerald Rosen
Deputy Clerk