Joseph R. Thames
P.O. Box 674
Kailua, HI 96734
(808) 554-8082

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

| | |
|---|---|
| Joseph R. Thames<br>　　　Plaintiff, | ) CIVIL NO. 04-00644DAE-LEK<br>)<br>) MEMORANDUM IN SUPPORT |
| vs. | )    OF MOTION TO COMPEL<br>) |
| Deborah Y. Miller, et al.<br>　　　Defendants. | )<br>)<br>) |

## MEMORANDUM IN SUPPORT OF MOTION TO COMPEL

Plaintiff's Motion to Compel is in accordance with the Federal Rules of Civil Procedure Rule 37.

"Willful failure" to submit answers to interrogatories within this rule permitting trial court to dismiss suit or to render default judgment upon failure to submit answers need not necessarily be accompanied by wrongful intent but is sufficient if failure is conscious or unintentional and not accidental or involuntary. Robinson v. Transamerica Ins. Co., C.A. UTAH 1966, 368 F.2d 37.

In determining sanctions courts will consider "willfulness" on part of person or party failing to act in accordance with discovery procedures. Diaz v Southern Drilling Corp. (1970, CA5 Tex).

Rule 37 concerning failure to answer interrogatories does not require noncompliance with court order before sanction may be imposed. Szilvassy v United States (1979, SD NY) 82 FRD 752.

Plaintiff should be granted motion to compel Defendant to answer interrogatories and product documents. Defendant should be sanctioned for willful failure to answer interrogatories. Plaintiff should be awarded legal fees, cost and expenses for bringing forth this motion to compel Defendant to comply.

DATED: July 11, 2006 in Honolulu, Hawaii.

Joseph R. Thames