Joseph R. Thames
P.O. Box 58423
Fayetteville, N. C. 28305
(910) 483-2854

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| JOSEPH R. THAMES,<br>     Plaintiff,<br><br>vs.<br><br>DEBORAH Y. MILLER, aka<br>DEBORAH YOLANDA MILLER,<br>DEBORAH Y. RICHARDSON,<br>DEBORAH YOLANDA RICHARDSON,<br>DEBORAH Y. MILLER-RICHARDSON,<br>DEBORAH YOLANDA MILLER-RICHARDSON,<br>and DOES 1 through 500, Inclusive,<br>     Defendants. | )     CV04 00644 (DAE/LEK)<br>)<br>)<br>) PLAINTIFF JOSEPH R. THAMES<br>)   THIRD SPECIAL<br>)   INTERROGATORIES<br>)   AND REQUEST<br>)   FOR PRODUCTION<br>)   TO DEFENDANT<br>)<br>)   EXHIBIT 1<br>)<br>)   CERTIFICATE OF SERVICE |

## PLAINTIFF JOSEPH R. THAMES THIRD SPECIAL INTERROGATORIES

## AND REQUEST FOR PRODUCTION TO DEFENDANT

TO:   DEBORAH Y. MILLER
      305 Hahani Street #165
      Kailua, HI 96734

PLEASE TAKE NOTICE that Plaintiff JOSEPH R. THAMES hereby serves

upon Defendant Deborah Y. Miller and requests that Defendant DEBORAH Y. MILLER

responds and answer the

interrogatories and produce for examination, inspection and copying all of the following documents or items which are in her possession, custody and or control. Pursuant to Rules 26, 33, 34 and 37 of the Hawaii Rules of Civil Procedure, HRCP, and Rules 30, 33, 34, 36 and 37 of the Federal Rules of Civil Procedure, Plaintiff propounds the following interrogatories to Defendant to be answered under oath, in writing, within thirty (30) days from the date of service. If further space is needed for your answer/response than provided please attached additional pages with which answer(s)/response(s) identified, marked and labeled properly, appropriately and respectfully. These interrogatories are continuing in nature to the extent required by Rule 26, and 33 of HRCP.

PLEASE TAKE NOTICE that one (1) copy of the documents with answer(s)/response(s) and production of documents must be served upon the undersigned within THIRTY (30) DAYS after mailing/receipt/delivery of Plaintiff's Second Set of Interrogatories and Request For Production, pursuant to Rules 33 and 34 of the Hawaii Rules of Civil Procedure.

Further, please take notice that these interrogatories and requests for production are continuing in nature and that any information acquired after your answers have been filed and served upon opposing party, should, as soon as possible after its acquisition, be supplied to opposing party and filed with the court by written supplemental answers/responses to these interrogatories and requests for production.

Further, please take notice that the Plaintiff herewith serves upon you the following Request for Production of Documents in the possession, custody or control of Defendant and or any and all Defendant's agents, representatives and or contractors, pursuant to Rule 26 and 34 of the HRCP.

PLEASE TAKE NOTICE that a space has been provided for a notary seal and signature. It is requested of Defendant, that the document be signed and witnessed before a notary that the responses/ answers are true, accurate, and correct and documents produced are true, accurate, and correct of the originals to the best of your knowledge under the penalty of perjury.

## DEFINITIONS

The following definitions apply to the Interrogatories and Request For Production enumerated below and are hereby incorporated therein:

1. "You" and "Your" refer Defendant DEBORAH Y. MILLER, her agents, employees, attorneys, and other persons acting or purporting to act on her behalf.

2. "Writing" means any tangible thing upon which is recorded any form of communication or representation, including letters, words, pictures, sounds, or symbols, or any combination thereof, by means of handwriting, typewriting, printing, photocopy in, photographing, sound recording, or any other method of recording. This definition includes, but is not limited to records, reports, papers, documents, photographs, books, letters, notes, memoranda, statements, tape recordings, phonograph recordings, and microfilm, whether in your possession or under your control or not, relating to or pertaining in any way to the subject in connection with which it is used; and includes, without limitation, all file copies and drafts prepared with such writing whether used or not.

3. The term "document(s)" means and includes any and all:

a.  Tangible things or items, whether handwritten, typed, printed, tape recorded, electronically recorded, video-taped, visually reproduced, stenographically reproduced or reproduced in any other manner;

b.  Originals and all copies of any and all communications;

c.  Writings of any kind or type whatsoever;

d.  Books and pamphlets;

e.  Microtape, microfilm, photographs, movies, recordings, tape recordings, and video-tapes, stenographically or otherwise reproduced;

f.  Diaries and appointment books;

g.  Cables, wires, memoranda, reports, notes, minutes and interoffice communications;

h.  Letters and correspondence;

i.  Contracts and agreements;

j.  Other legal instruments or official documents;

k.  Financial statements, accounting records, worksheets, reports, schedules, ledgers, books, records and journals;

l.  Investigation or incident reports;

m.  Files and records;

n.  Notes or summaries of conferences, meeting, discussions, interviews or telephone conversations or messages;

o.  Drafts or draft copies of any of the above;

4.  "Document" or "documents" includes, without limitation, writings and printed matter of any kind and description, graphs, charts, photographs and drawings,

notes and records or any oral communications, and recordings (tape, disc, or other) of oral communications and other recordings in whatever form.

If you consider any document called for in these interrogatories to be privileged from production, then you must include in your response a list of documents withheld from production, identifying each document by date, addressee, author, title and subject matter. In addition, you should identify those persons who have seen the document or who were sent copies. Finally, you should state the ground(s) upon which each such document is considered privilege.

5. "Identify" or "identify" as used with respect to a person means to state the person's full name and present address and his present or last known employment position and business affiliation if a natural person. "Identify" or "identify" when used in reference to a document means to state the following as to each document:

    a.  Its nature and contents;

    b.  Its date;

    c.  The date it was executed if different from the date it bears;

    d.  The name, address and position of its author or signer;

    e.  The name, address and position of its addressee, if any;

    f.  Its present location and the name, present address and position of the person or persons having present custody;

       and

    g.  Whether it has been destroyed, and if so, with regard to such destruction;

(i)     the date of destruction;

(ii)    the reason for destruction; and

(iii)   the identity of the person who destroyed the document.

6. "You" or "Your" shall mean the party to whom these interrogatories are addressed and her representatives' attorneys, experts, investigators, insurers, consultants, or anyone acting on behalf of the foregoing.

7. "Person" shall include any individual, sole proprietorship, partnership, corporation or association.

8. The male gender includes the female gender and the singular noun or pronoun includes the plural.

This Request For Production of Documents shall be deemed continuing so as to require supplemental answers if you or your attorney or your agents obtain further information between the time these answers are served and the time of trial.

## INSTRUCTIONS

The following instructions are to be considered applicable to all demands for production of documents and things contained herein:

1. In producing these documents, you are to furnish all documents known or available to you regardless of whether these documents are possessed directly by you or your agents, employees, representatives, investigators, or by your attorneys or their agents, employees, representatives or investigators.

2. If any of these documents cannot be produced in full, produce to the extent possible, specifying your response for your inability to produce the remainder

6

and stating whatsoever information, knowledge or belief you do have concerning the unproduced portion.

3.  If any document covered by this Request is withheld by reason of acclaim of privilege, a list is to be furnished at the time that documents are produced, identifying any such documents for which the privilege is claimed together with the following information with respect to any such document withheld:

   a.  date;

   b.  writer/drafter (of applicable, including "to file");

   c.  recipient;

   d.  any person to whom copies were furnished and the identify of any such person;

   e.  general subject matter;

   f.  the paragraph of this Request to which such document relates.

4.  If any of the documents requested were at one time in existence, but are no longer in existence, please so state, specifying for each document or thing:

   a.  the type of document or thing;

   b.  the types of information contained thereon;

   c.  the date upon which it ceased to exist;

   d.  the circumstances under which it ceased to exist;

   e.  the identify of all persons having knowledge of the circumstances under which it ceased to exist, and

   f.  the identity of all persons having knowledge or who had knowledge of the contents thereof.

7

This request is a continuing one. If, after producing documents, you obtain or become aware of any further documents responsive to this Request, you are required to produce to Plaintiffs such additional documents.

## FURTHER THE REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26, 34 and 37 of the HRCP and Rules 30, 33, 34, 36 and 37 of the Federal Rules of Civil Procedure, Plaintiff propounds the following questions to Defendant to be answered under oath. These questions are continuing in nature to the extent required by Rule 26, 34 and 37 of the HRCP and Rule 30, 33, 34 36 and 37 of the Federal Rules of Civil Procedure. As well it will not be acceptable to not respond seeking responses to the effect of being evasive and or uncooperative.

Please take notice that these interrogatories are and request for production are propounded pursuant to Rule 26, 34, and 37 of the HRCP and Rule 33 and 34 of the Federal Rules of Civil Procedure and should be answered under oath.

Further, please take notice that these interrogatories and requests for production are continuing in nature and that any information acquired after your answers have been given, should, as soon as possible after its acquisition, be supplied to opposing party and filed with the court by written supplemental answers to these questions and requests for production.

Further, please take notice that the Plaintiff herewith serves upon you the following Request for Production of Documents in the possession, custody or control of Defendant and or any and all Defendants agents and or contractors, pursuant to Rule 26, 34 and 37 of the HRCP.

## INTERROGATORIES AND REQUEST FOR PRODUCTION

1) Please state, identify, list, explain and describe any and all information and or knowledge you, Defendant Deborah Y. Miller have or had of the attached Exhibit 2, Exhibit 2 containing 22 pages; please state, identify, list, explain and describe, by each symbol, each letter, each number, each word, by symbols, letters, numbers, words, sentences, phrases, paragraphs, and any, each and every, all, and other forms of communication, etc... of Exhibit 2, and of Exhibit 2; page 1, page 2, page 3, page 4, page 5, page 6, page 7, page 8, page 9, page 10, page 11, page 12, page 13, page 14, page 15, page 16, page 17, page 18 page 19, page 20, page 21, and page 22.

Response:

Request For Production of Documents No. 1: Please produce any and all documents which support your answer to Interrogatory/Question No. 1.

You are requested to produce and permit the Plaintiff, or someone acting on its behalf, to inspect and copy the following documents and answer including but not limited to such questions.

Dated: Fayetteville, North Carolina on November 24, 2004.

Joseph R. Thames
Plaintiff
Pro Se

UNITED DISTRICT COURT                    )
STATE OF HAWAII                          )        SS.
HONOLULU, HAWAII                         )


_____, being first duly sworn on oath,
deposes and says that the foregoing answers and or responses to interrogatories
and request for production are true, accurate and correct to the best of her knowledge and
belief.


                                                    _____



Subscribed and sworn to before me
This _____ day of _____, 2004.




_____
Notary Public, State of Hawaii

My Commission expires:

*Dm food    277⁰⁰*

**HOUSEHOLD BILLS**
**MONTH** _JAnuAry  1998_

|  | CHECK # | DATE PAID | AMOUNT |
|---|---|---|---|
|  | JT  3581 | 10/27/98 | 1,292 |
| MORGAGE | ✓ Dm  59477 (1,350) | 2/3/98 * | 650 |
| ELECTRIC | JT |  | 138 |
| CABLE | Dm 1280 | 2/2/98 | 35⁰⁰ |
| WATER |  |  |  |
| FOOD | Dm (cancelled cks) |  | 404⁰⁰ |

−69  (ELECTRIC)
1800  (CABLE)

577

```
 202
 220
− 69
 151⁰⁰ pd
```

**HOUSEHOLD BILLS**
**MONTH** _February  1998_

|  | CHECK # | DATE PAID | AMOUNT |
|---|---|---|---|
|  | JT  3615 | 1/24/98 | 1,298 |
| MORTGAGE | ✓ Dm  1331 | 2/3/98 | 650 |
| ELECTRIC | Dm 1324 | 2/26/98 | 78⁰⁰ |
| CABLE | Dm 1291 | 2/3/98 | 41¹⁴ |
| WATER | Dm 1309 | 2/17/98 | 76⁰⁰ |
| FOOD | Dm (cancelled cks) | 2/98 | 527.17 |

39.⁰⁰  (ELECTRIC)
20⁰⁰  (CABLE)
38⁰⁰  (WATER)
264⁵⁵  (FOOD)

722.30

```
361²⁰
```

_Exhibit 2_
_Exhibit "A"_

(1)

(2

HOUSEHOLD BILLS
MONTH _march_

| | CHECK # | DATE PAID | AMOUNT |
|---|---|---|---|
| MORTGAGE | J.T. 3645 | 2/28/98 | 1298 |
| | Dm 1340 | 3/1/98 | 650 |
| ELECTRIC (52) | Dm 1353 | 3/19/98 | 105 $^{00}$ |
| CABLE (34) | Dm 1395 | 4/27-98 | 69 $^{00}$ |
| WATER (40) | Dm 1391 | 4-27-98 | 81 $^{28}$ |
| FOOD (228) | Dm Emmell ck/c | 3/98 | 456 $^{00}$ |

711.26

642
+ 69 cash
711

354 mrd


HOUSEHOLD BILLS
MONTH _April_

| | CHECK # | DATE PAID | AMOUNT |
|---|---|---|---|
| MORTGAGE | JT 3647 | 3/28/98 | 1.298 |
| | Dm 1402 (3-1-98) 5/1/98 | 650 |
| ELECTRIC (83) | Dm 1392 | 4-27-98 | 165 $^{28}$ |
| CABLE (221) | Dm 1/26 | — | 45 $^{00}$ |
| WATER | | | |
| FOOD (265) | in Cancelled Checks 4/98 | 490 $^{00}$ 530 $^{00}$ |

741

370 R+

(2)

**HOUSEHOLD BILLS**
MONTH _MAY 1998_

Mc    650 Rem
Ticket 300
350 - ow
- 800 - foo
150 ⁰⁰ owe

| | CHECK # | DATE PAID | AMOUNT |
|---|---|---|---|
| MORTGAGE | J.T. 3994 DM | | 129.2 ⁰⁰ |
| ELECTRIC | | | Owe 150 |
| CABLE | | | |
| WATER | | | |
| FOOD | Dm (Cancelled CKS) | May 98 | 401 ⁰⁰ |

Owe J.T.
150 ⁰⁰
95

Owe J.T
109 ⁰⁰

**HOUSEHOLD BILLS**
MONTH _JUNE 1998_

| | CHECK # | DATE PAID | AMOUNT |
|---|---|---|---|
| MORTGAGE | JT 3994 / DM 1404 | 5/29/98 6/00/98 | 1292 650 |
| ELECTRIC | JT 4016 | 6/00/98 | 172 ³¹ |
| CABLE | JT 4011 | 6/2/98 | 40 |
| WATER | JT 4017 | 6/00/98 | 81 ¹·⁹⁹ |
| FOOD | Dm Cancelled CKS | 6/98 | 380·72 |

86 ⁰⁰
20
147 new

20 ⁰⁰

150 57 owe
5

190

# 147
190 J.T.
430 ⁰⁰

(3)

HOUSEHOLD BILLS
MONTH _July, 1998_

| | CHECK # | DATE PAID | AMOUNT |
|---|---|---|---|
| | JT 4210 | 6/30/98 | 1,292 |
| MORTGAGE 150 mo | Dm 1507 | 7/98 | 500 Escrow |
| ELECTRIC 37 | Dm 1501 | 7/20 | 74 15 |
| CABLE 28 | Dm 1499 | 7/20 | 56 55 |
| WATER | | | |
| FOOD 113 | Dm Conc-dies | 7/98 | 224. 9 |

356

J.T's half of utilites paid

HOUSEHOLD BILLS
MONTH _August / Sept ( doubled VACATION )_

| | CHECK # | DATE PAID | AMOUNT |
|---|---|---|---|
| MORTGAGE | JT 4031 | 8/5/98 | 1,298 |
| | JT 4080 | 9-10-98 | 1,298 Listed on our list |
| ELECTRIC 32 | JT 4 | 9/ | 65 46 |
| CABLE 29 | JT | | 53 00 |
| WATER 34 | | | 23 53 |
| FOOD 49 | JM Consolidates | 9/98 | 89 00 |

197 9

(4)

HOUSEHOLD BILLS *listed once* *Paid my half*
MONTH _Sept/Oct_

| | CHECK # | DATE PAID | AMOUNT |
|---|---|---|---|
| MORTGAGE | DM JT. 4090 | 10/3/98 | 1292 (Paid) DM |
| ELECTRIC 50 | DM 1550 | 10/1/98 | 99⁰⁰ |
| CABLE 44 | DM 1567 | 14/12/98 | 87⁰⁰ |
| WATER 48 | DM 1590 | 14/14/98 | 95⁰⁴ |
| FOOD 348 | DM conc chcks | Sept/Oct | 757 DM (168ᵗ) |

4/90 J.T owe

HOUSEHOLD BILLS
MONTH _November 98_

| | CHECK # | DATE PAID | AMOUNT |
|---|---|---|---|
| MORTGAGE | DM listed added to J.T Paid | 11-29-98 | 1348¹⁴ Paid DM |
| ELECTRIC 40 | DM 1631 | 11-23-98 | 80⁸⁷ |
| CABLE 22 | DM 1632 | 14/23-98 | 44²⁰ |
| WATER | | | |
| FOOD 249 | conc check DM | 11/98 | 499⁰⁰ |

11 J.T wh

1223

(5)

HOUSEHOLD BILLS
MONTH _December_

|  | CHECK # | DATE PAID | AMOUNT |
|---|---|---|---|
| 650 me due | | | |
| MORTGAGE | Dm 1656 | 12-11-98 | 1296 |
| ELECTRIC 70 | Dm 1674 | 12-21-98 | 28 87 |
| CABLE 22 | Dm 1657 | 12-11-98 | 44 00 |
| WATER 45 | Dm 1679 | 12-22-98 | 89 40 |
| 4625.T Que | | | 922.00 |
| FOOD 355 | Dm Amch. Check | | 710 00 |

HOUSEHOLD BILLS
MONTH _____

|  | CHECK # | DATE PAID | AMOUNT |
|---|---|---|---|
| MORTGAGE | _____ | _____ | _____ |
| ELECTRIC | _____ | _____ | _____ |
| CABLE | _____ | _____ | _____ |
| WATER | _____ | _____ | _____ |
| FOOD | _____ | _____ | _____ |

(6)

Electric: 1057.44

Cable:     520.14

Water:     497.22

Food:      4979.

HOUSEHOLD BILLS
MONTH _JANUARY 1999_

|  | CHECK # | DATE PAID | AMOUNT |
|---|---|---|---|
| MORTGAGE | JT + Dm 1685 | 12-30-98 | 1296 |
| ELECTRIC | Dm 1748 | 2-1-99 | 80 00 |
| CABLE | Dm 1747 | 2-1-99 | 86 00 |
| WATER | | | |
| FOOD | Cancelled CKS | 1-99 | 351 00 |

*650 me owe*

*256 JT*

HOUSEHOLD BILLS
MONTH _february 1999_

|  | CHECK # | DATE PAID | AMOUNT |
|---|---|---|---|
| MORTGAGE | JT 355  Dm 1752 | 2-10-99 | 650  650 |
| ELECTRIC | 1775 | 2-22-99 | 83 80 |
| CABLE | 1781 | 3-1-99 | 37 85 |
| WATER | 1774 | 2-22-99 | 81. 98 |
| FOOD | Cancelled CKS | 2-99 | 329 00 |

*1181 me*

(8)

HOUSEHOLD BILLS
MONTH _MArcl, 1999_

|  | CHECK # | DATE PAID | AMOUNT |
|---|---|---|---|
| MORTGAGE | | | |
| ELECTRIC | Jm 1823 | 2-25-99 | 75 00 |
| CABLE | Jm 1822 | 2-25-99 | 47 00 |
| WATER | Din 1824 | 2-28-99 | 26 00 |
| FOOD | Cancelled CKS | 3-99 | 297 12 |

HOUSEHOLD BILLS
MONTH _April 1999_

|  | CHECK # | DATE PAID | AMOUNT |
|---|---|---|---|
| MORTGAGE | | | |
| ELECTRIC | | | |
| CABLE | | | |
| WATER | | | |
| FOOD | | | |

'd' FINANCIAL STATEMENT

Deposit 9-9-98       8,000
Deposit 9-15-98     16,000
Deposit 9-21-98      5,500
                    29,500
        Inspect        300
                    29,200
        Attorneys      235
                    28,965
        JT  1,000
                    27,965
        JT  1,500
                    26,465
        JT    800
                    25,665
        JT  1,200
                    24,465
        JT  1,000
                    23,465
        JT  1,400
                    22,065
        JT  1,600
                    20,465
        mortg 1,348
                    19,117
        JT  1,200
                    18,917

18,917
JT 1,200
17,717
JT 1,800
15,917
JT 1,000
14,917
  2,130 wedding
12,787
JT 1,400
11,387
JT 1,000
10,387
 6,942 Deposit 11/23/98
12,329
+ 650  6ct Rent me  (Add)
12,979
   894 - Dennis Ins
12,085
 1,500 - JT  CK# 1654, (1,500)
15,585
 1,296  mort 12-11-98 dd
                    1856
14,289  → page (2)

'Withdrawals - Expenditures

A  1507 9/98  500 Escrow
  1551 9-20-98  300 Inspect
  1554 10-2-98  235 Application/
  1555 10-2-98  1,000  JT
  1556 10-2-98  1,500  JT
  1561 10-7-98  1,200  JT
  1563 10-7-98   800  JT
  564 10-10-98  1,000  JT
  565 10-11-98  1,400  JT
  66 10-12-98  1,600  JT
  95 10-22 JT  1348.14 mortg
  4 10-22-98  1200  JT
  7 10-26-98  1800  JT

1609  11/98  1,400
1615  11/98  1,010 = JT (15,100)
1654  11/98  1500
1672         1000
1689         1000
1691          230
1696-98      230.04
             900
6,700 = JT    6,700
             22,800

(10)

```
4,289
+  600  Nov  rent me Added
4,889
1296      10-31-98  ch #1685 rent
13,593
 ,000  ch # 1677 J. T
 2,593
 1200  ch# 1671 J. T
 1,393
1,000  ch# 1689 J-T,
 0,393
  236  Smal + Sensid, 16 71
 0,157
 ,000  Julie
 5,157
2,300 - J. T
 1,857
 ,500  Julie
  357
  218  USAA
   55  USAA
  630
  300  ASdml
  930
  900 - J. T 11/28
   30
```

I owe J.T

100 BOSTON ATM
450 " "
650 August Rent
650 Sept Rent
---
850
200 Car
---
2,050 TOTAL owed J.T

Wedding

clike 1558 700 Dress
1598 650 Hall
1598 380 Invites
1604 400 Photo deposit
---
2,130
200 Dumpy Floors
---
2,330
1671- 600 Limo Dumpy
---
2,936

TO do
Photos Balance
Flowers
Food

J.T = 15,100
1,500

(12)



DEBORAH MILLER
261-8766
404A KALAMA STREET
KAILUA, HAWAII 96734

1538

59-177/1213

Date: Sept 21, 1998

Pay to the
Order of: Old Republic Title & Escrow    | $27,800

Twenty Seven Thousand Dollar or 00/00    Dollars

HAWAII NATIONAL BANK
KAILUA BRANCH
329 KAILUA ROAD
KAILUA, HAWAII 96734-2987

For: 404 payment                        Deborah Miller

⑆1213⑆0177⑆: 1538 052⑆⑈6044211⑈

(13)

JUNE 30TH CLOSING

1,400  LEASE FOR OPTION (discount from Dennis)

2,000 Normal

78.00   TO REVIEW FINANCE
1,200    ESCROW + TITLE
350     LEASE hold disclosure document
120    Credit Report + FINANCE INFORMATION TO Seller
350 → Bureau of Convey    $60·  $60
480  PROPERTY TAXES
120  NOTORY FEE
250  ATTORNEY ESCROW
200  BANK OF HAWAII APPROVAL + Review of Option
350   CONVEY TAX

898

500 in ESCROW

should this
copy go into this
folder.

10,000 →
0,000 →

220 - 200 LEFT IN ESCROW for SALE

(14)



Bank of Hawaii

**CASHIER'S CHECK**

No. 1-3206357

KAILUA    SEP 09, 99

**** DEBORAH MILLER ****    ****** $8,000.00

PAY TO THE ORDER OF

**$8,000** 00

E. YOSHIMURA



(15)





(16)



**h Bank of Hawaii**

1-3206359

**CASHIER'S CHECK**

KAILUA                OFFICE                SEP 09, 99

****** DARRYL PHILLIPS ******          ******$9,000.00

PAY TO THE ORDER OF

**$9,000.00**

B. YOSHIMURA          AUTHORIZED SIGNATURE

⑈13206359⑈  ⑆121301028⑆  0090⑈000190⑈  ⑊0000900000⑊

CREDITED TO THE ACCOUNT
OF WITHIN NAMED PAYEE
GUARANTEED BY
SHOREBREAK
FEDERAL CREDIT UNION

(17)





(15)









(20)







(22)

Joseph R. Thames
P.O. Box 58423
Fayetteville, N. C. 28305
(910) 483-2854

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF HAWAII

| | |
|---|---|
| JOSEPH R. THAMES,<br>　　　　Plaintiff, | )<br>)<br>) | 　CV04 00644 (DAE/LEK) |
| vs. | )<br>)<br>) | CERTIFICATE OF SERVICE |
| DEBORAH Y. MILLER, aka<br>DEBORAH YOLANDA MILLER,<br>DEBORAH Y. RICHARDSON,<br>DEBORAH YOLANDA RICHARDSON,<br>DEBORAH Y. MILLER-RICHARDSON,<br>DEBORAH YOLANDA MILLER-RICHARDSON,<br>and DOES 1 through 500, Inclusive,<br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |

CERTIFICATE OF SERVICE
CV04 00644 (DAE/LEK)

I, Joseph R. Thames, the undersigned, do state that party(s) to this above-entitled action was duly served a copy of this document Plaintiff Joseph R. Thames Third Special Interrogatories and Request for Production to Defendant, by depositing and placing in the U.S. Postal Service address as below through first class mail postage prepaid on the 24th of November, 2004 by the undersigned:

　　　　Deborah Y. Miller
　　　　305 Hahani Street #165
　　　　Kailua, HI 96734

Dated: November 24, 2004 in Fayetteville, North Carolina.

*Joseph R. Tha—*
Joseph R. Thames