Joseph R. Thames
P.O. Box 674
Kailua, HI 96734
(808) 554-8082

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

AUG 17 2006

at 12 o'clock and 16 min. P M
SUE BEITIA, CLERK

IN THE UNITED STATES DISRTICT COURT
DISTRICT OF HAWAII

| | |
|---|---|
| Joseph R. Thames<br>　　Plaintiff,<br><br>vs.<br><br>Deborah Y. Miller, et al.<br>　　Defendants. | ) CIVIL NO. 04-00644DAE-LEK<br>)<br>) WARNING<br>) TO THE COURT<br>) INCLUSIVE (MAGISTRATE<br>) JUDGE LESLIE E. KOBAYASHI)<br>)<br>) CERTIFICATE OF SERVICE<br>) |

## WARNING TO THE COURT

Now Comes Plaintiff Joseph R. Thames, Pro Se and files and submits this Warning to the Court. This Court has continually been partial and unjustly bias in favor of Defendant in these proceedings. Plaintiff warns this Court that further judicial misconduct actions of this Court to include partial and unjust bias actions and failing to correct such injustices shall necessitate the plaintiff in pursuing judicial, legal and any and all other proper and appropriate remedies to correct these unjust and/or illegal actions of this Court. The appropriate role for a judge to play in a jury trial has been the subject of a number of appeals. Courts have said a trial judge must always remain fair and impartial. Kennedy v. Los Angeles Police Dep't, 901 F.2d 702, 09 (9th Cir.'89). He ''must be ever mindful of the sensitive role [the court] plays in a jury trial and avoid even the appearance of advocacy or partiality.'' Id. (quoting U.S. v. Harris, 501 F.2d 1, 10 (9th Cir.'74)).

Some of the judicial misconduct of this Court has been:

- During the hearing of on or about June 29, 2006 the Court stated to Plaintiff that he could go back to North Carolina and the Court threatened to dismiss the case.
- The Court mailed the ruling dated January 03, 2006 on January 17, 2006 with a January 17, 2006 response deadline. The Court gives the Plaintiff no time to respond.
- This Court has improperly mailed, improperly mailed late and or improperly not mailed numerous other documents and or order ordering an impossible response and or a very restricting or limiting response from Plaintiff (very limiting or restricting in time, etc…).
- The Court inclusive (Magistrate Judge Leslie E. Kobayashi) has been and continues to be bias and prejudice against Plaintiff Joseph R. Thames and Plaintiff's prosecution of this action, Plaintiff alleges.
- The Court's (Magistrate Judge Leslie E. Kobayashi's) actions, decisions, rulings, etc… have been in efforts to dismiss, eliminate and or reduce Plaintiff's claim and action to further noted in the Court's continual language to the Plaintiff (of possible dismissal and the demand for strict adherence or possible sanctions to include dismissal, Plaintiff alleges.
- The Court's actions to the Defendant are continual leniency and language of continual leniency which is a favoritism/bias given to Defendant and against Plaintiff, Plaintiff alleges.
- This Court has over numerous times made motions from the Bench in behalf of the Defendant when no motion has been submitted and or filed by Defendant. Immediately following this Court's creation of a phantom motion from the Bench,

the Court has ruled on such motions and granted relief in favor of the Defendant without Plaintiff having an opportunity to respond and or oppose such illegal action.

- Additionally, this Court continues to mail orders and other documents, and/or allow Defendant to do so, with stated deadlines for the Plaintiff to which these deadlines have expired or very shortly expiring such as the recent order mailed on January 17, 2006 with a Court ordered deadline of January 17, 2006.

- With these orders and documents, this Court uses strong language and restrictions on Plaintiff's responses and further statements of possible dismissal of the action from the Court. However, this Court does not submit upon Defendant such above mention actions or use such above mention language toward Defendant. This Court does just the exact opposite and be over lenient to the Defendant. This conduct by the Court is prejudicial, bias, unjust and unconstitutional against Plaintiff.

- This Court's action has been to not allow this action to proceed, to suppress discovery, to make ruling in behalf of the Defendant without allowing the facts to come forward, etc…

- The Court Denies Plaintiff Motion but addresses Plaintiff in the Order with the Defendant's last name.

- The Court denies Plaintiff for an extension and in the Order states about motion written submission; however, completely overlooks the written requirement and stresses the Court discretion to allow an extension for the Defendant in lieu of the Defendant not complying with a written submission.

- The Court stressed to Plaintiff to not raise issues of or another case in Plaintiff's amended compliant; however, the Court allowed Defendant to raise the other case judgment defense.
- Plaintiff lodged Amended complaint referenced property not inclusive of prior case court referred to in prior judgment; however, Court refused and denied inclusion in present complaint and case.
- Defendant never submitted motion for stay; however, Defendant verbally granted a one year stay by motion raised and submitted by the court and a following on order of a stay.
- Defendant never submitted motion for extension in time to submit response to amended complaint; however, court raised and submitted extension motion in behalf of Defendant for extension and granted extension for Defendant.
- Court denied Plaintiff motion for extension of time

Again, Plaintiff Warns the Court Inclusive (Magistrate Judge Leslie E. Kobayashi) of Court Misconduct and unjust, prejudice and bias actions in favor of Defendant and bias against Plaintiff. These bias actions by the Court are unjust. Plaintiff warns this Court and Magistrate Judge Leslie E. Kobayashi to correct such unjust actions. This Court's actions are a continuing violation of Plaintiff's constitutional rights to include the rights to due process. Plaintiff further warns this Court that these actions are reportable for judicial review which could result in removal, removal from the Bench, suspension or loss of attorney licenses and or prosecution for criminal activity.

Dated August 17, 2006 in Honolulu, Hawaii.

Joseph R. Thames

Joseph R. Thames
P.O. Box 674
Kailua, HI 96734
(808) 554-8082

IN THE UNITED STATES DISRTICT COURT
DISTRICT OF HAWAII

| | |
|---|---|
| Joseph R. Thames<br>    Plaintiff, | ) CIVIL NO. 04-004644DAE-LEK<br>)<br>) |
| vs. | ) CERTIFICATE OF SERVICE<br>) |
| Deborah Y. Miller, et al.<br>    Defendants. | )<br>)<br>) |

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document, Warning to the Court inclusive (Magistrate Judge Leslie E. Kobayashi), was duly served on the above-identified party, Deborah Y. Miller, at the indicated address on the date shown by depositing same in the United States mail, postage prepaid.

TO:  DEBORAH Y. MILLER
     25 Maluniu Ave Ste 102
     PMB165
     Kailua, HI 96734

Dated August 17, 2006 in Honolulu, Hawaii.

_____<br>Joseph R. Thames