Joseph R. Thames
P.O. Box 674
Kailua, HI 96734
(808) 554-8082

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 01 2006

at 8 o'clock and 09 min. P M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

| | |
|---|---|
| JOSEPH R. THAMES<br>PLAINTIFF,<br><br>VS.<br><br>DEBORAH Y. MILLER ET AL<br>DEFENDANT (s) | ) CIVIL NO. 04-00644DAE-LEK<br>)<br>) PLAINTIFF JOSEPH R. THAMES'<br>) REPLY MEMORANDUM<br>) IN SUPPORT OF PLAINTIFF'S<br>) MOTION TO COMPEL; MOTION FOR<br>) A MORE DEFINITE STATEMENT;<br>) AND MOTION FOR SANCTIONS<br>)<br>) EXHIBITS<br>)<br>) CERTIFICATE OF SERVICE<br>) |

### PLAINTIFF JOSEPH R. THAMES'S REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL: MOTION FOR A MORE DEFINITE STATEMENT AND MOTION FOR SANCTIONS

Plaintiff is not in receipt of any written orders from the Court at the time differing and COMES NOW PLAINTIFF JOSEPH R. THAMES, Plaintiff Pro Se, and herby submits and files Plaintiff's Reply Memorandum in Support of Plaintiff's Motion to Compel; Motion for a more Definite Statement and Motion for Sanctions and further moves this Court pursuant to Rule 37 of the Federal Rules of Civil Procedures to consider the merits of the motions for an order compelling Defendant Deborah Y. Miller to provide adequate, appropriate, proper and complying responses to Plaintiff's discovery, compelling Defendant to make a more definite statement to the discovery and imposition of sanctions for failure to submit/file/serve/provide adequate, appropriate, proper and

complying responses to discovery. Plaintiff apologizes to the Court for not submitting Memorandum in Support with the sub sequential filing of this Motion to Compel of Plaintiff's Joseph R. Thames Third Special Interrogatories and Request for Production to Defendant. Plaintiff efforts were to save the Courts time and Plaintiff omitted the Memorandum of Support and only included excerpts of Defendant's Response which were at the time of issue to Plaintiff. Plaintiff wishes to let this Court know that at no time did Plaintiff wish to mislead the Court but only to save the Court times and deal with the specifics. Plaintiff will attach here to a Memorandum of Support and Defendant's Responses to avoid any ambiguity. (Exhibit F) This Reply Memorandum is supported by the records and files herein of the above-entitled action. The attached Exhibit is a copy of Defendant's complete response received by Defendant. Plaintiff moves and requests that this Plaintiff Motion be granted.

Dated: December 1st, 2006 in Honolulu, Hawaii.

Joseph R. Thames

Joseph R. Thames
P.O. Box 674
Kailua, HI 96734
(808) 554-8082

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

| | |
|---|---|
| JOSEPH R. THAMES<br>    PLAINTIFF | ) CIVIL NO. 04-00644DAE-LEK<br>)<br>) |
| VS | ) MEMORANDUM IN SUPPORT<br>) |
| DEBORAH Y. MILLER, ET AL.<br>    DEFENDANT (S) | )<br>)<br>) |

## MEMORANDUM IN SUPPORT

Plaintiff filed Plaintiff's sub sequential Motion to Compel in this case on or about November 1st 2006. Defendant responded in Opposition to Plaintiff's Motion to Compel and now Plaintiff replies. The Court clearly stated in the Motion to Compel, "The handwritten financial statements contained in Attachments (10) to (12) also appear to include information about the alleged $3,290.00 debt, including the alleged loans withdrawn in Boston." Plaintiff's sub sequential Motion to Compel sought responses to "The handwritten financial statements contained in Attachments (10) to (12)." The request is further supported by Fed. R. Civ. P. 26(b)(1) and further Plaintiff is "seeking to define and clarify the issues," Miller v. Pancucci, 141 F.R.D. 292, 296 (C.D. Cal. 1992) (citing Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 531 (1978)).

I.   **Background**

The handwritten financial statements contained accounting of moneys Plaintiff deposited with Defendant for expenditures in benefit of Plaintiff. Plaintiff was seeking

for Defendant to give clear accounting of the financial statements which directly relates to the issues of this case as Defendant alleges expenditures in Defendant's benefits. Further, Plaintiff was seeking to define and clarify to the Court that the property which the utility bills etc. was being sought was for property to which Defendant resided and solely owned by Joseph R. Thames, the Plaintiff.

**II.    Discussion**

Plaintiff moves this Court to compel Defendant to fully and completely answer Plaintiff's Request for Answers to Interrogatories, Request for Production. Defendant in opposition responds that Defendant has answered all questions related to this case. However, Defendant does not give a clear accounting of the receipt or expenditure of the funds of the handwritten financial statement.

Plaintiff's interrogatory requests that Defendant please state, identify, list, explain and describe any and all information and or knowledge of the handwritten financial statement.

Defendant further chooses to attempt to deceive in her responses. Another example of Defendant's misleading statements is Defendant's statement of the travel to mainland. Defendant and Plaintiff had travel to and through Los Angeles on another occasion en route to Las Vegas as Defendant claimed she had never been to Las Vegas. Plaintiff's brother provided lodging in Los Angeles and transportation around Los Angeles and to and from Las Vegas for Defendant and Plaintiff. The accounting also refers to one round trip to Las Vegas and one round trip to Maui which each party, Defendant and Plaintiff was to pay their own share of the trip. The trip to the East Coast was another different trip at issue and Plaintiff did not agree to pay for Defendant because Plaintiff

wanted Defendant to stay over night in California as opposed to St. Louis (TWA) in order to meet the Plaintiff's brother and family.

**III Conclusion**

For the above-stated reasons, plaintiff requests and moves the Court to grant the Plaintiff's Motion to Compel.

Dated: December 1, 2006 in Honolulu, Hawaii.

Joseph R. Thames