IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| JOSEPH THAMES, | ) | CIVIL NO. 04-00644 DAE-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DEBORAH MILLER, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL;
MOTION FOR A MORE DEFINITE STATEMENT AND MOTION FOR SANCTIONS

Before the Court is Plaintiff Joseph R. Thames' ("Plaintiff") Motion to Compel; Motion for a More Definite Statement and Motion for Sanctions ("Motion"), filed November 1, 2006. Defendant Deborah Y. Miller ("Defendant") filed her memorandum in opposition on November 16, 2006. Plaintiff filed a reply memorandum on December 1, 2006.[1] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal authority, Plaintiff's Motion is HEREBY DENIED for the reasons set forth below.

---

[1] The Court notes that it instructed Plaintiff at the November 27, 2006 conference that a reply to the Motion was not necessary.

## BACKGROUND

Plaintiff and Defendant previously lived together and Plaintiff alleges that Defendant owes him $3,290.00, representing various debts which arose in the course of their relationship. This amount includes personal loans and amounts Defendant allegedly owes for utilities and car repairs. When this Court granted Plaintiff leave to amend his original complaint, this Court ruled that Plaintiff could not include any claims regarding ownership of the property which he alleged they purchased jointly. A state court has already ruled that Defendant was the owner of the property.

On July 11, 2006, Plaintiff filed his Motion to Compel Responses to Plaintiff's Third Special Interrogatories and Request for Production to Defendant ("First Motion to Compel"). Plaintiff sought an order compelling Defendant to respond to his Third Special Interrogatories and Request for Production to Defendant ("Discovery Request"). Plaintiff attached twenty-two pages to the Discovery Request, including lists of household bills, hand written financial statements, and copies of checks ("Attachments").

On August 10, 2006, this Court issued an order granting the First Motion to Compel in part and denying it in part ("Order"). This Court found that Plaintiff's inquiries regarding Attachments (1) through (9) sought relevant information about

Plaintiff's and Defendant's utilities during the period in question and approximately one year before that period. This Court ordered Defendant to respond to the Discovery Request as it related to Attachments (1) through (9). The Order noted that Attachments (10) through (12) were handwritten financial statements that appeared to relate to the $3,290.00 debt. The Court found that the interrogatories and request for production of documents about those Attachments sought relevant information and ordered Defendant to respond to the Discovery Request as it related to Attachments (10) through (12). The Court instructed Defendant to state objections in her response to the Discovery Request if she believed that some of the items referenced in Attachments (10) through (12) were not discoverable. The Court, however, found that Attachments (13) through (22) did not relate to the $3,290.00 debt and that Plaintiff's interrogatories and production request regarding those Attachments did not seek relevant information. The Order stated that Defendant did not have to respond to the Discovery Request as it related to Attachments (13) through (22).

Defendant submitted responses to the Discovery Request in response to the Order. Unsatisfied with Defendant's responses, Plaintiff filed the instant Motion, seeking an order compelling Defendant "to provide adequate, appropriate, proper, and complying responses to Plaintiff's discovery, . . . [and] to

make a more definite statement to the discovery[.]"  [Motion at 1.]  Plaintiff also seeks sanctions for Defendant's failure to provide adequate responses.

Defendant counters that she has responded to all portions of the Discovery Request which the Order required her to respond to.  Defendant asks this Court to impose sanctions upon Plaintiff for his continued attempts to seek irrelevant material in discovery.

## DISCUSSION

### I.  Plaintiff's Motion

This Court has reviewed Defendant's responses to the Discovery Request and finds that Defendant has adequately responded to the portions of the Discovery Request that this Court ordered her to respond to.  This Court reiterates that Defendant need not respond to Plaintiff's discovery requests regarding the dispute over the ownership of the property.  Plaintiff's Motion is therefore DENIED.

### II.  Defendant's Request for Sanctions

Federal Rule of Civil Procedure 37(a)(4)(B) provides that, if a court denies a motion to compel discovery,

> the court may enter any protective order authorized under Rule 26(c) and shall, after affording an opportunity to be heard, require the moving party or the attorney filing the motion or both of them to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees, unless the court finds that the

>       making of the motion was substantially justified
>       or that other circumstances make an award of
>       expenses unjust.

Fed. R. Civ. P. 37(a)(4)(B). A court may enter a protective order

>       which justice requires to protect a party or
>       person from annoyance, embarrassment, oppression,
>       or undue burden or expense, including one or more
>       of the following:
>           (1) that the disclosure or discovery not be had;
>           (2) that the disclosure or discovery may be
>       had only on specified terms and conditions,
>       including a designation of the time or place;
>           (3) that the discovery may be had only by a
>       method of discovery other than that selected by
>       the party seeking discovery;
>           (4) that certain matters not be inquired
>       into, or that the scope of the disclosure or
>       discovery be limited to certain matters[.]

Fed. R. Civ. P. 26(c).

This Court finds that, at the present time, it is unnecessary for this Court to enter a protective order to protect Defendant from "annoyance, embarrassment, oppression, or undue burden or expense". Further, this Court finds that, under the circumstances of this case, it would be unjust to sanction Plaintiff for filing the instant Motion. Defendant argues that a sanction is warranted because of this Court's warning in its order granting in part and denying in part Plaintiff's motion for leave to amend the original complaint. This Court stated that Plaintiff "may not include any other claims . . . . The Court further cautions Plaintiff that the failure to follow these

5

instructions may result in sanctions, including the striking of the First Amended Complaint." This caution, however, referred to the claims that Plaintiff could include in the First Amended Complaint; it did not warn Plaintiff that irrelevant discovery requests could lead to sanctions. Defendant's request for sanctions against Plaintiff is therefore DENIED.

The Court instructs Plaintiff that, he cannot serve further discovery requests regarding the property ownership dispute unless he obtains leave of Court. In order to obtain leave of Court, Plaintiff must explain why the information about the property ownership dispute is relevant to the claims raised in the First Amended Complaint. This Court cautions Plaintiff that failure to follow these instructions may result in sanctions.

## CONCLUSION

On the basis of the foregoing, Plaintiff's Motion to Compel; Motion for a More Definite Statement and Motion for Sanctions, filed November 1, 2006, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, December 4, 2006.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

JOSEPH R. THAMES V. DEBORAH Y. MILLER; CIVIL NO. 04-00644 DAE-LEK; ORDER DENYING PLAINTIFF'S MOTION TO COMPEL; MOTION FOR A MORE DEFINITE STATEMENT AND MOTION FOR SANCTIONS

## Orders on Motions
### 1:04-cv-00644-DAE-LEK Thames v. Miller, et al

U.S. District Court

District of Hawaii - CM/ECF V2.5 (11/05)

Notice of Electronic Filing

The following transaction was received from afc, entered on 12/4/2006 at 3:20 PM HST and filed on 12/4/2006

**Case Name:** Thames v. Miller, et al
**Case Number:** 1:04-cv-644
**Filer:**
**Document Number:** 104

**Docket Text:**
ORDER denying [91] Plaintiff's Motion to Compel; Motion for a More Definite Statement and Motion for Sanctions. Signed by Judge LESLIE E KOBAYASHI on 12/04/06. (afc)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1095854936 [Date=12/4/2006] [FileNumber=192486-0]
[3fbecf80afaac934b54e49d26342b9d71a188758fd0a47e27b0388c35a9cdbeb7f64
a923fe0cb51a697bfa8a375ab27dd4fdab51c70ba57cb56d1797ab8e2440]]

**1:04-cv-644 Notice will be electronically mailed to:**

**1:04-cv-644 Notice will be delivered by other means to:**

Deborah Y. Miller
25 Maluniu Ave Ste 102
PMB165
Kailua, HI 96734

Joseph R. Thames
PO Box 674
Kailua, HI 96734