ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 13 2006

at 5 o'clock and 46 min P M
SUE BEITIA, CLERK

Joseph R. Thames
P.O. Box 674
Kailua, HI 96734
(808) 554-8082

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| JOSEPH R. THAMES<br>PLAINTIFF,<br><br>VS.<br><br>DEBORAH Y. MILLER, ET.AL.<br>DEFENDANT (s). | ) CIVIL NO. 04-00644DAE-LEK<br>)<br>) MOTION FOR RECONSIDERATION<br>) OF COURT ORDER DENYING<br>) PLAINTIFF'S MOTION TO COMPEL;<br>) MOTION FOR A MORE DEFINITE<br>) STATEMENT AND MOTION FOR<br>) SANCTIONS<br>)<br>) CERTIFICATE OF SERVICE<br>) |

## MOTION FOR RECONSIDERATION OF COURT'S ORDER DENYING PLAINTIFF'S MOTION TO COMPEL; MOTION FOR A MORE DEFINITE STATEMENT AND MOTION FOR SANCTIONS

Now Comes Plaintiff for sound cause and good reason submits and files Plaintiff's Motion for Reconsideration of Court's Order Denying Plaintiff's Motion to Compel; Motion for a More Definite Statement and Motion for Sanctions. Plaintiff moves for this Court to reconsider the previous Court Order. For the reasons stated below, Plaintiff moves for a review and consideration to grant Plaintiff's Motion to Compel; Motion for a More Definite Statement and Motion for Sanctions. To date Plaintiff has not received via U.S. mail a written Order Denying Plaintiff's Motion to Compel; Motion for a More Definite Statement and Motion for Sanctions or the written Court's Order bearing the Judges signature of the Order Denying Plaintiff's Motion to Compel; Motion for a More Definite Statement and Motion for Sanctions. In addition,

for further cause and good reason to be shown, Plaintiff request additional time to properly and more appropriately and adequately respond to Court's Order Denying Plaintiff's Motion to Compel; Motion for a More Definite Statement and Motion for Sanctions.

## BACKGROUND

Plaintiff filed complaint and amended complaint in U.S. District Court. Defendant has presented and continues to present Fraud upon the Court. The Court unjustly sought to restrict Plaintiff to damages of $3,290.00 and limit Plaintiff recovery from claims which Plaintiff can legally claim. From this Court statements, "Plaintiff could not include any claims regarding ownership of the property which he alleged they purchased jointly," however, unjust. This Court used the statement from the previous sentence as the grounds for denying Plaintiff's Motion to Compel; Motion for a More Definite Statement and Motion for Sanctions. Plaintiff has addressed numerous times to this Court and has provided a certified copy of the Grantor's deed to Plaintiff, Joseph R. Thames as a single man sole legal owner (not jointly) of the property of 404A Kalama Street, Kailua Hawaii 96734. Plaintiff has never alleged otherwise concerning the legal ownership of the property of 404A Kalama Street, Kailua Hawaii 96734. The legal description of 404A Kalama Street, Kailua Hawaii 96734 is not the legal description of 404 Kalama Street, Kailua Hawaii 96734. The property of 404A Kalama Street, Kailua Hawaii 96734 is not the property of 404 Kalama Street, Kailua Hawaii 96734. The Plaintiff's discovery request seeks to define and clarify the issues and facts.

## DISCUSSION

A fact and an issue in this case:

The property of 404A Kalama Street, Kailua Hawaii 96734 is not the property of 404 Kalama Street, Kailua Hawaii 96734.

Although the Defendant and this Court, in effort to favor the Defendant, may choose to cloud the issue and distort the fact and the truth; the truthful fact remains that the property and the property description of 404A Kalama Street is not the property and the property description of 404 Kalama Street. Legally, 404A Kalama Street, Kailua Hawaii 96734 is not 404 Kalama Street, Kailua Hawaii 96734. The legal description of 404A Kalama Street, Kailua Hawaii 96734 is not the legal description of 404 Kalama Street, Kailua Hawaii 96734. To continue to confuse, cloud and/or distort the fact that 404A Kalama Street, Kailua Hawaii 96734 is not 404 Kalama Street, Kailua Hawaii 96734. Of issue: another fact is that Plaintiff, Joseph R. Thames is the legal owner by Grantor's deed of 404A Kalama Street, Kailua Hawaii 96734. Plaintiff, Joseph R. Thames held title of 404A Kalama Street, Kailua Hawaii 96734, as a single male. Plaintiff, Joseph R. Thames held title solely and in entirety of 404A Kalama Street, Kailua Hawaii 96734. Plaintiff never alleged any purchase jointly of 404A Kalama Street, Kailua Hawaii 96734. The Plaintiff has on numerous times presented a copy of the legal Grantor's deed of Plaintiff's legal ownership of the property 404A Kalama Street, Kailua Hawaii 96734. To deny Plaintiff ownership rights of his legal property is to deny Plaintiff of his constitutional right. The Hawaii State Court Case: Civil Case No. 00-1-1056-3 (EEH), which Defendant continues to raise as an objection and defense, and the case referenced in this Court's ruling(s), does not have subject matter jurisdiction of the property of 404A

Kalama Street, Kailua Hawaii 96734. However, unjust the State Court ruling, may it be, the words of State Court ruling referenced "that Plaintiff Joseph Thames never had ownership interest in the property located at 404 Kalama Street, Kailua, Hawaii, 96734." The property of 404A Kalama Street, Kailua Hawaii 96734 is not the property of 404 Kalama Street, Kailua Hawaii 96734. Legally, 404A Kalama Street, Kailua Hawaii 96734 is not 404 Kalama Street, Kailua Hawaii 96734. The legal description of 404A Kalama Street, Kailua Hawaii 96734 is not the legal description of 404 Kalama Street, Kailua Hawaii 96734. Thus, this court ruling and the all the other Court rulings of this Court based in this property matter and issue is void. Austin v. Smith, 312 F 2d 337, 343(1962); English v. English, 72 Ill. App. 3d 736, 393 N.E. 2d 18 (1st Dist. 1979). To attempt to deny the Plaintiff his constitutional rights of ownership of 404A Kalama Street, Kailua Hawaii 96734 is to violate Plaintiff's constitutional rights.

Another fact is that Defendant resided as a tenant at 404A Kalama Street, Kailua Hawaii 96734. All issues and matters of that tenancy of Defendant residing as a tenant at 404A Kalama Street, Kailua Hawaii 96734 is discoverable and relevant to this case to including the rent, bills and all accounting inclusive "(Mortgages) which references mortgage loan repayment of the property of 404A Kalama Street, Kailua Hawaii 96734. Plaintiff submitted to this Court certified title as the sole legal owner of the property of 404A Kalama Street, Kailua Hawaii 96734.

Defendant discovery request response was "(N/A) Civil Case No. 00-1-1056-3 (EEH) Judgment November 8, 2002 . Defendant never stated clear objections nor legal objects to Plaintiff's discovery requests. This Court held Defendant's responses to be legal objections. Defendant's responses are evasive and non-responsive. Defendant's

4

objections/responses to discovery request and Defendant's defenses lack merit. Thus, Defendant has not complied and has not legally and/or correctly responded to Plaintiff's discovery request. Due to Defendant's non cooperation in discovery and failure to comply with the law to include the Federal Rules of Civil Procedure, Plaintiff is prejudiced from reasonably, appropriately, adequately, legally and or properly proceeding with the prosecution of his case and claim.

## CONCLUSION

For good cause and reason, Plaintiff moves this Court to review and reconsider the Plaintiff's Motion to Compel; Motion for a More Definite Statement and Motion for Sanctions. Plaintiff seeks for this Court in light of the facts reconsider the Order Denying Plaintiff's Motion to Compel; Motion for a More Definite Statement and Motion for Sanctions and instead in the interest of justice grant Plaintiff's Motion to Compel; Motion for a More Definite Statement and Motion for Sanctions.

## ATTACHMENTS

      a. Attachment A is page 8 of Magistrate Judge Kobayashi ruling dated January 03, 2006 and mailed January 17, 2006.

      b. Attachment B is Hawaii State Court Judge Hifo judgment dated November 8, 2002.

      c. Attachment C is State of Hawaii Registrar recorded grantor deed dated NOV 18, 1997.

I declare under the penalty of perjury under the laws of the State of Hawaii, that the information provided herein reflects my good faith belief in the accuracy of the responses provided.

Dated: December 13, 2006 in Honolulu, Hawaii.

Joseph R. Thames
Plaintiff, Pro Se