Joseph R. Thames
P.O. Box 674
Kailua, HI 96734
(808) 554-8082

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

| | |
|---|---|
| JOSEPH R. THAMES<br>  PLAINTIFF, | ) CIVIL NO. 04-00644DAE-LEK<br>)<br>) SUPPLEMENTAL |
| VS | ) PLAINTIFF REPLY MEMORANDUM<br>) REQUEST FOR EXTENSTION<br>) OF TIME FOR FILING MOTIONS |
| DEBORAH Y. MILLER, ET Al,<br>  DEFENDANT(s). | ) TO JOIN/ADD PARTIES/AMEND<br>) PLEADINGS<br>)<br>) EXHIBITS F & G<br>) |

## PLAINTIFF REPLY MEMORANDUM REQUEST FOR EXTENSION OF TIME FOR FILING MOTIONS TO JOIN/ADD PARTIES/AMEND PLEADINGS

Again, to date Plaintiff has not received Defendant's Memorandum in Opposition. For cause and good reason to include due to Defendant's failure an /or refusal to comply with federal, state, (Hawaii) laws, rules, regulations and laws; HRS, HRCC AND Circuit court rules and pretrial discovery rules and pretrial order, Plaintiff has been delayed and prejudiced from preparing (lawfully, legally, appropriately, properly, and without disruption) Plaintiff's case and joining, adding and amending pleadings.

Exhibit F is a true, accurate and correct copy of Plaintiff's Seventh Request for Admissions served upon Defendant on November 14, 2006. Plaintiff's Seventh Request for Admissions is discovery concerning the financial accounting of the issues. Defendant to date has not responded to Plaintiff's Seventh Request for Admissions. In accordance with the law, Defendant's failure, refusal and or neglect to respond to Plaintiff's Seventh Request for Admissions should be held as admitted as true and fact.

Exhibit G is a true, accurate and correct copy of Plaintiff's Eight Request for Admissions served upon Defendant on November 14, 2006. Plaintiff's Eight Request for Admissions is discovery concerning the tenancy and rent of issue. Defendant to date has not responded to Plaintiff's Eight Request for Admissions. In accordance with the law, Defendant's failure, refusal and or neglect to respond to Plaintiff's Eight Request for Admissions should be held as admitted as true and fact.

Rule 60. Relief from Judgment or Order

(a) Clerical Mistakes. Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C., § 1655, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

Plaintiff's discovery has demonstrated to the Court, Defendant's fraud upon the Court and the Court's allowance, assistance or enabling of Defendant's fraud upon the Court. Defendant's actions, Defendant's fraudulent action's and the Court's action have been prejudicial and bias upon and against Plaintiff. Plaintiff moves and request relief from the Court to grant this motion.

Plaintiff under the penalty of perjury state that the above is true, accurate and correct to the best of my knowledge.

Dated: January 2, 2007 in Honolulu, Hawaii.

Joseph R. Thames
Plaintiff
Pro Se