IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| JOSEPH THames,          ) | CV. NO. 04-00644 DAE-LEK |
|                         ) | |
| Plaintiff,    ) | |
|                         ) | |
| vs.                     ) | |
|                         ) | |
| DEBORAH MILLER,         ) | |
|                         ) | |
| Defendant.    ) | |
| _____ ) | |

ORDER DISMISSING PLAINTIFF'S APPEAL FROM (1) ORDER GRANTING
IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL
RESPONSES TO PLAINTIFF'S THIRD SPECIAL INTERROGATORIES AND
REQUEST FOR PRODUCTION TO DEFENDANT AND (2) ORDER DENYING
PLAINTIFF'S MOTION TO COMPEL; MOTION FOR A MORE DEFINITE
<u>STATEMENT AND MOTION FOR SANCTIONS</u>

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing Plaintiff's notices of appeal and the relevant Magistrate's orders, the Court DISMISSES Plaintiff's appeals.

<u>BACKGROUND</u>

On September 8, 2006, Plaintiff, pro se, filed a notice of appeal from Order Granting in Part and Denying in Part Plaintiff's Motion to Compel dated August 19, 2006. On January 3, 2007, Plaintiff, pro se, filed a notice of appeal from Order Denying Plaintiff's Motion To Compel; Motion for a More Definite

Statement, and Motion for Sanctions dated December 4, 2006. Both notices of appeal simply state that Plaintiff appeals from the respective orders.

## STANDARD OF REVIEW

> Under Local Rule 74.1, [a] district judge shall consider the appeal and shall set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law. . . . For a magistrate's decision to be clearly erroneous, the district court must have a 'definite and firm conviction that a mistake has been committed. . . . A decision is contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard.

Hawaii v. Abbott Laboratories, Inc., No. CV 06-00437, 2006 WL 3457617, *2 (D. Haw. 2006) (internal citations and quotation marks omitted).

## DISCUSSION

Plaintiff's notices of appeal do not set forth grounds for appeal sufficient for the Court to make an intelligent disposition of the matter. Each notice is only one sentence long. Plaintiff also failed to file a written statement of appeal as required by Local Rule 74.1. Most importantly, Plaintiff has not informed the Court of the issues on appeal, the relevant facts, or the legal argument supporting the appeal. Thus, the Court has no information on which to base "a 'definite and firm conviction that a mistake has been committed.'" Conant v. McCoffey, No. C97-0139 FMS, 1998 WL 164946, at *2 (N.D. Cal. 1998) (citing

Sana for Sana v. Hawaiian Cruises, Ltd., 961 F. Supp. 236, 238 (D. Haw. 1997), rev'd on other grounds, 181 F.3d 1041 (9th Cir. 1999).

## CONCLUSION

For the reasons stated above, the Court dismisses Plaintiff's appeals from (1) Order Granting in Part and Denying in Part Plaintiff's Motion to Compel Responses to Plaintiff's Third Special Interrogatories and Request for Production to Defendant and (2) Order Denying Plaintiff's Motion to Compel; Motion for a More Definite Statement and Motion for Sanctions.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 23, 2007

_____
David Alan Ezra
United States District Judge

.

Thames v. Miller, CV No. 04-00644 DAE-LEK; ORDER DISMISSING PLAINTIFF'S APPEALS FROM (1) ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL RESPONSES TO PLAINTIFF'S THIRD SPECIAL INTERROGATORIES AND REQUEST FOR PRODUCTION TO DEFENDANT AND (2) ORDER DENYING PLAINTIFF'S MOTION TO COMPEL; MOTION FOR A MORE DEFINITE STATEMENT AND MOTION FOR SANCTIONS