ORIGINAL

Joseph R. Thames
P.O. Box 674
Kailua, HI 96734
(808) 554-8082

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 2 2 2007

at ___ o'clock and ___ min. ___ M
SUE BEITIA, CLERK

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF HAWAII

| | |
|---|---|
| JOSEPH R. THAMES<br>PLAINTIFF,<br><br>VS.<br><br>DEBORAH Y. MILLER, ET.AL.<br>DEFENDANT (s). | ) CIVIL NO. 04-00644DAE-LEK<br>)<br>) **MOTION**<br>) **TO TAKE LEAVE**<br>) **TO FILE AN (SECOND)**<br>) **AMENDED COMPLAINT**<br>) *EXHIBITS A THROUGH P*<br>) CERTIFICATE OF SERVICE<br>) |

## MOTION TO TAKE LEAVE TO FILE AN (SECOND) AMENDED COMPLAINT

### (MEMORANDUM OF LAW IN SUPPORT OF MOTION TO TAKE LEAVE)
### (AFFIDAVIT OF JOSEPH R. THAMES IN SUPPORT OF MOTION TO TAKE LEAVE)

Now Comes Plaintiff for sound cause and good reason submits and files
Plaintiff's Motion to Take Leave to File an (Second) Amended Complaint. Plaintiff
JOSEPH R. THAMES respectfully moves the court for leave to file an (Second)
Amended Complaint in this matter, pursuant to F.R. Civ.P.15. Rule 15 provides that
leave to amend "shall be freely given when justice so requires." F.R.Civ.P. 15(a).
According to the Supreme Court, "this mandate is to be heeded." Forman v. Davis, 371
U.S. 178, 182 (1962). "If the underlying facts or circumstances relied upon by a plaintiff
may be a proper subject of relief, he ought to be afforded an opportunity to test his claim
on the merits." Id. Accordingly, the Ninth Circuit follows a "strong policy permitting
amendment," Fuller v. Vines, 36 F.3d 65, 67 (9th Cir. 1994); and cautious that leave to
amend should only be denied in extreme cases such as undue delay, bad faith, or dilatory
motive on the part of the movant. Johnson v. Buckley, 356 F.3d 1067 (9th Cir. 2004).
Here, good cause exists and good cause will be further shown in this motion to grant
leave to amend under these standards. In the interest of justice, this motion should be

granted for which Plaintiff moves the Court for this motion to take leave of the Court to file an amended complaint.

## **BACKGROUND**

Plaintiff filed complaint and amended complaint in U.S. District Court. On October 29, 2004, Plaintiff filed his original complaint. (Exhibit A). In Plaintiff's Original Complaint dated October 27, 2004 and filed October 29, 2004, Plaintiff stated the property of 404A Kalama Street, Kailua, Hawaii as separate and/or standalone property and/or (separate/standalone) claim. Plaintiff submitted an Amended Complaint on March 10, 2005. (Exhibit B). In Plaintiff's Amended Complaint dated March 10, 2005 and lodged March 10, 2005, Plaintiff stated the property of 404A Kalama Street, Kailua, Hawaii, 96734 as a separate and/or individual property and/or claim. In the amended submission, Plaintiff attempted to clarify the distinctions of the two separate properties and the separate claims of the property. Upon ruling of the Court, the Plaintiff moved for leave of Court to Amend the original complaint.   On July 29, 2005, Plaintiff filed "Supplemental Amended Complaint" and "Supplemental I Amended Complaint". (Exhibit C and Exhibit D). The District Court restricted and barred Plaintiff's Amended Complaint. Additionally, this District Court directed and restricted Plaintiff to limit his amended complaint in Plaintiff's First Amended Complaint. Words from the District Court's order "Order Granting in Part and Denying in Part Plaintiff's Motion to Take Leave" as written are "The First Amended Complaint may include the claims alleged in Plaintiff's original complaint and Plaintiff's proposed claim against Defendant for repayment of the $3,290.00 in loans. The Court instructs Plaintiff that he may not include any other claims, nor may he name any additional defendants. The Court further cautions Plaintiff that the failure to follow these instructions may result in sanctions, including the striking of the First Amended Complaint." (Exhibit E). {Plaintiff's "FIRST AMENDED COMPLAINT" was filed February 17, 2006.} (Exhibit F). The District Court Order restricted and limited Plaintiff complaint to include denying Plaintiff's right to property rights of Apartment No. 404-A of "404/404-A Kalama Street."

Plaintiff and Defendant lived together at 404A Kalama Street, Kailua  Hawaii 96734 and the legal description for this subject property is Apartment No. 404-A of

"404/404-A KALAMA STREET". Plaintiff was the landlord and owner of Apartment No. 404-A of "404/404-A KALAMA STREET". Defendant was a tenant of Apartment No. 404-A of "404/404-A KALAMA STREET".

Defendant has presented and continues to present Fraud upon the Court. The Court has unjustly sought to restrict Plaintiff to damages of $3,290.00 and limit Plaintiff recovery from claims which Plaintiff can legally claim. From this Court's statements, "Plaintiff could not include any claims regarding ownership of the property which he alleged they purchased jointly," [Exhibit E]. However-unjust; this Court used the statement from the previous sentence as the grounds for denying Plaintiff's Motion to Take Leave to Amend Complaint, Plaintiff's Motion to Compel; Plaintiff's Motion to Compel, Motion for a More Definite Statement and Motion for Sanctions, Plaintiff's Motion for Reconsideration, Plaintiff's Motions to Extend Deadlines. (Exhibits E, G, H, I, & J). The Denied Motions which are mentioned in the previous sentence are among the most significant Court denials. This District Court has also denied and prevented other matters necessary to Plaintiff's legal right to the prosecution of his claim. These Court Denials listed along with others are significant and an unjust harm to the Plaintiff.

Plaintiff has addressed numerous times to this Court and has provided a certified copy of the Grantor's Deed to Plaintiff, Joseph R. Thames, as a single man, is/was sole legal owner (not jointly) of the property of 404A Kalama Street, Kailua Hawaii 96734. Plaintiff has never alleged otherwise concerning the legal ownership of the property of 404A Kalama Street, Kailua Hawaii 96734 with legal name of the property as Apartment No. 404-A of "404/404-A Kalama Street". The legal description of 404A Kalama Street, Kailua Hawaii 96734 is not the legal description of 404 Kalama Street, Kailua Hawaii 96734. The property of 404A Kalama Street, Kailua Hawaii 96734 is not the property of 404 Kalama Street, Kailua Hawaii 96734. The Plaintiff's complaint, claims and discovery request seek to define and clarify the issues and facts.

Plaintiff has on numerous times been denied discovery by the Court and the Defendant has refused and or failed to provide discovery [on file (records, documents, etc…)]. Plaintiff is continuing to be denied and or refused discovery. Plaintiff is continuing to be denied justice and due process and or the legal right to prosecute his claim. Also, additional and other background is on file (records, documents, etc…).

Under Fed. R. Civ. P. 15(a), "[L]eave [to amend] shall be freely given when justice so requires." Absent a showing of undue delay, bad faith, futility, or prejudice to the other party, a district court should grant leave to amend. See Richardson Greenshields Securities, Inc. v. Lau, 825 F.2d 647, 653, n.6 (2d Cir. 1987). Where appropriate, the Second circuit has instructed this court to permit leave to amend, even on the eve of trail, where the new claims arise from the same set of operative facts asserted in the original complaint. See Hanlin v. Mitchelson, 794 F. 2d 834, 841 (2d Cir. 1986). In the instant case, the Court can discern no reason why it should not permit plaintiffs to amend their Complaint. There is no evidence of bad faith, undue delay, futility, or prejudice to defendant stemming from the proposed amendments. Plaintiff moves to amend his Complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure. Plaintiff's motion pursuant to Fed. R. Civ.P.15 for leave to amend his complaint should be granted.

## ARGUMENT

The U.S. District Court Magistrate Judge Kobayashi made an error of fact by including the property of Apartment No. 404-A of "404/404-A Kalama Street," in "the property located at 404 Kalama Street." Further the U.S. District Court, Magistrate Judge Kobayashi made an error of law by including the property of Apartment No. 404-A of "404/404-A Kalama Street," in "the property located at 404 Kalama Street." The U.S. District Court Magistrate Judge Kobayashi made an error of fact by including the property of 404A Kalama Street in "the property located at 404 Kalama Street." Further, the U.S. District Court Magistrate Judge Kobayashi made an error of law by including the property of 404A Kalama Street in "the property located at 404 Kalama Street."

Plaintiff should be Granted leave to amend his complaint based on the Court's Errors which have denied Plaintiff his real property ownership rights to the property of Apartment No. 404-A of "404/404-A Kalama Street". The Court's Errors have (1) prevented the Plaintiff from prosecuting his claim, (2) given the Defendant an unjust advantage and (3) denied Plaintiff his 14th and 5th Amendment Constitutional Rights and other Civil Rights.

But more so, Plaintiff is denied his legal real property ownership rights to property of Apartment No. 404-A of "404/404-A Kalama Street", the subject property. The subject property falls under the Condominium Property Regime. The Condominium Property Regime falls under the Hawaii Revised Statutes (H.R.S.) Chapter 514A. Plaintiff was granted title of subject property of Apartment No. 404-A of "404/404-A Kalama Street" under the H.R.S. Chapter 514A. By legal precedence, the Court has no jurisdiction to supersede Statute (State Statute). In his original complaint and his amended complaint, the Plaintiff sought relief for damages of unpaid rent and personal property, etc... Presently, Plaintiff seeks leave of Court to recover damages for unpaid rent and personal property and consequential damages (to include the listing of and return of personal property).

Again stated, Plaintiff moves to take leave of the Court and amend his Complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure. There are two types of errors, of fact and of law. An error of fact is drawing a false inference from evidence presented at the trial. An error of law is an erroneous determination of the legal rules governing procedure, evidence, or the matters at issue between the parties. Plaintiff finds fault with the Court's determinations in the Order Granting in Part and Denying in Part Plaintiff's Motion to Take Leave entered 01/04/2006, Order Granting in Part and Denying in Part Plaintiff's Motion to Compel Responses to Plaintiff's Third Special Interrogatories and Request for Production to Defendant entered 08/10/2006, Order Denying Plaintiff's Motion to Compel; Motion for a More Definite Statement and Motion for Sanctions entered 11/01/2006, Order Denying Plaintiff's Motion for Reconsideration of Court's Order Denying Plaintiff's Motion to Compel; Motion for a More Definite Statement and Motion for Sanctions entered 12/13/2006; Order Denying Plaintiff's Motion for Filing Dispositive Motions and Denying Plaintiff's Request for Extension of Time for Filing of Motions to Join/Add Parties/Amend Pleadings entered 11/22/2006 and other rulings in that his claims and discovery are barred. Plaintiff asserts that this Court has erred in both manners; error of fact and error of law.

Again, Rule 15 provides that leave to amend "shall be freely given when justice so requires." Furthermore, within this Court such leave and amendments have been allowed and stated as being acknowledged and written in Local Rules, Magistrate Judge Rulings Order Granting in Part and Denying in Part Plaintiff's Motion to Take Leave and Order Denying Plaintiff's Motion to Compel; Motion for a More Definite Statement and Motion for Sanctions. Leave from the Court to amend the Complaint and/or to add additional parties are necessary to protect Plaintiff from unjust actions, a right to due process, and/or a legal right to prosecute his claim on the merits. Plaintiff deserves the freedom and the right as any and all American citizen(s) to have equal access to the American Legal System free of unjust obstructions, biases, and prejudices. This U.S. District Court has made an Error of Fact and an Error of Law at the very base of the Case and Plaintiff's rights. Granting of Leave for Plaintiff to amend his Complaint and along with other courses of actions to rectify this Court's errors would prevent the Plaintiff from further being harmed. Such errors have given the Defendant an unjust advantage

and unjust enrichments. Through this Court's errors, Plaintiff have been further denied his ownership rights to his property. Plaintiff's Constitutional 5th and 14th Amendment Rights have been further violated. Additionally, Plaintiff's Civil Rights and rights based in H.R.S. Chapter 514A has been abridged and violated.

*14th Amendment* Section. 1. All persons born or naturalized in the United States and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

In addition, the federal courts have jurisdiction over several other types of cases arising from acts of Congress. For example, the courts have jurisdiction in a wide variety of (1) civil rights, (2) labor relations, and (3) environmental cases. While these laws provide a "floor" for the states, they do not provide a "ceiling." If states regulate more extensively in these areas than the federal government, then state courts also will have jurisdiction in these areas.

The property of issue is under the Condominium Property Regime. The Condominium Property Regime (CRP) was known as the Horizontal Property Regime (HPR) in the early 1960s. Condominiums projects were high-rise buildings or town houses or apartment buildings that were converted to condos and sold to individual buyers. Within the last 15 years, single-family homes in one lot were condominiumized because the property could not be subdivided or the owner chose to do a condo project rather that subdivide. What makes a condominium form of ownership different from all other forms of ownership in real property? A condo project is a special form of ownership of real property. To create a condo project in Hawaii, the requirements of the Condominium Property Act, Chapter 514A, Hawaii Revised Statutes (HRS) must be complied with. The Condo project must also comply with all of the county requirements for zoning and building code.

The Real Estate Commission (REC) does not create the condominiums. A condominium project is created by recording the master deed or lease, declaration of the condo project,

by-laws of the project and the condo maps at the Bureau of Conveyances or at Land
Court. The role of the REC is to make sure that all of the condo documents have
complied with the law and all pertinent disclosures have been made for the consumer's
protection. The law states that you cannot sell the condo units to the public unless you
have a public report. The CPR documents can create the condominium and be
recognized by the government as condo project but in order to sell the units to the public,
a public report has to be issued by the REC. The property at issue was established and
recognized to be under the Condominium Property Regime on June 23, 1989 by the
government (State of Hawaii) and recorded in the State of Hawaii Office of Assistant
Registrar. For the subject property, the legal name of the Condominium Property Regime
(CPR) is "404/404-A Kalama Street." The legal names and descriptions of the subject
properties at issue in this case are Apartment No. 404-A of "404/404-A Kalama Street"
(Apartment Deed – Exhibit O) and "404-404-A Kalama Street" Apartment 404
(Apartment Deed – Exhibit P). Clear distinctions and representation of the properties
with boundaries are shown in the Condominium Map No. 723 of Condominium Project
"404/404-A KALAMA STREET" (Exhibit N). These distinctions and boundaries are
further described in writing in the two different and separate Apartment Deeds; one deed
for Apartment No. 404-A of "404/404-A Kalama Street" (Exhibit O) and one deed for
"404-404-A Kalama Street" Apartment 404 (Exhibit P). Title to CPR property
Apartment No. 404-A of "404/404-A Kalama Street" was passed and recorded to Joseph
R. Thames (Plaintiff) by Grantor's Deed on NOV 18, 1997 in the State of Hawaii Office
of Assistant Registrar (Exhibit O). Again, Plaintiff raises the issue, complaint and claims
against Defendant for rent owed by Defendant to Plaintiff for tenancy while residing at
the property of Apartment No. 404-A of "404/404-A Kalama Street" and for property to
include personal property removed from the property of Apartment No. 404-A of
"404/404-A Kalama Street." Also, Plaintiff raises a second issue, complaint and claims
against Defendant for property. Thirdly, Plaintiff raises a third issue, complaint and
claims against Defendant for consequential damages for property (to include personal
property) removed from and unpaid rent owed for property of Apartment No. 404-A of
"404/404-A Kalama Street". Joseph R. Thames, (Plaintiff), [JOSEPH RUFUS THAMES,
single] held title to property of Apartment No. 404-A of "404/404-A Kalama Street."

(See Apartment Deed – Exhibit O) H.R.S. §541A-5 **Ownership of apartments.** The apartment owner is entitled to the exclusive ownership and possession of the apartment. Deborah Y. Miller (Defendant) never held title to and never was granted any ownership of the property of Apartment No. 404-A of "404/404-A Kalama Street." The Constitutional 14th Amendment as held in Lowe v. Manhattan Beach City School Dist., 222 F.2d 258 (9th Cir. 1955) clearly expresses and gives jurisdiction to the U.S. District Court and orders the District Court to take jurisdiction and determine the merits of the claim. Title and Grantor Deed was recorded in the State of Hawaii Office of Assistant Registrar to Deborah Y. Miller [DEBORAH YOLANDA MILLER] for Property "404-404-A Kalama Street" Apartment No. 404. Property "404-404-A Kalama Street" Apartment No. 404 is a different property from property Apartment No. 404-A of "404/404-A Kalama Street," which Plaintiff's claim for owed rent and property to include personal property that the original complaint and amended complaint concern. The State Court Ruling of Judge Hifo clearly states "the property located at 404 Kalama Street, Kailua, Hawaii, 96734;" (See Judgment – Exhibit M) and never implied the Ruling to overreach and give an unjust enrichment to Defendant and attach to the property of Apartment No. 404-A of "404/404-A Kalama Street". In the State Court Ruling of Judge Hifo, the State Court never held to include property of Apartment No. 404-A of "404/404-A Kalama Street." In the State Court Ruling of Judge Hifo, the State Court never had the subject matter jurisdiction to include property of Apartment No. 404-A of "404/404-A Kalama Street." The U.S. District Court Magistrate Judge Kobayashi made an error of fact by including the property of Apartment No. 404-A of "404/404-A Kalama Street," in "the property located at 404 Kalama Street, Kailua, Hawaii, 96734." Furthermore, the U.S. District Court, Magistrate Judge Kobayashi made an error of law by including the property of Apartment No. 404-A of "404/404-A Kalama Street," in "the property located at 404 Kalama Street, Kailua, Hawaii, 96734". The U.S. District Court Magistrate Judge Kobayashi made an error of fact by including the property of 404A Kalama Street, Kailua, Hawaii, 96734 in "the property located at 404 Kalama Street, Kailua, Hawaii, 96734". Further, the U.S. District Court, Magistrate Judge Kobayshi made an error of law by including the property of 404A Kalama Street, Kailua, Hawaii 96734 in "the property located at 404 Kalama Street, Kailua, Hawaii, 96734". Apartment

No. 404-A of "404/404-A Kalama Street", **is not inclusive of** "the property located at 404 Kalama Street, Kailua, Hawaii, 96734". 404A Kalama Street, Kailua, Hawaii, 96734 **is not inclusive of** "the property located at 404 Kalama Street, Kailua, Hawaii, 96734". Apartment No. 404-A of "404/404-A Kalama Street," **is not** "the property located at 404 Kalama Street". 404A Kalama Street, Kailua, Hawaii, 96734 **is not** "the property located at 404 Kalama Street, Kailua, Hawaii, 96734".

The State Court Ruling referenced "the property located at 404 Kalama Street. Kailua, Hawaii, 96734." Legal description of the property which was the subject in the Law Suit State Court Case CIVIL NO. 00-1-1056-03 (EEH) is property "404-404-A Kalama Street" Apartment No. 404. This U.S. District Court drew a false inference from the evidence submitted by the Defendant. 404A Kalama Street, Kailua, Hawaii 96734 and or Apartment No. 404-A of "404/404-A Kalama Street," is/are not the property and or the legal description of the property which was the subject in the Law Suit State Court Case CIVIL NO. 00-1-1056-03 (EEH). Thus, this U.S. District Court made an error of fact and or an error of law. Henceforth, Plaintiff's finds and shows fault with this U.S. District Court's determinations of the Scheduling Conference Order, Order Granting in Part and Denying in Part Plaintiff's Motion to Take Leave, Order Granting in Part and Denying in Part Plaintiff's Motion to Compel Responses to Plaintiff's Third Special Interrogatories and Request for Production to Defendant, Order Denying Plaintiff's Motion to Compel; Motion for a More Definite Statement and Motion for Sanctions, Order Denying Plaintiff's Motion for Reconsideration of Court's Order Denying Plaintiff's Motion to Compel; Motion for a More Definite Statement and Motion for Sanctions, Order Denying Plaintiff's Motion for Filing Dispositive Motions and Denying Plaintiff's Request for Extension of Time for Filing of Motions to Join/Add Parties/Amend Pleadings and all other adverse Orders against Plaintiff.

Additionally, the State Court of Hawaii (Judge Hifo) CIVIL NO. 00-1-1056-03 (EEH) could not legally exert jurisdiction of property of Apartment No. 404-A of "404/404-A Kalama Street," without overreaching the Hawaii State Statutes (H.R.S. Chapter 514A) and/or without discriminating against Plaintiff Joseph R. Thames and denying Plaintiff ownership rights of property of Apartment No. 404-A of "404/404-A Kalama Street." Such overreaching by the State Court of Hawaii (Judge Hifo) would be

10

a violation of Plaintiff's civil rights and/or Constitutional Rights 5th Amendment and/or equal protection and/or Constitutional Rights 14th Amendment.

This Court erred through this Court's interpretation of the State Court Ruling. By this Court's error, Defendant is being given an illegal unfair advantage and the Plaintiff is being harmed. Additionally, State Statutes has precedence over State Court Rulings. The State Court Ruling addressed property located at 404 Kalama Street. Plaintiff original and amended complaint seek relief for Defendant's unpaid rent owed to Plaintiff and the listing and return of personal property for 404A Kalama Street which is under the CPR "404 – 404A Kalama Street".

**Damages in the Federal Courts for State Invasion of Property Rights**

Federal Actions and Remedies-Civil Rights Statute-Damages.- Plaintiff sued a school district and certain named individuals (presumably agents of the school district)1 in a United States district court, seeking to recover damages for conversion of personal property and to quiet title to real property. The court dismissed the action on its own motion for want of jurisdiction. It stated that the complaint disclosed neither a claim arising under the Constitution, laws  or treaties of the United States, nor complete diversity of citizenship as required by sections 1331 and 1332 of the Judicial Code respectively. On appeal to the Court of Appeals for the Ninth Circuit, held, Reversed. While there was no diversity of citizenship, the claim arose under the fourteenth amendment of the United States Constitution since plaintiff alleged she was deprived of property without due process of law. The district court was ordered to take jurisdiction and determine the merits of the claim. Lowe v. Manhattan Beach City School Dist., 222 F.2d 258 (9th Cir. 1955).

---

49.  Whether the United States Constitution bears on the awarding of severance damages by the states is outside the scope of this comment.  Two constitutional problems are relevant to the principal case.

(1) It has never been decided whether the due process clause of the Fourteenth Amendment requires the states to award severance damages. The Fifth Amendment has been said to require the federal government to compensate landowners for severance. E.g., Baetjer v. United States, 143 F.2d 391, 395-96 (1st Cir.), cert. denied, 323 U.S. 772 (1944); United States v. Powelson, 118 F.2d 79, 87 (4th Cir. 1941), rev'd on other grounds, 319 U.S. 266 (1943); Stephenson Brick Co. v. United States, 110 F.2d 360, 361 (5th Cir. 1940); United States v. Indian Creek Marble Co., 40 F. Supp. 811, 818, 821 (e.D. Tenn. 1941).

(2) If the fourteenth amendment imposes the same requirement on the states, what is the constitutional content of the word "parcel"? Although the term is statutory in California, it is widely adopted limitation on the granting of severance damages. There is a wide variation in its definition. See note 9 supra. In Baetjer v. United States, supra, there are indications that unity of use is the constitutional test of a parcel. If these indications give any hint as to how the same problem would be approached under the fourteenth amendment, there is a question as to the constitutionality of the decision in Oakland v. Pacific Coast Lumber and Mill Co., 171 Cal. 392, 153 Pac. 705 (1915). See discussion at pp. 115-16 supra.

---

1. The record does not indicate the relationship between the individual defendants ("John L. Miles" and three "John Does") and the school district.

**DISCUSSION**

A fact and an issue in this case:

The property of 404A Kalama Street, Kailua Hawaii 96734 is not the property of 404 Kalama Street, Kailua Hawaii 96734.

Although the Defendant and this Court, in effort to favor the Defendant, may choose to cloud the issue and distort the fact and the truth; the truthful fact remains that the property and the property description of 404A Kalama Street, Kailua Hawaii is not the property and the property description of 404 Kalama Street, Kailua Hawaii. Legally, 404A Kalama Street, Kailua Hawaii 96734 is not 404 Kalama Street, Kailua Hawaii 96734. The legal description of 404A Kalama Street, Kailua Hawaii 96734 is not the legal description of 404 Kalama Street, Kailua Hawaii 96734. To continue to confuse, cloud and/or distort the fact that 404A Kalama Street, Kailua Hawaii 96734 is not 404 Kalama Street, Kailua Hawaii 96734. Of issue: another fact is that Plaintiff, Joseph R. Thames is the legal owner by Grantor's deed of 404A Kalama Street, Kailua Hawaii 96734. Plaintiff, Joseph R. Thames held title of 404A Kalama Street, Kailua Hawaii 96734, as a single male. Plaintiff, Joseph R. Thames held title solely and in entirety of 404A Kalama Street, Kailua Hawaii 96734. Plaintiff never alleged any purchase jointly of 404A Kalama Street, Kailua Hawaii 96734. The Plaintiff has on numerous times presented a copy of the legal Grantor's deed of Plaintiff's legal ownership of the property 404A Kalama Street, Kailua Hawaii 96734. To deny Plaintiff ownership rights of his legal property is to deny Plaintiff of his constitutional right. The Hawaii State Court Case: Civil Case No. 00-1-1056-3 (EEH), which Defendant continues to raise as an objection and defense, and the case referenced in this Court's ruling(s), does not have subject matter jurisdiction of the property of 404A Kalama Street, Kailua Hawaii 96734. However, unjust the State Court ruling, may it be, the words of State Court ruling referenced "that Plaintiff Joseph Thames never had ownership interest in the property located at 404 Kalama Street, Kailua, Hawaii, 96734." The property of 404A Kalama Street, Kailua Hawaii 96734 is not the property of 404 Kalama Street, Kailua Hawaii 96734. Legally, 404A Kalama Street, Kailua Hawaii 96734 is not 404 Kalama Street, Kailua Hawaii 96734. The legal description of 404A Kalama Street, Kailua Hawaii

96734 is not the legal description of 404 Kalama Street, Kailua Hawaii 96734. Thus, this court ruling and the all the other Court rulings of this Court based in this property matter and issue is void. Austin v. Smith, 312 F 2d 337, 343(1962); English v. English, 72 Ill. App. 3d 736, 393 N.E. 2d 18 (1st Dist. 1979). To attempt to deny the Plaintiff his constitutional rights of ownership of 404 Kalama Street, Kailua Hawaii 96734 is to violate Plaintiff's constitutional rights. Further, the property of 404A Kalama Street, Kailua, Hawaii 96734 is not "the property located at 404 Kalama Street, Kailua, Hawaii, 96734". The property of Apartment No. 404-A of "404/404-A KALAMA STREET" is not "the property located at 404 Kalama Street, Kailua, Hawaii, 96734".

Another fact is that Defendant resided as a tenant at 404A Kalama Street, Kailua Hawaii 96734. All issues and matters of that tenancy of Defendant residing as a tenant at 404A Kalama Street, Kailua Hawaii 96734 is discoverable and relevant to this case to including the rent, bills and all accounting inclusive "(Mortgages) which references mortgage loan repayment of the property of 404A Kalama Street, Kailua Hawaii 96734. Plaintiff submitted to this Court certified title as the sole legal owner of the property of 404A Kalama Street, Kailua Hawaii 96734.

Defendant discovery request response was "(N/A) Civil Case No. 00-1-1056-3 (EEH) Judgment November 8, 2002 ." Defendant never stated clear objections nor legal objects to Plaintiff's discovery requests. This Court held Defendant's responses to be legal objections. Defendant's responses are evasive and non-responsive. Defendant's objections/responses to discovery request and Defendant's defenses lack merit. Thus, Defendant has not complied and has not legally and/or correctly responded to Plaintiff's discovery request. Due to Defendant's non cooperation in discovery and failure to comply with the law to include the Federal Rules of Civil Procedure, Plaintiff is prejudiced from reasonably, appropriately, adequately, legally and or properly proceeding with the prosecution of his case and claim.

Exhibit "L" is a copy of Plaintiff Joseph R. Thames' Eight Request For Admissions to Defendant and Plaintiff Joseph R. Thames' Eight Request For Admissions was mailed on November 14, 2006 to Defendant Deborah Y. Miller. Exhibit "L" is a true, accurate and correct copy of Plaintiff's Eight Request for Admissions served upon Defendant on November 14, 2006. Plaintiff's Eight Request for Admissions is discovery

concerning the tenancy and rent of issue. Defendant to date has not responded to Plaintiff's Eight Request for Admissions. To date, Plaintiff has not received a response from Defendant to Plaintiff Joseph R. Thames' Eight Request For Admissions. The thirty (30) day response period has expired and Defendant has failed to respond. Plaintiff requests that the Court, in accordance with the law, treat the Defendant's failure to respond as an Admission and accept Plaintiff Joseph R. Thames' Eight Request For Admissions as admitted facts. In accordance with the law, Defendant's failure, refusal and or neglect to respond to Plaintiff's Eight Request for Admissions should be held as admitted as true and fact. These subject Admissions of Facts provide further proof of the fact that Defendant Deborah Y. Miller resided as a tenant at 404A Kalama Street, Kailua Hawaii  96734 and that Defendant Deborah Y. Miller agreed to pay $650 per month for rent.

Exhibit "K" is a true, accurate and correct copy of Plaintiff's Seventh Request for Admissions served upon Defendant on November 14, 2006. Plaintiff's Seventh Request for Admissions is discovery concerning the financial accounting of the issues. Defendant to date has not responded to Plaintiff's Seventh Request for Admissions. In accordance with the law, Defendant's failure, refusal and or neglect to respond to Plaintiff's Seventh Request for Admissions should be held as admitted as true and fact.

Plaintiff has been prevented from discovery and discovery from Defendant. Such discovery is necessary and vital to Plaintiff adequately and appropriately prosecuting his case. For cause and good reason to include due to Defendant's failure and /or refusal to comply with federal, state, (Hawaii) laws, rules, regulations and laws; HRS, HRCC AND Circuit court rules and pretrial discovery rules and pretrial order, Plaintiff has been delayed and prejudiced from preparing (lawfully, legally, appropriately, properly, and without disruption) Plaintiff's case and joining, adding additional parties and amending pleadings.

Plaintiff's discovery has demonstrated to the Court, Defendant's fraud upon the Court and the Court's allowance, assistance or enabling of Defendant's fraud upon the Court. Defendant's actions, Defendant's fraudulent action's and the Court's action have been prejudicial and bias upon and against Plaintiff. Plaintiff moves and request relief from the Court to grant this motion.

15

Additionally, the Law of Equity provides that the Defendant nor others should unjustly gain or benefit from the illegal, unlawful and or wrongful act of denying Plaintiff his rights to his property. The discussion and argument expresses and begs Questions of Law be clearly reconciled, corrected and properly adjudicated and answered before the case reaches the point before the trier of facts. A significant Question of Law which rests in the pillars of the Constitution and this Court is Plaintiff's, an American Citizen, right to his property which must be answered by applying relevant legal principles, by an interpretation of the law. Answers to questions of law are generally expressed in terms of broad legal principles, and are capable of being applied to many situations, rather than being dependent on particular circumstances or factual situations. This matter of property ownership and property ownership under H.R.S. Chapter 514A (Condominium Property Regime) is broad and used daily in many and numerous situations. An answer to a question of law as applied to the particular facts of a case is often referred to as a "conclusion of law" and Plaintiff shows that this U.S. District Court's conclusion of law is in error. At minimum a clear, specific and exact State Ruling and or Statute should be the reference instead of a broad interpretation or a broad ruling when applied to a specific fact and a specific case which abridges and or violates an American Citizen's legal right to property ownership. In such cases, Question of Law rests in the U.S. District Court on the merits. As well, Plaintiff should be allowed to present the facts to the trier. The disallowing of the facts will lead to an erroneous ruling. A conclusion must be reached and answered by reference to facts and evidence and inferences arising from those facts.

Enacted laws (Statutes) of Hawaii take precedence over Court laws or rulings and deem the Court rulings, orders and judgments illegal if conflicting with Hawaii State Statutes. Further, the <u>Constitution</u>, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, **shall be the supreme Law of the Land**; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any state to the Contrary notwithstanding."

Void judgments are those rendered by a court which lacked jurisdiction, either of the subject matter or the parties. Wahl v. Round Valley Bank 38 Ariz, 411, 300 P. 955(1931), Tube City Mining & Millng Co. v. Otterson, 16 Ariz. 305, 146p 203(1914);

and Millken v. Meyer, 311 U.S. 457, 61 S. CT. 339,85 L. Ed. 2d 278 (1940). It is well settled that a court must expunge a void order. People v. Magnus, 262 Ill.App.3d 362, 633 N.E.2d 869, 872 (1st Dist. 1994). "The court must act if lack of jurisdiction is brought to its attention or appears on the record." [Emphasis in original] Automated Pro. Tax v. Dept. of Emp. Sec., 244 Ill.App.3d 485, 612 N.E.2d 1008 (1933).

Other reasons to vacate void judgment: 1. Fraud upon the court, In re Village of Willowbrook, 37 Ill, App. 3d 393(1962); 2. a judge does not follow statutory procedure, Armstrong v. Obucino, 300 Ill 140, 143 (1921); 3. Unlawful activity of a judge, Code of Judicial Conduct; 4. Violation of due process, Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019(193 ;Pure Oil Co. v. City of Northlake, 10 Ill.2d 241, 245, 140 N.E. 2d 289 (1956);Hallberg v Goldblatt Bros., 363 Ill 25 (1936), ( If the court exceeded it's statutory authority. Rosenstiel v. Rosenstiel, 278 F. Supp. 794 (S.D.N.Y. 1967); and 5. where an order/judgment is based on a void order/judgment, Austin v. Smith, 312 F 2d 337, 343. Void judgments and the vacation of void judgments apply to the Orders in this case such as Scheduling Conference Orders, Order Granting in Part and Denying in Part Plaintiff's Motion to Take Leave, Order Granting in Part and Denying in Part Plaintiff's Motion to Compel Responses to Plaintiff's Third Special Interrogatories and Request for Production to Defendant, Order Denying Plaintiff's Motion to Compel; Motion for a More Definite Statement and Motion for Sanctions, Order Denying Plaintiff's Motion for Reconsideration of Court's Order Denying Plaintiff's Motion to Compel; Motion for a More Definite Statement and Motion for Sanctions, Order Denying Plaintiff's Motion for Filing Dispositive Motions and Denying Plaintiff's Request for Extension of Time for Filing of Motions to Join/Add Parties/Amend Pleadings.

## MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO TAKE LEAVE

*14th Amendment Section*: 1. All persons born or naturalized in the United States and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

*5th Amendment:* No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury, except in cases arising in the land or naval forces, or in the militia, when in actual service in time of war or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

*4th Amendment:* The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

Void Judgments and Orders. Austin v. Smith, 312 F 2d 337, 343(1962); English v. English, 72 Ill. App. 3d 736, 393 N.E. 2d 18 (1st Dist. 1979). Void judgments are those rendered by a court which lacked jurisdiction, either of the subject matter or the parties. Wahl v. Round Valley Bank 38 Ariz, 411, 300 P. 955(1931), Tube City Mining & Millng Co. v. Otterson, 16 Ariz. 305, 146p 203(1914); and Millken v. Meyer, 311 U.S. 457, 61 S. CT. 339,85 L. Ed. 2d 278 (1940). It is well settled that a court must expunge a void order. People v. Magnus, 262 Ill.App.3d 362, 633 N.E.2d 869, 872 (1st Dist. 1994). "The court must act if lack of jurisdiction is brought to its attention or appears on the record."

[Emphasis in original] Automated Pro. Tax v. Dept. of Emp. Sec., 244 Ill.App.3d 485, 612 N.E.2d 1008 (1933).

Other reasons to vacate void judgment: 1. Fraud upon the court, In re Village of Willowbrook, 37 Ill, App. 3d 393(1962); 2. a judge does not follow statutory procedure, Armstrong v. Obucino, 300 Ill 140, 143 (1921); 3. Unlawful activity of a judge, Code of Judicial Conduct; 4. Violation of due process, Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019(193 ;Pure Oil Co. v. City of Northlake, 10 Ill.2d 241, 245, 140 N.E. 2d 289 (1956);Hallberg v Goldblatt Bros., 363 Ill 25 (1936), ( If the court exceeded it's statutory authority. Rosenstiel v. Rosenstiel, 278 F. Supp. 794 (S.D.N.Y. 1967); and 5. where an order/judgment is based on a void order/judgment, Austin v. Smith, 312 F 2d 337, 343

CHAPTER 514A
CONDOMINIUM PROPERTY REGIMES

Part I.  General Provisions and Definitions--

Part II.  Creation, Alteration, and Termination of Condominiums

Part III.  Registration and Administration

**§514A-3 Definitions.** Unless it is plainly evident from the context that a different meaning is intended, as used herein:

"Apartment" means a part of the property intended for any type of use or uses, and with an exit to a public street or highway or to a common element or elements leading to a public street or highway, and may include such appurtenances as garage and other parking space, storage room, balcony, terrace, and patio.

"Apartment owner" means the person owning, or the persons owning jointly or in common, an apartment and the common interest appertaining thereto; provided that to such extent and for such purposes, including the exercise of voting rights, as shall be provided by lease registered under chapter 501 or recorded under chapter 502, a lessee of an apartment shall be deemed to be the owner thereof.

"Association of apartment owners" means all of the apartment owners acting as a group in accordance with the bylaws and declaration.

"Commission" means the real estate commission of the state department of commerce and consumer affairs.

"Common elements", unless otherwise provided in the declaration, means and includes:

(1) The land included in the condominium property regime, whether leased or in fee simple;

(2) The foundations, columns, girders, beams, supports, main walls, roofs, halls, corridors, lobbies, stairs, stairways, fire escapes, and entrances and exits of the building or buildings;

(3) The basements, flat roofs, yards, gardens, recreational facilities, parking areas, and storage spaces;

(4) The premises for the lodging or use of janitors and other persons employed for the operation of the property;

(5) Central and appurtenant installations for services such as power, light, gas, hot and cold water, heating, refrigeration, air conditioning, and incinerators;

(6) The elevators, escalators, tanks, pumps, motors, fans, compressors, ducts, and in general all apparatus and installations existing for common use;

(7) Such facilities as may be designated as common elements in the declaration; and

(8) All other parts of the property necessary or convenient to its existence, maintenance, and safety, or normally in common use.

"Common expense" means and includes:

(1) Expenses of operation of the property; and

(2) All sums designated common expenses by or pursuant to this chapter, the declaration or the bylaws.

"Common interest" means the percentage of undivided interest in the common elements appertaining to each apartment, as expressed in the declaration, and any specified percentage of the common interests means such percentage of the undivided interests in the aggregate.

"Common profits" means the balance of all income, rents, profits, and revenues from the common elements remaining after the deduction of the common expenses.

"Completion of construction" means the issuance by the appropriate county official of a certificate of completion.

"Condominium" means the ownership of single units, with common elements, located on property within the condominium property regime.

"Declaration" means the instrument by which the property is submitted to this chapter, as hereinafter provided, and such declaration as from time to time amended.

"Developer" means a person who undertakes to develop a real estate condominium project.

"Limited common elements" means and includes those common elements designated in the declaration as reserved for the use of a certain apartment or certain apartments to the exclusion of the other apartments; provided that no amendment of the declaration affecting any of the limited common elements shall be effective without the consent of the owner or owners of the apartment or apartments for the use of which such limited common elements are reserved.

"Majority" or "majority of apartment owners" means the owners of apartments to which are appurtenant more than fifty per cent of the common interests, and any specified percentage of the apartment owners means the owners of apartments to which are appurtenant such percentage of the common interests.

"Managing agent" means any person employed or retained for the purposes of managing the operation of the property.

"Master deed" or "master lease" means any deed or lease showing the extent of the interest of the person submitting the property to the condominium property regime.

"Operation of the property" means and includes the administration, fiscal management, and operation of the property and the maintenance, repair, and replacement of, and the making of any additions and improvements to, the common elements.

"Person" means an individual, firm, corporation, partnership, association, trust, or other legal entity, or any combination thereof.

"Project" means a real estate condominium project; a plan or project whereby a condominium of two or more apartments located within the condominium property regime are offered or proposed to be offered for sale.

"Property" means and includes the land, whether or not contiguous and including more than one parcel of land, but located within the same vicinity, whether leasehold or in fee simple, to the extent of the interest held therein by the owner or lessee submitting such interest to the condominium property regime, the building or buildings, all improvements and all structures thereon, and all easements, rights, and appurtenances belonging thereto, and all articles of personal property intended for use in connection therewith, which have been or are intended to be submitted to the regime established by this chapter.

"To record" means to record in accordance with chapter 502, or to register in accordance with chapter 501.

All pronouns used herein include the male, female, and neuter genders and include the singular or plural numbers, as the case may be. [L 1977, c 98, pt of §2; am L 1979, c 116, §1; am L 1982, c 204, §8; am L 1984, c 213, §2; am L 1988, c 65, §2]


**§514A-5 Ownership of apartments.** The apartment owner is entitled to the exclusive ownership and possession of the apartment. Any apartment may be jointly or commonly owned by more than one person. [L 1977, c 98, pt of §2]

**§514A-11 Recordation and contents of declaration.** The bureau of conveyances and the land court shall immediately set up the mechanics and method by which recordation of a master deed or lease and the declaration may be made. Provisions shall be made for the recordation of instruments affecting the individual apartments on subsequent resales, mortgages, and other encumbrances, as is done with all other real estate recordations; provided that land court certificates of title shall not be issued for apartments. The declaration to which section 514A-20 refers shall express the following particulars:
    (1) Description of the land, whether leased or in fee simple, on which the building or buildings and improvements are or are to be located;
    (2) Description of the building or buildings, stating the number of stories and basements, the number of apartments, and the principal materials of which it or they is or are constructed or to be constructed;
    (3) The apartment number of each apartment, and a statement of its location, approximate area, number of rooms, immediate common element to which it has access, designated parking stall if considered a limited common element, and any other data necessary for its proper identification;
    (4) Description of the common elements;
    (5) Description of the limited common elements, if any, stating to which apartments their use is reserved;
    (6) The percentage of undivided interest in the common elements appertaining to each apartment and its owner for all purposes, including voting;
    (7) Statement of the purposes for which the building or buildings and each of the apartments are intended and restricted as to use;
    (8) The name of a person to receive service of process in the cases hereinafter provided, together with the residence or place of business of the person which shall be within the county in which the property is located;
    (9) Provision as to the percentage of votes by the apartment owners which shall be determinative of whether to rebuild, repair, or restore the property in the event of damage or destruction of all or part of the property;
    (10) Any further details in connection with the property that the person executing the declaration may deem desirable to set forth consistent with this chapter;
    (11) The method by which the declaration may be amended, consistent with this chapter; provided that an amendment to the declarations of all condominium

projects existing as of May 22, 1991, and all condominium projects created thereafter shall require a vote or written consent of seventy-five per cent of all apartment owners, except as otherwise provided in this chapter; provided further that the declarations of condominium projects having five or fewer apartments may provide for the amendment thereof by a vote or written consent of more than seventy-five per cent of all apartment owners;

(12)  Description as to any additions, deletions, modifications, and reservations as to the property, including without limitation provisions concerning the merger or addition of later phases of the project.  To the extent provided in the declaration, an amendment to the declaration that is made to implement those additions, deletions, modifications, reservations, or merger provisions shall require the vote or written consent of only the declarant or such percentage of apartment owners as is provided in the declaration; and

(13)  A declaration subject to the penalties set forth in section 514A-49(b) that the condominium property regime is in compliance with all zoning and building ordinances and codes, and all other permitting requirements pursuant to section 514A-1.6, and specifying in the case of a property which includes one or more existing structures being converted to condominium status:

    (A)  Any variances which have been granted to achieve such compliance; and

    (B)  Whether, as the result of the adoption or amendment of any ordinances or codes, the project presently contains any legal nonconforming uses or structures; except that a property that is registered pursuant to section 514A-31 shall instead provide this declaration pursuant to [section] 514A-40. [L 1977, c 98, pt of §2 an c 176, §2; am L 1979, c 93, §1; am L 1982, c160, §1; am L 1984, c 109, §1; am L 1991, c 44, §1 and c 124, §1; am L 2000, c 251, §3]

**§514A-20  Condominium property regimes.**  Whenever the sole owner or all of the owners including all of the lessees of a property expressly declare, through the execution and recordation of a master deed, together with a declaration, which declaration shall set forth the particulars enumerated by section 514A-11, the sole owner's or their desire to submit the property to the regime established by this chapter, there shall thereby be established a condominium property regime with respect to the property, and this chapter shall be applicable to the property.  If the master deed is already recorded, the recordation of the declaration is sufficient to achieve the same result. [L 1977, c 98, pt of §2; gen ch 1985; am L 1988, c 65, §2]

phrased—has any validity, each part of the land which is used differently should be treated as a separate unit.[49]

---

# Damages in the Federal Courts for State Invasion of Property Rights

FEDERAL ACTIONS AND REMEDIES—CIVIL RIGHTS STATUTE—DAMAGES.—Plaintiff sued a school district and certain named individuals (presumably agents of the school district)[1] in a United States district court, seeking to recover damages for conversion of personal property and to quiet title to real property. The court dismissed the action on its own motion for want of jurisdiction. It stated that the complaint disclosed neither a claim arising under the Constitution, laws or treaties of the United States, nor complete diversity of citizenship as required by sections 1331 and 1332 of the Judicial Code respectively. On appeal to the Court of Appeals for the Ninth Circuit, *held*, Reversed. While there was no diversity of citizenship, the claim arose under the fourteenth amendment of the United States Constitution since plaintiff alleged she was deprived of property without due process of law. The district court was ordered to take jurisdiction and determine the merits of the claim. *Lowe v. Manhattan Beach City School Dist.*, 222 F.2d 258 (9th Cir. 1955).

---

49. Whether the United States Constitution bears on the awarding of severance damages by the states is outside the scope of this Comment. Two constitutional problems are relevant to the principal case.

(1) It has never been decided whether the due process clause of the fourteenth amendment requires the states to award severance damages. The fifth amendment has been said to require the federal government to compensate landowners for severance. E.g., Bartier v. United States, 143 F.2d 391, 395–96 (1st Cir.), *cert. denied*, 323 U.S. 772 (1944); United States v. Powelson, 118 F.2d 79, 87 (4th Cir. 1941), *rev'd on other grounds*, 319 U.S. 266 (1943); Stephenson Brick Co. v. United States, 110 F.2d 360, 361 (5th Cir. 1940); United States v. Indian Creek Marble Co., 40 F. Supp. 811, 818, 821 (E.D. Tenn. 1941).

(2) If the fourteenth amendment imposes the same requirement on the states, what is the constitutional content of the word "parcel"? Although the term is statutory in California, it is a widely adopted limitation on the granting of severance damages. There is a wide variation in its definition. See note 9 *supra*. In Bartier v. United States, *supra*, there are indications that unity of use is the constitutional test of a parcel. If these indications give any hint as to how the same problem would be approached under the fourteenth amendment, there is a question as to the constitutionality of the decision in Oakland v. Pacific Coast Lumber and Mill Co., 171 Cal. 392, 153 Pac. 705 (1915). See discussion at pp. 115–16 *supra*.

1. The record does not indicate the relationship between the individual defendants ("John L. Miles" and three "John Does") and the school district.

Rule 60. Relief from Judgment or Order

(a) Clerical Mistakes. Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C., § 1655, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

**CONCLUSION**

The U.S. District Court Magistrate Judge Kobayashi made an error of fact by including the property of Apartment No. 404-A of "404/404-A Kalama Street," in "the property located at 404 Kalama Street". Further the U.S. District Court, Magistrate Judge Kobayashi made an error of law by including the property of Apartment No. 404-A of "404/404-A Kalama Street," in the property located at 404 Kalama Street". Plaintiff has been harmed by not being able to legally prosecute his claim. Plaintiff has been denied his property rights. Plaintiff's Constitutionals and Civil Rights have been violated.

Granting this motion for leave and other court actions should be taken to correct this error by the court and the Defendant's fraud upon the Court. Plaintiff should be allowed to seek damages for unpaid rent; the return of personal documents, documents, personal property and documents removed from Plaintiff property 404A Kalama Street; and other consequential damages. Additionally, the Court's Scheduling Conference Order and all orders following should be stricken as void. Discovery should be enlarged and the discovery deadline extended. Also, Plaintiff should be awarded cost and fees for bringing forth this motion. Other sanctions should be imposed upon the Defendant and awards made to the Plaintiff. AND WHEREFORE, Plaintiff respectfully prays that the Court grant this Motion for Leave To File an (Second) Amended Complaint.

Dated:  February 21, 2007 in Honolulu, Hawaii.


Joseph R. Thames
Plaintiff Pro Se