Joseph R. Thames
P.O. Box 58423
Fayetteville, N.C. 28305
(910) 483-2854

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 29 2004

at 1 o'clock and 38 min P M.
WALTER A.Y.H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII (HONOLULU)

PLAINTIFF,                          ) CIVIL NO.
   JOSEPH R. THAMES,              )           CV04 00644 DAE
                                    ) COMPLAINT                    LEK
Vs.                                 )
                                    )
DEFENDANT(S),                       )
   DEBORAH Y. MILLER,             )
aka DEBORAH YOLANDA MILLER,         )
DEBORAH Y. RICHARDSON, DEBORAH      )
YOLANDA RICHARDSON,                 )
DEBORAH Y. MILLER-RICHARDSON,       )
DEBORAH YOLANDA MILLER-RICHARDSON,  )
and DOES 1 THROUGH 500, INCLUSIVE,  )

## COMPLAINT

Now Comes Plaintiff Joseph R. Thames and files complaint.

1. Plaintiff Joseph R. Thames is a domicile in North Carolina and Defendant Deborah Y. Miller is domicile in Massachusetts.
2. The property is located in Hawaii; 404 Kalama Street, Kailua, Hawaii: 404A Kalama Street, Kailua, Hawaii: Noenhe Drive, Hawaii Kai, Honolulu, Hawaii.
3. The complaint is complimentary/supplementary to Hawaii State First Circuit Court Civil No. 00-1-1056 etc..
4. Plaintiff constitutional rights were violated and abridged and denied.
5. Plaintiff property was unjustly denied to Plaintiff; transfer, possession, quiet enjoyment, use etc... (fraudulent).
6. Plaintiff was terrorized in the Circuit Court.
7. Plaintiff was allowed to be discriminated against by the Court.
   1) Plaintiff was ordered to physically appeared for a settlement conference when plaintiff resided 6,000 miles away when there was no good cause shown by the Court of the Defendant to which the Plaintiff had moved and requested to appear telephonically due to undue burden and hardship to include extreme financial hardship and financial hardship. On

 

EXHIBIT "A"

31

appearance, Plaintiff was ordered to appear to be harassed by the sole sake of Plaintiff being ordered to physically appear in Court was to appease and allow the Defendant's continual harassment of a fraudulent Deposition Notice. The Court additionally ordered Plaintiff to appear for such a fraudulent Deposition Notice to which Defendant nor Defendant's attorney(s)/counsel(s) did not appear for her own deposition so ordered and thrust upon Plaintiff by Court to which Plaintiff appeared to be the only person present at a locked law office. Defendant's Attorney(s)/Counsel(s) admitted later in Court that there was no plan for such a deposition to take place to which the Court allowed and assisted such harassment to continue. This fraudulently deposition notice and actions surrounding such actions by the Defendant and the Court were bias, prejudice and unjust upon Plaintiff. Such actions was so ordered, allowed by the thrust upon Plaintiff by the Court and so burdening Plaintiff to include financially burdening and hardship upon Plaintiff. The financial burden and hardship from the Defendant's continual fraudulent actions and the Court's unjust order and allowance and assistance of the Defendant's illegal and fraudulent actions must such Plaintiff financial hardship and burden unable for Plaintiff to afford to be able to return for trial.
2) The Court refused to compel Defendant to respond to discovery and deposition.
   a) Defendant's counsel/attorney fraudulently filed and affirmed in Court that he never received/nor was served with such discovery. Plaintiff presented proof of service (through signed return receipt of certified mail.) of requested discovery. The Court refused to compel Defendant to comply. Requested discovery was timely and properly served and requested.
   b) Defendant was not compelled to completely/adequately and properly respond to discovery.
   c) Defendant refused to respond to accounting which the Court refused to enforce the law and compel the Defendant to respond to discovery which prejudiced the Plaintiff to which the Defendant responded later in another action. Such accounting was vital and crucial in the Plaintiff's action.
8. The Intermediate Court of Appeals overlooked these issues of Court error, is that justice to the Plaintiff.
9. Complaint is property valued in excess of $75,000.00.
10. Defendant unjustly removed property from plaintiff's property.

Plaintiff prays upon the Court for:

32

1. Compensatory damages.
2. Consequential damages.
3. Economic damages.
4. Emotional damages.
5. Mental stress and emotional stress damages.
6. Punitive damages.
7. General damages.
8. Specific damages.
9. Medical expenses, other expenses and other medical damages.
10. Any and all other damages deemed by the Court.

Dated: October 27, 2004 in Fayetteville, North Carolina.

_____
Joseph R. Thames

Joseph R. Thames
P.O. Box 58423
Fayetteville, N.C. 28305
(910) 483-2854

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII (HONOLULU)

| | |
|---|---|
| PLAINTIFF,<br>   JOSEPH R. THAMES,<br><br>Vs.<br><br>DEFENDANT(S),<br>   DEBORAH Y. MILLER,<br>aka DEBORAH YOLANDA MILLER,<br>DEBORAH Y. RICHARDSON, DEBORAH<br>YOLANDA RICHARDSON,<br>DEBORAH Y. MILLER-RICHARDSON,<br>DEBORAH YOLANDA MILLER-RICHARDSON,<br>and DOES 1 THROUGH 500, INCLUSIVE, | ) CIVIL NO.<br>)<br>) COMPLAINT<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### CERTIFICATE OF SERVICE

I, Joseph R. Thames, the undersigned, do state that party(s) to this above-entitled action was duly served a copy of these documents Complaint, by depositing and placing in the U.S. Postal Service address as below through first class mail postage prepaid on the 27th of October, 2004 by the undersigned:

Deborah Y. Miller
305 Hahani Street #165
Kailua, HI 96734

Dated: October 27, 2004 in Fayetteville, North Carolina.

*Joseph R. Thames*
Joseph R. Thames

34