Joseph R. Thames
P.O. Box 674
Kailua, HI 96734
404A Kalama Street
Kailua, HI 96734
(808) 262-1782

FIRST CIRCUIT COURT
STATE OF HAWAII
FILED

2000 MAY 17 PM 2:07

F. OTAKE
CLERK

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| JOSEPH R. THAMES<br>Plaintiff, | CIVIL NO. 00-1-1568-05 |
| vs. | NOTICE OF CONSOLIDATION AND TRANSFER |
| Deborah Y. Miller<br>Defendant. | |

NOW COMES the plaintiff, Joseph R. Thames, pursuant to the Hawaii Revised Statutes, the courts, the Hawaii Rules of Civil Procedures, HRCP Rule 18, HRCP Rule 42, the Circuit Court Rules, the District Court Rules and the Small Claims Court Rules, and files this Notice of Consolidation and Transfer of the above-styled action to the in the Office of the Clerk of the Circuit Court of the First Circuit on the State of Hawaii, and respectfully states as follows:

1. On April 24, 2000 at 11:00 a.m., Plaintiff, Joseph R. Thames, filed a complaint, Civil No. 1SC00-645, against defendant, Deborah Y. Miller, in the Small Claims Division of the District Court of the First Circuit Koolaupoko Division State of Hawaii. The complaint is currently pending and no judgment has been made nor entered. A copy of the pleadings in the district small claims court court is attached hereto as Exhibit B.

2. On May 2, 2000 at 11:22 a.m., Plaintiff, Joseph R. Thames, filed a complaint, Civil No. IRC00-2945, against defendant, Deborah Y. Miller, in the District Court of the First Circuit Honolulu Division State of Hawaii. The complaint is currently pending and no judgment has been made nor entered. A copy of the pleadings in the district court is attached hereto as Exhibit C.

3. On May 2, 2000 at 11:24 a.m., Plaintiff, Joseph R. Thames, filed a complaint, Civil No. IRC00-2946, against defendant, Deborah Y. Miller, in the District Court of the First


EXHIBIT "B"

35

Circuit Honolulu Division State of Hawaii. The complaint is currently pending and no judgment has been made nor entered. A copy of the pleadings in the district court is attached hereto as Exhibit D.

4. On May 2, 2000 at 11:29 a.m., Plaintiff, Joseph R. Thames, filed a complaint, Civil No. IRC00-2947, against defendant, Deborah Y. Miller, in the District Court of the First Circuit Honolulu Division State of Hawaii. The complaint is currently pending and no judgment has been made nor entered. A copy of the pleadings in the district court is attached hereto as Exhibit E.

5. This consolidation will be in the furtherance of convenience, avoid prejudice, may tend to avoid unnecessary costs and delays and will be conducive to expedition and economy and thus able to be consolidated.

6. This consolidation complaint claim well exceed the amount/value of $30,000.00 and thus transferable to Circuit Court. Also, the claim amount/value now well exceeds $5,000.00 and thus transferable to Circuit Court with the payment of filing made to the clerk of the Court.

7. By filing this Notice of Consolidation and Transfer, Plaintiff, Joseph R. Thames, does not waive any of its claims or rights to personal jurisdiction.

8. Promptly after filing of this Notice of Consolidation and Transfer, Joseph R. Thames will give written notice to the defendant of this Notice of Consolidation and Transfer and will file a copy with the Clerk of the District Court of the First Circuit Honolulu Division State of Hawaii and with the Clerk of the Small Claims Division of the District Court of the First Circuit Koolaupoko Division State of Hawaii pursuant to Circuit, District and Small Claims Rules of Courts in Civil Procedures.

WHEREFORE, plaintiff, Joseph R. Thames hereby gives notice of consolidation and transfer of the above-referenced action now pending in the District Court of the First Circuit Honolulu Division State of Hawaii and in the Small Claims Division of the District Court of the First Circuit Koolaupoko Division State of Hawaii, and respectfully requests that this Court assume jurisdiction of the above entitled action and make such other and further Orders as may be justified.

This 17th day of May, 2000.

*Joseph R. Thames*
Joseph R. Thames
Plaintiff

36

## CERTIFICATE OF SERVICE

This is to certify that the undersigned, Joseph R. Thames, has this date served Notice of Filing of Notice of Removal in the above captioned action upon all parties to this cause by depositing the original and/or a copy thereof, postage prepaid, in the United States Mail, addressed to the attorney(s) for said parties.

SERVED:

Deborah Y. Miller
   Defendant
305 Hahani Street #165
Kailua HI 96734

This 17th day of May, 2000.

*[signature]*
Joseph R. Thames
Plaintiff

37

DLORD-TENANT, DAMAGES);
LARATION; EXHIBIT(S); SUMMONS

Form #1DC08

**IN THE DISTRICT COURT OF THE FIRST CIRCUIT**
Honolulu DIVISION
**STATE OF HAWAI'I**

DISTRICT COURT
FIRST CIRCUIT
C_____ SION

MAY 2  11:29 AM '00

FILED _____
ISSUED  J. TANIOKA
RETURNED _____

Reserved for Court Use

ntiff(s)

Joseph R. Thames

Civil No. 1RC00-2947

Plaintiff(s)/Plaintiff(s)' Attorney (Name, Attorney Number, Firm Name (if applicable), Address, Telephone and Facsimile Numbers)

endant(s)

Deborah Y. Miller

Joseph R. Thames
P.O. Box 674
Kailua, HI 96734
(808) 262-1782

et Address, City, State ("the property"):

404A Kalama Street
Kailua, HI 96734

**COMPLAINT**

This Court has jurisdiction over this matter and venue is proper.
Plaintiff(s) is the landlord or the agent for the landlord of the property.
The property is located in this division of this Court.
Defendant(s) rents and/or is in possession of the property and/or is a personal guarantor under the rental agreement of the property.
☐ There is a written rental agreement for the property. A copy of the written rental agreement for the property (and any amendments to the rental agreement) is attached as Exhibit 1.
☒ There is no written rental agreement for the property, but an oral agreement.
☐ There is an expired written rental agreement for the property. An accurate copy of the written rental agreement is attached as Exhibit 1.
Defendant(s) are month-to-month tenant(s).
Defendant(s) has broken the rental agreement because:
☒ Unpaid rent $ 11,050.00
☐ Other: _____
Written notice was given to Defendant(s) on _____, 199___ to correct this situation. An accurate copy of the written notice is attached as Exhibit 2.
Despite the notice, Defendant(s) has failed to correct this situation and still is in possession of the property.

(continued on reverse side)

PASP.2X (Amended 4/18/97)v

**SEE REVERSE SIDE**

I certify that this is a full, true, and correct copy of the original on file in this office.

_____
Clerk, District Court of the above Circuit, State of Hawai'i

1D-P-78

Exhibit E

38

| | |
|---|---|
| IN THE DISTRICT COURT OF THE FIRST CIRCUIT<br>Honolulu _____ DIVISION<br>STATE OF HAWAI'I | Form #1DC50<br>10-P-802 |

| Plaintiff(s)<br><br>Joseph R. Thames | |
|---|---|
| | Reserved for Court Use |
| | Civil No. |
| Defendant(s)<br><br>Deborah Y. Miller | Plaintiff(s)/Plaintiff(s)' Attorney (Name, Attorney Number, Firm Name (if applicable), Address and Telephone and Facsimile Numbers)<br><br>Joseph R. Thames<br>P.O. Box 674<br>Kailua, HI 96734<br>(808) 262-1782 |

**SUMMONS**

THE STATE OF HAWAI'I:

TO: The Director of Public Safety of the State of Hawai'i, his/her deputy or any police officer or other person authorized by the laws of the State of Hawai'i:

You are commanded to summon the Defendant(s) to appear before the District Judge of this Court in his/her Courtroom, to appear a the Court designated by the checked box on the reverse side.

This Summons shall not be personally delivered between 10:00 p.m. and 6:00 a.m. on premises not open to the public, unless a Judg of the above-entitled Court permits, in writing on this Summons, personal delivery during those hours.

TO THE DEFENDANT(S):

You are required to appear before the District Judge of this Court, in his/her Courtroom, on the day and at the time designated by th checked box on the reverse side. If the Defendant(s) is a corporation, Hawai'i law requires it to be represented by an attorney licensed to practic in the State of Hawai'i.

**IF YOU OR YOUR ATTORNEY FAIL TO ATTEND THE COURT HEARING AT THE TIME AND PLACE DESIGNATEI DEFAULT AND DEFAULT JUDGMENT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAIN1**

NOTICE TO ALL PARTIES (Honolulu Division only): If this case involves a residential lease and if the Defendant(s) disagrees with tl statements in the Complaint, the Court may require the parties to submit their dispute to mediation at the Pre-Trial conference that will l scheduled on the Monday, not a holiday, following the court date specified above. If the Monday following your court date is a holiday, the Pr Trial conference will occur on the next business day. If the parties are not able to resolve the dispute within 20 minutes of mediation, the Cou will set a trial date.

| Date: MAY - 2 2000 | Clerk of the above-entitled Court  J. AHU  (SEAL) |
|---|---|

SUMMONS.2XX (Amended 4/18/97)v

**SEE REVERS**

39

**Honolulu Division, 1111 Alakea Street, 10th Floor Courtrooms 10A or 10B, Honolulu, Hawai'i**

☐ at 8:30 a.m. on _____, _____, 199__ for summary possession.
or
☒ at 8:30 a.m. on the fifth day following date of service, excluding Saturdays, Sundays and legal holidays for summary possession.
or
☐ at 1:30 p.m. on the second Monday following date of service, and should said Monday be a legal holiday then upon the next business day.

'Ewa Division, 870 Fourth Street, Pearl City, Hawai'i,

☐ at 8:30 a.m. on Friday, _____, 199__ for summary possession.
or
☐ at 8:30 a.m. on the second Friday following date of service, and should said Friday be a legal holiday then upon the next Friday.

] Ko'olaupoko OR Ko'olauloa Division, 46-201 Kahuhipa Street, Kāne'ohe, Hawai'i

☐ at 8:30 a.m. on Thursday, _____, 199__ for summary possession.
or
☐ at 8:30 a.m. on the second Thursday following date of service, and should said Thursday be a legal holiday then upon the next Thursday.

] Wahiawā OR Waialua Division, 1034 Kilani Avenue, Wahiawā, Hawai'i,

☐ at 9:00 a.m. Wednesday, _____, 199__ for summary possession.
or
☐ at 9:00 a.m on the second Wednesday following date of service, and should said Wednesday be a legal holiday then upon the next Wednesday.

] Wai'anae Division, 87-1784 Farrington Highway, Nānākuli, Hawai'i,

☐ at 9:00 a.m. Tuesday, _____, 199__ for summary possession.
or
☐ at 9:00 a.m. on the second Tuesday following date of service, and should said Tuesday be a legal holiday then upon the next Tuesday.

Mailing address for the Courts: 1111 Alakea Street, Civil Division, Third Floor, Honolulu, Hawai'i 96813

n accordance with the **Americans with Disabilities Act** if you require an accommodation for your disability, please contact the District Court Administration Office at PHONE NO. 538-5121, FAX 538-5233, or TTY 539-4853 at least ten (10) working days in advance of your hearing or appointment date. For Civil related matters, please call 538-5151.

40

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was duly mailed, postage prepaid, first class on today's date to the following agency or individual at their/his/her last known address:

```
Deborah Y. Miller
305 Hahani Street #165
Kailua, HI  96734
```

DATED:  Honolulu, Hawaii  May 17, 2000

_____
[x] Petitioner (Plaintiff)  [ ] Respondent (Defendant)

41

| STATE OF HAWAI'I<br>CIRCUIT COURT OF THE<br>FIRST CIRCUIT | SUMMONS<br>TO ANSWER CIVIL COMPLAINT | CASE NUMBER |
|---|---|---|
| **PLAINTIFF**<br>Joseph R. Thames | vs. | **DEFENDANT**<br>Deborah Y. Miller |

PLAINTIFF'S ADDRESS (NAME, ADDRESS, TEL. NO.)

Joseph R. Thames
P.O. Box 674
Kailua, HI  96734

TO THE DEFENDANT(S):

You are hereby summoned and required to serve upon plaintiff's attorney, whose address is stated above, and answer to the complaint which is attached. This action must be taken within twenty days after service of this summons upon you, exclusive of the day of service.

If you fail to make your answer within the twenty day time limit, judgment by default will be taken against you for the relief demanded in the complaint.

This summons shall not be personally delivered between 10:00 p.m. and 6:00 a.m. on premises not open to the general public, unless a judge of the above-entitled court permits, in writing on this summons, personal delivery during those hours.

A failure to obey this summons may result in an entry of default and default judgment against the disobeying person or party.

DATE ISSUED: MAY 1 7 2000

CLERK: [signature]

I do hereby certify that this is a full, true, and correct copy of the original on file in this office.

CIRCUIT COURT CLERK

C-P-306

42

SUMMONS TO ANSWER CIVIL COMPLAINT

   $200.00 for emergency funds not replaced
   $100.00 money taken out of joint account
   $100.00 loan in Boston (ATM)
   $450.00 loan in Boston (ATM)
   $100.00 expenses to be paid a clients returned check (pay Tamara)
   $100.00 for check from Deborah Y. Miller

Defendant resides and/or does business at 305 Hahani Street # 165 Kailua HI 95634 Ph: 261-8766.

Plaintiff demands judgment in the sum of $3,290.00 plus interest and costs. Defendant, Deborah Y. Miller, has allowed an unreasonable passage of time before paying these debts. As a result of the passage of time, Plaintiff's damages far exceed those of the debts owed due to Defendant's, Deborah Y. Miller's, intentional, malicious, and oppressive refusal and failure to reasonably pay the debt and settle the matter with the Plaintiff. Defendant has breached the contract. Also, Defendant has breached the covenant of good faith and fair dealing.

Additionally, plaintiff further prays for the court to order that Deborah Y. Miller disconnect her physical telephone line connection from my house.
In addition, the Court may award court costs, interest and reasonable attorney's fees.

## CAUSE COMPLAINT #2

1. Plaintiff is the landlord of the property.
2. The property is located in this division of the Court.
3. Defendant rented and/or is in possession of the property and/or is a personal guarantor under the rental agreement of the property.
4. There is no per se written rental agreement for the property. There is no written rental agreement for the property, but an oral agreement.
5. Defendant has broken the rental agreement because of unpaid rent of $11,050.00.
6. Defendant used illegal legal practices to prevent the per se delivery of a written notice upon defendant by plaintiff. However, written notice was given.
7. Despite the notice, Defendant has failed to correct this situation and still is possessing use of some of the property.
8. As of April 24, 2000, Defendant owed Plaintiff $11,050.00 for:
   Rent itemized as follows: from December 1998 to April 24, 2000

**Plaintiff is asking the Court for the following:**

A.  A Writ of Possession directing the Sheriff of Police Officer to:

      1. Remove Defendant's physical telephone connection from the property through the telephone company.

      2. Judgment against Defendant for $11,050.00
In addition, the Court may award any rent and other charges owed under the rental agreement, additional damages, court costs, interest, and reasonable attorney's fees.

Defendant, Deborah Y. Miller, has allowed an unreasonable passage of time before paying these debts. As a result of the passage of time, Plaintiff's damages far exceed those of the debts owed due to Defendant's, Deborah Y. Miller's, intentional, malicious, and oppressive refusal and failure to reasonably pay the debt and settle the matter with the Plaintiff. Defendant has breached the contract. Also, Defendant has breached the covenant of good faith and fair dealing.

## CAUSE COMPLAINT #3

1. On or about June 10, 1999 to present, Defendant owed money to Plaintiff as follows:
2. A copy of the written instrument on which the debt is based is attached as Exhibit A.
3. Plaintiff ask for judgment in the principal amount of $15,240.00.
      In addition, the Court may award court costs, interest and reasonable attorney's fees.

Defendant, Deborah Y. Miller, has allowed an unreasonable passage of time before paying these debts. As a result of the passage of time, Plaintiff's damages far exceed those of the debts owed due to Defendant's, Deborah Y. Miller's, intentional, malicious, and oppressive refusal and failure to reasonably pay the debt and settle the matter with the Plaintiff. Defendant has breached the contract. Also, Defendant has breached the covenant of good faith and fair dealing.

## CAUSE COMPLAINT #4

1. On or about (3/04/98); 05/06/99, Defendant owed money to Plaintiff as follows:
2. Plaintiff effected a loan to be provide to defendant and defendant has failed to repay the debt/loan in the amount of $17,000 with a approximate balance of $13,230.00 remaining.
3. Plaintiff asks for judgment in the principal amount of $13,230.00.
      In addition, the Court may award court costs, interest and reasonable attorney's fees.

Defendant, Deborah Y. Miller, has allowed an unreasonable passage of time before paying these debts. As a result of the passage of time, Plaintiff's damages far exceed those of the debts owed due to Defendant's, Deborah Y. Miller's, intentional, malicious,