Joseph R. Thames
P.O. Box 674
Kailua, HI 96734
(808) 554-8082

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 2 9 2005

at 3 o'clock and 55 min. P M
SUE BEITIA, CLERK

IN THE UNITED STATES DISRTICT COURT
DISTRICT OF HAWAII

| | |
|---|---|
| Joseph R. Thames<br>Plaintiff, | ) CIVIL NO. 04-004644DAE-LEK<br>)<br>) SUPPLEMENTAL |
| vs. | ) AMENDED COMPLAINT<br>) |
| Deborah Y. Miller, et al.<br>Defendants. | ) EXHIBITS<br>)<br>) |

### SUPPLEMENTAL AMENDED COMPLAINT

Now Comes Plaintiff Joseph R. Thames, Pro Se and files and submits Supplemental Amended Complaint for addition to the original complaint and amended complaint and is inclusive with further attached complaints and exhibits. Again, Plaintiff demands a trial by jury. Defendant(s) conspired with others to defraud Plaintiff of property (real and intangible). Defendant(s) committed slander against Plaintiff. Defendant(s) conspired to slander against Plaintiff. Defendant(s) made untruthful statements to get a restraining order (unlawful and unwarranted) against Plaintiff. Defendant used an unlawful and unwarranted obtained restraining order as a weapon against Plaintiff. Exhibits are attached.

1) Defendant(s) conspired with others to defraud Plaintiff of property (real and intangible).

2) Defendant(s) committed slander against Plaintiff.

3) Defendant(s) conspired to slander against Plaintiff.


EXHIBIT "C"

45

4) Defendant(s) made untruthful statements to get a restraining order (unlawful and unwarranted) against Plaintiff.

5) Defendant used an unlawful and unwarranted obtained restraining order as a weapon against Plaintiff.

6) Defendant(s) conspired with others to defraud Plaintiff of property (real and intangible). Defendant(s) committed slander against Plaintiff.

7) Defendant(s) conspired to slander against Plaintiff. Defendant(s) made untruthful statements to get a restraining order (unlawful and unwarranted) against Plaintiff.

8) Defendant used an unlawful and unwarranted obtained restraining order as a weapon against Plaintiff.

9) Defendant(s) and others and Defendant(s)' actions participated for the foreclosure of Plaintiff's property 404A Kalama Street, Kailua.

10) Defendant(s) and others defrauded and misrepresented to plaintiff of funds, purchase and property of 7267 Naohe Street Honolulu Hawaii.

11) Defendant(s) and others defrauded and misrepresented to plaintiff of checks to include Bank check from University of Hawaii Credit Union and other checks.

Specific dates, times, locations, parties and amounts of any and all complaints unless otherwise written in complaint (original, amended, amended supplemental) will be stated, written and or determined (TBD) in pretrial or trial. Most dates are month, date, 1999 and beyond.

47

Under the penalty of perjury, Plaintiff states that the exhibits are true, correct and accurate copies of the documents. For good cause, Plaintiff request of this Court to reconsider fully granting Plaintiff motion. Exhibits attached.

Dated July 29, 2005 in Honolulu, Hawaii.

*[signature]*
Joseph R. Thames

47



Print | Help | New Search | E

Non-Criminal Case Information Screen

1DA99-0-00177

Case Title: DEBORAH Y MILLER VS JOSEPH R THAMES
Initiation Date: 11-23-1999   Initiation Type: N   Confidential Code: N
Initiator I.D.: APS   Division:   Court: F
Cause of Action: TEMP REST ORDER   Nature of Action: 33000
Section Code:
Trial Type:   Trial Judge:   Court Costs: 0000000000
Consolidation Code:
Case Disposition:   Case Termination:   Case Termination Date: 11-23-1999
Orig. Agency:   Lower Court Case:
Taxation Dist.:   Tax Appeal Source:
Gen. Ex. Tax Amt.: 0000000000   Gen. Ex. Tax No.:   Tax Key:
Property Location:
Comments:

[Party List]   [Document List]   [Court Minutes List]

48

```
                        THE JUDICIARY
             CIRCUIT COURT OF THE FIRST CIRCUIT
                           FISCAL
                          RECEIPT          NO: CR  601928

CASE NO: FI-GV-0000-0-000011-0000                07/28/2005  04:00 P.M.
RECEIVED FROM:
   FI-DA-0099-0-0001772-0000
   CASH

THE SUM OF:              5.00

CREDIT TO:
   FEES                                   GOVT REALIZATION

DESCRIPTION:   STORAGE FEE/MILLER,D VS THAMES,J

[X] CASH          5.00   [ ] CHECK                          [ ] TRANSFER
    T/R GOVT REAL                                                   5.00


                                              TOTAL                 5.00
                                   ---------d.Oy)-----------------
                                              CLERK - 19




                       GENERAL LEDGER INFO

CASE NO: FI-GV-0000-0-000011-0000                07/28/2005  04:00 P.M.

DEBIT                                                         AMOUNT
1320 FIRST HAWN BK CHK                                          5.00

CREDIT                                                        AMOUNT
9814 T/R GOVT REAL                                              5.00
```

49

ING & LEBB

DENNIS A. ING   823-0
820 Mililani Street #600
Honolulu, HI 96813
Telephone (808) 537-2556
Attorneys for Plaintiff

1ST CIRCUIT COURT
STATE OF HAWAII
FILED

2002 MAR 15  AM 9: 53

WONG
CLERK

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| JULIA F. COELHO | CIVIL NO. 02-1-0681-03 |
| | (Specific Performance; Contract) |
| Plaintiff, | |
| | COMPLAINT; EXHIBITS "A" & "B"; |
| vs. | SUMMONS |
| VICTOR QUITAN, JR. | |
| Defendant. | |

C:\AAA\LITIG\Coelho-Quitan2\Circuit\Complaint

## COMPLAINT

Plaintiff JULIA F. COELHO (hereinafter "Plaintiff"), by and through her attorneys Ing & Lebb, as and for a cause of action against VICTOR QUITAN, JR. (hereinafter "Defendant"), alleges as follows:

**First Cause of Action:**

1. Plaintiff is a resident of the City and County of Honolulu, State of Hawai'i.

2. The real property (hereinafter the "Subject Property") which is the subject of this action is certain residential leasehold land and improvements located in Hawai'i Kai, City & County of Honolulu, State of Hawai'i, and known as 7267 Naohe Street



Honolulu, HI 96825, consisting of approximately 6,400 square feet of land and a three-bedroom, two-bath single-family residence of approximately 1,646 square feet.

3.  Defendant is a resident of the Island and County of Maui, State of Hawai'i, who entered into an agreement which is the subject of this action and which concerns the Subject Property.

4.  On or about November 5, 2001, Plaintiff and Defendant entered into a Compromise Settlement and Mutual Release Agreement (hereinafter "Settlement Agreement"), a copy of which is attached hereto as Exhibit "A". The Settlement Agreement was supposed to resolve certain litigation filed in the District Court of Honolulu, as 1RC 01-4789, concerning Plaintiff's occupancy of and her option to purchase the Subject Property.

5.  Among other things, the Settlement Agreement provided as follows:

    a.  Plaintiff was required to find a buyer for the Subject Property on or before November 5, 2001, and close the sale on or before December 19, 2001. From the proceeds of the sale, Defendant would receive a minimum of about $210,000, and Plaintiff a minimum of about $40,500, the exact amount depending on the sales price and the closing costs.

    b.  Plaintiff could structure the sale in any manner she chose (and could even purchase the Subject Property herself), as long as Defendant was received the amount he would be entitled to receive if the sales price was $260,000.00.

    c.  Defendant was required to cooperate in both the sale and closing.

    d.  If Plaintiff failed to meet the deadlines specified in the Settlement

Agreement, Defendant would be entitled to file a Stipulated Judgment for repossession of the Subject Property, and Plaintiff would have to forfeit all her interest therein.

6. On or about November 5, 2001, Plaintiff presented Defendant with an offer by one Deborah Miller to purchase the Subject Property for $260,000.00, subject to her obtaining financing.

7. Defendant, as the Seller, was required to sign the contract indicating his acceptance of the offer. However, he did not sign or deposit the same into escrow, and raised no objections or comments with respect to this offer.

8. Deborah Miller was then involved in a lawsuit, which apparently made her unable to qualify for financing, but Plaintiff had found a substitute buyer, a Mr. Clifford Chang, who was willing to take Deborah's place. Since Plaintiff was able to structure the sale in any manner she chose, she presented Chang's offer (hereinafter the "Chang offer") to Defendant as a "backup offer," on December 10, 2001. A copy of the Chang offer is attached hereto as Exhibit "B".

9. Defendant failed and refused to sign or return the Chang offer, instead raising technicalities concerning the form of the offer, all of which Plaintiff attempted to satisfy.

10. Defendant's signature on the Chang offer was required before the closing process could properly proceed, and Defendant was aware of this.

11. Despite Defendant's failure and refusal to sign the DROA, Plaintiff continued to coordinate and complete as much of the closing process as could be accomplished. She was able to obtain an appraisal, arrange financing up to the final

documentation, order closing documents and pacify escrow and all the parties awaiting Defendant's signature.

12. To date Defendant has refused and failed to execute and return the Chang offer, and has instead declared Plaintiff to be in default under the Settlement Agreement. Defendant has filed the aforesaid stipulated judgment, seeking to dispossess Plaintiff of her interest in the Subject Property and cause a forfeiture thereof.

13. Defendant (and not Plaintiff) is in default under the Settlement Agreement for failing to cooperate with Plaintiff in completing the closing, and to perform under the Settlement Agreement.

14. Plaintiff has in all other respects complied with the Settlement Agreement.

15. As a result of Defendant's failure to comply with the Settlement Agreement, Plaintiff was compelled to seek relief under the Bankruptcy Code, although the bankruptcy court has lifted the automatic stay with respect to this matter.

16. As a result of Defendant's conduct, Plaintiff will lose her credibility and reputation as a real estate agent among the buyer, escrow company, mortgage broker and others associated with the sale.

17. Plaintiff's remedy at law is inadequate, since monetary damages cannot fully compensate her for her losses.

18. Plaintiff is entitled to specific performance of the Settlement Agreement by Defendant, compelling him to complete the sale as contained in the Chang offer.

**Second Cause of Action**.

19. Plaintiff repeats and incorporates by reference the allegations of this Complaint contained in Paragraphs 1 through 18 herein, as though re-stated in their entirety.

20. If it is determined that Plaintiff's remedy at law is adequate and that she can be compensated by monetary damages, Plaintiff states that she has been damaged in an amount exceeding $50,000.00, the exact amount to be proved at trial.

21. Defendant has acted in bad faith with respect to his compliance with the Settlement Agreement, and intentionally or negligently failed and refused to complete the sale, since it would be more beneficial to him not to so comply.

22. Plaintiff is entitled to exemplary damages for Defendant's wilful failure to comply with the Settlement Agreement.

WHEREFORE, Plaintiff prays that process issue herein, citing and summoning Defendant to appear and answer this Complaint in accordance with law, and that judgment be awarded in favor of Plaintiff and against Defendants as follows::

A. That Defendant be ordered specifically to perform as required under the Settlement Agreement, in particular, to sign all such documents as are required to be completed to close the sale under the Chang offer.

B. That as an alternative to specific performance, Defendant be ordered to pay Plaintiff damages in an amount as may be proved at trial.

C. That Defendant be ordered to pay Plaintiff exemplary damages in an amount as the Court may deem appropriate.

D.  That Plaintiff be granted such other and further relief as to this Court may seem reasonable and proper.

Dated: Honolulu, Hawaii, **MAR 15 2002**.

ING & LEBB, *Attorneys for Plaintiff*

By _____
    DENNIS A. ING

55