IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| JOSEPH THAMES, | ) | CIVIL NO. 04-00644 DAE-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DEBORAH MILLER, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL RESPONSES TO PLAINTIFF'S THIRD SPECIAL INTERROGATORIES AND REQUEST FOR PRODUCTION TO DEFENDANT**

Before the Court is Plaintiff Joseph R. Thames' ("Plaintiff") Motion to Compel Responses to Plaintiff's Third Special Interrogatories and Request for Production to Defendant ("Motion"), filed July 11, 2006. Defendant Deborah Y. Miller ("Defendant") filed her memorandum in opposition on July 31, 2006 and Plaintiff filed his reply on August 8, 2006. The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal authority, Plaintiff's Motion is HEREBY GRANTED IN PART AND DENIED IN PART for the reasons set forth below.

**BACKGROUND**


EXHIBIT "G"

82

Plaintiff and Defendant previously lived together and Plaintiff alleges that Defendant owes him various debts that arose in the course of their relationship. Plaintiff filed the complaint in this case on October 29, 2004. On January 4, 2006, this Court granted Plaintiff leave to amend his complaint. [See Order Granting in Part and Denying in Part Plaintiff's Motion to Take Leave.] Plaintiff filed his First Amended Complaint on February 17, 2006. The First Amended Complaint alleges that Defendant owes Plaintiff a total of $3,290.00, consisting of:

> $40.00 Administrative charges for return check
> $500.00 for trip to East Coast
> $1,500.00 utilities from December 1998 to October 1999
> $1,250.00 for loans unpaid
>     $200.00 car repair parts
>     $200.00 for emergency funds not replaced
>     $100.00 money taken out of joint account
>     $100.00 loan in Boston (ATM)
>     $450.00 loan in Boston (ATM)
>     $100.00 expenses to be paid a clients
>         returned check (pay Tamara)
>     $100.00 for check from Deborah Y. Miller

[First Amended Complaint at 3.] Plaintiff argues that Defendant allowed an unreasonable amount of time to pass without paying these debts and that Plaintiff has been damaged as a result of the passage of time.

On March 16, 2006, Defendant filed a document entitled "Defendant's Memorandum Opposition to Plaintiff's First Amended Complaint". The Court construed this document as her Answer to the First Amended Complaint. In her Answer, Defendant denied

2

83

that she owes Plaintiff the $3,290.00 and gave explanations for each alleged debt. Defendant also attached summaries of the amounts that she alleges Plaintiff owes her for utility bills they incurred.

Plaintiff filed the instant Motion on July 11, 2006, seeking an order compelling Defendant to respond to his Third Special Interrogatories and Request for Production to Defendant ("Discovery Request").[1] Plaintiff attached twenty-two pages to the Discovery Request, including lists of household bills, hand written financial statements, and copies of checks ("Attachments"). Plaintiff's interrogatories ask Defendant to provide any information that she has about the Attachments and his request for production asks her to produce any documentation supporting her answers.

Plaintiff states that he mailed the Discovery Request to Defendant on November 24, 2004. On July 11, 2006, Plaintiff filed a Certificate of Service, attesting to the November 24, 2004 service of the Discovery Request. Plaintiff also states that he sent written requests to Defendant on June 28, 2005 and June 28, 2006 asking her to respond to the Discovery Request. Plaintiff argues that Defendant has wilfully failed to respond to the Discovery Request. He therefore asks the Court to sanction

---

[1] Plaintiff attached the Discovery Request as Exhibit A to the Motion.

3

84

Defendant and order her to pay his expenses incurred in bringing the Motion.

In her memorandum in opposition to the Motion, Defendant states that she received Plaintiff's Certificate of Service, but she did not receive the Discovery Request until Plaintiff filed the Motion. Defendant also states that any responds she has to the questions posed in the Discovery Request are contained in her Answer. Further, Defendant argues that the Discovery Request addresses Plaintiff's claims regarding his alleged interest in property 404 Kalama Street in Kailua, Hawai`i ("the Property"), despite the fact that this Court denied his request to amend his complaint to include claims concerning the Property.

## DISCUSSION

Rule 26 specifically provides: "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . [or] reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Relevancy, for purposes of Rule 26(b), is a broad concept that is construed liberally. "Discovery is not limited to the issues raised only in the pleadings, but rather it is designed to define and clarify the issues." Miller v. Pancucci, 141 F.R.D. 292, 296 (C.D. Cal. 1992) (citing Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978)).

Therefore, "discovery should be allowed unless the information sought has no conceivable bearing on the case." <u>Soto v. City of Concord</u>, 162 F.R.D. 603, 610 (N.D. Cal. 1995) (citation omitted).

Two of the ways that a party may obtain discovery from another party are to serve interrogatories or requests for production of documents. <u>See</u> Fed. R. Civ. P. 33, 34. The party who receives these requests must usually serve her responses, including any objections, within thirty days of receiving the request. <u>See</u> Fed. R. Civ. P. 33(b), 34(b).

### I. **Plaintiff's Discovery Request**

Plaintiff's claims in his First Amended Complaint arise from debts Defendant allegedly owes him totaling $3,290.00, including $1,500.00 for utilities from December 1998 to October 1999. Attachments (1) through (9) of the Discovery Request are apparently lists of Plaintiff and Defendant's household bills, including utilities, from January 1998 to April 1999. The utility bills from December 1998 to April 1999 are directly at issue in this case and information about their utility bills from January 1998 to November 1998 may help to clarify the issues regarding any agreement that Plaintiff and Defendant had about the payment of the utility bills. The Court therefore finds that Plaintiff's interrogatories and requests for production of documents regarding Attachments (1) to (9) seek relevant information and orders Defendant to respond to the Discovery

5

Request as it relates to Attachments (1) to (9).

In order to answer Plaintiff's interrogatories regarding Attachments (1) to (9), Defendant must write a statement in response to Plaintiff's questions about those expenses. In order to respond to Plaintiff's requests for production of documents regarding those Attachments, Defendant must provide any supporting documentation that she has to support her answer to the interrogatories, including utilities bills and cancelled checks. Defendant has provided some information in her Answer, but that does not excuse her from her obligation to respond to Plaintiff's discovery requests. In fact, Defendant's Answer indicates that she has further information and documentation regarding the alleged debts.[2]

The handwritten financial statements contained in Attachments (10) to (12) also appear to include information about the alleged $3,290.00 debt, including the alleged loans withdrawn in Boston. The Court therefore finds that Plaintiff's interrogatories and requests for production of documents regarding Attachments (10) to (12) seek relevant information and orders Defendant to respond to the Discovery Request as it relates to Attachments (10) to (12). If there are items in

---

[2] Defendant stated that she has cancelled checks which prove that she paid their utilities. [Answer at 5.] Defendant also noted that the figures in her summaries were "TAKEN FROM UTILITY SHEETS". [Answer at A44.]

6

87

Attachments (10) to (12) that Defendant believes are not discoverable, Defendant should state those objections in her response.

Attachments (13) to (22), however, do not appear to relate to the alleged $3,290.00 debt. They appear to address Plaintiff's allegations that he had an interest in the Property and that Defendant owes him various amounts in connection with the Property. This Court has denied Plaintiff's request to amend his complaint to include claims regarding the Property and those claims are not a part of this action. The Court therefore finds that Plaintiff's interrogatories and requests for production of documents regarding Attachments (13) to (22) do not seek information that is relevant to a claim or defense of any party and are not reasonably calculated to lead to the discovery of admissible evidence. Defendant need not respond to the Discovery Request as it relates to Attachments (13) to (22).

The Court therefore GRANTS the Motion with regard to Attachments (1) to (12) and DENIES the Motion with regard to Attachments (13) to (22). The Court ORDERS Defendant to respond to the Discovery Request, as it relates to Attachments (1) to (12), within thirty days of the date of this order.

Case 1:04-cv-00644-DAE-LEK    Document 74    Filed 03/10/2005    Page 8 of 10

## II. Request for Sanctions

Plaintiff argues that the Court should sanction Defendant because she wilfully failed to respond to the Discovery Request. When a party fails to answer an interrogatory or respond to request for production of documents, the party requesting the discovery may file a motion to compel disclosure of discovery. See Fed. R. Civ. P. 37(a)(2)(B). If the court grants the motion in part and denies it in part, the court may "apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner." Fed. R. Civ. P. 37(a)(4)(C).

In the present case, there is a dispute about whether and when Plaintiff sent the Discovery Request to Defendant. Further, once Defendant received the Discovery Request, she apparently believe that she did not have to respond because she provided the information Plaintiff sought in her Answer. Under the circumstances and in light of the fact that Plaintiff and Defendant are both proceeding pro se, the Court finds that the parties should bear their own costs incurred in relation to the instant Motion. Plaintiff's request for sanctions is therefore DENIED.

The Court, however, cautions Defendant that she must comply with the Federal Rules of Civil Procedure, the Local Rules, and any deadlines set by the courts. Although pro se

litigants are held to less stringent standards than those of their legal counterparts, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); Jackson v. Carey, 353 F.3d 750, 757 (9th Cir. 2003), a litigant's pro se status cannot excuse her from complying with the procedural or substantive rules of the court. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); see also United States v. Bell, 27 F. Supp. 2d 1191, 1197 (E.D. Cal. 1998). Specifically, Defendant must respond to any discovery requests that Plaintiff serves. If Defendant believes that she should not be required to respond to a particular request, for example if the request seeks irrelevant information or Plaintiff's request does not comply with the applicable rules, Defendant must raise the objection in her response and provide answers to the requests that she does not object to. In addition, Defendant may file a motion for a protective order pursuant to Federal Rule of Civil Procedure 26(c). The Court cautions Defendant that any future failure to comply with the applicable rules regarding discovery may result in sanctions pursuant to Federal Rule of Civil Procedure 37.

## CONCLUSION

On the basis of the foregoing, Plaintiff's Motion to Compel Responses to Plaintiff's Third Special Interrogatories and Request for Production to Defendant, filed July 11, 2006, is

Case 1:04-cv-00644-DAE-LEK    Document 74    Filed 08/10/2006    Page 10 of 10

HEREBY GRANTED IN PART AND DENIED IN PART.  The Motion is GRANTED to the extent that Plaintiff must respond to the Discovery Request, as it relates to Attachments (1) to (12), within thirty days of the date of this order.  The Motion is DENIED in all other respects.

    IT IS SO ORDERED.

    DATED AT HONOLULU, HAWAI`I, August 10, 2006.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

JOSEPH THAMES V. DEBORAH MILLER, ET AL; CIVIL NO. 04-00644 DAE-LEK; ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL RESPONSES TO PLAINTIFF'S THIRD SPECIAL INTERROGATORIES AND REQUEST FOR PRODUCTION TO DEFENDANT

91