IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| JOSEPH THAMES, | ) | CIVIL NO. 04-00644 DAE-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DEBORAH MILLER, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER DENYING PLAINTIFF'S MOTION AND REQUEST FOR
EXTENSION OF TIME FOR FILING DISPOSITIVE MOTIONS AND
DENYING PLAINTIFF'S REQUEST FOR EXTENSION OF TIME FOR
FILING OF MOTIONS TO JOIN/ADD PARTIES/AMEND PLEADINGS**

Before the Court is Plaintiff Joseph R. Thames' ("Plaintiff") Motion and Request for Extension of Time for Filing Dispositive Motions ("Motion to Extend Motions Deadline"), filed November 22, 2006, and Plaintiff's Request for Extension of Time for Filing of Motions to Join/Add Parties/Amend Pleadings ("Motion for Extension to Amend Pleadings"), also filed November 22, 2006. The Court finds these matters suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the motions and the relevant legal authority, Plaintiff's Motion to Extend Motions Deadline and Plaintiff's Motion for Extension to Amend Pleadings are HEREBY DENIED for the reasons set forth below.



EXHIBIT "J"

101

## BACKGROUND

Plaintiff filed the original Complaint in this action on October 29, 2004. On June 24, 2005, Plaintiff moved for leave to amend the Complaint. On January 4, 2006, this Court granted the motion in part and denied it in part. This Court ruled that the only new claim that Plaintiff could add was for the repayment of $3,290.00 in loans that he made to Defendant Deborah Miller ("Defendant"). The Court ruled that the remainder of Plaintiff's proposed claims, including his claims stemming from a dispute over the ownership of certain real property ("the Property"), were futile. The property dispute claims were futile because a state court has already ruled that Defendant was the owner of Property and the claims that Plaintiff proposed to add in this case were based upon his assertion that he in fact owned the Property. Plaintiff filed his First Amended Complaint on February 17, 2006.

On July 11, 2006, Plaintiff filed a Motion to Compel Responses to Plaintiff's Third Special Interrogatories and Request for Production to Defendant ("First Motion to Compel"). On August 10, 2006, this Court issued an order granting the First Motion to Compel in part and denying it in part. The Court ordered Defendant to respond to the portions of the discovery requests that this Court found to be relevant to the $3,290.00 debt. Defendant submitted responses to the discovery request in

2

102

accordance with this Court's order.  Unsatisfied with Defendant's responses, Plaintiff filed a Motion to Compel; Motion for a More Definite Statement and Motion for Sanctions ("Second Motion to Compel") on November 1, 2006.  On December 4, 2006, this Court issued an order denying the Second Motion to Compel, finding that Defendant had responded to Plaintiff's discovery requests as ordered by this Court and that sanctions were not appropriate.

In the instant Motion to Extend Motions Deadline and Motion for Extension to Amend Pleadings, Plaintiff alleges that Defendant has failed to comply with the applicable laws, rules, and court orders with regard to discovery.  Plaintiff states that this has prevented him from preparing dispositive motions and from preparing motions to join or parties or to amend pleadings.  Plaintiff therefore seeks extensions of the deadline to file dispositive motions and the deadline to file motions to join/add parties and amend pleadings.

## DISCUSSION

I. **Plaintiff's Replies**

On January 2, 2007, Plaintiff filed a reply memorandum to the Motion to Extend Motions Deadline.  Plaintiff filed reply memoranda to the Motion for Extension to Amend Pleadings on December 29, 2006 and January 2, 2007.  Local Rule 7.4 provides, in pertinent part: "A reply must respond only to arguments raised in the opposition.  Any arguments raised for the first time in

3

103

the reply shall be disregarded." Insofar as Defendant did not file oppositions to the instant motions, Plaintiff should not have filed replies. Further, if the replies raise arguments that Plaintiff did not raise in the original motions, this Court cannot consider them. This Court therefore declines to consider Plaintiff's replies.

## II. Amending the Scheduling Order

Pursuant to this Court's July 1, 2005 Scheduling Order, trial in this case is set for April 24, 2007. The deadline to file motions to join/add parties or amend pleadings was September 22, 2006 and the deadline to file dispositive motions was November 22, 2006.

A scheduling order "shall not be modified except upon a showing of good cause and by leave of . . . a magistrate judge." Fed. R. Civ. P. 16(b). The good cause inquiry focuses on the diligence of the party seeking to modify the scheduling order; if the party seeking the modification was not diligent, the court should deny the motion. See Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002). "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Id. (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)).

The only reason that Plaintiff gives for his inability to meet the deadlines is Defendant's alleged failure to comply

4

104

with discovery requirements. Plaintiff, however, has not identified any outstanding discovery requests that Defendant has failed to answer. This Court denied Plaintiff's Second Motion to Compel on the ground that Defendant adequately responded to the relevant discovery requests identified in the order denying the First Motion to Compel. Plaintiff filed a motion for reconsideration of this Court's order denying the Second Motion to Compel, but this Court has also denied that motion. This Court therefore finds that Plaintiff has not shown good cause warranting an amendment of the Scheduling Order.

### CONCLUSION

On the basis of the foregoing, Plaintiff's Motion and Request for Extension of Time for Filing Dispositive Motions and Plaintiff's Request for Extension of Time for Filing of Motions to Join/Add Parties/Amend Pleadings, both filed on November 22, 2006, are HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, January 10, 2007.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**JOSEPH THAMES V. DEBORAH MILLER, ET AL; CIVIL NO. 04-00644 DAE-LEK; ORDER GRANTING PLAINTIFF'S MOTION AND REQUEST FOR EXTENSION OF TIME FOR FILING DISPOSITIVE MOTIONS AND DENYING PLAINTIFF'S REQUEST FOR EXTENSION OF TIME FOR FILING OF MOTIONS TO JOIN/ADD PARTIES/AMEND PLEADINGS**