ORIGINAL

Joseph R. Thames
P.O. Box 674
Kailua, HI 96734
(808) 554-8082

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 22 2007

at /0 o'clock and 56 min P M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| JOSEPH R. THAMES<br>PLAINTIFF, | ) CIVIL NO. 04-00644DAE-LEK<br>)<br>) PLAINTIFF'S MOTION |
| VS. | ) TO ENLARGE DISCOVERY<br>) PERIOD AND |
| DEBORAH Y. MILLER, ET.AL.<br>DEFENDANT (s). | ) MOTION TO EXTEND<br>) DISCOVERY DEADLINE<br>)<br>)<br>) CERTIFICATE OF SERVICE<br>) |

## PLAINTIFF'S MOTION TO ENLARGE DISCOVERY PERIOD AND MOTION TO EXTEND DISCOVERY DEADLINE

Now Comes Plaintiff Joseph R. Thames, Pro Se, and hereby files Plaintiff's Motion to Enlarge Discovery Period and Motion to Extend Discovery Deadline. For good cause and sound reason, Plaintiff moves this court to provide the Plaintiff more time for discovery. Defendant has not adequately cooperated and has not complied with discovery. Plaintiff had to file an Emergency Motion to ask the Court to compel Defendant to appear for a duly noticed deposition. Deborah Y. Miller is using obstructionist conduct to comply with discovery obligations in an attempt to prevent the Plaintiff from gathering more prejudicial evidence against her and others. The Court should not allow Defendant to evade her discovery.

As a result of Defendant's prior failure to cooperate in discovery the Court cautioned the Defendant as such "The Court, however, cautions Defendant that she must

comply with the Federal Rules of Civil Procedure, the Local Rules, and any deadlines set by the courts. Although pro se litigants are held to less stringent standards than those of their legal counterparts, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); Jackson v. Carey, 353 F. 3d 750, 757 (9th Cir. 2003), a litigant's pro se status cannot excuse her from complying with the procedural or substantive rules of the court. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); see also United States v. Bell, 27 F. Supp. 2d 1191, 1197 (E.D. Cal 1998). Specifically, Defendant must respond to any discovery requests that Plaintiff serves. If Defendant believes that she should not be required to respond to a particular request, for example if the request sees irrelevant information or Plaintiff's request does, not comply with the applicable rules, Defendant must raise the objection in her response must raise the objection in her response and provide answers to the requests that she does not object to. In addition, Defendant may file a motion for a protective order pursuant to Federal Rule of Civil Procedure 26 (a). The Court cautions Defendant that any future failure to comply with the applicable rules regarding discovery may result in sanctions pursuant to Federal Rule of Civil Procedure 37," in Order Granting in Part and Denying in Part Plaintiff's Motion to Compel Responses to Plaintiff's Third Special Interrogatories and Request for Production to Defendant.

Defendant did not appear for her deposition. On January 13, 2007, Plaintiff served Notice of Deposition upon Defendant. On January 31, 2007, Plaintiff was contacted by the Court Reported and notified of a change in location of the place of the deposition. On February 1, 2007, Plaintiff served with a letter to Defendant the change of

location of the place of the deposition. On February 06, 2007, Plaintiff served Notice of Deposition Change of Location/Place of Deposition on Defendant. On February 14, 2007, Plaintiff served again the Notice of Deposition Change of Location/Place of Deposition on Defendant on Defendant. On February 15, 2007, Plaintiff faxed a copy of Notice of Deposition Change of Location/Place of Deposition on Defendant to Defendant's mail pick up point. On February 17, 2007, Plaintiff faxed a copy of Notice of Deposition Change of Location/Place of Deposition on Defendant to Defendant's mail pick up point. Plaintiff never received any objection and or opposition to the Notice of Deposition and or Notice of Deposition Change of Location/Place of Deposition on Defendant.

Defendant has once again willfully failed to comply with the court's discovery order and the Federal Rules of Civil Procedure. The Defendant's Deposition was scheduled for 9:00 a.m. February 20, 2007. Plaintiff and Court Reporter waited at the deposition location until 10:00 a.m. and Defendant did not appear and or show. The Defendant's number was called via telephone and a woman voice answered and hung up. The Defendant's number was called again and a message then came on. Defendant's number was called a third time and a message was left on the answering machine referencing the scheduled deposition. Defendant's actions are willful and intentionally in violation and non-compliance of the discovery rules, court orders and the law. Defendant willfully failed to not appear at Defendant's Deposition. Further, Defendant willfully failed to appear for a properly noticed deposition.

Background: Plaintiff filed his original complaint on October 29, 2004. Plaintiff has amended his complaint. Numerous issues are of concern. Plaintiff and Defendant at

one time lived in the same dwelling. Plaintiff claim is for money owed to which Defendant removed personal property of Plaintiff, and other matters. Defendant has been cautioned by the Court. Plaintiff has numerous times sought to for Defendant to comply with the rules and law.

Defendant's compliance is required by the Federal Rules of Civil Procedure. No excuse whatsoever has been offered by Defendant for her failure to comply with discovery obligations and with the applicable rules of procedure and orders of this court. Plaintiff is aware of no justification for the Defendant failure to appear at the deposition and she has offered none. The circumstances here favor of an award to the Plaintiff for fees incurred in bringing forth this motion, cost for the deposition, Defendant being compelled to appear for a deposition, an extension and an enlargement of Discovery Period and Deadline, Default Judgment and any and all other sanctions.

Defendant has presented and continues to present Fraud upon the Court. Plaintiff has been denied rights based on misrepresentation by Defendant to the Court. Plaintiff should have the right to discover and present the facts to the Court. Plaintiff has submitted and filed a Motion to Take Leave to Amend the Complaint which also addresses the Defendant's fraudulent action. Further, the U.S. District Court Magistrate Judge Kobayashi made an error of fact by including the property of Apartment No. 404-A of "404/404-A Kalama Street," in "the property located at 404 Kalama Street." Further the U.S. District Court, Magistrate Judge Kobayashi made an error of law by including the property of Apartment No. 404-A of "404/404-A Kalama Street," in "the property located at 404 Kalama Street." The U.S. District Court Magistrate Judge Kobayashi made an error of fact by including the property of 404A Kalama Street in "the property

located at 404 Kalama Street." Further, the U.S. District Court Magistrate Judge Kobayashi made an error of law by including the property of 404A Kalama Street in "the property located at 404 Kalama Street." The Plaintiff has the right to have his claim heard and judged on the merits of the facts.

    Plaintiff prays that the Court grants this motion.


Dated:  February 22, 2007 in Honolulu, Hawaii.


                                                                   /s/ Joseph R. Thames
                                                                   Joseph R. Thames