Joseph R. Thames
P.O. Box 674
Kailua, HI 96734
(808) 554-8082

### IN THE UNITED STATES DISTRICT COURT

### DISTRICT OF HAWAII

| | |
|---|---|
| Joseph R. Thames<br>    Plaintiff, | ) CIVIL NO.  04-00644DAE-LEK<br>)<br>) PLAINTIFF JOSEPH R. THAMES |
| vs | ) SECOND SET OF<br>) INTERROGATORIES |
| Deborah Y. Miller, Et Al.<br>    Defendant (s) | ) AND A REQUEST<br>) FOR PRODUCTION<br>) TO DEFENDANT;<br>)<br>) CERTIFICATE OF SERVICE<br>) |

---

## PLAINTIFF JOSEPH R. THAMES SECOND SET OF INTERROGATORIES

## AND A REQUEST FOR PRODUCTION TO DEFENDANT

TO:    DEBORAH Y. MILLER
        Defendant Deborah Y. Miller
        25 Maluniu Ave Ste 102
        PMB165
        Kailua, Hawaii 96734

        PLEASE TAKE NOTICE that Plaintiff JOSEPH R. THAMES, hereby serves

upon Defendant DEBORAH Y. MILLER, and requests that Defendant DEBORAH Y.

MILLER responds and answer the

Exhibit A

7

interrogatories and produce for examination, inspection and copying all of the following documents or items which are in her possession, custody and or control. Pursuant to Rules 26, 33, 34, and 37 of the HRCP and Rules 26, 30, 33, 34, 36 and 37 of the Federal Rules of Civil Procedure, Plaintiff propounds the following interrogatories to Defendant to be answered under oath, in writing, within thirty (30) days from the date of service. If further space is needed for your answer/response than provided please attach additional pages which answer/response (s) identified, marked and labeled properly, appropriately and respectfully. These interrogatories are continuing in nature to the extent required by Rule 26, and 33 of HRCP and FRCP.

PLEASE TAKE NOTICE that one (1) copy of the documents must be served upon the undersigned with Thirty (30) DAYS after receipt of Plaintiff's Second Set of Interrogatories and a Request for Production pursuant to Rules 33 and 34 of the Hawaii and Federal Rules of Civil Procedure. .

Further, please take notice that these interrogatories and a Request for production are continuing in nature and that any information acquired after your answers have been filed and served upon opposing party, should, as soon as possible after its acquisition, be supplied to opposing party and filed with the court by written supplemental answers/responses to these interrogatories and request for production.

Further, please take notice that the Plaintiff herewith serves upon you the following Request for Production of Documents in the possession, custody or control of Defendant and or any and all Defendants agents, representatives and or contractors, pursuant to Rule 26 and 34 of the HRCP and FRCP.

PLEASE TAKE NOTICE that a space has been provided for a notary seal and signature. It is requested of Defendant, that the document be signed and witnessed before a notary that the responses/answers are true, accurate, and correct and documents produced are true, accurate, and correct of the originals to the best of your knowledge under penalty of perjury.

## DEFINITIONS

The following definitions apply to the Interrogatories and Request for Production enumerated below and are hereby incorporated therein:

1. "You" and "Your" refer to Defendant DEBORAH Y. MILLER, her agents, employees, attorneys, and other persons acting or purporting to act on her behalf.

2. "Writing" means any tangible thing upon which is recorded any form of communication or representation, including letters, words, pictures, sounds, or symbols, or any combination thereof, by means of handwriting, typewriting, printing, photocopy in, photographing, sound recording, or any other method of recording. This definition includes, but is not limited to records, reports, papers, documents, photographs, books, letters, notes, memoranda, statements, tape recordings, phonographs recordings, and microfilm, whether in your possession or

under your control or not, relating to or pertaining in any way to the subject in connection with which is used; and includes, without limitation, all file copies and drafts prepared with such writing whether used or not.

3. The term "document (s)" means and includes any and all:

   a. Tangible things or items, whether handwritten, typed, printed, tape recorded, electronically recorded, video-taped, visually reproduced, stenographically reproduced or reproduced in any other manner;

   b. Originals and all copies of any and all communications;

   c. Writings of any kind or type whatsoever;

   d. Books and pamphlets;

   e. Microtape, microfilm, photographs, movies, recordings, tape, recordings, and video-tapes, stenographically or otherwise reproduced;

   f. Diaries and appointment books;

   g. Cables, wires, memoranda, reports, notes, minutes and interoffice communications;

   h. Letters and correspondence;

   i. Contracts and agreements;

   j. Other legal instruments or official documents;

   k. Financial statements, accounting records, worksheets, reports, schedules, ledgers, books, records and journals;

   l. Investigation or incident reports;

   m. Files and records;

4

10

n. Notes or summaries of conferences, meeting, discussions, interviews or telephone conversations or messages;

o. Drafts or draft copies of any of the above;

4. "Document" or "documents" includes, without limitation, writings, and printed matter of any kind and description, graphs, charts, photographs and drawings, notes and records or any oral communications, and recordings (tape, disc, or other) of oral communications and other recordings in whatever form.

If you consider any document called for in these interrogatories to be privileged from production, then you must include in your response a list of document withheld from production identifying each document by date, addressee, author, title and subject matter.  In addition, you should identify those persons who have seen the document or who were sent copies. Finally, you should state the ground(s) upon which each such document is considered privilege.

5. "Identify" or "identify" as used with respect to a person means to state the person's   full name and present address and his present or last known employment position and business affiliation if a natural person. "Identify" or "identify" when used in reference to a document means to state the following as to each document:

a. Its nature and contents;

b. Its date;

c. The date it was executed if different from the date it bears;

    d.  The name, address and position of its author or signor;

    e.  The name address and position of its addresses, if any;

    f.  Its present location and the name, present address and position of the person or persons having present custody;

    and

    g.  Whether it has been destroyed, and if so, with regard to such destruction;

        (i)    the date of dustruction;

        (ii)   the reason for destruction; and

        (iii)  the identity of the person who destroyed the document.

6.  "You" or "Your" shall mean the party to whom these interrogatories are addresses and her representatives' attorneys, experts, investigators, insurers, consultants. Or anyone acting on behalf of the foregoing.

7.  "Person" shall include any individual, sole proprietorship, partnership, corporation or association.

8.  The male gender includes the female gender and the singular noun or pronoun includes the plural.

This Request For Production of Documents and/or Interrogatories shall be deemed continuing so as to require supplemental answers if you or your attorney or your agents obtain further information between the time these answers are served and the time of trial.

## INSTRUCTIONS

The following instructions are to be considered applicable to all demands for production of documents and things contained herein:

1. In producing these documents, you are to furnish all documents known or available to you regardless of whether these documents are possessed directly by you or your agents, employees, representatives, investigators, or by your attorneys or their agents, employees, representatives or investigators.

2. If any of these documents cannot be produced in full, produce to the extent possible, specifying your response for your inability to produce the remainder and stating whatsoever information, knowledge or belief you do have concerning the unproduced portion.

3. If any document covered by this Request is withheld by reason of a claim of privilege, a list is to be furnished at the time that documents are produced, identifying any such documents for which the privilege is claimed together with the following information with respect to any such document withheld:

    a. date;

    b. writer/drafter (of applicable, including "to file");

    c. recipient;

    d. any person to whom copies were furnished and the identify of any such person;

    e. general subject matter;

    f. the paragraph of this Request to which such document relates.

4.  If any of the documents requested were at one time in existence, but are no longer in existence, please so state, specifying for each document or thing:

    a.  the type of document or thing;

    b.  the types of information contained thereon;

    c.  the date upon which it ceased to exist;

    d.  the circumstances under which it ceased to exist;

    e.  the identity of all persons having knowledge of the circumstances under which it ceased to exist, and

    f.  the identity of all persons having knowledge or who had knowledge of the contents thereof.

This request is a continuing one.  If, after producing documents, you obtain or become aware of any further documents responsive to this Request, you are required to produce to Plaintiffs such additional documents.

## FURTHER FOR REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26, 34 and 37 of the HRCP and Rules 30, 33, 34, 36 and 37 of the Federal Rules of Civil Procedure, Plaintiff propounds the following questions to Defendant to be answered under oath.  These questions are continuing in nature to the extent required by Rule 26, 34 and 37 of the HRCP and Rule 30, 33, 34, 36 and 37 of the Federal Rules of Civil Procedure.  As well it will not be acceptable to not respond seeking responses to the effect of being evasive and or uncooperative.

Please take notice that these interrogatories are and request for production are propounded pursuant to Rule 26, 34 and 37 of the HRCP

and Rule 33 and 34 of the Federal Rules of Civil Procedure and should be answered under oath.

Further, please take notice that these interrogatives and requests for production are continuing in nature and that any information acquired after your answers have been given, should, as soon as possible after is acquisition, be supplied to opposing party and filed with the court by written supplemental answers to these questions and requests for production.

Further, please take notice that the Plaintiff herewith serves upon you the following Request for Production of Documents in the possession, custody or control of Defendant and or any and all Defendants agents and or contractors, pursuant to Rule 26, 34 and 37 of the HRCP and FRCP.

You are requested to produce and permit the Plaintiff, or someone acting on its behalf, to inspect and copy the following documents and answer including but not limited to such questions.

Dated: Honolulu, Hawaii on September 13, 2006

Joseph R. Thames
Plaintiff

9
15

## INTERROGATORIES AND REQUEST FOR PRODUCTION

1) Have you ever been involved in any other lawsuits as Plaintiff, Defendant, third Party, witness, etc...? If so, please identify, list, explain and describe any and all.

Response:

Request For Production of Documents No. 1: Please produce any and all documents which support your answer to Interrogatory/Question No. 1.

2) Have you ever been the subject of any legal infraction, traffic ticket, criminal infraction, misdemeanor, felony? If so, please identify, list, explain and describe any and all.

Response:

Request For Production of Documents No. 2: Please produce any and all documents which support your answer to Interrogatory/Question No. 2.

3) Did you have any credit debts in 1997, 1998, 1999, 2000, 2001 and 2002? If so, please identify, list, explain and describe any and all.

Response:

Request For Production of Documents No. 3: Please produce any and all documents which support your answer to Interrogatory/Question No. 3.

4) Please identify, list, explain and describe all information about the refinancing of your credit debts by Plaintiff posting a certificate of deposit (CD).

Response:

Request For Production of Documents No. 4: Please produce any and all documents which support your answer to Interrogatory/Question No. 4.

5) Please identify, list, name (with name, address and telephone number), explain and describe the names of the individual(s), person/people (any and all) who has/have resided in the        property of 404 Kalama Street, Kailua Hawaii since May 1999 to present.

Response:

Request For Production of Documents No. 5:  Please produce any and all documents which support your answer to Interrogatory/Question No. 5.

6) Please state, list, identify, describe and explain your date of birth, your full name, all names you have used for the last ^ _twelve (12)_ years, your present address and or addresses, your residential addresses for the last ^ _twelve (12)_ years, the name of the landlords, the amount of rent and or mortgage you paid or have paid respectfully for each address, the amount of rent and or mortgage you paid and or pay per month and or have paid per month and have paid for each address respectfully.

Response:

Request For Production of Documents No. 6: Please produce any and all documents which support your answer to Interrogatory/Question No. 6.

7) During the period of time leading up to this incident (incident is defined as the accident or other event which is the subject of this claim), did you drink any alcoholic beverages or consume any marijuana, pills, drugs, narcotics or medication preceding the incident? If so, identify what was consumed and state specifically the quantity drunk or consumed, the names and addresses of those present during consumption, and the names and addresses of prescribing physicians if the medications were prescription medications such as anti-psychotic medications.

Responses:

Request For Production of Documents No. 7: Please produce any and all documents which support your answer to Interrogatory/Question No. 7.

8) Have you ever consume any illegal drugs, non prescribed drugs, within the last ten (10) years? If so, identify what was consumed and state specifically the quantity consumed, the names and addresses of those present during consumption, and the names and addresses of the individuals providing you the illegal drugs, non prescribed drugs, and the amount of money paid for the illegal drugs, non prescribed drugs, daily, weekly, monthly and annually.

Response:

Request For Production of Documents No. 8: Please produce any and all documents which support your answer to Interrogatory/Question No. 8.

9) Were you suffering from any illness, physical disability or handicap at the time of the incident; and or were you, and are you presently, suffering from a psychological disability and or mental disability? If so, identify, list, describe and explain fully the illness, limitation or handicap and the date such illness, limitation or handicap was first incurred by you.

Response:

Request For Production of Documents No. 9: Please produce any and all documents which support your answer to Interrogatory/Question No. 9.

10) State the name and address of your medical insurance company, the primary attending physician, and the primary treating psychiatrist.

Response:

Request For Production of Documents No. 10: Please produce any and all documents which support your answer to Interrogatory/Question No. 10.

11) State what independent investigative efforts, if any, your attorney(s) has made to distinguish between case management and or your misrepresentation of the truth and or your desire for greed and or to unjustly take from another which is not rightfully yours and to which you have not paid for and had not the means to pay for and or were these matters, wrongful action of yours a result of some other self-serving individual(s), your attorney(s) (former or present), agent(s), employer(s), friend(s) and or relative(s).

Response:

Request for Production of Documents No. 11:  Please produce any and all documents which support your answer to Interrogatory/Question No. 11.

12)  State what you have distinguished between case management, legal action, and or your misrepresentation of the truth and or your desire for greed and or to unjustly take from another which it not rightfully yours and to which you have not paid for and had not the means to pay for and or were these matters, wrongful action of yours a result of some other self-serving individual(s), your attorney(s) (former or present), agent(s), employer(s), friend(s) and or relative(s).

Response:

16
22

Request for Production of Documents No. 12: Please produce any and all documents which support your answer to Interrogatory/Question No. 12.

13) Have you, your attorney, a private investigator or anyone else, observed, or conversed with the Plaintiff(s) since the incident? If so, state:

    a)    The date and place of each observation and/or conversation with or of the plaintiff(s).

    b)    The name, address and employer of each person other than the Plaintiff(s) taking part in the conversation and/or observation.

    c)    Whether any conversation was recorded or transcribed and the name and address of the person recording or transcribing the statement and having custody thereof.

    d)    The exact words, as best as can be recalled, of what Plaintiff said.

Response:

Request for Production of Documents No. 13: Please produce any and all documents which support your answer to Interrogatory/Question No. 13.

14) Have you, your attorney, a private investigator or anyone else, observed, or conversed with the Plaintiff(s) prior to the incident? If so, state:

    a) The date and place of each observation and/or conversation with or of the plaintiff(s).

    b) The name, address and employer of each person other than the Plaintiff(s) taking part in the conversation and/or observation.

    c) Whether any conversation was recorded or transcribed and the name and address of the person recording or transcribing the statement and having custody thereof.

    d) The exact words, as best as can be recalled, of what Plaintiff said.

Response:

Request for Production of Documents No. 14: Please produce any and all documents which support your answer to Interrogatory/Question No. 14.

15) Describe in your own words, in full detail, how each event in this incident occurred, including your representing Plaintiff in the purchase of the            property, your unjust action to take the property, your demeanor toward the plaintiff.

Response:

Request for Production of Documents No. 15:  Please produce any and all documents which support your answer to Interrogatory/Question No. 15.

16) Please state, identify, list, describe, and explain all assets and equity (tangible and intangible) that you have or have had for the last ∧ _fourteen (14)_ years.

Response:

Request for Production of Documents No. 16: Please produce any and all documents which support your answer to Interrogatory/Question No. 16.

Previous Interrogatories and Request For Production which should have been answered Plaintiff's First Set of Interrogatories and Request For Production. Please submitted responses immediately. Priority and attention is to be given to immediately respond to these and complete the vague, evasive and non-responsive on these and all other alleged responses to Plaintiff First Set of Interrogatories and Request For Production.

I-2. c.) Please identify, list, explain and describe all information Defendant, you, provided to loan officer, mortgage broker, to Mortgage Company, to Norwest Finance, to obtain the loan, mortgage to purchase subject property to include but not limited to name of loan officer, information provided on loan application, copy of loan application and other related loan application documents to obtain a mortgage for 404 Kalama Street, Kailua Hawaii.

Response:

Request for Production of Documents No. I-2.c.: Please produce any and all documents which support your answer to Interrogatory/Question No. I-2.c.

I-2) Please identify, list, explain and describe all employers, self-employment, and any and all employment for the past ∧ _twelve (12)_ years to include the wages, weekly, monthly, and annually pay, compensation, benefits, employers and employment addresses, W-2 forms, forms for self-employment.

Response:

Request for Production of Documents No. I-2: Please produce any and all documents which support your answer to Interrogatory/Question No. I-2.

Ii-2) Please identify, list, explain and describe all Defendant's tax filing, (state and federal) for the past ∧ _twelve (12)_ years.

Response:

Request for Production of Documents No. Ii-2:  Please produce any and all documents which support your answer to Interrogatory/Question No. Ii-2.

Previous Request for Production for Interrogatories on Plaintiff's First Set of Interrogatories and Request For Production were incomplete to which some of the numerous incomplete responses were Interrogatory 2, 2. a., 2. b., and 2. c.  Request for Production for Interrogatories on Plaintiff's First Set of Interrogatories and Request For Production if not provided on previous response and or if so alleged to be provided, please so state and provide the complete response to the previous Request For Production.

2. a.  Please, state, identify, list and describe (any and all) with specificity the amount of exchange of funds, money and or payments and the reason, purpose for exchange of funds, money and or payments made by Plaintiff to you and by you to Plaintiff, (to include but not limited to the date on which Plaintiff made such exchange of funds, money and or payments to you from Plaintiff and/or from you to Plaintiff), and please identify, list and describe all documents that support.

Request for Production of Documents No. 2.a.:  Please produce any and all documents which support your answer to Interrogatory/Question No. 2.a..

2. b.  Please, state, identify, list and describe with specificity the facts, events and circumstances known by you or to you surrounding the any and all real estate transactions of the            property of 404 Kalama Street, Kailua, Hawaii to include but not limited to the purchase of the property of 404 Kalama Street, Kailua Hawaii and described, and identify all documents that support your response.

Request for Production of Documents No. 2.b.:  Please produce any and all documents which support your answer to Interrogatory/Question No. 2.b..

2. c.  Please, state, identify, list and describe with specificity the facts that regarding obtaining any and all mortgages(s) for the purchase and or refinancing            property, the subject property of this litigation and action; to include the names, addresses and telephone numbers of who know of and or involved with the obtaining of any and all mortgage(s) for            property of this action and identify all documents that support your response (to include but not limited to mortgage brokers, loan officers).

Request for Production of Documents No. 2.c.:  Please produce any and all documents which support your answer to Interrogatory/Question No.2.c..

STATE OF HAWAII                          )
HONOLULU, HAWAII                         )       SS.
                                         )


_____, being first duly sworn on oath, deposes and
says that the foregoing answers and or responses to interrogatories and request for
production are true, accurate and correct to the best of her knowledge and belief.


                                                   _____


Subscribed and sworn to before me
This _____ day of _____, 2006




Notary Public, State of Hawaii

My Commission expires:

24   30

Joseph R. Thames
P.O. Box 674
Kailua, HI 96734
(808) 554-8082

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF HAWAII

| | |
|---|---|
| Joseph R. Thames<br>    Plaintiff, | ) CIVIL NO. 04-00644DAE-LEK<br>)<br>) |
| VS. | ) CERTIFICATE OF SERVICE<br>) |
| Deborah Y. Miller, Et Al.<br>    Defendant (s). | )<br>)<br>) |

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document, Plaintiff Joseph R. Thames

Second Set of Interrogatories and a Request For Production to Defendant, was duly served

on the above-identified party, Deborah Y. Miller, at the indicated address on the date

shown by depositing same in the United States mail, postage prepaid.

TO:    DEBORAH Y. MILLER
        Defendant Deborah Y. Miller
        25 Maluniu Ave  Ste 102
        PMB165
        Kailua, Hawaii  96734

Dated: September 13, 2006 in Honolulu, Hawaii.

Joseph R. Thames
Plaintiff
Pro Se

25  31