

Joseph R. Thames
P.O. Box 674
Kailua, HI 96734
(808) 554-8082

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| JOSEPH R. THAMES<br>PLAINTIFF, | ) CIVIL NO.  04-00644DAE-LEK<br>)<br>) PLAINTIFF'S MOTION |
| VS. | ) TO ADMIT PLAINTIFF'S<br>) REQUEST FOR ADMISIONS |
| DEBORAH Y. MILLER, ET.AL.<br>DEFENDANT (s). | ) ADMITTED AND OR<br>) TRUE<br>) EXHIBITS A THROUGH F<br>)<br>) DECLARATION OF<br>) JOSEPH R. THAMES<br>)<br>) CERTIFICATE OF SERVICE<br>) |

## PLAINTIFF'S MOTION TO ADMIT PLAINTIFF'S REQUEST FOR ADMISSIONS ADMITTED AND OR TRUE

COMES NOW PLAINTIFF JOSEPH R. THAMES, Plaintiff Pro Se, and hereby moves this Court for an order to admit Plaintiff's Request for Admission as Admitted or True for all Admissions not answered, not responded to, not (completely and or adequately) answered and or (vaguely and or evasively) answered and or responded to. Plaintiff Joseph R. Thames First Request for Admissions which were mailed to Defendant via U.S. mail, first class postage prepaid, September 8, 2006, Plaintiff Joseph R. Second Request for Admissions which were mailed to Defendant via U.S. mail, first class postage prepaid, September 15, 2006, Plaintiff Joseph R. Thames Third Request for Admissions and Verification which were mailed to Defendant via U.S. mail, first class postage prepaid, September 18, 2006, Plaintiff Joseph R. Thames Fourth Request for

Admissions and Verification which were mailed to Defendant via U.S. mail, first class postage prepaid, September 18, 2006, Plaintiff Joseph R. Thames Seventh Request for Admissions which were mailed to Defendant via U.S. mail, first class postage prepaid, November 14, 2006, Plaintiff Joseph R. Thames Eight Request for Admissions which were mailed to Defendant via U.S. mail, first class postage prepaid, November 14, 2006.

This motion is made pursuant to Rule 37 of the Federal Rules of Civil Procedure and is supported by the Memorandum and the Declaration of Joseph R. Thames and Exhibits attached hereto, and the records and files herein. The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing, subject to Rule 29, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney.

Deborah Y. Miller is using obstructionist conduct to comply with discovery obligations in an attempt to prevent the Plaintiff from gathering more prejudicial evidence against her and others. The Court should not allow Defendant to evade her discovery.

As a result of Defendant's prior failure to cooperate in discovery the Court cautioned the Defendant as such "The Court, however, cautions Defendant that she must comply with the Federal Rules of Civil Procedure, the Local Rules, and any deadlines set by the courts. Although pro se litigants are held to less stringent standards than those of their legal counterparts, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); Jackson v. Carey, 353 F. 3d 750, 757 (9th Cir. 2003), a litigant's pro se status cannot excuse her from complying with the procedural or substantive rules of the court. See

King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); see also United States v. Bell, 27 F. Supp. 2d 1191, 1197 (E.D. Cal 1998). Specifically, Defendant must respond to any discovery requests that Plaintiff serves. If Defendant believes that she should not be required to respond to a particular request, for example if the request sees irrelevant information or Plaintiff's request does, not comply with the applicable rules, Defendant must raise the objection in her response and provide answers to the requests that she does not object to. In addition, Defendant may file a motion for a protective order pursuant to Federal Rule of Civil Procedure 26 (a). The Court cautions Defendant that any future failure to comply with the applicable rules regarding discovery may result in sanctions pursuant to Federal Rule of Civil Procedure 37," in Order Granting in Part and Denying in Part Plaintiff's Motion to Compel Responses to Plaintiff's Third Special Interrogatories and Request for Production to Defendant.

Defendant has once again willfully failed to comply with the court's discovery order and the Federal Rules of Civil Procedure. Defendant's actions are willful and intentionally in violation and non-compliance of the discovery rules, court orders and the law.

Background: Plaintiff filed his original complaint on October 29, 2004. Plaintiff has amended his complaint. Numerous issues are of concern. Plaintiff and Defendant at one time lived in the same dwelling. Plaintiff claim is for money owed to which Defendant removed personal property of Plaintiff, and other matters. Defendant has been cautioned by the Court. Plaintiff has numerous times sought to for Defendant to comply with the rules and law.

Defendant's compliance is required by the Federal Rules of Civil Procedure. No excuse whatsoever has been offered by Defendant for her failure to comply with discovery obligations and with the applicable rules of procedure and orders of this court. The circumstances here favor of an award to the Plaintiff for fees incurred in bringing forth this motion, cost for the deposition, Defendant being compelled to appear for a deposition, an extension and an enlargement of Discovery Period and Deadline, Default Judgment and any and all other sanctions.

Defendant has presented and continues to present Fraud upon the Court. Plaintiff has been denied rights based on misrepresentation by Defendant to the Court. Plaintiff should have the right to discover and present the facts to the Court. Plaintiff has submitted and filed a Motion to Take Leave to Amend the Complaint which also addresses the Defendant's fraudulent action. Further, the U.S. District Court Magistrate Judge Kobayashi made an error of fact by including the property of Apartment No. 404-A of "404/404-A Kalama Street," in "the property located at 404 Kalama Street." Further the U.S. District Court, Magistrate Judge Kobayashi made an error of law by including the property of Apartment No. 404-A of "404/404-A Kalama Street," in "the property located at 404 Kalama Street." The U.S. District Court Magistrate Judge Kobayashi made an error of fact by including the property of 404A Kalama Street in "the property located at 404 Kalama Street." Further, the U.S. District Court Magistrate Judge Kobayashi made an error of law by including the property of 404A Kalama Street in "the property located at 404 Kalama Street." The Plaintiff has the right to have his claim heard and judged on the merits of the facts.

## MEMORANDUM IN SUPPORT OF MOTION TO COMPEL

Plaintiff's Motion to Compel is in accordance with the Federal Rules of Civil Procedure Rule 37.

"Willful failure" to submit answers to interrogatories within this rule permitting trial court to dismiss suit or render default judgment upon failure to submit answers need not necessarily be accompanied by wrongful intent but is sufficient if failure is conscious or unintentional and not accidental or involuntary. Robinson v. Transamerica Ins. Co., C.A. UTAH 1966, 368 F.2d 37.

In determining sanctions courts will consider "willfulness" on part of person or party failing to act in accordance with discovery procedures. Diaz v Southern Drilling Corp. (1970, CA5 Tex).

Rule 37 concerning failure to answer interrogatories does not require noncompliance with court order before sanction may be imposed. Szilvassy v. United States (1979, SD NY) 82 FRD 752.

Plaintiff prays that the Court grants this motion. Further, Plaintiff prays for this Court to award the Plaintiff cost, fees, legal fees and any, other, and all related cost, expenses and fees for bringing forth this motion.

Dated: February 23, 2007 in Honolulu, Hawaii.

_Joseph R. Thames_
Joseph R. Thames