Joseph R. Thames
P.O. Box 674
Kailua, HI 96734
(808) 554-8082

## IN THE UNITED STATES DISRTICT COURT
## DISTRICT OF HAWAII

| | |
|---|---|
| JOSEPH R. THAMES<br>Plaintiff,<br><br>THAMES<br>vs.<br><br>DEBORAH Y. MILLER, ET. AL<br>Defendant (s) | ) CIVIL NO. 04-00644DAE-LEK<br>)<br>) PLAINTIFF JOSEPH R.<br>)<br>) FIRST REQUEST FOR<br>) ADMISSIONS:<br>)<br>)<br>) CERTIFICATE OF SERVICE<br>)<br>) |

### PLAINTIFF JOSEPH R. THAMES

### FIRST REQUEST FOR ADMISSIONS

TO:   DEBORAH Y. MILLER
      Defendant Deborah Y. Miller
      25 Maluniu Ave Ste 102
      PMB165
      Kailua, Hawaii 96734

PLEASE TAKE NOTICE that Plaintiff JOSEPH R. THAMES, hereby serves upon Defendant DEBORAH Y. MILLER, and requests that Defendant DEBORAH Y. MILLER make the following admissions for the purpose of this action only and subject to all pertinent objections to admissibility which may be interposed at the trial.

PLEASE TAKE NOTICE that one (1) copy of the response to the admissions must be served upon the undersigned within THIRTY (30) DAYS after receipt of this request for admission pursuant to Rule 36 of the Hawaii Rules of Civil Procedure and the Federal Rules of Civil Procedure. The

EXHIBIT A

admissions shall be considered admitted to be true, if one (1) copy of response to the admissions are not served upon the undersigned within THIRTY (30) DAYS after receipt of this request in accordance with and pursuant to Rule 36 of the Hawaii Rules of Civil Procedure.

PLEASE TAKE NOTICE that a space has been provided for a notary seal and signature. It is requested of Defendant, that the document be signed and witnessed before a notary that the responses to the admissions are true to the best of your knowledge under the penalty of perjury.

## DEFINITIONS

The following definitions apply to the Admissions enumerated below and are hereby incorporated therein:

1. "You" and "Your" refer to Plaintiff JOSEPH R. THAMES, their agents, employees, attorneys, and other persons acting or purporting to act on its behalf.

2. "Writing" means any tangible thing upon which is recorded any form of communication or representation, including letters, words, pictures, sounds, or symbols, or any combination thereof, by means of handwriting, typewriting, printing, photocopy in, photographing, sound recording, or any other method of recording. This definition includes, but is not limited to records, reports, papers, documents, photographs, books, letters, notes, memoranda, statements, tape recordings, phonograph recordings, and microfilm, whether in your possession or under your control or not, relating to or pertaining in any way to the subject in connection with which it is used; and includes, without limitation, all file copies and drafts prepared with such writing whether used or not.

3. The term "document(s)" means and includes any and all:

   a. Tangible things or items, whether handwritten, typed, printed, tape recorded, electronically recorded, video-taped, visually reproduced, stenographically reproduced or reproduced in any other manner;

   b. Originals and all copies of any and all communications;

   c. Writings of any kind or type whatsoever;

   d. Books and pamphlets;

   e. Microtape, microfilm, photographs, movies, recordings, tape recordings, and video-tapes, stenographically or otherwise reproduced;

   f. Diaries and appointment books

   g. Cables, wires, memoranda, reports, notes, minutes and interoffice communications;

   h. Letters and correspondence;

   I. Contracts and agreements;

   j. Other legal instruments or official documents;

   k. Financial statements, accounting records, worksheets, reports, schedules, ledgers, books, records and journals;

   l. Investigation or incident reports;

   m. Files and records;

   n. Notes or summaries of conferences, meetings, discussions, interviews or telephone conversations or messages;

   o. Drafts or draft copies of any of the above;

## ADMISSIONS REQUESTING

That each of the following statements listed below are true:

1. Plaintiff Joseph R. Thames effected and caused the deposit of $17,000.00 into Deborah Y. Miller's account, account number 5260442 at Hawaiian National Bank on or about March 4, 1998.

Admit_____          Deny_____

2. Plaintiff Joseph R. Thames effected and caused the deposit of $8,000.00 into Deborah Y. Miller's account, account number 5260442 at Hawaiian National Bank on or about on or about September 9, 1998.

Admit_____          Deny_____

3. Plaintiff Joseph R. Thames effected and caused the deposit of $16,000.00 into Deborah Y. Miller's account, account number 5260442 at Hawaiian National Bank on or about on or about September 15, 1998.

Admit_____          Deny_____

4. Plaintiff Joseph R. Thames effected and caused the deposit of $5,500.00 into Deborah Y. Miller's account, account number 5260442 at Hawaiian National Bank on or about on or about September 21, 1998.

Admit_____          Deny_____

5. Plaintiff Joseph R. Thames effected and caused the deposit of $6,942.07 into Deborah Y. Miller's account, account number 5260442 at Hawaiian National Bank on or about on or about November 23, 1998.

Admit _____          Deny _____

6. Plaintiff Joseph R. Thames effected and caused the deposit of $1,290.00 into Deborah Y. Miller's account, account number 5260442 at Hawaiian National Bank on or about on or about December 10, 1998.

Admit _____          Deny _____

7. Plaintiff Joseph R. Thames effected and caused the deposit of $1,000.00 into Deborah Y. Miller's account, account number 5260442 at Hawaiian National Bank on or about on or about March 02, 1999.

Admit _____          Deny _____

8. Plaintiff Joseph R. Thames effected and caused the deposit of $3,000.00 into Deborah Y. Miller's account, account number 5260442 at Hawaiian National Bank on or about on or about March 16, 1999.

Admit _____          Deny _____

9. Plaintiff Joseph R. Thames effected and caused the deposit of $6,000.00 into Deborah Y. Miller's account, account number 5260442 at Hawaiian National Bank on or about on or about May 04, 1999.

Admit_____          Deny_____

10. Plaintiff Joseph R. Thames effected and caused the deposit of $6,7000.00 into Deborah Y. Miller's account, account number 5260442 at Hawaiian National Bank on or about on or about May 05, 1999.

Admit_____          Deny_____

11. Plaintiff Joseph R. Thames effected and caused the deposit of $16,812.35 into Deborah Y. Miller's account, account number 5260442 at Hawaiian National Bank on or about on or about May 06, 1999.

Admit_____          Deny_____

12. Plaintiff Joseph R. Thames effected and caused the balance to remain at $500.00 in your Defendant Deborah Y. Miller's account, account number 5260442 at Hawaiian National Bank on or about on or about August 6, 1998.

Admit_____          Deny_____

13. You Defendant Deborah Y. Miller kept financial records of the rent paid at 404A Kalama Street, Kailua Hawaii 96734 by you Defendant.

Admit_____          Deny_____

14. You Defendant Deborah Y. Miller recorded in your handwriting the amount of rent you Defendant paid at 404A Kalama Street, Kailua Hawaii 96734 during the period of about November 1997 to November 1999.

Admit_____          Deny_____

15. You Defendant Deborah Y. Miller recorded the accounting of debts owed to Plaintiff Joseph R. Thames by you Defendant Deborah Y. Miller.

Admit_____          Deny_____

16. That funds paid to Attorney Dennis Ing for his legal services were funds provided by Plaintiff Joseph R. Thames.

Admit_____          Deny_____

17. That You Defendant Deborah Y. Miller stated that you were advised by Attorney Dennis Ing to file for a restraining order against Plaintiff Joseph R. Thames.

Admit_____          Deny_____

18. You Defendant Deborah Y. Miller were advised by Attorney Dennis Ing to file for a restraining order against Plaintiff Joseph R. Thames.

Admit_____          Deny_____

19. That you Defendant did not pay an amount of at least $20,000 in excess of her share of the expenses of living at 404A Kalama, Street Hawaii 96734.

Admit_____          Deny_____


20. That Plaintiff never promised to you Defendant to include Your Defendant's name "Deborah Y. Miller," on title as a equal co-owner of 404A.

Admit_____          Deny_____


21. That Defendant has not on more than one occassion demanded that Plaintiff reimburse Defendant for said excess as so stated in Defendant's First Counterclaim.

Admit_____          Deny_____


22. That you Defendant has not on more than one occassion demanded that Plaintiff convey to her an equal share of 404A as so stated in Defendant's First Counterclaim.

Admit_____          Deny_____

23. That Plaintiff does not owe you, Defendant a sum in excess of $20,000

Admit_____                    Deny_____


Under the penalty of perjury, I state that the above responses are true to the best of my knowledge.


Signature: _____          Dated: _____




Notary Signature and Seal: _____

County of Honolulu, on Oahu, Hawaii

Dated: _____


DATED: September 8, 2006 in Honolulu, Hawaii

_____
Joseph R. Thames
Plaintiff

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

| | |
|---|---|
| JOSEPH R. THAMES<br>PLAINTIFF,<br><br>VS.<br><br>DEBORAH Y. MILLER, ET.AL.<br>DEFENDANT (s). | ) CIVIL NO. 04-00644DAE-LEK<br>)<br>)<br>) CERTIFICATE OF SERVICE<br>)<br>)<br>)<br>) |

### CERTIFICATE OF SERVICE

This is to certify that the undersigned, Joseph R. Thames, Plaintiff Pro Se, has this date served Plaintiff's First Request for Admissions was duly served on the above-identified party at the indicated address on the date shown by depositing the original and/or a copy thereof, postage prepaid, in the United States mail, addressed to the Defendant.

SERVED:

DEBORAH Y. MILLER
DEFENDANT DEBORAH Y. MILLER
25 Maluniu Ave Ste 102
PMB165
Kailua, Hawaii 96734

DATED: Honolulu, Hawaii on September 8, 2006

Joseph R. Thames
Plaintiff

10/17