Joseph R. Thames
P.O. Box 674
Kailua, HI 96734
(808) 554-8082

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

| | |
|---|---|
| Joseph R. Thames<br>    Plaintiff, | ) CIVIL NO. 04-00644DAE-LEK<br>)<br>) PLAINTIFF JOSEPH R. |
| VS. | )<br>) SECOND REQUEST FOR<br>) ADMISSIONS: |
| Deborah Y. Miller et al.<br>    Defendant (s) | )<br>) CERTIFICATE OF SERVICE<br>)<br>) |

## PLAINTIFF JOSEPH R. THAMES

### SECOND REQUEST FOR ADMISSIONS

TO:   DEBORAH Y. MILLER
       Defendant Deborah Y. Miller
       25 Maluniu Ave Ste 102
       PMB165
       Kailua, Hawaii 96734

PLEASE TAKE NOTICE that Plaintiff JOSEPH R. THAMES, hereby requests

that Defendant DEBORAH Y. MILLER make the following admissions for the

purpose of this action only and subject to all pertinent objections to admissibility

which may be interposed at the trial.

EXHIBIT B

/8

PLEASE TAKE NOTICE that one (1) copy of the response to the admissions must be served upon the undersigned within THIRTY 30) DAYS after mailing exclusive receipt/delivery of this request for admission pursuant to Rule 36 of the Hawaii and Federal Rules of Civil procedure. The admission shall be considered admitted to be true, if one (1) copy of the admissions are not served upon the undersigned within THIRTY (30) DAYS after mailing exclusive receipt/delivery of this request in accordance with and pursuant to Rule 36 of the Hawaii and Federal Rules of Civil procedure.

PLEASE TAKE NOTICE that one (1) copy of the documents must be served upon the undersigned with Thirty (30) DAYS after receipt of Plaintiff's Second Set of Interrogatories and a Request for Production pursuant to Rules 33 and 34 of the Hawaii and Federal Rules of Civil Procedure.

PLEASE TAKE NOTICE that a space has been provided for a notary seal and signature. It is requested of the Defendant, that the document be signed and witnesses before a notary that the responses to the admissions are true to the best of your knowledge under the penalty of perjury.

## DEFINITIONS

The following definitions apply to the Admissions enumerated below and are hereby incorporated therein:

1. "You" and "Your" refer to Defendant DEBORAH Y. MILLER, her agents, employees, attorneys, and other persons acting or purporting to act on her behalf.
2. "Writing" means any tangible thing upon which is recorded any form of communication or representation, including letters, words, pictures, sounds, or symbols, or any combination thereof, by means of handwriting, typewriting,

printing, photocopy in, photographing, sound recording, or any other method of recording. This definition includes, but is not limited to records, reports, papers, documents, photographs, books, letters, notes, memoranda, statements, tape recordings, phonographs recordings, and microfilm, whether in your possession or under your control or not, relating to or pertaining in any way to the subject in connection with which is used; and includes, without limitation, all file copies and drafts prepared with such writing whether used or not.

3. The term "document (s)" means and includes any and all:

   a. Tangible things or items, whether handwritten, typed, printed, tape recorded, electronically recorded, video-taped, visually reproduced, stenographically reproduced or reproduced in any other manner;

   b. Originals and all copies of any and all communications;

   c. Writings of any kind or type whatsoever;

   d. Books and pamphlets;

   e. Microtape, microfilm, photographs, movies, recordings, tape, recordings, and video-tapes, stenographically or otherwise reproduced;

   f. Diaries and appointment books;

   g. Cables, wires, memoranda, reports, notes, minutes and interoffice communications;

   h. Letters and correspondence;

   i. Contracts and agreements;

   j. Other legal instruments or official documents;

    k. Financial statements, accounting records, worksheets, reports, schedules, ledgers, books, records and journals;

    l. Investigation or incident reports;

    m. Files and records;

    n. Notes or summaries of conferences, meeting, discussions, interviews or telephone conversations or messages;

    o. Drafts or draft copies of any of the above;

4. "Document" or "documents" includes, without limitation, writings, and printed matter of any kind and description, graphs, charts, photographs and drawings, notes and records or any oral communications, and recordings (tape, disc, or other) of oral communications and other recordings in whatever form.

5. "Identify" or "identify" as used with respect to a person means to state the person's full name and present address and his present or last known employment position and business affiliation if a natural person. "Identify" or "identify" when used in reference to a document means to state the following as to each document:

    a. Its nature and contents;

    b. Its date;

    c. The date is was executed if different from the date it bears;

    d. The name, address, and position of its author or signer;

    e. The name address and position of it addressee, if any;

4

6. "You" or "Your" shall mean the party to whom these interrogatories are addresses and her representatives' attorneys, experts, investigators, insurers, consultants. Or anyone acting on behalf of the foregoing.

7. "Person" shall include any individual, sole proprietorship, partnership, corporation or association.

8. The male gender includes the female gender and the singular noun or pronoun includes the plural.

## ADMISSIONS REQUESTING

That each of the following statements listed below are true:

1. You, Defendant, Deborah Y. Miller, did remove documents from 404A Kalama Street, Kailua Hawaii.

_____ Admit          _____ Deny

2. You, Defendant, Deborah Y. Miller, did remove documents from 404A Kalama Street, Kailua Hawaii concerning the property of 404 Kalama Street, Kailua Hawaii.

_____ Admit          _____ Deny

3. You, Defendant, Deborah Y. Miller, did pay rent for residing at 404A Kalama Street, Kailua Hawaii.

_____ Admit          _____ Deny

4. While residing at 404A Kalama Street, Kailua Hawaii, you, Defendant, Deborah Y. Miller, did have your, Defendant, Deborah Y. Miller, own separate bedroom.

_____ Admit          _____ Deny

5. While residing at 404A Kalama Street, Kailua Hawaii, you, Defendant, Deborah Y. Miller, did have the privilege to share the common areas.

_____ Admit          _____ Deny

6. You, Defendant, Deborah Y. Miller, did know that Plaintiff's brother had a brain tumor.

_____ Admit            _____ Deny

7. Plaintiff employed your, Defendant, Deborah Y. Miller, service as an agent for his interest in the purchase of 404 Kalama Street, Kailua Hawaii.

_____ Admit            _____ Deny

8. You, Defendant, Deborah Y. Miller, agreed to serve as an agent for Plaintiff's interest in the purchase of 404 Kalama Street, Kailua Hawaii.

_____ Admit            _____ Deny

9. Plaintiff employed your, Defendant, Deborah Y. Miller, service as an agent to represent his interest in the purchase of 404 Kalama Street, Kailua Hawaii, for Plaintiff to focus on, travel to attend to other business matters on the mainland.

_____ Admit            _____ Deny

10. You, Defendant, Deborah Y. Miller, agreed to serve as an agent to represent his, Plaintiff, interest in the purchase of 404 Kalama Street, Kailua Hawaii, for Plaintiff to focus on travel to attend to other business matters on the mainland.

_____ Admit            _____ Deny

11. Plaintiff employed your, Defendant, Deborah Y. Miller, service to represent him as an agent to represent his interest in the purchase of 404 Kalama Street, Kailua Hawaii, for Plaintiff to visit and give attention to his, Plaintiff's, brother.

_____ Admit            _____ Deny

12. You, Defendant, Deborah Y. Miller, agreed to serve as an agent to represent his, Plaintiff's, interest in the purchase of 404 Kalama Street, for Plaintiff to visit and give attention to his, Plaintiff's, brother.

_____ Admit            _____ Deny

13. Plaintiff employed your, Defendant, Deborah Y. Miller, service to represent him as an agent to represent his interest in the purchase of 404 Kalama Street, Kailua Hawaii, for Plaintiff to focus on, travel to attend to other business matters on the mainland and to visit and give attention to his brother.

_____ Admit            _____ ✓ Deny

8
25

14. You, Defendant, Deborah Y. Miller, service to represent him as an agent to represent his interest in the purchase of 404 Kalama Street, Kailua Hawaii, for Plaintiff to focus on, travel to attend to other business matters on the mainland and to visit and give attention to his brother.

_____ Admit             _____ Deny

15. You, Defendant, Deborah Y. Miller, did work for a real estate agent before.

_____ Admit             _____ Deny

16. You, Defendant, Deborah Y. Miller, did state to Plaintiff that you, Defendant, Deborah Y. Miller, had worked for a real estate agent before.

_____ Admit             _____ Deny

17. You, Defendant, Deborah Y. Miller, did state to Plaintiff that you, Defendant, Deborah Y. Miller, had completed the real estate course in Hawaii.

_____ Admit             _____ Deny

18. You, Defendant, Deborah Y. Miller, did state to Plaintiff that you, Defendant, Deborah Y. Miller, were capable of handling this real estate transaction by serving as an intermediate agent.

_____ Admit          _____ Deny

19. You, Defendant, Deborah Y. Miller, did state to Plaintiff that you, Defendant, Deborah Y. Miller, were capable of handling this real estate transaction by representing and protecting the interest of the Plaintiff in the purchase of 404 Kalama Street, Kailua Hawaii.

_____ Admit          _____ Deny

20. You, Defendant, Deborah Y. Miller, did state to Plaintiff that you, Defendant, Deborah Y. Miller, were capable of handling this real estate transaction by serving as an intermediate agent and representing and protecting the interest of the Plaintiff in the purchase of 404 Kalama Street, Kailua Hawaii.

_____ Admit          _____ Deny

21. During the Plaintiff's negotiating and the contracting to purchase 404 Kalama Street, Kailua Hawaii, you, Defendant, Deborah Y. Miller, did know that that Plaintiff's brother's brain tumor came out of remission.

_____ Admit        _____ Deny

22. You, Defendant, Deborah Y. Miller, again offered and agreed to act and serve as an agent to complete the purchase of the          property 404 Kalama Street, Kailua Hawaii, for the interest of the Plaintiff.

_____ Admit        _____ Deny

23. Plaintiff posted collateral of a certificate of deposit (CD) to refinance your, Defendant, Deborah Y. Miller's, credit debts.

_____ Admit        _____ Deny

24. Your, Defendant, Deborah Y. Miller's, monthly interest were reduced as a result of Plaintiff's posting collateral of the (CD) to refinance your, Defendant, Deborah Y. Miller's, credit debts.

_____ Admit        _____ Deny

25. Your, Defendant, Deborah Y. Miller's, monthly credit payments were reduced as a result of Plaintiff's posting collateral of the (CD) to refinance your, Defendant, Deborah Y. Miller's, credit debts.

_____ Admit          _____ Deny

26. Your, Defendant, Deborah Y. Miller's, total monthly credit payments were reduced as a result of Plaintiff's posting collateral of the (CD) to refinance your, Defendant, Deborah Y. Miller's, credit debts.

_____ Admit          _____ Deny

27. Your, Defendant, Deborah Y. Miller's, total credit payments were reduced as a result of Plaintiff's posting collateral of the (CD) to refinance your, Defendant, Deborah Y. Miller's, credit debts.

_____ Admit          _____ Deny

28. Your, Defendant, Deborah Y. Miller's, total overall outstanding credit balance was reduced as a result of Plaintiff's posting collateral of the (CD) to refinance your, Defendant, Deborah Y. Miller's, credit debts.

_____ Admit          _____ Deny

29. Your, Defendant, Deborah Y. Miller's, monthly interest, monthly credit payments, total monthly credit payments, and overall outstanding credit balance were reduced as a result of Plaintiff's posting collateral of the (CD) to refinance your, Defendant, Deborah Y. Miller's, credit debts.

_____ Admit            _____ Deny

30. For consideration of Plaintiff posting collateral of a (CD) to refinance your, Defendant, Deborah Y. Miller's credit debts, you agreed to serve as an agent to represent the interest of the Plaintiff in Plaintiff's negotiation and purchase of 404 Kalama Street, Kailua Hawaii.

_____Admit        _____Deny

Under the penalty of perjury, I state that the above responses are true to the best of my knowledge.

Signature: _____        Dated: _____

Notary Signature and Seal: _____

County of Honolulu, on Oahu, Hawaii

Dated: _____

DATED: September 15, 2006 in Honolulu, Hawaii

*Joseph R. Thames*
Joseph R. Thames
Plaintiff

14
31

STATE OF HAWAII          )
HONOLULU, HAWAII    )   SS.
                                      )

_____, being first duly sworn on oath, deposes and says that the foregoing answers and or responses to request for admissions are true, accurate and correct to the best of her knowledge and belief.


_____
Subscribed and sworn to before me
This _____ day of _____, 2006


Notary Public, State of Hawaii

My Commission expires:

15

Joseph R. Thames
P.O. Box 674
Kailua, HI 96734
(808) 554-8082

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

| | |
|---|---|
| JOSEPH R. THAMES<br>PLAINTIFF, | ) CIVIL NO. 04-00644DAE-LEK<br>)<br>) |
| VS. | ) CERTIFICATE OF SERVICE<br>) |
| DEBORAH Y. MILLER, ET.AL.<br>DEFENDANT (s). | )<br>)<br>) |

## CERTIFICATE OF SERVICE

This is to certify that the undersigned, Joseph R. Thames, Plaintiff Pro Se, has this date served Plaintiff's Second Request for Admissions was duly served in the above-identified party at the indicated address on the date shown by depositing the original and/or a copy thereof, postage prepaid, in the United States mail, addressed to the Defendant.

SERVED:

DEBORAH Y. MILLER
Defendant Deborah Y. Miller
Maluniu Ave Ste 102
PMB165
Kailua, Hawaii 96734

Dated: Honolulu, Hawaii on September 15, 2006

Joseph R. Thames
Plaintiff

16
33