Joseph R. Thames
P.O. Box 674
Kailua, HI 96734
(808) 554-8082

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

| | |
|---|---|
| JOSEPH R. THAMES,<br>Plaintiff,<br><br>VS.<br><br>DEBORAH Y. MILLER, ET AL.,<br>Defendant(s) | ) CIVIL NO.04-00644DAE-LEK<br>)<br>) PLAINTIFF JOSEPH R. THAMES<br>) THIRD REQUEST FOR<br>) ADMISSIONS<br>) AND<br>) VERIFICATION<br>)<br>) EXHIBIT 1<br>)<br>) CERTIFICATE OF SERVICE<br>) |

## PLAINTIFF JOSEPH R. THAMES THIRD REQUEST FOR ADMISSIONS

### AND VERIFICATION

TO:   DEBORAH Y. MILLER
Defendant Deborah Y. Miller
25 Maluniu Ave Ste 102
PMB165
Kailua, Hawaii 96734

PLEASE TAKE NOTICE that Plaintiff JOSEPH R. THAMES, hereby requests that Defendant DEBORAH Y. MILLER make the following admissions for the purpose of this action only and subject to all pertinent objections to admissibility which may be interposed at the trial.

PLEASE TAKE NOTICE that one (1) copy of the response to the admissions must be served upon the undersigned within THIRTY 30) DAYS after mailing exclusive receipt/delivery of this request for admission pursuant to Rule

EXHIBIT C                                            34

36 of the Hawaii Rules of Civil procedure. The admission shall be considered admitted to be true, if one (1) copy of the admissions are not served upon the undersigned within THIRTY (30) DAYS after mailing exclusive receipt/delivery of this request in accordance with and pursuant to Rule 36 of the Hawaii Rules of Civil procedure.

PLEASE TAKE NOTICE that a space has been provided for a notary seal and signature. It is requested of the Defendant, that the document be signed and witnesses before a notary that the responses to the admissions are true to the best of your knowledge under the penalty of perjury.

## DEFINITIONS

The following definitions apply to the Admissions enumerated below and are hereby incorporated therein:

1. "You" and "Your" refer to Defendant DEBORAH Y. MILLER, her agents, employees, attorneys, and other persons acting or purporting to act on her behalf.

2. "Writing" means any tangible thing upon which is recorded any form of communication or representation, including letters, words, pictures, sounds, or symbols, or any combination thereof, by means of handwriting, typewriting, printing, photocopy in, photographing, sound recording, or any other method of recording. This definition includes, but is not limited to records, reports, papers, documents, photographs, books, letters, notes, memoranda, statements, tape recordings, phonographs recordings, and microfilm, whether in your possession or under your control or not, relating to or pertaining in any way to the subject in

connection with which is used; and includes, without limitation, all file copies and drafts prepared with such writing whether used or not.

3. The term "document (s)" means and includes any and all:

   a. Tangible things or items, whether handwritten, typed, printed, tape recorded, electronically recorded, video-taped, visually reproduced, stenographically reproduced or reproduced in any other manner;

   b. Originals and all copies of any and all communications;

   c. Writings of any kind or type whatsoever;

   d. Books and pamphlets;

   e. Microtape, microfilm, photographs, movies, recordings, tape, recordings, and video-tapes, stenographically or otherwise reproduced;

   f. Diaries and appointment books;

   g. Cables, wires, memoranda, reports, notes, minutes and interoffice communications;

   h. Letters and correspondence;

   i. Contracts and agreements;

   j. Other legal instruments or official documents;

   k. Financial statements, accounting records, worksheets, reports, schedules, ledgers, books, records and journals;

   l. Investigation or incident reports;

   m. Files and records;

   n. Notes or summaries of conferences, meeting, discussions, interviews or telephone conversations or messages;

3  36

    o. Drafts or draft copies of any of the above;

4. "Document" or "documents" includes, without limitation, writings, and printed matter of any kind and description, graphs, charts, photographs and drawings, notes and records or any oral communications, and recordings (tape, disc, or other) of oral communications and other recordings in whatever form.

5. "Identify" or "identify" as used with respect to a person means to state the person's full name and present address and his present or last known employment position and business affiliation if a natural person. "Identify" or "identify" when used in reference to a document means to state the following as to each document:

    a. Its nature and contents;

    b. Its date;

    c. The date is was executed if different from the date it bears;

    d. The name, address, and position of its author or signer;

    e. The name address and position of it addressee, if any;

6. "You" or "Your" shall mean the party to whom these interrogatories are addresses and her representatives' attorneys, experts, investigators, insurers, consultants or anyone acting on behalf of the foregoing.

7. "Person" shall include any individual, sole proprietorship, partnership, corporation or association.

The male gender includes the female gender and the singular noun or pronoun includes the plural.

## ADMISSIONS REQUESTING AND VERIFICATION

That each of the following statements listed below are true:

1. That Exhibit 1 is a true, accurate, and correct copy of a portion and/or excerpt from the recording of the DEBORAH Y. MILLER, Petitioner (Plaintiff), vs. JOSEPH R. THAMES, Respondent (Defendant) CASE NUMBER FC-DA NO. 99-1772 TEMPORARY RESTRAINING ORDER HEARING OF December 2, 1999 in the STATE OF HAWAII FAMILY COURT FIRST CIRCUIT.

_____Admit        _____Deny

2. That the contents of the attached Exhibit 1, the foregoing attached exhibit, are true to the best of Defendant Deborah Y. Miller, her own knowledge.

_____Admit        _____Deny

3. You, Defendant, Deborah Y. Miller, do verify that the attached Exhibit 1, the contents of Exhibit 1, and the statements made by you, Defendant Deborah Y. Miller are true to the best of Defendant Deborah Y. Miller, her own knowledge.

_____Admit        _____Deny

5  38

4. You, Defendant, Deborah Y. Miller, do verify that the attached Exhibit 1, that the contents of the foregoing Exhibit 1 are true to the best of Defendant Deborah Y. Miller, her own knowledge, except as to matters stated on information and belief, and as to those matters, she/he believes them to be true.

_____Admit        _____Deny

Under the penalty of perjury, I state that the above responses are true to the best of my knowledge.

Signature: _____        Dated: _____

Notary Signature and Seal: _____

County of Honolulu, on Oahu, Hawaii

Dated: _____

DATED: September 16, 2006 in Honolulu, Hawaii

/Joseph R. Thames
Plaintiff
Pro Se

PERMISSION TO COPY DENIED, HRS 606.13, etc.                    15

    1     A.     No. That's -- no. No. I moved out in
2  October and I came back and I stayed -- I moved in and out
3  of there so often, the last time he physically put his hands
4  on me is when I was gone for good. And that was in
5  November.
6     Q.     Isn't it a fact that the message he left with
7  your mother was that all he was going to do was to report
8  you and your friend Julie to the police department for fraud?
9     A.     No. That is not true.
10    Q.     Isn't it a fact that you have money of his?
11    A.     No. That is not true.
12    Q.     You've got twelve thousand from him which you
put into a home that is -- you put in your name only. Isn't
that true?
     A.     But I don't -- I don't have -- I mean, he -- I
wanted to -- I talked to you -- I wanted -- he wanted -- I
wanted to buy the house, he gave me the money.
     I'm willing -- and he knows this -- to sell that house
and give -- at this point, I don't even want the house, I
would sell it and give him his money back just so that he
would leave me alone and don't have any contact with me. I
don't want anything to do with this house. I will sell the
house just so I won't have to go -- he just wants -- he
would love for me to hold on to that house so he could
continue to have control over me.

Exhibit 1     (1)

40

7

PERMISSION TO COPY DENIED, HRS 606.13, etc.

Q. Isn't it --

A. I don't care about the house anymore. I will get rid of the house.

Q. Isn't it a fact that you and he have substantial monies which belong to him that you have to deal with?

A. No. That is not true.

Q. But you do acknowledge the twelve thousand that he gave to you that you put into a house which is in your name only?

A. Yes. And he knew it was in my name. He could have changed that at any time. He was there when I closed on the house. He was there -- he -- he -- he loaned me the money.

And that -- like I said, I was going to put his -- I was -- still was willing to put him on as joint tenant because he did loan me the money. But at this point, because of the physical abuse and the things that he doing -- he's doing to me, I'm willing to sell the house, your Honor --

Q. Isn't it a fact --

A. -- so that I can give this man his money back.

Q. -- that there was no complaints of physical abuse until he told you that if he couldn't get his money back he was reporting you and --

(2)
41

8

PERMISSION TO COPY DENIED, HRS 606.13, etc.

17

    A.    No.  That is not true.

    Q.    -- your realtor friend --

    A.    No.  That is not true.  You can call the Kailua Police Department and find that that is not true, because they have come out to 404 A a number -- on a number of occasions.

    Q.    But you did state he left a message with your mother on November 19th that he was going --

    A.    No.  He talked with my mother.

    Q.    -- to -- he was going to put you in jail. Isn't that true?

    A.    He told my mother that he was going to put me in prison or jail and that he was going to have me taken care of and nobody would ever find out what happened to me. That's what he told my mom.  Yes.  That's what my mother told me that he said.  I don't think my mother would lie.

He calls my mother and harasses -- threatens me all the time.  That's not the first time he's called my mother and threatened me.

    Q.    Are you willing to deal with the financial matters between the two of you --

    A.    Yes.  I'm willing to sell the house and give him his money back.  Yes.  I am.

    Q.    Are -- are you willing to deal with the financial matters between the two of you?  You're not asking

(3)

42

9

PERMISSION TO COPY DENIED, HRS 606.13, etc.

18

1  the Court to restrain him from proceeding with -- with legal
2  rights that he has a right to proceed with, are you?
3     A.    I want a re -- I want a restraining order
4  against Mr. Thames, because I do not want him to be coming
5  to where I work, I do not want to be walking in parking lots
6  wondering if he's going to be standing there and him calling
7  me and harassing me at all times.
8     Now, this house come June, I can put his name on it or
9  sell it. And that's what I'm willing to do.
10    Q.    And you've heard he doesn't have a problem
with not being around you, he's got a problem with not being
able to proceed with the legal remedies --
      A.    I -- well, they're going to --
      Q.    -- that he has a right to proceed with.
      A.    -- they're going to put a provision in the
restraining order where he can do that.
      Q.    But not until June of next year?
      A.    Yeah. He can't do anything until June anyway.
      Q.    Is --
      A.    Because the -- the mortgage is in my name, and
for a year nothing can be done. He knows that, he told me
that. When I initially wanted to put his name on the house
when we were still friends, he said, you can't do anything
for a year.
             MS. MELVIN: I have no further questions at

(4)
43

10

RMISSION TO COPY DENIED, HRS 606.13, etc.                    19

this time, your Honor.

        THE COURT:  Redirect.  You have any other ques -- any other thing you want to tell the Court?  Anything else you want to say?

        MS. MILLER:  (No audible response).

        THE COURT:  Thank you.

Ms. Melvin, then your first witness.

        MS. MELVIN:  Okay.

Your Honor, at this time, I would again like to repeat my request to continue on the basis that she has now changed the date that she is claiming that all of this happened.  We could account for -- for the week that she said.  We could account for and now we have a new week to account for and we would need to -- to get witnesses to cover that week.

        THE COURT:  Request denied.  Today is the day for trial.

You may proceed with calling of a witness.

        MS. MELVIN:  Thank you.

I'll call the Defendant then.

        THE COURT:  Very well.

        DIRECT EXAMINATION

BY MS. MELVIN:

    Q.    Are you currently disabled?

    A.    Yes.  I am.

    Q.    How long have you been disabled?

(5)        44

STATE OF HAWAII              )
HONOLULU, HAWAII             )    SS.
                             )

_____, being first duly sworn on oath, deposes and says that the foregoing attached Exhibit 1 and or your answers and or responses to request for admissions are true, accurate and correct to the best of her knowledge and belief.

_____

Subscribed and sworn to before me
This _____ day of _____, 2006

Notary Public, State of Hawaii

My Commission expires:

12  45

Joseph R. Thames
P.O. Box 674
Kailua, HI 96734
(808) 554-8082

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

| | |
|---|---|
| JOSEPH R. THAMES<br>Plaintiff, | ) CIVIL NO. 04-00644DAE-LEK<br>)<br>) |
| VS | ) CERTIFICATE OF SERVICE<br>) |
| DEBORAH Y. MILLER ET. AL.<br>Defendant(s). | )<br>)<br>) |

## CERTIFICATE OF SERVICE

This is to certify that the undersigned, Joseph R. Thames, Plaintiff Pro Se, has this date served Plaintiff's Third Request for Admissions and Verification was duly served on the above-identified party at the indicated address on the date shown by depositing the original and/or a copy thereof, postage prepaid, in the United States mail, addressed to the Defendant.

SERVED:

DEBORAH Y. MILLER
Defendant Deborah Y. Miller
25 Maluniu Ave Ste 102
PMB165
Kailua, Hawaii 96734

Dated: Los Angeles, California on September 18, 2006

Joseph R. Thames
Plaintiff

13