Joseph R. Thames
P.O. Box 674
Kailua, HI 96734
(808) 554-8082

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| JOSEPH R. THAMES<br>    Plaintiff,<br><br>VS.<br><br>DEBORAH Y. MILLER, et al.<br>    Defendant (s). | ) CIVIL NO. 04-00644DAE-LEK<br>)<br>) PLAINTIFF JOSEPH R. THAMES<br>) FIRST REQUEST FOR<br>) PRODUCTION OF DOCUMENTS;<br>)<br>) CERTIFICATE OF SERVICE<br>)<br>)<br>)<br>) |

## PLAINTIFF JOSEPH R. THAMES FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

TO:  DEBORAH Y. MILLER
     Defendant Deborah Y. Miller
     25 Maluniu Ave Ste 102
     PMB165
     Kailua, Hawaii 96734

PLEASE TAKE NOTICE that Plaintiff JOSEPH R. THAMES, hereby requests that Defendant DEBORAH Y. MILLER, produce for examination, inspection, and copying all of the following documents or items which are in her possession.

PLEASE TAKE NOTICE that one (1) copy of the documents must be served upon the undersigned with THIRTY (30) DAYS after receipt of this request for Documents pursuant to Rule 34, of the Hawaii and Federal Rules of Civil Procedure.

EXHIBIT A

7

THIS REQUEST FOR PRODUCTION OF DOCUMENTS shall be deemed continuing so as to require supplemental answers if you or your attorney or your agents obtain further information between the time these answers are served and the time of trial.

## DEFINITIONS

The following words have the following meanings:

(A) "Document" or "documents" includes, without limitation, writings and printed matter of any kind and description, graphs, charts, photographs and drawings, notes and records or any oral "You" and "Your" refer to Defendant DEBORAH Y. MILLER, her agents, employees, attorneys, and other persons acting or purporting to act on her behalf.

    1. "Writing" means any tangible thing upon which is recorded any form of communication or representation, including letters, words, pictures, sounds, or symbols, or any combination thereof, by means of handwriting, typewriting, printing, photocopy in, photographing, sound recording, or any other method of recording. This definition includes, but is not limited to records, reports, papers, documents, photographs, books, letters, notes, memoranda, statements, tape recordings, phonographs recordings, and microfilm, whether in your possession or under your control or not, relating to or pertaining in any way to the subject in connection with which is used; and includes, without limitation, all file copies and drafts prepared with such writing whether used or not.

    2. The term "document (s)" means and includes any and all:

      a. Tangible things or items, whether handwritten, typed, printed, tape recorded, electronically recorded, video-taped, visually reproduced, stenographically reproduced or reproduced in any other manner;

      b. Originals and all copies of any and all communications;

c. Writings of any kind or type whatsoever;

d. Books and pamphlets;

e. Microtape, microfilm, photographs, movies, recordings, tape recordings, and video-tapes, stenographically or otherwise reproduced;

f. Diaries and appointment books

g. Cables, wires, memoranda, reports, notes, minutes and interoffice communications;

h. Letters and correspondence;

I. Contracts and agreements;

j. Other legal instruments or official documents;

k. Financial statements, accounting records, worksheets, reports, schedules, ledgers, books, records and journals;

l. Investigation or incident reports;

m. Files and records;

n. Notes or summaries of conferences, meetings, discussions, interviews or telephone conversations or messages;

o. Drafts or draft copies of any of the above;

## INSTRUCTIONS

The following instructions are to be considered applicable to all demands for production of documents and things contained herein:

1. In producing these documents, you are to furnish all documents known or available to you regardless of whether these documents are possessed directly by you or your agents, employees, representatives, investigators, or by your attorneys or their agents, employees, representatives or investigators.

2. If any of these documents cannot be produced in full, produce to the extent possible, specifying your response for your inability to produce the remainder and stating whatever information, knowledge or belief you do have concerning the unproduced portion.

3. If any document covered by this Request is withheld by reason of a claim of privilege, a list is to be furnished at the time that documents are produced, identifying any such documents for which the privilege is claimed together with the following information with respect to any such document withheld:

   a. date;

   b. writer/drafter (of applicable, including "to file");

   c. recipient;

   d. any person to whom copies were furnished and the identity of any such person;

   e. general subject matter;

   f. the paragraph of this Request to which such document relates.

4. If any of the documents requested were at one time in existence, but are no longer in existence, please so state, specifying for each document or thing:

a. the type of document or thing;

b. the types of information contained thereon;

c. the date upon which it ceased to exist;

d. the circumstances under which it ceased to exist;

e. the identity of all persons having knowledge of the circumstances under which it ceased to exist; and

f. the identity of all persons having knowledge or who had knowledge of the contents thereof.

This request is a continuing one. If, after producing documents, you obtain or become aware of any further documents responsive to this Request, you are required to produce to Plaintiffs such additional documents.

Dated: Honolulu, Hawaii on September 08, 2006

                                                          Joseph R. Thames
                                                          Plaintiff

## DOCUMENTS REQUESTED TO BE PRODUCED

1. All documents, records and files to support Defendant's statement, "From time to time between November 1997 and December 1999, Defendant loaned or otherwise advanced money to Plaintiff with the understanding and agreement that Plaintiff would reimburse the same to her."

2. All documents, records and files to support Defendant's statement, "Defendant has made numerous demands that Plaintiff repay said sums to her, but Plaintiff has failed and refused to do so."

3. All documents, records, files to support Defendant's statement, that … "Plaintiff promised to include Defendant's name on title as an equal co-owner of 404A."

4. All documents, records, files to support Defendant's statement, "Defendant paid an amount of at least $20,000 in excess of her share of the aforesaid expenses; and all documents, records, files to support Defendant's statement: Plaintiff agreed to repay Defendant such excess."

5. All documents, records, files to support Defendant's statement, "That Defendant has on more than one occasion demanded that Plaintiff reimburse Defendant for said excess, and also that Plaintiff convey to her an equal share of 404A. Plaintiff has failed and refused to do so."

6. All documents, records, files to support Defendant's statement, "That Plaintiff owes Defendant a sum in excess of $20,000."

7. A list of any and all documents and business records, including all records from Julia (Julie) Coelho removed by Defendant from Plaintiff's property of 404A Kalama Street, Kailua Hawaii 96734

8. A list of any and all items removed by Defendant from Plaintiff's property of 404A Kalama Street, Kailua Hawaii 96734.

9. Any and all documents pertaining to the property of 404A Kalama Street, Kailua Hawaii 96734 in Defendant's possession, her agent's possession or under Defendant's control.

10. A comprehensive list of any and all joint property removed by Defendant from Plaintiff's property of 404A Kalama Street, Kailua Hawaii 96734.

11. A list of any and all documents regarding Joseph R. Thames.

DATED: Honolulu, Hawaii on September 8, 2006

                                                     Joseph R. Thames
                                                     Plaintiff

STATE OF HAWAII            )
HONOLULU, HAWAII           )   SS.
                           )

_____, being first duly sworn on oath, deposes and says that the foregoing answers and or responses to interrogatories and request for production are true, accurate and correct to the best of her knowledge and belief.

Subscribed and sworn to before me
This _____ day of _____, 2006

Notary Public, State of Hawaii

My Commission expires:

Joseph R. Thames
PO Box 674
Kailua, HI 96734
(808) 554-8082

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

| | |
|---|---|
| Joseph R. Thames<br>Plaintiff, | ) CIVIL NO 04-00644DAE-LEK<br>)<br>) |
| VS. | ) CERTIFICATE OF SERVICE<br>) |
| Deborah Y. Miller<br>Defendant (s) | )<br>)<br>)<br>) |

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document, Plaintiff Joseph R. Thames First Request for Production of Documents, Service was duly served on the above-identified party, Deborah Y. Miller, at the indicated address on the date shown by depositing same in the United States mail, postage prepaid.

TO:   DEBORAH Y. MILLER
      Defendant Deborah Y. Miller
      25 Maluniu Ave Ste 102
      PMB 165
      Kailua, Hawaii 96734

Dated September 8, 2006 in Honolulu, Hawaii

Joseph R. Thames
Plaintiff
Pro Se