ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 23 2007

at ___ o'clock and ___ min. ___M
SUE BEITIA, CLERK

Joseph R. Thames
P.O. Box 674
Kailua, HI 96734
(808) 554-8082

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| JOSEPH R. THAMES<br>PLAINTIFF, | ) CIVIL NO. 04-00644DAE-LEK<br>)<br>) PLAINTIFF'S MOTION |
| VS. | ) TO COMPEL RESPONSES<br>) TO PLAINTIFF'S SECOND |
| DEBORAH Y. MILLER, ET.AL.<br>DEFENDANT (s). | ) SPECIAL INTERROGATORIES<br>) AND REQUEST FOR<br>) PRODUCTION<br>)<br>) DECLARATION OF<br>) JOSEPH R. THAMES<br>) EXHIBIT A<br>)<br>) CERTIFICATE OF SERVICE<br>) |

## PLAINTIFF'S MOTION TO COMPEL RESPONSES TO PLAINTIFF'S SECOND SPECIAL INTERROGATORIES AND REQUEST FOR PRODUCTION TO DEFENDANT

COMES NOW PLAINTIFF JOSEPH R. THAMES, Plaintiff Pro Se, and hereby moves this Court for an order compelling Defendant Deborah Y. Miller to provide responses (complete and adequate) to Plaintiff's Second Set of Interrogatories and Request For Production, which were mailed to Defendant via U.S. mail, first class postage prepaid, September 15, 2006.

This motion is made pursuant to Rule 37 of the Federal Rules of Civil Procedure and is supported by the Memorandum and the Declaration of Joseph R. Thames and Exhibit attached hereto, and the records and files herein.

Deborah Y. Miller is using obstructionist conduct to comply with discovery obligations in an attempt to prevent the Plaintiff from gathering more prejudicial evidence against her and others. The Court should not allow Defendant to evade her discovery.

As a result of Defendant's prior failure to cooperate in discovery the Court cautioned the Defendant as such "The Court, however, cautions Defendant that she must comply with the Federal Rules of Civil Procedure, the Local Rules, and any deadlines set by the courts. Although pro se litigants are held to less stringent standards than those of their legal counterparts, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); Jackson v. Carey, 353 F. 3d 750, 757 (9th Cir. 2003), a litigant's pro se status cannot excuse her from complying with the procedural or substantive rules of the court. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); see also United States v. Bell, 27 F. Supp. 2d 1191, 1197 (E.D. Cal 1998). Specifically, Defendant must respond to any discovery requests that Plaintiff serves. If Defendant believes that she should not be required to respond to a particular request, for example if the request sees irrelevant information or Plaintiff's request does, not comply with the applicable rules, Defendant must raise the objection in her response and provide answers to the requests that she does not object to. In addition, Defendant may file a motion for a protective order pursuant to Federal Rule of Civil Procedure 26 (a). The Court cautions Defendant that any future failure to comply with the applicable rules regarding discovery may result in sanctions pursuant to Federal Rule of Civil Procedure 37," in Order Granting in Part and Denying

in Part Plaintiff's Motion to Compel Responses to Plaintiff's Third Special Interrogatories and Request for Production to Defendant.

Defendant has once again willfully failed to comply with the court's discovery order and the Federal Rules of Civil Procedure. Defendant's actions are willful and intentionally in violation and non-compliance of the discovery rules, court orders and the law.

Background: Plaintiff filed his original complaint on October 29, 2004. Plaintiff has amended his complaint. Numerous issues are of concern. Plaintiff and Defendant at one time lived in the same dwelling. Plaintiff claim is for money owed to which Defendant removed personal property of Plaintiff, and other matters. Defendant has been cautioned by the Court. Plaintiff has numerous times sought to for Defendant to comply with the rules and law.

Defendant's compliance is required by the Federal Rules of Civil Procedure. No excuse whatsoever has been offered by Defendant for her failure to comply with discovery obligations and with the applicable rules of procedure and orders of this court. The circumstances here favor of an award to the Plaintiff for fees incurred in bringing forth this motion, cost for the deposition, Defendant being compelled to appear for a deposition, an extension and an enlargement of Discovery Period and Deadline, Default Judgment and any and all other sanctions.

Defendant has presented and continues to present Fraud upon the Court. Plaintiff has been denied rights based on misrepresentation by Defendant to the Court. Plaintiff should have the right to discover and present the facts to the Court. Plaintiff has submitted and filed a Motion to Take Leave to Amend the Complaint which also

addresses the Defendant's fraudulent action. Further, the U.S. District Court Magistrate Judge Kobayashi made an error of fact by including the property of Apartment No. 404-A of "404/404-A Kalama Street," in "the property located at 404 Kalama Street." Further the U.S. District Court, Magistrate Judge Kobayashi made an error of law by including the property of Apartment No. 404-A of "404/404-A Kalama Street," in "the property located at 404 Kalama Street." The U.S. District Court Magistrate Judge Kobayashi made an error of fact by including the property of 404A Kalama Street in "the property located at 404 Kalama Street." Further, the U.S. District Court Magistrate Judge Kobayashi made an error of law by including the property of 404A Kalama Street in "the property located at 404 Kalama Street." The Plaintiff has the right to have his claim heard and judged on the merits of the facts.