Joseph R. Thames
P.O. Box 674
Kailua, HI 96734
(808) 554-8082

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| JOSEPH R. THAMES<br>Plaintiff,<br><br>VS.<br><br>DEBORAH Y. MILLER, ET AL<br>Defendant(s). | ) CIVIL NO. 04-00644DAE-LEK<br>)<br>) PLAINTIFF JOSEPH R. THAMES<br>) SECOND SPECIAL<br>) INTERROGATORIES<br>) AND REQUEST<br>) FOR PRODUCTION<br>) TO DEFENDANT<br>)<br>) CERTIFICATE OF SERVICE<br>)<br>) |

## PLAINTIFF JOSEPH R. THAMES SECOND SPECIAL INTERROGATORIES

## AND REQUEST FOR PRODUCTION TO DEFENDANT

TO:   DEBORAH Y. MILLER
      Defendant Deborah Y. Miller
      25 Maluniu Ave Ste 102
      PMB165
      Kailua, Hawaii 96734

   PLEASE TAKE NOTICE that Plaintiff JOSEPH R. THAMES, hereby serves upon

Defendant DEBORAH Y. MILLER, and requests that Defendant DEBORAH Y. MILLER

responds and answer the interrogatories and produce for examination, inspection and

EXHIBIT A

copying all of the following documents or items which are in her possession, custody and or control. Pursuant to Rules 26, 33, 34, and 37 of the HRCP and Rules 30, 33, 34, 36 and 37 of the Federal Rules of Civil Procedure, Plaintiff propounds the following interrogatories to Defendant to be answered under oath, in writing, within thirty (30) days from the date of service. If further space is needed for your answer/response than provided please attach additional pages which answer/response (s) identified, marked and labeled properly, appropriately and respectfully. These interrogatories are continuing in nature to the extent required by Rule 26, and 33 of HRCP and FRCP.

PLEASE TAKE NOTICE that one (1) copy of the documents must be served upon the undersigned with Thirty (30) DAYS after receipt of Plaintiff's First Set of Interrogatories and a Request for Production pursuant to Rules 33 and 34 of the Hawaii & Federal Rules of Civil Procedure.

Further, please take notice that these interrogatories and a Request for Production are continuing in nature and that any information acquired after your answers have been filed, given, and/or served upon opposing party, should, as soon as possible after its acquisition, be supplied to opposing party and filed with the court by written supplemental answers to these interrogatories and request for production.

Further, please take notice that the Plaintiff herewith serves upon you the following Request for Production of Documents in the possession, custody or control of Defendant and or any and all Defendants agents, representatives and or contractors, pursuant to Rule 26 and 34 of the HRCP and FRCP.

PLEASE TAKE NOTICE that a space has been provided for a notary seal and signature. It is requested of Defendant, that the document be signed and witnessed before a notary that the

responses/answers are true, accurate, and correct and documents produced are true, accurate, and correct of the originals to the best of your knowledge under penalty of perjury.

## DEFINITIONS

The following definitions apply to the Admissions enumerated below and are hereby incorporated therein:

1. "You" and "Your" refer to Defendant DEBORAH Y. MILLER, her agents, employees, attorneys, and other persons acting or purporting to act on her behalf.

2. "Writing" means any tangible thing upon which is recorded any form of communication or representation, including letters, words, pictures, sounds, or symbols, or any combination thereof, by means of handwriting, typewriting, printing, photocopy in, photographing, sound recording, or any other method of recording. This definition includes, but is not limited to records, reports, papers, documents, photographs, books, letters, notes, memoranda, statements, tape recordings, phonographs recordings, and microfilm, whether in your possession or under your control or not, relating to or pertaining in any way to the subject in connection with which is used; and includes, without limitation, all file copies and drafts prepared with such writing whether used or not.

3. The term "document (s)" means and includes any and all:
   a. Tangible things or items, whether handwritten, typed, printed, tape recorded, electronically recorded, video-taped, visually reproduced, stenographically reproduced or reproduced in any other manner;
   b. Originals and all copies of any and all communications;
   c. Writings of any kind or type whatsoever;

    d. Books and pamphlets;

    e. Microtape, microfilm, photographs, movies, recordings, tape, recordings, and video-tapes, stenographically or otherwise reproduced;

    f. Diaries and appointment books;

    g. Cables, wires, memoranda, reports, notes, minutes and interoffice communications;

    h. Letters and correspondence;

    i. Contracts and agreements;

    j. Other legal instruments or official documents;

    k. Financial statements, accounting records, worksheets, reports, schedules, ledgers, books, records and journals;

    l. Investigation or incident reports;

    m. Files and records;

    n. Notes or summaries of conferences, meeting, discussions, interviews or telephone conversations or messages;

    o. Drafts or draft copies of any of the above;

4. "Document" or "documents" includes, without limitation, writings, and printed matter of any kind and description, graphs, charts, photographs and drawings, notes and records or any oral communications, and recordings (tape, disc, or other) of oral communications and other recordings in whatever form.

5. "Identify" or "identify" as used with respect to a person means to state the

person's full name and present address and his present or last known employment position and business affiliation if a natural person. "Identify" or "identify when used in reference to a document means to state the following as to each document:

   a. Its nature and contents;

   b. Its date;

   c. The date is was executed if different from the date it bears;

   d. The name, address, and position of its author or signer;

   e. The name address and position of it addressee, if any;

6. "You" or "Your" shall mean the party to whom these interrogatories are addresses and her representatives' attorneys, experts, investigators, insurers, consultants. Or anyone acting on behalf of the foregoing.

7. "Person" shall include any individual, sole proprietorship, partnership, corporation or association.

8. The male gender includes the female gender and the singular noun or pronoun includes the plural.

If you consider any document called for in these interrogatories to be privileged from production, then you must include in your response a list of document withheld from production identifying each document by date, addressee, author, title and subject matter. In addition, you should identify those persons who have seen the document or who were sent copies. Finally, you should state the ground(s) upon which each such document is considered privilege.

This Request For Production of Documents and/or Interrogatories shall be deemed continuing so as to require supplemental answers if you or your attorney or your agents obtain further information between the time these answers are served and the time of trial.

## INSTRUCTIONS

The following instructions are to be considered applicable to all demands for production of documents and thing contained herein:

1. In producing these documents, you are to furnish all documents known or available to you regardless of whether These documents are possessed directly by you or your agents, employees, representatives, investigators, or by your attorneys or their agents, employee, representatives or investigators.

2. If any of these documents cannot be produced in full, produce to the extent possible, specifying your response for your inability to produce the remainder and stating whatsoever information, knowledge or belief you do have concerning the unproduced portion.

3. If any document covered by this Request is withheld by reason of a claim of privilege, a list is to be furnished at the time that documents are produced, identifying any such documents for which the privilege is claimed together with the following information with respect to any such document withheld:
    a. date;
    b. writer/drafter (of applicable, including "to file");
    c. recipient;
    d. any person to whom copies were furnished an the identity of any such person;
    e. general subject matter;
    f. the paragraph of this Request to which such document relates.

4. If any of the documents requested were at one time in existence, but are no longer in existence, please so state, specifying for each document of thing:
    a. the type of document or thing;
    b. the types of information contained thereon;
    c. the date upon which it ceased to exist;
    d. the circumstances under which it ceased to exist;
    e. the identity of all persons having knowledge of the circumstances under which it ceased to exist, and

   f. the identity of all persons having knowledge or who had knowledge of the contents thereof.

This request is a continuing one. If, after producing documents, you obtain or become aware of any further documents responsive to this Request, you are required to produce to Plaintiffs such additional documents.

## FURTHER FOR REQUEST FOR PRODUCTION OF DOCUMENTS

  Pursuant to Rules 26, 33, 34, and 37 of the HRCP and Rules 26, 30, 33, 34, 36 and 37 of the Federal Rules of Civil Procedure. Plaintiff propounds the following questions to Defendant to be answered under oath. These questions are continuing in nature to the extent required by Rule 26, 34, and 37 of the HRCP and Rule 26, 30, 33, 34, 36, 37 of the Federal Rules of Civil Procedure. As well, it will not be acceptable to not respond seeking responses to the effect of being evasive and or uncooperative.

  Please take notice that these interrogatives are and request for production are propounded pursuant to Rule 26, 34, and 37 of the HRCP and Rule 33 and 34 of the Federal Rules of Civil Procedure an should be answered under oath.

  Further, please take notice that these interrogatories and a request for production are continuing in nature and that any information acquired after your answers have been given, should, as soon as possible after its acquisition, be supplied to opposing party and filed with the court by written supplemental answers to these questions and requests for production.

Further, please take notice that the Plaintiff herewith serves upon you the following Request for Production of Documents in the possession, custody or control of Defendant and or any and all Defendants agents, and or contractors, pursuant to Rule 26, 34, and 37 of the HRCP and FRCP.

You are requested to produce and permit the Plaintiff, or someone acting on its behalf, to inspect and copy the following documents and answer including but not limited to such questions.

Dated: Honolulu, Hawaii on September 15, 2006

Joseph R. Thames
Plaintiff
Pro Se

| | |
|---|---|
| STATE OF HAWAII | ) |
| HONOLULU, HAWAII | )  SS. |
| | ) |

_____, being first duly sworn on oath, deposes and says that the foregoing answers and or responses to interrogatories and request for production are true, accurate and correct to the best of her knowledge and belief.

_____

Subscribed and sworn to before me
This \_\_\_\_\_ day of _____, 2006

Notary Public, State of Hawaii

My Commission expires:

PERMISSION TO COPY DENIED, HRS 606.13, etc.                                    15

1   A.   No. That's -- no. No. I moved out in
2   October and I came back and I stayed -- I moved in and out
3   of there so often, the last time he physically put his hands
4   on me is when I was gone for good. And that was in
5   November.
6   Q.   Isn't it a fact that the message he left with
7   your mother was that all he was going to do was to report
8   you and your friend Julie to the police department for fraud?
9   A.   No. That is not true.
10  Q.   Isn't it a fact that you have money of his?
11  A.   No. That is not true.
12  Q.   You've got twelve thousand from him which you
    put into a home that is -- you put in your name only. Isn't
    that true?
    A.   But I don't -- I don't have -- I mean, he -- I
    wanted to -- I talked to you -- I wanted -- he wanted -- I
    wanted to buy the house, he gave me the money.
        I'm willing -- and he knows this -- to sell that house
    and give -- at this point, I don't even want the house. I
    would sell it and give him his money back just so that he
    would leave me alone and don't have any contact with me. I
    don't want anything to do with this house. I will sell the
    house just so I won't have to go -- he just wants -- he
    would love for me to hold on to that house so he could
    continue to have control over me.

Exhibit 1            (1)                                    10
                        16

PERMISSION TO COPY DENIED, HRS 606.13, etc.

Q      Isn't it --

A      I don't care about the house anymore. I will get rid of the house.

Q      Isn't it a fact that you and he have substantial monies which belong to him that you have to deal with?

A      No. That is not true.

Q      But you do acknowledge the twelve thousand that he gave to you that you put into a house which is in your name only?

A      Yes. And he knew it was in my name. He could have changed that at any time. He was there when I closed on the house. He was there -- he -- he -- he loaned me the money.

And that -- like I said, I was going to put his -- I was -- still was willing to put him on as joint tenant because he did loan me the money. But at this point, because of the physical abuse and the things that he doing -- he's doing to me, I'm willing to sell the house, your Honor --

Q      Isn't it a fact --

A      -- so that I can give this man his money back.

Q      -- that there was no complaints of physical abuse until he told you that if he couldn't get his money back he was reporting you and --

(2)

17

11

PERMISSION TO COPY DENIED, HRS 606.13, etc.

    A.     No. That is not true.

    Q.     -- your realtor friend --

    A.     No. That is not true. You can call the Kailua Police Department and find that that is not true, because they have come out to 404 A a number -- on a number of occasions.

    Q.     But you did state he left a message with your mother on November 19th that he was going --

    A.     No. He talked with my mother.

    Q.     -- to -- he was going to put you in jail. Isn't that true?

    A.     He told my mother that he was going to put me in prison or jail and that he was going to have me taken care of and nobody would ever find out what happened to me. That's what he told my mom. Yes. That's what my mother told me that he said. I don't think my mother would lie.

    He calls my mother and harasses -- threatens me all the time. That's not the first time he's called my mother and threatened me.

    Q.     Are you willing to deal with the financial matters between the two of you --

    A.     Yes. I'm willing to sell the house and give him his money back. Yes. I am.

    Q.     Are -- are you willing to deal with the financial matters between the two of you? You're not asking

(3)  18

12

PERMISSION TO COPY DENIED, HRS 606.13, etc.

18

1  the Court to restrain him from proceeding with -- with legal
2  rights that he has a right to proceed with, are you?
3      A.   I want a re -- I want a restraining order
4  against Mr. Thames, because I do not want him to be coming
5  to where I work, I do not want to be walking in parking lots
6  wondering if he's going to be standing there and him calling
7  me and harassing me at all times.
8      Now, this house come June, I can put his name on it or
9  sell it. And that's what I'm willing to do.
10     Q.   And you've heard he doesn't have a problem
11 with not being around you, he's got a problem with not being
12 able to proceed with the legal remedies --
13     A.   I -- well, they're going to --
14     Q.   -- that he has a right to proceed with.
15     A.   -- they're going to put a provision in the
16 restraining order where he can do that.
17     Q.   But not until June of next year?
18     A.   Yeah. He can't do anything until June anyway.
19     Q.   Is --
20     A.   Because the -- the mortgage is in my name, and
21 for a year nothing can be done. He knows that, he told me
22 that. When I initially wanted to put his name on the house
23 when we were still friends, he said, you can't do anything
24 for a year.
25          MS. MELVIN:   I have no further questions at

(4)  19

13

RMISSION TO COPY DENIED, HRS 606.13, etc.                    19

this time, your Honor.

        THE COURT:  Redirect.  You have any other ques -- any other thing you want to tell the Court?  Anything else you want to say?

        MS. MILLER:  (No audible response).

        THE COURT:  Thank you.

Ms. Melvin, then your first witness.

        MS. MELVIN:  Okay.

Your Honor, at this time, I would again like to repeat my request to continue on the basis that she has now changed the date that she is claiming that all of this happened.  We could account for -- for the week that she said.  We could account for and now we have a new week to account for and we would need to -- to get witnesses to cover that week.

        THE COURT:  Request denied.  Today is the day for trial.

You may proceed with calling of a witness.

        MS. MELVIN:  Thank you.

I'll call the Defendant then.

        THE COURT:  Very well.

        DIRECT EXAMINATION

BY MS. MELVIN:

    Q.    Are you currently disabled?

    A.    Yes. I am.

    Q.    How long have you been disabled?

(5)

20

14

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

| | |
|---|---|
| JOSEPH R. THAMES<br>PLAINTIFF,<br><br>VS.<br><br>DEBORAH Y. MILLER, ET.AL.<br>DEFENDANT (s). | ) CIVIL NO. 04-00644DAE-LEK<br>)<br>)<br>) CERTIFICATE OF SERVICE<br>)<br>)<br>)<br>) |

## CERTIFICATE OF SERVICE

This is to certify that the undersigned, Joseph R. Thames, Plaintiff Pro Se, has this date served Plaintiff Joseph R. Thames Second Special Interrogatories and Request for Production in the above captioned acting upon all parties to this cause by depositing the original and/or a copy thereof, postage prepaid, in the United States mail, addressed to the Defendant.

SERVED:

DEBORAH Y. MILLER
Defendant Deborah Y. Miller
25 Maluniu Ave Ste 102
PMB165
Kailua, Hawaii 96734

Dated: Honolulu, Hawaii on September 15, 2006

Joseph R. Thames
Plaintiff
Pro Se

15