Joseph R. Thames
P.O. Box 674
Kailua, HI 96734
(808) 554-8082

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| JOSEPH R. THAMES<br>Plaintiff, | ) CIVIL NO. 04-00644DAE-LEK<br>)<br>) PLAINTIFF JOSEPH R. THAMES |
| VS. | ) FIRST SET OF<br>) INTERROGATORIES |
| DEBORAH Y. MILLER, et al.<br>Defendant (s). | ) AND A REQUEST<br>) FOR PRODUCTION<br>) TO DEFENDANT;<br>)<br>) CERTIFICATE OF SERVICE<br>) |

## PLAINTIFF JOSEPH R. THAMES FIRST SET OF INTERROGATORIES

## AND A REQUEST FOR PRODUCTION TO DEFENDANT

TO:   DEBORAH Y. MILLER
Defendant Deborah Y. Miller
25 Maluniu Ave Ste 102
PMB165
Kailua, Hawaii 96734

PLEASE TAKE NOTICE that Plaintiff JOSEPH R. THAMES, hereby serves

upon Defendant DEBORAH Y. MILLER, and requests that Defendant

DEBORAH Y. MILLER responds and answer the interrogatories and produce for

examination, inspection and copying all of the following documents or items

which are in her possession, custody and or control. Pursuant to Rules 26, 33, 34,

and 37 of the HRCP and Rules 26, 30, 33, 34, 36 and 37 of the Federal Rules of

Civil Procedure, Plaintiff propounds the following interrogatories to

EXHIBIT A

Defendant to be answered under oath, in writing, within thirty (30) days from the date of service. If further space is needed for your answer/response than provided please attach additional pages which answer/response (s) identified, marked and labeled properly, appropriately and respectfully. These interrogatories are continuing in nature to the extent required by Rule 26, and 33 of HRCP & FRCP.

PLEASE TAKE NOTICE that one (1) copy of the documents must be served upon the undersigned with Thirty (30) DAYS after receipt of Plaintiff's First Set of Interrogatories and a Request for Production pursuant to Rules 33 and 34 of the Hawaii and Federal Rules of Civil Procedure.

Further, please take notice that these interrogatories and a request for production are continuing in nature and that any information acquired after your answers have been filed and served upon opposing party, should, as soon as possible after its acquisition, be supplied to opposing party and filed with the court by written supplemental answers to these interrogatories and requests for production.

Further, please take notice that the Plaintiff herewith serves upon you the following Request for Production of Documents in the possession, custody or control of Defendant and or any and all Defendants agents, representatives and or contractors, pursuant to Rule 26 and 34 of the HRCP and FRCP.

<u>DEFINITIONS</u>

The following words have the following meanings:

(A) "Document" or "documents" includes, without limitation, writings and printed matter of any kind and description, graphs, charts, photographs and drawings, notes and records or any oral

2
8

communications, and recordings (tape, disc, or other) of oral communications and other recordings in whatever form.

If you consider any document called for in these interrogatories to be privileged from production, then you must include in your response a list of documents withheld from production, identifying each document by date, addressee, author, title and subject matter. In addition, you should identify those persons who have seen the document or who were sent copies. Finally, you should state the ground(s) upon which each such document is considered privilege.

(B) "Identify" or "identify" as used with respect to a person means to state the person's full name and present address and his present or last known employment position and business affiliation if a natural person. "Identify" or "identify" when used in reference to a document means to state the following as to each document:

    a.  Its nature and contents;

    b.  Its date;

    c.  The date it was executed if different from the date it bears;

    d.  The name, address and position of its author or signer;

    e.  The name, address and position of its addressee, if any;

    f.  Its present location and the name, present address and position of the person or persons having present custody; and

    g.  Whether it has been destroyed, and if so, with regard to such destruction;

        (i)  the date of destruction;

        (ii)  the reason for destruction; and

3

9

(iii) the identity of the person who destroyed the

document.

(C) "You" or "Your" shall mean the party to whom these interrogatories are addressed and his representatives' attorneys, experts, investigators, insurers, consultants, or anyone acting on behalf of the foregoing.

(D) "Person" shall include any individual, sole proprietorship, partnership, corporation or association.

(E) The male gender includes the female gender and the singular noun or pronoun includes the plural.

THIS REQUEST FOR PRODUCTION OF DOCUMENTS shall be deemed continuing so as to require supplemental answers if you or your attorney or your agents obtain further information between the time these answers are served and the time of trial.

## DEFINITIONS

The following definitions apply to the Request for Documents enumerated below and are hereby incorporated therein:

1.  "You" and "Your" refer to Defendant Deborah Y. Miller, her agents, employees, attorneys, and other persons acting or purporting to act on its behalf.

2.   "Writing" means any tangible thing upon which is recorded any form of communication or representation, including letters, words, pictures, sounds, or symbols, or any combination thereof, by means of handwriting, typewriting, printing, photocopying, photographing, sound recording, or any other method of recording.  This definition includes, but not limited to records, reports, papers, documents, photographs, books, letters, notes, memoranda, statements, tape recordings, phonograph recordings, and microfilm, whether in your possession or

4

10

under your control or not, relating to or pertaining in any way to the subject in connection with which it is used; and includes, without limitation, all file copies and drafts prepared with such writing whether used or not.

3. The term "document(s)" means and includes any and all:

   a. Tangible things or items, whether handwritten, typed, printed, tape recorded, electronically recorded, video-taped, visually reproduced, stenographically reproduced or reproduced in any other manner;

   b. Originals and all copies of any and all communications;

   c. Writings of any kind or type whatsoever;

   d. Books and pamphlets;

   e. Microtape, microfilm, photographs, movies, recordings, tape recordings, and video-tapes, stenographically or otherwise reproduced;

   f. Diaries and appointment books;

   g. Cables, wires, memoranda, reports, notes, minutes and interoffice communications;

   h. Letters and correspondence;

   i. Contracts and agreements;

   j. Other legal instruments or official documents;

   k. Financial statements, accounting records, worksheets, reports, schedules, ledgers, books, records and journals;

   l. Investigation or incident reports;

   m. Files and records;

   n. Notes or summaries of conferences, meetings, discussions, interviews or telephone conversations or messages;

   o. Drafts or draft copies of any of the above;

5

11

## INSTRUCTIONS

The following instructions are to be considered applicable to all demands for production of documents and things contained herein:

1. In producing these documents, you are to furnish all documents known or available to you regardless of whether these documents are possessed directly by you or your agents, employees, representatives, investigators, or by your attorneys or their agents, employees, representatives or investigators.

2. If any of these documents cannot be produced in full, produce to the extent possible, specifying your response for your inability to produce the remainder and stating whatsoever information, knowledge or belief you do have concerning the unproduced portion.

3. If any document covered by this Request is withheld by reason of a claim of privilege, a list is to be furnished at the time that documents are produced, identifying any such documents for which the privilege is claimed together with the following information with respect to any such document withheld:

   a. date;

   b. writer/drafter (of applicable, including "to file");

   c. recipient;

   d. any person to whom copies were furnished and the identify of any such person;

   e. general subject matter;

   f. the paragraph of this Request to which such document relates.

6

12

4. If any of the documents requested were at one time in existence, but are no longer in existence, please so state, specifying for each document or thing:

    a. the type of document or thing;

    b. the types of information contained thereon;

    c. the date upon which it ceased to exist;

    d. the circumstances under which it ceased to exist;

    e. the identity of all persons having knowledge of the circumstances under which it ceased to exist, and

    f. the identity of all persons having knowledge or who had knowledge of the contents thereof.

This request is a continuing one. If, after producing documents, you obtain or become aware of any further documents responsive to this Request, you are required to produce to Plaintiffs such additional documents.

## FURTHER FOR REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26, 34 and 37 of the HRCP and Rules 30, 33, 34, 36 and 37 of the Federal Rules of Civil Procedure, Plaintiff propounds the following questions to Defendant to be answered under oath. These questions are continuing in nature to the extent required by Rule 26, 34 and 37 of the HRCP and Rule 30, 33, 34, 36 and 37 of the Federal Rules of Civil Procedure. As well it will not be acceptable to not respond seeking responses to the effect of being evasive and or uncooperative.

Please take notice that these interrogatories are and request for production are propounded pursuant to Rule 26, 34 and 37 of the HRCP

7

13

and Rule 33 and 34 of the Federal Rules of Civil Procedure and should be answered under oath.

Further, please take notice that these interrogatives and requests for production are continuing in nature and that any information acquired after your answers have been given, should, as soon as possible after is acquisition, be supplied to opposing party and filed with the court by written supplemental answers to these questions and requests for production.

Further, please take notice that the Plaintiff herewith serves upon you the following Request for Production of Documents in the possession, custody or control of Defendant and or any and all Defendants agents and or contractors, pursuant to Rule 26, 34 and 37 of the HRCP and FRCP.

You are requested to produce and permit the Plaintiff, or someone acting on its behalf, to inspect and copy the following documents and answer including but not limited to such questions.

Dated: Honolulu, Hawaii on September 1, 2006

Joseph R. Thames
Plaintiff

8

14

## INTERROGATORIES AND REQUEST FOR PRODUCTION

1. Please state, identify, list, and describe all individuals, persons, people, organizations, corporations, and businesses who have knowledge of the subject real estate transaction of this action and please state, identify, describe, and list each separately and respectful with such knowledge.

RESPONSE:

Request For Production of Documents No. 1:       Please produce any and all documents which support your answer to Interrogatory/Question No. 1.

2. Please state, identify, describe and list where and who, the source, did you receive the funds for the transaction of the purchase of the property of 404 Kalama Street, Kailua, Hawaii, subject property of this action and what payments/funds/money did you make and or receive as a result of the subject transaction and subject action, and

9
15

what were the circumstances of the payments/receipts of funds/money to include but not limited to wage statements and income tax returns.

RESPONSE:

a. Please state, identify, list and describe (any and all) with specificity the amount of exchange of funds, money and or payments and the reason, purpose for exchange of funds, money and or payments made by Plaintiff to you and by you to Plaintiff, (to include but not limited to the date on which Plaintiff made such exchange of funds, money and or payments to you from Plaintiff and/or from you to Plaintiff, and please identify, list and describe all documents that support your response.

RESPONSE:

b. Please state, identify, list and describe with specificity the facts, events, and circumstances known by you or to you surrounding the any and all real estate transactions of the subject property of 404 Kalama Street, Kailua, Hawaii to include but not limited to the purchase of the property of 404 Kalama Street, Kailua, Hawaii and described, and identify all documents that support your response.

RESPONSE:

c. Please state, identify, list and describe with specificity the facts that regarding obtaining any and all mortgage(s) for the purchase and or refinancing subject property, the subject property of this litigation and action; to include the names, addresses and telephone numbers of who know of and or involved with the obtaining of any and all mortgage(s) for subject property of this action and identify all documents that support your response (to include but not limited to mortgage brokers, loan officers).

RESPONSE:

Request For Production of Documents No. 2:  Please produce any and all documents which support your answer to Interrogatory/Question No. 2.

3.  Please state, identify, list and describe with specificity the facts and circumstances, and any and all instances, in which any document(s) were modified, altered, amended, or changed with and·or without your knowledge or acquiescence, state how each was modified, altered, amended, or changed, and identify, list and describe all documents that support your response.

RESPONSE:

12

18

Request For Production of Documents No. 3:  Please produce any and all documents which support your answer to Interrogatory/Question No. 3.

4.  Please state, identify, list and describe any and all documents pertaining to the property of 404A Kalama Street, Kailua, Hawaii 96734 in Defendant's possession, her agent's possession or under Defendant's control.

RESPONSE:

Request For Production of Documents No. 4:  Please produce any and all documents which support your answer to Interrogatory/Question No. 4.

5. Please state, identify, list (provide a comprehensive list of) and describe any and all joint property removed by defendant from Plaintiff's property of 404A Kalama Street, Kailua Hawaii 96734.

RESPONSE:

Request For Production of Documents No. 5:   Please produce any and all documents which support your answer to Interrogatory/Question No. 5.

6.  Please state, identify, list and describe any and all documents regarding Joseph R. Thames.

RESPONSE:

Request For Production of Documents No. 6:            Please produce any and all documents which support your answer to Interrogatory/Question No. 6.

7. Please state, identify, list and describe any and all real estate transactions to which you have are and have been involved with, any and all real estate transactions you are and have been involved you, defendant and Julia . Coelho, any and all real estate transactions which involved you - the defendant, Julia F. Coelho, and plaintiff - Joseph R. Thames; and please state, identify, list and describe any and all other real estate transactions you have been involved with.

RESPONSE:

Request For Production of Documents No. 7: Please produce any and all documents which support your answer to Interrogatory/Question No. 7.

15

21

8. Please state, identify, list and describe your relationship with Julia F. Coelho, how long you have known Julia F. Coelho, and the terms and time period of each and every relationship.

RESPONSE:

Request For Production of Documents No. 8: Please produce any and all documents which support your answer to Interrogatory/Question No. 8.

9. Please state, identify, list and describe any and all documents and business records, including all records from Julia (Julie) Coelho removed by Defendant from Plaintiff's property of 404A Kalama Street, Kailua Hawaii 96734.

RESPONSE:

22

Request For Production of Documents No. 9:  Please produce any and all documents which support your answer to Interrogatory/Question No. 9.

10.  Please state, identify, list and describe any and all items removed by Defendant from Plaintiff's property of 404A Kalama Street, Kailua Hawaii 96734.

RESPONSE:

Request For Production of Documents No. 10:  Please produce any and all documents which support your answer to Interrogatory/Question No. 10.

17

23

11. Please state, identify, list and describe any and all times you have contacted the police concerning the property of 404 Kalama Street, Kailua Hawaii, the subject property of the action and litigation and or 404A Kalama Street, Kailua Hawaii, times you know of and or heard of the police being contacted concerning the property of 404 Kalama Street, Kailua Hawaii, the subject property of the action and litigation and or 404A Kalama Street, Kailua Hawaii, the times the police came to the property of 404 Kalama Street, Kailua Hawaii, the subject property of the action and litigation and or 404A Kalama Street, Kailua Hawaii, circumstances, events, dates, times names of the officers, the outcomes, individual and or people involved, name, telephone number, and address.

RESPONSE:

Request For Production of Documents No. 11: Please produce any and all documents which support your answer to Interrogatory/Question No. 11.

/8

24

12. Please state, identify, list and describe each expert witness you intend to rely on and what the basis and the experts' background is to include but not limited to: Identify each and every person whom you expect to call as an expert witness at the trial of this action; for each person identified state the subject matter on which the expert is expected to testify; the substance of the facts and the opinions to which the expert is expected to testify; a summary of the grounds for each opinion; identify all experts you expect to call at trial, and for each state his occupation and specialty, describe his qualifications, and state the subject matter on which he is expected to testify, the substance of the facts and opinions to which each expert is expected to testify, and a summary of the grounds for each opinion.

RESPONSE:

25

Request For Production of Documents No. 12:  Please produce any and all documents which support your answer to Interrogatory/Question No. 12.

13.  Please state, list, identify and describe any and all statement(s) that have been made by you or that you are aware of related to this subject lawsuit, action, subject complaint, subject claim and the subject property of 404 Kalama Street and the property of 404A Kalama Street, Kailua Hawaii; to include have you, defendant, made a statement concerning this action or its subject matter to defendant or his attorneys or agents?  [For purposes of this question, a statement is either (1) a written statement signed or otherwise adopted or approved by defendant, or (2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by defendant and contemporaneously recorded;] and for each statement made, state:

  (1)  The names and addresses of all persons present when the statement was made;

20

26

(2)   The location of defendant and the persons identified above when the statement was made;

(3)   The date the statement was made; and

(4)   The name and address of the person having custody of such statement.

RESPONSE:

Request For Production of Documents No. 13:  Please produce any and all documents which support your answer to Interrogatory/Question No. 13.

14.  Please state, list, identify and describe if defendant or his agents or attorneys has obtained any statements from any person concerning this action or its subject matter, state:  [For purposes of this question, a statement is either (1) a written statement signed or otherwise adopted or approved, or (2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement and contemporaneously recorded;]

21

(1)  The name and addresses of all persons from whom a statement was taken;

(2)  The names and addresses of all persons present when the statement was made;

(3)  The location of defendant and the persons identified above when the statement was made; and

(4)  The date the statement was made; and

(5)  The name and address of the person having custody of such statement.

RESPONSE:

Request For Production of Documents No. 14:  Please produce any and all documents which support your answer to Interrogatory/Question No. 14.

15.  Please state, list, identify and describe if you claim that your statements or any former statements are protected by a privilege, either absolute or qualified, state the privilege and all facts which support its application in this case.

RESPONSE:

22
28

Request For Production of Documents No. 15:  Please produce any and all documents which support your answer to Interrogatory/Question No. 15.

16.  Please state, list, identify and describe whether you or a representative of your organization made any oral or written report or gave any other notice concerning any occurrences complained of in this action to any individual, grouping, organization, agency, etc..., and if so, for each report or notification, identify the person to whom it was given, state whether it was written or oral, and describe the contents of the report or notification.

RESPONSE:

Request For Production of Documents No. 16:  Please produce any and all documents which support your answer to Interrogatory/Question No. 16.

17.  Please state, list, identify and describe whether you made a and or any report(s) or a and or any notification(s) in any matter pertaining to Plaintiff, and if so, state the subject matter of each report, the identity of any other person who made any notation in it, whether an alteration to the report or notation was ever made along with the dates and reasons for the alteration, and the identity of the person who has custody of the reports or records.

RESPONSE:

Request For Production of Documents No. 17:  Please produce any and all documents which support your answer to Interrogatory/Question No. 17.

24

30

18.  Please state, list, identify and describe any and all statement(s) or reports obtained by you or on your behalf from any person concerning any matter relating to this action.

RESPONSE:

Request For Production of Documents No. 18:    Please produce any and all documents which support your answer to Interrogatory/Question No. 18.

19.  Please state, list, identify and describe any person known to you who has knowledge or information concerning the subject matter of this case whose identity is not listed at any other point in your response to these questions.

RESPONSE:

25

31

Request For Production of Documents No. 19:  Please produce any and all documents which support your answer to Interrogatory/Question No. 19.

20.  Please state, list, identify and describe any additional information known to you concerning the subject matter of this case whose identity is not listed at any other point in your response to these questions.

RESPONSE:

Request For Production of Documents No. 20:  Please produce any and all documents which support your answer to Interrogatory/Question No. 20.

26
32

## DOCUMENTS REQUESTED TO BE PRODUCED

Request For Production of Documents No. 21:  Please produce any and all
(actual) computer equipment (hardware, software, and documents) and any
and all electronic devices and documents which were used in the real
estate transaction for the purchase of the subject property of this
action and the subject complaint.

Request for Production of Documents No. 22:  Please produce all documents that refer to, relate to, or evidence to the purchase of any and all property of any and all lawsuit(s).

Request for Production of Documents No. 23:  All documents identified in, referenced or referred to in response to any of the foregoing Interrogatories.

Request for Production of Documents No. 24:  All documents that refer to, relate to, or evidence to the purchase of property subject any and all past, present and or future legal action, including but not limited to for purchase, lease, rental etc…(any and

all real estate transactions) to include but not limited to bids, proposals, agreements, contracts, correspondence, notes, estimates, appraisals, and other documents.

Request For Production of Documents No. 25:  The curriculum vitae of each expert witness whom you expect to testify on your behalf at a trial in this matter.

Request For Production of Documents No. 26:  All documents that refer to, relate to, or evidence any evaluation, analysis, study or test conducted by any expert witness you expect to testify on your behalf at a trial of this matter, and the results of any such evaluation, analysis, study or test.

Request For Production of Documents No. 27:  All documents that refer to, or evidence repairs that will be made or were made to the house including without limitation any receipts, bids, estimates, reports, offers, proposals, contracts, or canceled checks.

Request For Production of Documents No. 28:  All documents that refer to, relate to, or evidence any communications between you and Plaintiff, including but not limited to contracts, correspondence, notes, bills, reports, evaluations, or other documents.

3D
36

Request For Production of Documents No. 29:  All written communications made by you or anyone on your behalf regarding the subject matter of this litigation.

Request For Production of Documents No. 30:  All documents that refer to, relate to, or evidence of the purchase, or the settlement or closing of the purchase, of the house and/or the real property (in this litigation) on which it sits.

Request For Production of Documents No. 31:  All photographs, drawings, or videotapes in your possession or of which you are aware relating to the subject matter of this litigation.

Request for Production of Documents No. 32: All documents, records, and files to support Defendant's statement "Plaintiff promised to include Defendant's name on title as an equal co-owner of 404A."

Request for Production of Documents No. 33: All documents records, files, to support Defendant's statement " Defendant paid more than $20,000 in excess of her share of the aforesaid expenses, and Plaintiff agreed to repay Defendant such excess."

Request for Production of Documents No. 34: All documents, records, files to support Defendant's statement " Defendant has on more that one occasion demanded that Plaintiff reimburse Defendant for said excess, and also that Plaintiff convey to her an equal share of 404A. Plaintiff has failed and refused to do so.

Request for Production of Documents No. 35: All documents, records, files to support Defendant's statement " If Defendant agreed to convey the subject property to Plaintiff, such agreement is void because it was involuntary on Defendant's part and was the result of coercion by Plaintiff."

Request for Production of Documents No. 36:  All documents, records, files to support Defendant's statement "Plaintiff promised to include Defendant's name on title as an equal co-owner of 404A"

Request for Production of Documents No. 37:  All documents, records, files to support Defendant's statement "Defendant paid more than $20,000 in excess of her share of the aforesaid expenses, and Plaintiff agreed to repay Defendant such excess."

Request for Production of Documents No. 38:  All documents, records, files to support Defendant's statement "Defendant has on more that one occasion demanded that Plaintiff reimburse Defendant for said excess, and also that Plaintiff convey to her an equal share of 404A. Plaintiff has failed and refused to do so.

Request for Production of Documents No. 39: All documents, records, files to support Defendant's statement "Plaintiff owes Defendant a sum in excess of $20,000."

Request for Production of Documents No. 40: All documents, records, files to support Defendant's statement "Plaintiff physically assaulted and threatened bodily harm to Defendant. Plaintiff caused his friends and associates to stalk Defendant and to annoy and harass her."

Request for Production of Documents No. 41:  All documents, records and files to support Defendant's statement. "Defendant has in fact suffered mental suffering and emotional distress."

Dated: Honolulu, Hawaii on September 8, 2006

Joseph R. Thames
Plaintiff

42

STATE OF HAWAII                              )
HONOLULU, HAWAII                             )          SS.
                                            )


_____, being first duly sworn on oath,
deposes and says that the foregoing answers and or responses to interrogatories
and request for production are true, accurate and correct to the best of her
knowledge and belief.




_____


Subscribed and sworn to before me
This _____ day of _____, 2006




Notary Public, State of Hawaii

My Commission expires:

43

Joseph R. Thames
P.O. Box 674
Kailua, HI 96734
(808) 554-8082

## IN THE UNITED STATES DISRTICT COURT

## DISTRICT OF HAWAII

| | |
|---|---|
| Joseph R. Thames<br>        Plaintiff, | ) CIVIL NO.  04-00644DAE-LEK<br>)<br>) |
| vs. | ) CERTIFICATE OF SERVICE<br>) |
| Deborah Y. Miller, et al.<br>        Defendant(s). | )<br>)<br>) |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document, Plaintiff Joseph R.

Thames First Set of Interrogatories and a Request For Production to Defendant,

was duly served on the above-identified party, Deborah Y. Miller, at the indicated

address on the date shown by depositing same in the United States mail, postage

prepaid.


TO:    DEBORAH Y. MILLER
       Defendant Deborah Y. Miller
       25 Maluniu Ave  Ste 102
       PMB165
       Kailua, Hawaii  96734


Dated: September 7, 2006 in Honolulu, Hawaii.


                                        Joseph R. Thames
                                        Joseph R. Thames

38
44