ORIGINAL

Joseph R. Thames
P.O. Box 674
Kailua, HI 96734
(808) 554-8082

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 13 2007

at 12 o'clock and 04 min. A M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| JOSEPH R. THAMES<br>PLAINTIFF, | ) CIVIL NO. 04-00644DAE-LEK<br>)<br>) **PLAINTIFF'S** |
| VS. | ) **SUPPLEMENTAL I**<br>) **INTERMEDIATE** |
| DEBORAH Y. MILLER, ET.AL.<br>DEFENDANT (s). | ) **FINAL PRETRIAL STATEMENT**<br>)<br>) CERTIFICATE OF SERVICE<br>) |

## PLAINTIFF'S SUPPLEMENTAL INTERMEDIATE FINAL PRETRIAL STATEMENT

Now Comes Plaintiff for sound cause and good reason submits and files Plaintiff's Supplemental Intermediate Final Pretrial Statement. Again stated, Plaintiff has been prevented from prosecuting his case due to the Defendant's unjust actions. Defendant has failed, refused and or neglected to comply with discovery and the rules and the law of the Court. Defendant has also conducted a fraud on the Court. Plaintiff has been further harmed and prejudiced from prosecuting his case due to Defendant's actions. Plaintiff has filed motions to compel Defendant's deposition and other discovery. Plaintiff has filed a motion to amend Plaintiff's complaint. As well, Plaintiff has filed for a stay on the case and other motions to prevent a further injustice upon the Plaintiff. Plaintiff has filed for an extension in time to file Plaintiff's Final Pretrial Statement. Records demonstrate further ground for this extension.

Plaintiff's submits a generalization of damages seeking from Defendant. Due to Defendant's failure to cooperate, Plaintiff's can not be more than general in damages being sought. Defendant removed personal property of records, documents and files from Plaintiff's property containing the information to further specify Plaintiff's claim for damages. Plaintiff's has sought the use of subpoenas of third parties after the obvious and apparent actions of Defendant to not cooperate in discovery or efforts to resolve these matters. Due to Defendant's actions and past actions, Plaintiff has not been able to have Defendant agree and or stipulate on facts and or issues.

Defendant has been evasive. This Court has allowed Defendant to be evasive.

Generalization of Damages:

$3,290.00    The Court limited and restricted damages are owed to Plaintiff. Defendant

|  |  |
|---|---|
|  | has not offered a legal defense. Defendant defense has no merit. The monies Defendant asserts to have paid the debt with is monies of the Plaintiff. (Exhibit A – Admissions of Fact) Further, Defendant did not appear for her Deposition to address, justify or defend her position and or Defense. These damages are for household bills and loans. |
| $29,500.00 | Damages due and owed to Plaintiff for funds of Plaintiff withheld and not returned to Plaintiff by Defendant. Funds were money received by Deborah Y. Miller from funds of Joseph R. Thames entrusted and deposited with Defendant Deborah Y. Miller for expenditure in benefit of Plaintiff Joseph R. Thames. (Exhibit A) |
| $2,130.00 | Damages are for loan due, owed and not repaid to Plaintiff by Defendant. Loan was for monies loaned to Defendant for her daughter's wedding. (Exhibit A) |
| $15,900.00 | Damages from loan repaid from funds of Plaintiff Joseph R. Thames. Loan for Defendant Deborah Y. Miller was secured by $17,000 Certificate of Deposit (CD) of Plaintiff Joseph R. Thames. Loan and CD were held at Hawaii National Bank: Loan Number 059-06822 and CD #01873. Funds are due and owed to Plaintiff by Defendant. (Exhibit B) |
| $5,080.00 | Damages for bad check. Check number 0970 surrendered to Plaintiff Joseph R. Thames from Defendant Deborah Y. Miller and returned unpaid due to insufficient funds are due and owed to Plaintiff Joseph R. Thames. (Exhibit C) |
| $17,000.00 | Damages for monies owed and due to Plaintiff Joseph R. Thames from Defendant Deborah Y. Miller. Funds were money received by Deborah Y. Miller from funds of Joseph R. Thames entrusted and deposited with Defendant Deborah Y. Miller for expenditure in benefit of Plaintiff Joseph R. Thames. (Exhibit D) |
| $6,942.07 | Damages for monies owed and due to Plaintiff Joseph R. Thames from Defendant Deborah Y. Miller. Funds were money received by Deborah Y. Miller from funds of Joseph R. Thames entrusted and deposited with Defendant Deborah Y. Miller for expenditure in benefit of Plaintiff Joseph R. Thames. (Exhibit D) |
| $1,290.00 | Damages for monies owed and due to Plaintiff Joseph R. Thames from Defendant Deborah Y. Miller. Funds were money received by Deborah Y. Miller from funds of Joseph R. Thames entrusted and deposited with Defendant Deborah Y. Miller for expenditure in benefit of Plaintiff Joseph R. Thames. (Exhibit D) |
| $1,000.00 | Damages for monies owed and due to Plaintiff Joseph R. Thames from |

|  |  |
|---|---|
|  | Defendant Deborah Y. Miller. Funds were money received by Deborah Y. Miller from funds of Joseph R. Thames entrusted and deposited with Defendant Deborah Y. Miller for expenditure in benefit of Plaintiff Joseph R. Thames. (Exhibit D) |
| $3,000.00 | Damages for monies owed and due to Plaintiff Joseph R. Thames from Defendant Deborah Y. Miller. Funds were money received by Deborah Y. Miller from funds of Joseph R. Thames entrusted and deposited with Defendant Deborah Y. Miller for expenditure in benefit of Plaintiff Joseph R. Thames. (Exhibit D) |
| $6,000.00 | Damages for monies owed and due to Plaintiff Joseph R. Thames from Defendant Deborah Y. Miller. Funds were money received by Deborah Y. Miller from funds of Joseph R. Thames entrusted and deposited with Defendant Deborah Y. Miller for expenditure in benefit of Plaintiff Joseph R. Thames. (Exhibit D) |
| $6,700.00 | Damages for monies owed and due to Plaintiff Joseph R. Thames from Defendant Deborah Y. Miller. Funds were money received by Deborah Y. Miller from funds of Joseph R. Thames entrusted and deposited with Defendant Deborah Y. Miller for expenditure in benefit of Plaintiff Joseph R. Thames. (Exhibit D) |
| $16,812.35 | Damages for monies owed and due to Plaintiff Joseph R. Thames from Defendant Deborah Y. Miller. Funds were money received by Deborah Y. Miller from funds of Joseph R. Thames entrusted and deposited with Defendant Deborah Y. Miller for expenditure in benefit of Plaintiff Joseph R. Thames. (Exhibit D) |
| $500.00 | Damages for monies owed and due to Plaintiff Joseph R. Thames from Defendant Deborah Y. Miller. Funds were money received by Deborah Y. Miller from funds of Joseph R. Thames entrusted and deposited with Defendant Deborah Y. Miller for expenditure in benefit of Plaintiff Joseph R. Thames. (Exhibit D) |
| $11,050 | Damages for rent owed and due to Plaintiff Joseph R. Thames from Defendant Deborah Y. Miller. |
| $372,000.00 | Estimated damages for loss of equity. |
| $2,500.00 | Loss of value of truck. |
| $2,500.00 | Loss of value of truck. |
| $3,800.00 | Loss of value of truck. |

$420,000.00   Loss of income (estimated).
($70,000.00 X 6 years)

$300,000.00   Loss of income (estimated).
($50,000.00 X 6 years)

| | |
|---|---|
| $1,000,000.00 | Mental anxiety and anguish |
| $1,000,000.00 | Mental stress/disorder |
| Undetermined | Other damages undeterminable in generalization at this time because Defendant's illegally removed/stole items from Plaintiff's property. |
| Undetermined | Legal fees, cost and expenses. |
| Undetermined | Punitive damages. |

DATED: Honolulu, Hawaii on March 12, 2007.

Joseph R. Thames
Plaintiff

4