ORIGINAL

Joseph R. Thames
P.O. Box 674
Kailua, HI 96734
(808) 554-8082

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 1 3 2007

at __ o'clock and ___ min ___ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| JOSEPH R. THAMES<br>    PLAINTIFF,<br><br>VS.<br><br>DEBORAH Y. MILLER, ET.AL.<br>    DEFENDANT (s). | CIVIL NO. 04-00644DAE-LEK<br><br>**PLAINTIFF'S<br>OBJECTION TO DEFENDANT<br>NOT PERSONALLY AND<br>NOT PHYSICALLY APPEARING<br>AT THE FINAL PRETRIAL<br>CONFERENCE**<br><br>**CERTIFICATE OF SERVICE** |

### PLAINTIFF'S OBJECTION TO DEFENDANT NOT PERSONALLY AND NOT PHYSICALLY APPEARING AT THE FINAL PRETRIAL CONFERENCE

    Now Comes Plaintiff for sound cause and good reason submits and files Plaintiff's Objection to Defendant Not Personally and Not Physically Appearing at the Final Pretrial Conference. Plaintiff has just recently and at the last moments received the Defendant's Request For Permission To Appear Telephonically Or Reschedule Pretrial Conference. Again stated, Plaintiff has been prevented from prosecuting his case due to the Defendant's unjust actions. Defendant has failed, refused and or neglected to comply with discovery and the rules and the law of the Court. Defendant has also conducted a fraud on the Court. Plaintiff has been further harmed and prejudiced from prosecuting his case due to Defendant's actions. Plaintiff has filed motions to compel Defendant's deposition and other discovery. Plaintiff has filed a motion to amend Plaintiff's complaint. As well, Plaintiff has filed for a stay on the case and other motions to prevent a further injustice upon the Plaintiff. Plaintiff has filed for an extension in time to file Plaintiff's Final Pretrial Statement. Records demonstrate further ground for this extension.

    Due to Defendant's actions and past actions, Plaintiff has not been able to have Defendant agree and or stipulate on facts and or issues. Defendant has been evasive. This Court has allowed Defendant to be evasive.

  Plaintiff has had to return to Hawaii to prosecute this claim. For three years, Plaintiff has had to deal with this continual non-compliance by Defendant. Defendant's actions are purposely dilatory.

  This Court was quick to state to Plaintiff at previous conference that Plaintiff was at the conference because the "Court order the Plaintiff to be at the conference." This Court has

been slow and allowing of Defendant to not comply with the law and or Court orders. The rules of civil procedure have written for parties to appear.

### Rule 16. Pretrial Conferences; Scheduling; Management

(a) Pretrial Conferences; Objectives.

In any action, the court may in its discretion direct the attorneys for the parties and any unrepresented parties to appear before it for a conference or conferences before trial for such purposes as

(1) expediting the disposition of the action;

(2) establishing early and continuing control so that the case will not be protracted because of lack of management;

(3) discouraging wasteful pretrial activities;

(4) improving the quality of the trial through more thorough preparation, and;

(5) facilitating the settlement of the case.

(b) Scheduling and Planning.

Except in categories of actions exempted by district court rule as inappropriate, the district judge, or a magistrate judge when authorized by district court rule, shall, after receiving the report from the parties under Rule 26(f) or after consulting with the attorneys for the parties and any unrepresented parties by a scheduling conference, telephone, mail, or other suitable means, enter a scheduling order that limits the time

(1) to join other parties and to amend the pleadings;

(2) to file motions; and

(3) to complete discovery.

The scheduling order may also include

(4) modifications of the times for disclosures under Rules 26(a) and 26(e)(1) and of the extent of discovery to be permitted;

(5) provisions for disclosure or discovery of electronically stored information;

(6) any agreements the parties reach for asserting claims of privilege or of protection as trial-preparation material after production;

(7) the date or dates for conferences before trial, a final pretrial conference, and trial; and

(8) any other matters appropriate in the circumstances of the case.

The order shall issue as soon as practicable but in any event within 90 days after the appearance of a defendant and within 120 days after the complaint has been served on a defendant. A schedule shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge.

## (c) Subjects for Consideration at Pretrial Conferences.

At any conference under this rule consideration may be given, and the court may take appropriate action, with respect to

(1) the formulation and simplification of the issues, including the elimination of frivolous claims or defenses;

(2) the necessity or desirability of amendments to the pleadings;

(3) the possibility of obtaining admissions of fact and of documents which will avoid unnecessary proof, stipulations regarding the authenticity of documents, and advance rulings from the court on the admissibility of evidence;

(4) the avoidance of unnecessary proof and of cumulative evidence, and limitations or restrictions on the use of testimony under Rule 702 of the Federal Rules of Evidence;

(5) the appropriateness and timing of summary adjudication under Rule 56;

(6) the control and scheduling of discovery, including orders affecting disclosures and discovery pursuant to Rule 26 and Rules 29 through 37;

(7) the identification of witnesses and documents, the need and schedule for filing and exchanging pretrial briefs, and the date or dates for further conferences and for trial;

(8) the advisability of referring matters to a magistrate judge or master;

(9) settlement and the use of special procedures to assist in resolving the dispute when authorized by statute or local rule;

(10) the form and substance of the pretrial order;

(11) the disposition of pending motions;

(12) the need for adopting special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions, or unusual proof problems;

(13) an order for a separate trial pursuant to Rule 42(b) with respect to a claim, counterclaim, cross-claim, or third-party claim, or with respect to any particular issue in the case;

(14) an order directing a party or parties to present evidence early in the trial with respect to a manageable issue that could, on the evidence, be the basis for a judgment as a matter of law under Rule 50(a) or a judgment on partial findings under Rule 52(c);

(15) an order establishing a reasonable limit on the time allowed for presenting evidence; and

(16) such other matters as may facilitate the just, speedy, and inexpensive disposition of the action.

At least one of the attorneys for each party participating in any conference before trial shall have authority to enter into stipulations and to make admissions regarding all matters that the participants may reasonably anticipate may be discussed. If appropriate, the court may require that a party or its representatives be present or reasonably available by telephone in order to consider possible settlement of the dispute.

(d) Final Pretrial Conference.

Any final pretrial conference shall be held as close to the time of trial as reasonable under the circumstances. The participants at any such conference shall formulate a plan for trial, including a program for facilitating the admission of evidence. The conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties.

(e) Pretrial Orders.

After any conference held pursuant to this rule, an order shall be entered reciting the action taken. This order shall control the subsequent course of the action unless modified by a subsequent order. The order following a final pretrial conference shall be modified only to prevent manifest injustice.

(f) Sanctions.

> If a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party or party's attorney is substantially unprepared to participate in the conference, or if a party or party's attorney fails to participate in good faith, the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D). In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

Plaintiff strongly objects to Defendant not personally and not physically appearing at the Final Pretrial Conference. Plaintiff objects to Defendant's non-compliance to the law, the Federal Rules of Civil Procedures, FRCP Rule 16 and or Court Orders. Plaintiff request Sanctions for Defendant not personally and not physically appearing.

DATED: Honolulu, Hawaii on March 13, 2007.

_____
Joseph R. Thames
Plaintiff

Joseph R. Thames
P.O. Box 674
Kailua, HI 96734
(808) 554-8082

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

| | |
|---|---|
| JOSEPH R. THAMES<br>    PLAINTIFF, | ) CIVIL NO. 04-00644DAE-LEK<br>)<br>) |
| VS. | ) CERTIFICATE OF SERVICE<br>) |
| DEBORAH Y. MILLER, ET.AL.<br>    DEFENDANT (s). | )<br>)<br>) |

## CERTIFICATE OF SERVICE

This is to certify that the undersigned, Joseph R. Thames, Plaintiff Pro Se, has this date served Plaintiff's Objection to Defendant Not Personally and Not Physically Appearing for Final Pretrial Conference was duly served on the above-identified party at the indicated address on the date shown by depositing the original and/or a copy thereof, postage prepaid, in the United States mail, addressed to the Defendant.

SERVED:

Deborah Y. Miller
DEFENDANT DEBORAH Y. MILLER
25 Maluniu Ave Ste 102
PMB165
Kailua, Hawaii 96734

DATED: Honolulu, Hawaii on March 13, 2007.

Joseph R. Thames
Plaintiff