Joseph R. Thames
P.O. Box 674
Kailua, HI 96734
(808) 554-8082

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 21 2007

at _10_ o'clock and _11_ min. PM 5
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| JOSEPH R. THAMES<br>PLAINTIFF,<br><br>VS.<br><br>DEBORAH Y. MILLER, ET.AL.<br>DEFENDANT (s). | ) CIVIL NO. 04-00644DAE-LEK<br>)<br>) PLAINTIFF'S REPLY MEMORANDUM<br>) TO DEFENDANT'S RESPONSE TO<br>) PLAINTIFF'S EMERGENCY<br>) MOTION TO COMPEL<br>) DEFENDANT<br>) DEBORAH Y. MILLER<br>) TO APPEAR FOR HER DULY<br>) NOTICED DEPOSITION<br>) AND MOTION FOR SANCTIONS<br>)<br>) AFFIVADIT OF JOSEPH R. THAMES<br>) EXHIBITS A, B & C<br>)<br>) CERTIFICATE OF SERVICE<br>) |

**PLAINATIFF'S REPLY MEMORANDUM TO DEFENDANT'S RESPONSE TO
PLAINTIFF'S EMERGENCY MOTION TO COMPEL
DEFENDANT DEBORAH Y.MILLER TO APPEAR FOR
HER DULY NOTICED DEPOSITION AND MOTION FOR SANCTIONS**

Now Comes Plaintiff and replies to Defendant's Response to Plaintiff's Motion to

Compel Defendant Deborah Y. Miller to Appear for her Deposition and Motion for

Sanctions. Plaintiff addresses that Plaintiff served Plaintiff's Emergency Motion to

Compel Defendant Deborah Y. Miller to Appear for her Duly Noticed Deposition and

Motion for Sanctions on Defendant on February 20, 2007 at the address of record of the

Defendant. Defendant's stated of not receiving the Motions until Saturday March 3,

2007 lacks merit as the mailing she, the Defendant, references is forward mailing of her

control, as noted from Island Printing. For the Court to consider, late mailing of Defendant's control would be bias and prejudice to Plaintiff who properly served the documents upon the Defendant on February 20, 2007.

Plaintiff shall question Defendant concerning her arrival at the $3,290.00 calculation, figure, amount, and or number. Plaintiff shall question Defendant on the facts of where the source of the funds of the $3,290.00 came from. Plaintiff will question Defendant of the source of the funds and her calculations and arrival of the $3,290.00 and not some other number. Plaintiff will question Defendant to prove the source of the $3,290.00 came from the source of Plaintiff's funds not Defendant's funds as Defendant claims.

To address Defendant's response concerning the issue of new evidence, due to Defendant's not cooperating with discovery Plaintiff has subpoena bank records of transactions of this issue. Defendant has been evasive in providing such evidence which was under her control. Of issue, is documents, records, evidence, etc… to which Defendant removed from the property of Plaintiff and of the property of the Plaintiff. Such evidence is directly related to Plaintiff prosecuting and proving his claim. Defendant intentionally removed such documents, records, evidence, etc… from Plaintiff property. Property removed was personal property of Plaintiff Joseph R. Thames. Plaintiff has sought discovery of this information, these documents and records, and "new" evidence from Defendant. For example subpoena'd loan of Deborah Y. Miller with collateral provided by a certificate of deposit of Joseph R. Thames. (Exhibit A). Defendant has been asked numerous times in discovery for information of such loan and

collateral and to list and produce the documents, and other documents. Plaintiff's copy of the $17,000.00 co-signed collateral loan was removed from Plaintiff's property by Defendant and never returned. Copies of Plaintiff Joseph R. Thames $17,000.00 certificate of deposit was removed from Plaintiff's Properties by Defendant and never returned. Defendant has not given all documents and things relevant and pertaining to this case and Defendant has not answered every questions asked by the Plaintiff. Defendant has not answered truthfully every question asked by the Plaintiff. Defendant has not answered completely every question asked by the Plaintiff. This evidence and other evidence has been continually withheld from Plaintiff and this Court during discovery and the pretrial proceedings and this court proceeding. Such gathering of evidence from third party proves the Defendant's deceitful and untruthful intent. Defendant's actions have been and are a fraud upon the court. Defendant's have failed and or refused to disclose information, etc… Defendant has given false and misleading disclosure. Plaintiff has questions concerning the "new" evidence issue and numerous other issues to which Defendant removed documents, records, evidence, etc… from Plaintiff's property. Plaintiff has questions concerning this issue and other issues to which Defendant removed documents, records, evidence, etc… (personal property of Plaintiff Joseph R. Thames) from Plaintiff property. Plaintiff has questions concerning other similar and or related issues. Defendant has not answered such questions. Plaintiff has provided a generalization of damages to the Defendant for stipulation and a copy to the Court. Plaintiff has the legal right to question Defendant of new evidence and other relevant matters. Further, Plaintiff has the legal right to question Defendant of property of Plaintiff removed by Defendant.

Plaintiff received no objection to the deposition nor did Defendant state that she objected to the deposition before the scheduled date and time of the deposition occurred. As per the law, Defendant's objection is now mute. Defendant has continually attempted to deprive the Plaintiff of discoverable evidence and information. Defendant clearly states that she had and has no intentions to comply with the Notice of Deposition and Appear. Defendant has willfully and intentionally disregarded the law, rules, Federal Rules of Civil Procedure (FRCP), FRCP 37, Local Rules (LR), LR 37, Court Orders, etc… Although not stated to be required for depositions, the Plaintiff certifies that he has made a good faith attempt and numerous good faith attempt(s) to confer with Defendant in effort for Defendant to appear for her deposition without and before seeking court action.

### Rule 37. Failure to Make or Cooperate in Discovery; Sanctions

(a) Motion for Order Compelling Disclosure or Discovery.

A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling disclosure or discovery as follows:

### (1) Appropriate Court.

An application for an order to a party shall be made to the court in which the action is pending. An application for an order to a person who is not a party shall be made to the court in the district where the discovery is being, or is to be, taken.

### (2) Motion.

(A) If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action.

(B) If a deponent fails to answer a question propounded or submitted under Rules 30 or 31, or a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a), or a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling answer, or a designation, or an order compelling inspection in accordance with the request. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action. When taking a deposition on oral examination, the proponent of the question may complete or adjourn the examination before applying for an order.

## (3) Evasive or Incomplete Disclosure, Answer, or Response.

For purposes of this subdivision an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond.

## (4) Expenses and Sanctions.

(A) If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

(B) If the motion is denied, the court may enter any protective order authorized under Rule 26(c) and shall, after affording an opportunity to be heard, require the moving party or the attorney filing the motion or both of them to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust.

(C) If the motion is granted in part and denied in part, the court may enter any protective order authorized under Rule 26(c) and may, after affording an opportunity to be heard, apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner.

(b) Failure to comply with order.

### (1) Sanctions by Court in District Where Deposition is Taken.

If a deponent fails to be sworn or to answer a question after being directed to do so by the court in the district in which the deposition is being taken, the failure may be considered a contempt of that court.

### (2) Sanctions by Court in Which Action Is Pending.

If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or Rule 35, or if a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

(A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;

(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

(D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination;

(E) Where a party has failed to comply with an order under Rule 35(a) requiring that party to produce another for examination, such orders as are listed in paragraphs (A), (B), and (C) of this subdivision, unless the party failing to comply shows that that party is unable to produce such person for examination.

In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

(c) Failure to Disclose; False or Misleading Disclosure; Refusal to Admit.

(1) A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B), and (C) and may include informing the jury of the failure to make the disclosure.

(2) If a party fails to admit the genuineness of any document or the truth of any matter as requested under Rule 36, and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, the requesting party may apply to the court for an order requiring the other party to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees. The court shall make the order unless it finds that (A) the request was held objectionable pursuant to Rule 36(a), or (B) the admission sought was of no substantial importance, or (C) the party failing to admit had reasonable ground to believe that the party might prevail on the matter, or (D) there was other good reason for the failure to admit.

(d) Failure of Party to Attend at Own Deposition or Serve Answers to Interrogatories or Respond to Request for Inspection.

If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails (1) to appear before the officer who is to take the deposition, after being served with a proper notice, or (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule. Any motion specifying a failure under clause (2) or (3) of this subdivision shall include a certification that the movant has in good faith conferred or attempted to confer with the party failing to answer or respond in an effort to obtain such answer or response without court action. In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the

failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

The failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has a pending motion for a protective order as provided by Rule 26(c).

## (e) [Abrogated]

## (f) Electronically Stored Information.

Absent exceptional circumstances, a court may not impose sanctions under these rules on a party for failing to provide electronically stored information lost as a result of the routine, good-faith operation of an electronic information system.

## (g) Failure to Participate in the Framing of a Discovery Plan.           .

If a party or a party's attorney fails to participate in the development and submission of a proposed discovery plan as required by Rule 26(f), the court may, after opportunity for hearing, require such party or attorney to pay to any other party the reasonable expenses, including attorney's fees, caused by the failure.

Defendant Deborah Y. Miller has continued her pattern of obstructionist conduct by refusing to comply with her disclosure and discovery obligations in an attempt to prevent the Plaintiff from gathering even more prejudicial evidence against her. The Court should not allow Deborah Y. Miller to evade her deposition by casting baseless accusations at the Plaintiff. Accordingly, for the reasons set forth above and previous, the Plaintiff requests that the Court grants the Plaintiff's Motion to Compel and require Defendant Deborah Y. Miller to appear for deposition.

For example, the Plaintiff needs to place Deborah Y. Miller under oath to question her about, *in Defendant words*, [day to day "relationship expenses"] and "These allegations include: rent, car repairs, utilities all personal claims between two people who

live together, " her meaning of, definition of, understanding of, amounts of and other relevant matters.

Based upon the sheer audacity and complexity of Deborah Y. Miller scheme to defraud Plaintiff, the Plaintiff has a compelling and legitimate need to extensively question Defendant Deborah Y. Miller, under oath, about these unjust activities. Not surprisingly, Defendant Deborah Y. Miller failed to follow the Court's Order and, instead, refused and failed to appear for her deposition. In response, Plaintiff attempted to contact Deborah Y. Miller via her telephone number of record to discuss whether she would be flexible in her outright refusal and or failure to appear for her duly noticed deposition. To date, per the norm, Defendant Deborah Y. Miller has not contacted or communicated with Plaintiff about appearing for her deposition. Throughout the Plaintiff's attempts to depose Defendant, Deborah Y. Miller has acted unreasonably. Magistrate Judge Kobayashi ordered Defendant Deborah Y. Miller to comply with discovery and rules of discovery which included for Deborah Y. Miller to appear for her duly noticed deposition of February 20, 2007 at 9:00 a.m. Plaintiff should not be punished for acting reasonably especially when Defendant has behaved so wantonly. Deborah Y. Miller has no legitimate reason for not appearing at her duly noticed deposition. Therefore, she relies on her usual tactic - - attack the Plaintiff as harassing, abusive and misguided.

<u>Certification Under Local Rule 37</u>

As set above, Plaintiff Joseph R. Thames attempted to confer in good faith with Defendant Deborah Y. Miller but received no response. Accordingly, Defendant Deborah Y. Miller should be ordered to pay the Plaintiff cost and fees incurred in bringing this motion.


Conclusion

She, Deborah Y. Miller cannot evade her deposition by casting baseless accusations at the Plaintiff. Accordingly, the Plaintiff's Emergency Motion to Compel Defendant Deborah Y. Miller to Appear for Deposition should be granted and the Court should order Deborah Y. Miller to appear at her duly noticed deposition, at a time and location designated by Plaintiff. In addition, due to Deborah Y. Miller's failure to confer in good faith, she should be ordered to pay the Plaintiff's costs and fees incurred in bringing his Motion to Compel and the Plaintiff's costs relating to the February 20, 2007 scheduled deposition cost and fees.

Stated again, Defendant did not appear for her deposition. On January 13, 2007, Plaintiff served Notice of Deposition upon Defendant. On January 31, 2007, Plaintiff was contacted by the Court Reported and notified of a change in location of the place of the deposition. On February 1, 2007, Plaintiff served with a letter to Defendant the change of location of the place of the deposition. On February 06, 2007, Plaintiff served Notice of Deposition Change of Location/Place of Deposition on Defendant. On February 14, 2007, Plaintiff served again the Notice of Deposition Change of Location/Place of Deposition on Defendant on Defendant. On February 15, 2007,

Plaintiff faxed a copy of Notice of Deposition Change of Location/Place of Deposition on Defendant to Defendant's mail pick up point.  On February 17, 2007, Plaintiff faxed a copy of Notice of Deposition Change of Location/Place of Deposition on Defendant to Defendant's mail pick up point.  Plaintiff never received any objection and or opposition to the Notice of Deposition and or Notice of Deposition Change of Location/Place of Deposition on Defendant.  (Exhibits B & C).

Defendant has once again willfully failed to comply with the court's discovery order and the Federal Rules of Civil Procedure.  The Defendant's Deposition was scheduled for 9:00 a.m. February 20, 2007.  Plaintiff and Court Reporter waited at the deposition location until 10:00 a.m. and Defendant did not appear and or show.  The Defendant's number was called via telephone and a woman voice answered and hung up.  The Defendant's number was called again and a message then came on.  Defendant's number was called a third time and a message was left on the answering machine referencing the scheduled deposition. (Exhibit C).  Defendant's actions are willful and intentionally in violation and non-compliance of the discovery rules, court orders and the law.  Defendant willfully failed to not appear at Defendant's Deposition.  Further, Defendant willfully failed to appear for a properly noticed deposition.

Dated:  March 21, 2007 in Honolulu, Hawaii.

Joseph R. Thames
Plaintiff Pro Se

11

Joseph R. Thames
P.O. Box 674
Kailua, HI 96734
(808) 554-8082

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| JOSEPH R. THAMES<br>PLAINTIFF,<br><br>VS.<br><br>DEBORAH Y. MILLER, ET.AL.<br>DEFENDANT (s). | ) CIVIL NO.  04-00644DAE-LEK<br>)<br>) ORDER GRANTING<br>) PLAINTIFF'S<br>) EMERGENCY MOTION TO<br>) COMPEL DEFENDANT<br>) DEBORAH Y. MILLER<br>) TO APPEAR<br>)<br>) |

## ORDER GRANTING PLAINTIFF'S EMERGENCY MOTION TO COMPEL DEFENDANT DEBORAH Y. MILLER TO APPEAR FOR HER DULY NOTICED DEPOSITION AND MOTION FOR SANCTIONS

THIS CAUSE is before the Court on record from the United States District Magistrate

Judge Leslie E. Kobayashi "for appropriate disposition of all pre-trial discovery motions,

and all motions that relate directly to these motions."  Pending before the Court is

Plaintiff Joseph R. Thames Emergency Motion To Compel Defendant Deborah Y. Miller

To Appear For His Duly Noticed Deposition ("Motion to Compel") filed February 20,

2007.

Upon due consideration, it is hereby:

ORDERED AND ADJUDGED that the Plaintiff's Motion to Compel is Granted.

It is further ordered as follows:

A) Deborah Y. Miller shall appear at her duly noticed deposition, with time and

location/place designated by Plaintiff; and

12

B)  Due to Deborah Y. Miller's failure to confer in good faith, she is ordered to pay

the Plaintiff's costs and fees incurred in bringing his Motion to Compel and the

Plaintiff's costs relating to the schedule deposition fees and cancellation fees.

The Plaintiff shall file a schedule of fees and costs within 30 days.

Joseph R. Thames
P.O. Box 674
Kailua, HI  96734
(808) 554-8082

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| JOSEPH R. THAMES<br>PLAINTIFF,<br><br>VS.<br><br>DEBORAH Y. MILLER, ET.AL.<br>DEFENDANT (s). | ) CIVIL NO.  04-00644DAE-LEK<br>)<br>) ORDER GRANTING<br>) PLAINTIFF'S<br>) MOTION FOR<br>) DEFAULT JUDGMENT<br>)<br>)<br>)<br>) |

## ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

This cause was heard by the undersigned judge, U.S. District Magistrate Judge Leslie E. Kobayashi, on motion of the Plaintiff.  It appears to the court upon affidavit that this action for damages arising under the nature of contractual obligation; that personal service was had on defendant; that the court has jurisdiction over the subject matter of the action; that the defendant is not under disability and has failed to appear in the time allowed by law; that defendant is liable to plaintiff for damages to be determined as demanded by plaintiff.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the plaintiff have and recover of the defendant such damages as may hereafter be determined.

14