FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 23 '2007

at 6 o'clock and 38 min. P M
SUE BEITIA, CLERK

FEB 23 '07 PM 5:38 US DC

## Issued by the
## UNITED STATES DISTRICT COURT
DISTRICT OF _____

Thames
v.
Miller

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER:[1] 04CV00644 DAE-LEK

TO: Hawaii National Bank

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

All records, documents files of Deborah Y. Miller and or Deborah Yolando Miller to include information of account numbers 0500627370TDKN and 194605260442 and loans and any and all accounts and banking and banking transactions from January 1, 1997 to present.

| PLACE | DATE AND TIME |
|---|---|
| Professional Image 547 Halekauwilla Suite 106 Honolulu Hawaii | March 2, 2007 10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)

Joseph R. Thames   Plaintiff Pro Se

Clerk, United States District Court
SUE BEITIA
DATE   District of Hawaii
February 23, 2007

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Joseph R. Thames
P.O. Box 674 Kailua HI 96734   (808) 554-8082

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

EXHIBIT "A"

18

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

Received By: *Mari B. McInturff*

| | DATE FEB 2 3 2007 | PLACE Hawaii National Bank<br>45 North King Street<br>Honolulu, HI 96817 | Time: 4:00 p.m. |
|---|---|---|---|
| SERVED | | | |

MANNER OF SERVICE: HAND DELIVERED IN PERSON

SERVED ON (PRINT NAME)

SERVED BY (PRINT NAME): Johnny L. Walton Jr.

TITLE:

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on FEB 2 3 2007
DATE

SIGNATURE OF SERVER: *Johnny L. Walton Jr.*

ADDRESS OF SERVER: P.O. Box 75517
Kapolei, Hawaii 96707

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# HAWAII NATIONAL BANK

## DISCLOSURE STATEMENT, SIMPLE INTEREST PROMISSORY NOTE AND SECURITY AGREEMENT

March 4, 19 98
Kailua, Hawaii

Kailua Branch
Loan No. 059-06822
Maturity (Loan Due) 2/25/02

In this Document which contains (i) a Disclosure Statement, (ii) a Simple Interest Promissory Note, and (iii) a Security Agreement, the words you, your, yours and yourself mean each and all of those who sign this Document. The words we, us, our and ourself mean Hawaii National Bank.

**OUR DISCLOSURES TO YOU:**

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 7.11 % | $ 2,581.60 (e) | $ 17,000.00 | $ 19,581.60 (e) |

(e)—means an estimate

**YOUR PAYMENT SCHEDULE WILL BE AS FOLLOWS:**

| Number of Payments | Amount of Payments | When Payments are Due |
|---|---|---|
| 47 | $407.95 | Due on the 25th day of each month beginning on, 3/25/98. |
| 01 | $407.95 (e) | Balnace due on demand or at maturity, 2/25/02. |

Your payment obligation has a demand feature which means we can demand that you pay this Note off at any time.

**INSURANCE:**
Credit life insurance and credit disability insurance are not required to obtain credit, and will not be provided unless you initial below and agree to pay the additional costs.

Type of Insurance — Premium Cost — Policy Term — Expiration Date
☐ Disability & Joint Credit Life     $_____     _____ mos.     __/__/__
☐ Disability & Single Credit Life    $_____     _____ mos.     __/__/__
☐ Credit Life-Joint                  $_____     _____ mos.     __/__/__
☐ Credit Life-Single                 $_____     _____ mos.     __/__/__

Please mark and initial the appropriate choice:
You desire Disability and Single ☐  Joint ☐  Credit Life Insurance. _____ (initial)
You desire Single ☐  Joint ☐  Credit Life Insurance. _____ (initial)
You do not desire any insurance. XX _JYk_ (initial)

You may obtain property insurance from any insurance company authorized to do business in the State of Hawaii.

**SECURITY:**
To assure us that you will pay us and do everything else as you have promised in this Note, you will give us a Uniform Commercial Code security interest in the following property which you own or will own. (After this we'll call it the "Property.")

(Describe the Property)
Hawaii National Bank Time Certificate of Deposit #01873 in the name of Joseph R. Thames and in the amount of $17,000.00.
Along with all substitutions for it, everything installed in or affixed to it and all proceeds of it including insurance proceeds.

**FILING FEES:**
$ N/A is the sum you must pay for us to record the security interest in the public records.

**LATE CHARGES:**
You'll pay a late charge for each payment that we don't receive within 10 days after the day it's due. The charge will be 5% of the amount that's late.

**PREPAYMENT:**
To save yourself interest, you may pay early and may make extra payments or larger payments than agreed. There's no penalty for such prepayments. You will read the rest of this Note for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds or penalties.

**PROMISE TO PAY:**
You, as the Borrower, promise to pay HAWAII NATIONAL BANK, or to someone else if we so order, Seventeen Thousand and No/100*
* * * *
($ 17,000.00 *     * ) on demand or if no demand, then as stated above in Your Payment Schedule. DOLLARS

You will also pay us interest computed on the unpaid part of the loan amount at an ANNUAL PERCENTAGE RATE of _____ %. You also acknowledge that it is essential that you make your payments and keep your promises under this Note on time. You know that we don't have to let you refinance any balloon payment or any amount due on the loan. The loan will be secured as described above in Security.
If you don't make any payment when it's due, or if you otherwise default under this Promissory Note, we may declare the whole amount you owe to be payable at once without any advance notice. This is our right of "acceleration."

**ITEMIZATION OF AMOUNT FINANCED:**

1. Issue checks to: _____     Amount
                                                                        $ _____
                                                                        $ _____

20

You agree, and everyone signing for you as a guarantor also agrees, to be liable to us jointly, and each of you will also be liable to us individually for the loan and other obligations under this Note. You also agree: A) We may require that any one of you pay the whole loan without asking anyone else to pay. B) We may sue any one or more of you without giving up any of our rights against the others. This Note is also binding upon the heirs and personal representatives in probate of all signers and upon anyone to whom any signer assigns his assets or who succeeds them in any other way.

**SEE ADDITIONAL TERMS ON THE OTHER SIDE OF THIS DOCUMENT.**

By signing this Note, you acknowledge that it was filled in before you did so. You agree to all of its terms, including those on the other side. You authorize us to pay those parties listed above in Item 1 under "ITEMIZATION OF AMOUNT FINANCED." By signing this Note, you also acknowledge receipt of a copy of this Disclosure Statement, Note, and Security Agreement.

Borrower: *Deborah Miller* — Deborah Yolanda Miller   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
Address: 404A Kalama Street; Kailua, HI 96734

Borrower: N/A

Borrower: N/A

Borrower: N/A

**NOTICE TO COSIGNER/GUARANTOR:**
You are being asked to guarantee this debt. Think carefully before you do. If the borrower doesn't pay this debt, you will have to. Be sure you can afford to pay if you have to, and that you want to accept this responsibility.

You may have to pay up to the full amount of the debt if the borrower does not pay. You may also have to pay late fees or collection costs which will increase the amount.

The bank can collect this debt from you without first trying to collect from the borrower. The bank can use the same collection methods against you that can be used against the borrower, such as suing you, garnisheeing your wages, etc. If this debt is ever in default, that fact may become part of your credit record.

**THIS NOTICE IS NOT THE CONTRACT THAT MAKES YOU LIABLE FOR THE DEBT.**

**GUARANTY.** You have read the notice entitled, "Notice to Cosigner/Guarantor" printed above and you acknowledge by signing below as Guarantor, you guarantee to us the payment and performance of this Promissory Note and agree to all of its terms, including particularly the provisions captioned "Waivers," "Joint and Several," and "Things We Have The Right To Do To Protect Ourself If You Default," set forth in this Agreement.

Guarantor: N/A

Guarantor: N/A

**OTHER OWNERS.** By signing below, the other owner (means even if the other owner is the only owner of the Property) agrees to sign other necessary documents, such as Mortgage and Financing Statement, Security Agreement, or other security documents to perfect or make effective our security interest in the Property. The other owner agrees that whatever the borrower has agreed to in this Agreement, including the Security Agreement will apply to the other owner as if the other owner were the borrower, except that the other owner does not have to pay the amounts that the borrower owes under this Agreement.

Other Owner (Signature): *Joseph R. Thames*   Print Name: Joseph R. Thames   Address: 404A Kalama Street; Kailua, HI 967

Other Owner (Signature):    Date: MAY 06 9?

**AUTOMATIC DEDUCTION:** (Optional) You authorize and instruct us to deduct $407.95 from your Hawaii National Bank (Checking/~~Savings~~) Account No. 052-60442 on the 25 day of every month and credit this amount as a payment to this Note. We may continue to deduct this amount until we receive your written cancellation of this authority or until the Note is paid in full.

Borrower: *Deborah Miller* — Deborah Yolanda Miller

ICI-1022 (Rev. 7/94)        ORIGINAL—BANK        COPY—BORROWER

21

HAWAII NATIONAL BANK
AUTHORIZATION TO ASSIGN SAVINGS ACCOUNT

DEFINITIONS. In this Assignment the words "I", "me", or "my" means all those signing below. "You" means Hawaii National Bank.

ASSIGNMENT. In consideration of a $ 17,000.00 loan and to provide collateral to Deborah Yolanda Miller (the "Borrower"), I am giving you an assignment of my Savings Account No. CD #01873, which has a balance of $ 17,000.00 as of March 4, 19 98.

EFFECTIVE PERIOD OF ASSIGNMENT. This Assignment shall be a continuing one and shall be effective for any renewal of Borrower's loan until it is paid.

PERMISSION TO DEDUCT BALANCE OF LOAN DUE TO DEFAULT. I give you permission to deduct from the balance of my Savings Account any unpaid amounts owed by Borrower under any of Borrower's obligations to you when these amounts have not been paid by Borrower when due.

RESTRICTION ON WITHDRAWALS FROM SAVINGS ACCOUNT. I understand that by signing this Assignment a "hold" will be placed on my Savings Account and that until Borrowwer's loan is paid in full, I will be allowed to withdraw from this account, only those amounts which exceed 106% of Borrower's loan balance.

ACKNOWLEDGEMENT. By signing below, I acknowledge that I have read and agree to all of the terms of this Assignment.

Dated at Kailua, Hawaii, March 4, 19 98.

WITNESSED BY:

HAWAII NATIONAL BANK

By: _____
Its: Branch Manager

_____
Joseph R. Thames   SSN: 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

The present balance is $ 17,000.00. The above assignment has been properly recorded and a "hold" placed via on-line system.

By: _____
Authorized Signature

N-502 (Rev. 8/89)