# ATTACHMENT A

## BACKGROUND

Plaintiff claims that, on July 30, 1998, Defendant, acting as his agent, entered into an agreement with Julia Coelho, a real estate agent, and purchased property at 404 Kalama Street in Kailua, Hawaii ("the Property"). Plaintiff also claims he provided Defendant with funds to purchase the Property for him. The purchase records, however, bear no indication that Plaintiff had ownership of the Property. [Proposed Amended Complaint at 5-6.[1]] Defendant denies that they made such an agreement and denies that Plaintiff had an ownership interest in the Property. [Answer at 4.]

On March 31, 2000, Plaintiff brought suit against Defendant in state court. On November 8, 2002, the court dismissed Plaintiff's complaint with prejudice and entered judgment in favor of Defendant after Plaintiff failed to appear for trial on November 6, 2002. [Mem. in. Opp. at 2 & Attach. 1AA.] "The court found that Plaintiff never had an ownership interest in the Property, that Defendant was the sole owner, and that she was entitled to the proceeds from its sale." [Id. at

---

[1] Plaintiff did not number the pages of the proposed amended complaint. This Court, however, will refer the proposed amended complaint as if he had.

[2] On October 18, 2002, Plaintiff filed a notice of removal to the United States District Court for the Eastern District of North Carolina. On January 3, 2003, that court dismissed Plaintiff's action for improper removal and lack of jurisdiction,
(continued...)

2

Attach. 1.] Plaintiff later appealed and, on September 20, 2004, the Hawai`i Intermediate Court of Appeals affirmed the state court's judgement. [Id. at Attach. 1C.]

On October 29, 2004, Plaintiff filed a complaint with the United States District Court for the District of Hawai`i alleging that his constitutional rights were violated, that he was terrorized and discriminated against by the state court, and that Defendant deprived him of his property rights. [Complaint at 1-2.]

On July 28, 2005, this Court lodged Plaintiff's Proposed Amended Complaint, pending review of Plaintiff's Motion. On August 3, 2005, Plaintiff lodged two documents entitled "Supplemental Amended Complaint" and "Supplemental I Amended Complaint." The Court construes these documents as exhibits to the Proposed Amended Complaint and has considered them in connection with the Motion.

## DISCUSSION

### I. Defendant's Memorandum in Opposition

This Court granted Defendant until August 12, 2005, to submit a memorandum in opposition to the Motion. Defendant did not file the Memorandum in Opposition until August 17, 2005. On

---

[2] (...continued)
and remanded it to the Hawai`i state court. Plaintiff attempted to remove the case a second time on May 6, 2003 and the court dismissed the case and remanded it to the state court on July 18, 2003. [Mem. in. Opp. at Attach. 1B.]

3

to the United States District Court for the District of Raleigh and Fayetteville, North Carolina. [Proposed Amended Complaint at 26-28.] If Plaintiff wishes to intervene in that case, he must do so in state court. This Court does not have the authority to accept his third party complaint or to remove the case. Plaintiff's Motion is therefore denied as to Plaintiff's proffered third-party complaint in Coelho v. Quitan.

## CONCLUSION

On the basis of the foregoing, Plaintiff's Motion is HEREBY GRANTED IN PART and DENIED IN PART. The Court grants Plaintiff leave to amend his Complaint to add a claim against Defendant for the repayment of $3,290.00 in various loans that Plaintiff made to Defendant. The Court denies Plaintiff's Motion in all other respects.

Plaintiff shall file his First Amended Complaint by no later than January 17, 2006. The First Amended Complaint may include the claims alleged in Plaintiff's original complaint and Plaintiff's proposed claim against Defendant for repayment of the $3,290.00 in loans. The Court instructs Plaintiff that he may not include any other claims, nor may he name any additional defendants. The Court further cautions Plaintiff that the failure to follow these instructions may result in sanctions, including the striking of the First Amended Complaint.

10

Defendant shall have until February 13, 2006 to file an answer to the First Amended Complaint.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI'I, January 3, 2006.



Leslie E. Kobayashi
United States Magistrate Judge

JOSEPH R. THAMES V. DEBORAH Y. MILLER, ET AL.; CIVIL NO. 04-00644 DAE-LEK; ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO TAKE LEAVE

11