# ATTACHMENT C

## BACKGROUND

Plaintiff and Defendant previously lived together and Plaintiff alleges that Defendant owes him $3,290.00, representing various debts which arose in the course of their relationship. This amount includes personal loans and amounts Defendant allegedly owes for utilities and car repairs. When this Court granted Plaintiff leave to amend his original complaint, this Court ruled that Plaintiff could not include any claims regarding ownership of the property which he alleged they purchased jointly. A state court has already ruled that Defendant was the owner of the property.

On July 11, 2006, Plaintiff filed his Motion to Compel Responses to Plaintiff's Third Special Interrogatories and Request for Production to Defendant ("First Motion to Compel"). Plaintiff sought an order compelling Defendant to respond to his Third Special Interrogatories and Request for Production to Defendant ("Discovery Request"). Plaintiff attached twenty-two pages to the Discovery Request, including lists of household bills, hand written financial statements, and copies of checks ("Attachments").

On August 10, 2006, this Court issued an order granting the First Motion to Compel in part and denying it in part ("Order"). This Court found that Plaintiff's inquiries regarding Attachments (1) through (9) sought relevant information about

2

make a more definite statement to the discovery[.]" [Motion at 1.] Plaintiff also seeks sanctions for Defendant's failure to provide adequate responses.

Defendant counters that she has responded to all portions of the Discovery Request which the Order required her to respond to. Defendant asks this Court to impose sanctions upon Plaintiff for his continued attempts to seek irrelevant material in discovery.

## DISCUSSION

### I. Plaintiff's Motion

This Court has reviewed Defendant's responses to the Discovery Request and finds that Defendant has adequately responded to the portions of the Discovery Request that this Court ordered her to respond to. This Court reiterates that Defendant need not respond to Plaintiff's discovery requests regarding the dispute over the ownership of the property. Plaintiff's Motion is therefore DENIED.

### II. Defendant's Request for Sanctions

Federal Rule of Civil Procedure 37(a)(4)(B) provides that, if a court denies a motion to compel discovery,

> the court may enter any protective order authorized under Rule 26(c) and shall, after affording an opportunity to be heard, require the moving party or the attorney filing the motion or both of them to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees, unless the court finds that the

4

instructions may result in sanctions, including the striking of the First Amended Complaint." This caution, however, referred to the claims that Plaintiff could include in the First Amended Complaint; it did not warn Plaintiff that irrelevant discovery requests could lead to sanctions. Defendant's request for sanctions against Plaintiff is therefore DENIED.

The Court instructs Plaintiff that, he cannot serve further discovery requests regarding the property ownership dispute unless he obtains leave of Court. In order to obtain leave of Court, Plaintiff must explain why the information about the property ownership dispute is relevant to the claims raised in the First Amended Complaint. This Court cautions Plaintiff that failure to follow these instructions may result in sanctions.

## CONCLUSION

On the basis of the foregoing, Plaintiff's Motion to Compel; Motion for a More Definite Statement and Motion for Sanctions, filed November 1, 2006, is HEREBY DENIED.

IT IS SO ORDERED.