Joseph R. Thames
P.O. Box 674
Kailua, HI 96734
(808) 554-8082

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| JOSEPH R. THAMES<br>PLAINTIFF, | ) CIVIL NO. 04-00644DAE-LEK<br>)<br>) PLAINTIFF'S REPLY MEMORANDUM |
| VS. | ) TO DEFENDANT'S RESPONSE TO<br>) PLAINTIFF'S MOTION TO COMPEL |
| DEBORAH Y. MILLER, ET.AL.<br>DEFENDANT (s). | ) RESPONSES TO PLAINTIFF'S<br>) FIRST REQUEST FOR PRODUCTION<br>)<br>) AFFIDAVIT OF JOSEPH R. THAMES<br>)<br>) |

## PLAINATIFF'S REPLY MEMORANDUM TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

Now Comes Plaintiff and replies to Defendant's Opposition to Plaintiff's Motion to Compel Responses to Plaintiff's First Request for Production to Defendant. Plaintiff again request of the Court for an extension of time to further respond to Defendant's Opposition, due to Plaintiff attending to medical issues. Additionally, Plaintiff reserves the right to amend this filing due to Defendant's failure to comply with discovery, FRCP; to include Defendant's failure to appear at her deposition and also consideration of pending motion to amend complaint.

Plaintiff acknowledges a subsequent Court Order concerning property ownership matters. Plaintiff has considered the allowance and acceptance of the suspension responses that are related property ownership issues until final ruling Motion to Amend and or any other applicable and or related rulings. However, Defendant is not allowed and Plaintiff does not accept Defendant's blanket coverall response "alleged property ownership matter" response being applied for responses to the interrogatories and request for production to which such response is not appropriate neither nor adequate. Further, Plaintiff reserves the right to reassert request for property ownership matters to be responded to at a later date when appropriate.

In response to Defendant's opposition, Plaintiff has and is seeking responses to questions concerning and related to this case. When Plaintiff submits different documents, page numbers of documents submitted as exhibits may and often do have page number changes when enclosed as exhibits vice being a stand alone document. As Per the Federal Rules of Civil Procedure, oftentimes it is called for a party to submit

copies of documents; thus, Defendant should have received numerous copies of the same document from Plaintiff at some times. The Defendant should explain why her submission of "N/A; Civil Case No. 00-1-1056-3 (EEH; Judgment November 8, 2002" should be acceptable for nearly ever question. Defendant has not answered all questions pertaining to this case. Defendant has not provided a list all documents, records, etc… to which Defendant removed from Plaintiff. Defendant uses and continues to use alleged harassment as an excuse to prevent Plaintiff from due process and legal discovery. Plaintiff is seeking legal discovery in accordance with the law, the Federal Rules of Civil Procedure. Plaintiff's action of propounding discovery is not harassment upon Defendant by Plaintiff. Defendant use of merit less accusations should not be allowed to evade her responsibility to provide discovery. The Court should not grant a Protective Order to Defendant to evade discovery.

A letter of failure to respond and request for Defendant to respond was sent via U.S. mail, certified mail, postage prepaid on November 24, 2006 to Defendant. (Exhibit A). Plaintiff attempted to confer with Defendant before seeking court action for Defendant to provide discovery and comply with FRCP. Plaintiff certifies that he attempted to confer with Defendant in accordance with FRCP.

## Rule 34. Production of Documents and Things and Entry Upon Land for Inspection and Other Purposes

### (a) Scope.

Any party may serve on any other party a request (1) to produce and permit the party making the request, or someone acting on the requestor's behalf, to inspect, copy, test, or sample any designated documents or electronically stored information — including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained — translated, if necessary, by the respondent into reasonably usable form, or to inspect, copy, test, or sample any designated tangible things which constitute or contain matters within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served; or (2) to permit entry upon designated land or other property in the possession or control of the party upon whom the request is served for the purpose of inspection and measuring, surveying, photographing, testing, or sampling the property or any designated object or operation thereon, within the scope of Rule 26(b).

### (b) Procedure.

The request shall set forth, either by individual item or by category, the items to be inspected, and describe each with reasonable particularity. The request shall specify a reasonable time, place, and manner of making the inspection and performing the related acts. The request may specify the form or forms in which electronically stored information is to be produced. Without leave of court or written

stipulation, a request may not be served before the time specified in Rule 26(d).

The party upon whom the request is served shall serve a written response within 30 days after the service of the request. A shorter or longer time may be directed by the court or, in the absence of such an order, agreed to in writing by the parties, subject to Rule 29. The response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, including an objection to the requested form or forms for producing electronically stored information, stating the reasons for the objection. If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts. If objection is made to the requested form or forms for producing electronically stored information — or if no form was specified in the request — the responding party must state the form or forms it intends to use. The party submitting the request may move for an order under Rule 37(a) with respect to any objection to or other failure to respond to the request or any part thereof, or any failure to permit inspection as requested.

Unless the parties otherwise agree, or the court otherwise orders:

(i) a party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request;

(ii) if a request does not specify the form or forms for producing electronically stored information, a responding party must produce the information in a form or forms in which it is ordinarily maintained or in a form or forms that are reasonably usable; and

(iii) a party need not produce the same electronically stored information in more than one form.

**(c) Persons Not Parties.**

A person not a party to the action may be compelled to produce documents and things or to submit to an inspection as provided in Rule 45.

Plaintiff considers Defendant's responses to be:
  A ☒ Some of Defendant's responses are no response
  B ☒ Some of Defendant's responses are non-responsive
  C ☒ Some of Defendant's responses are vague
  D ☒ Some of Defendant's responses incomplete
  E ☒ Some of Defendant's responses are evasive
  F ☒ Defendant's responses are no response, non-responsive, vague, incomplete and or evasive.

Defendant submits as responses: N/A

Civil Case No. 00-1-1056-3 (EEH
<u>Judgment November 8, 2002</u>

As addresses prior, Plaintiff considers such above stated responses by Defendant are non-responsive and evasive. Responses sought are exclusive to Civil Case No. 00-1-1056-3 EEH.

Defendant's responses do not comply with the Federal Rules of Civil Procedure, FRCP 34, for discovery. Defendant has continually attempted to deprive the Plaintiff of discoverable evidence and information. Defendant has willfully and intentionally disregarded the law, rules, Federal Rules of Civil Procedure (FRCP) and FRCP 34.

Defendant Deborah Y. Miller has continued her pattern of obstructionist conduct by refusing to comply with her disclosure and discovery obligations in an attempt to prevent the Plaintiff from gathering even more prejudicial evidence against her. The Court should not allow Deborah Y. Miller to evade her deposition by casting baseless accusations at the Plaintiff. Accordingly, for the reasons set forth above and previous, the Plaintiff requests that the Court grants the Plaintiff's Motion to Compel.

Dated: March 27, 2007 in Honolulu, Hawaii.

Joseph R. Thames
Plaintiff Pro Se