ORIGINAL

Joseph R. Thames
P.O. Box 674
Kailua, HI 96734
(808) 554-8082

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 27 2007

at __11__ o'clock and __58__ min. __P__M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| JOSEPH R. THAMES<br>PLAINTIFF, | ) CIVIL NO. 04-00644DAE-LEK<br>)<br>) PLAINTIFF'S REPLY MEMORANDUM |
| VS. | ) TO DEFENDANT'S RESPONSE TO<br>) PLAINTIFF'S MOTION TO ADMIT |
| DEBORAH Y. MILLER, ET.AL.<br>DEFENDANT (s). | ) PLAINTIFF'S REQUEST FOR<br>) ADMISSIONS ADMITTED AND OR<br>) TRUE<br>)<br>)<br>) |

### PLAINATIFF'S REPLY MEMORANDUM TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO ADMIT PLAINTIFF'S REQUEST FOR ADMISSIONS ADMITTED AND OR TRUE

Now Comes Plaintiff and replies to Defendant's Opposition to Plaintiff's Motion to Admit Plaintiff's Request for Admissions Admitted and or True by Plaintiff. Plaintiff again request of the Court for an extension of time to further respond to Defendant's Opposition, due to Plaintiff attending to medical issues. Additionally, Plaintiff reserves the right to amend this filing due to Defendant's failure to comply with discovery, FRCP; to include Defendant's failure to appear at her deposition and also consideration of pending motion to amend complaint. Plaintiff is not aware of and did not receive an Opposition from Defendant to Plaintiff's Motion to Admit Plaintiff's Request for Admissions Admitted and or True.

Plaintiff acknowledges a subsequent Court Order concerning property ownership matters. Plaintiff has considered the allowance and acceptance of the suspension responses that are related property ownership issues until final ruling Motion to Amend and or any other applicable and or related rulings. However, Defendant is not allowed and Plaintiff does not accept Defendant's blanket coverall response "alleged property ownership matter" response being applied for responses to the request for admissions to which such response is not appropriate neither nor adequate. Further, Plaintiff reserves the right to reassert request for property ownership matters to be responded to at a later date when appropriate.

In response to Defendant's opposition, Plaintiff has and is seeking responses to questions concerning and related to this case. When Plaintiff submits different documents, page numbers of documents submitted as exhibits may and often do have

page number changes when enclosed as exhibits vice being a stand alone document. As Per the Federal Rules of Civil Procedure, oftentimes it is called for a party to submit copies of documents; thus, Defendant should have received numerous copies of the same document from Plaintiff at some times. The Defendant should explain why her submission of "N/A; Civil Case No. 00-1-1056-3 (EEH; Judgment November 8, 2002" should be acceptable for nearly ever question. Defendant has not answered all questions pertaining to this case. Defendant has not provided a list all documents, records, etc… to which Defendant removed from Plaintiff. Defendant uses and continues to use alleged harassment as an excuse to prevent Plaintiff from due process and legal discovery. Plaintiff is seeking legal discovery in accordance with the law, the Federal Rules of Civil Procedure. Plaintiff's action of propounding discovery is not harassment upon Defendant by Plaintiff. Defendant use of merit less accusations should not be allowed to evade her responsibility to provide discovery. The Court should not grant a Protective Order to Defendant to evade discovery.

### Rule 36. Requests for Admission

(a) Request for Admission.

A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b)(1) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request. Copies of documents shall be served with the request unless they have been or are otherwise furnished or made available for inspection and copying. Without leave of court or written stipulation, requests for admission may not be served before the time specified in Rule 26(d).

Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing, subject to Rule 29, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney. If objection is made, the reasons therefor shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny. A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may

not, on that ground alone, object to the request; the party may, subject to the provisions of Rule 37(c), deny the matter or set forth reasons why the party cannot admit or deny it.

The party who has requested the admissions may move to determine the sufficiency of the answers or objections. Unless the court determines that an objection is justified, it shall order that an answer be served. If the court determines that an answer does not comply with the requirements of this rule, it may order either that the matter is admitted or that an amended answer be served. The court may, in lieu of these orders, determine that final disposition of the request be made at a pre-trial conference or at a designated time prior to trial. The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion.

(b) Effect of Admission.

Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provision of Rule 16 governing amendment of a pre-trial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits. Any admission made by a party under this rule is for the purpose of the pending action only and is not an admission for any other purpose nor may it be used against the party in any other proceeding.

This court has the power to sanction a defendant by deeming admitted Plaintiff's Request for Admission. The trial court has the authority to order a matter admitted when it has been demonstrated that a party has intentionally disregarded the obligations imposed by Rule 36. *Asea, Inc. v. Southern Pacific Transp. Co.*, 669 F.2d 1242 (9th Cir. 1981).

It is undisputed that failure to answer or object to a proper request for admission is itself an admission: the Rule itself so states. It is also clear that an evasive denial, one that does not "specifically deny the matter," or a response that does not set forth "in detail" the reasons why the answering party cannot truthfully admit or deny the matter, may be deemed an admission. See, e.g., *Havenfiled Corp. v. H&R Block, Inc*, 67 F.R.D. 93, 96-97 (W.D.Mo. 1973).

Plaintiff considers Defendant's responses to be:
  A) Some of Defendant's responses are no response
  B) Some of Defendant's responses are non-responsive
  C) Some of Defendant's responses are vague
  D) Some of Defendant's responses incomplete
  E) Some of Defendant's responses are evasive

F) Defendant's responses are no response, non-responsive, vague, incomplete and or evasive.

Defendant submits as responses: N/A

Civil Case No. 00-1-1056-3 (EEH
Judgment November 8, 2002

As addressed prior, Plaintiff considers such above stated responses by Defendant are non-responsive and evasive. Responses sought are exclusive to Civil Case No. 00-1-1056-3 EEH.

Defendant's responses do not comply with the Federal Rules of Civil Procedure, FRCP 36, for discovery. Defendant has continually attempted to deprive the Plaintiff of discoverable evidence and information. Defendant has willfully and intentionally disregarded the law, rules, Federal Rules of Civil Procedure (FRCP) and FRCP 36.

Defendant Deborah Y. Miller has continued her pattern of obstructionist conduct by refusing to comply with her disclosure and discovery obligations in an attempt to prevent the Plaintiff from gathering even more prejudicial evidence against her. The Court should not allow Deborah Y. Miller to evade her deposition by casting baseless accusations at the Plaintiff. Accordingly, for the reasons set forth above and previous, the Plaintiff requests that the Court grants the Plaintiff's Motion to have matters admitted as admitted true and fact.

Dated: March 27, 2007 in Honolulu, Hawaii.

Joseph R. Thames
Plaintiff Pro Se