ORIGINAL

Joseph R. Thames
P.O. Box 674
Kailua, HI 96734
(808) 554-8082

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 27 2007

at __ o'clock and __ min. __ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| JOSEPH R. THAMES<br>PLAINTIFF,<br><br>VS.<br><br>DEBORAH Y. MILLER, ET.AL.<br>DEFENDANT(s). | ) CIVIL NO. 04-00644DAE-LEK<br>)<br>) PLAINTIFF'S REPLY MEMORANDUM<br>) TO DEFENDANT'S RESPONSE TO<br>) PLAINTIFF'S MOTION TO COMPEL<br>) RESPONSES TO PLAINTIFF'S<br>) FIRST SET OF INTERROGATORIES<br>) AND REQUEST FOR PRODUCTION<br>)<br>) AFFIDAVIT OF JOSEPH R. THAMES<br>) |

**PLAINATIFF'S REPLY MEMORANDUM TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION**

Now Comes Plaintiff and replies to Defendant's Opposition to Plaintiff's Motion to Compel Responses to Plaintiff's First Set Of Interrogatories and a Request for Production to Defendant. Plaintiff again request of the Court for an extension of time to further respond to Defendant's Opposition, due to Plaintiff attending to medical issues. Additionally, Plaintiff reserves the right to amend this filing due to Defendant's failure to comply with discovery, FRCP; to include Defendant's failure to appear at her deposition and also consideration of pending motion to amend complaint.

Plaintiff acknowledges a subsequent Court Order concerning property ownership matters. Plaintiff has considered the allowance and acceptance of the suspension responses that are related property ownership issues until final ruling Motion to Amend and or any other applicable and or related rulings. However, Defendant is not allowed and Plaintiff does not accept Defendant's blanket coverall response "alleged property ownership matter" response being applied for responses to the interrogatories and request for production to which such response is not appropriate neither nor adequate. Further, Plaintiff reserves the right to reassert request for property ownership matters to be responded to at a later date when appropriate.

In response to Defendant's opposition, Plaintiff has and is seeking responses to questions concerning and related to this case. When Plaintiff submits different documents, page numbers of documents submitted as exhibits may and often do have page number changes when enclosed as exhibits vice being a stand alone document. As Per the Federal Rules of Civil Procedure, oftentimes it is called for a party to submit

copies of documents; thus, Defendant should have received numerous copies of the same document from Plaintiff at some times. The Defendant should explain why her submission of "N/A; Civil Case No. 00-1-1056-3 (EEH; Judgment November 8, 2002" should be acceptable for nearly ever question. Defendant has not answered all questions pertaining to this case. Defendant has not provided a list all documents, records, etc… to which Defendant removed from Plaintiff. Defendant uses and continues to use alleged harassment as an excuse to prevent Plaintiff from due process and legal discovery. Plaintiff is seeking legal discovery in accordance with the law, the Federal Rules of Civil Procedure. Plaintiff's action of propounding discovery is not harassment upon Defendant by Plaintiff. Defendant use of merit less accusations should not be allowed to evade her responsibility to provide discovery. The Court should not grant a Protective Order to Defendant to evade discovery.

A letter of failure to respond and request for Defendant to respond was sent via U.S. mail, certified mail, postage prepaid on November 24, 2006 to Defendant. (Exhibit A). Plaintiff attempted to confer with Defendant before seeking court action for Defendant to provide discovery and comply with FRCP. Plaintiff certifies that he attempted to confer with Defendant in accordance with FRCP.

**Rule 37. Failure to Make or Cooperate in Discovery; Sanctions**

(a) Motion for Order Compelling Disclosure or Discovery.

A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling disclosure or discovery as follows:

**(1) Appropriate Court.**

An application for an order to a party shall be made to the court in which the action is pending. An application for an order to a person who is not a party shall be made to the court in the district where the discovery is being, or is to be, taken.

**(2) Motion.**

(A) If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action.

(B) If a deponent fails to answer a question propounded or submitted under Rules 30 or 31, or a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a), or a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that

interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling answer, or a designation, or an order compelling inspection in accordance with the request. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action. When taking a deposition on oral examination, the proponent of the question may complete or adjourn the examination before applying for an order.

**(3) Evasive or Incomplete Disclosure, Answer, or Response.**

For purposes of this subdivision an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond.

Plaintiff considers Defendant's responses to be:
- A M) Some of Defendant's responses are no response
- B N) Some of Defendant's responses are non-responsive
- C O) Some of Defendant's responses are vague
- D P) Some of Defendant's responses incomplete
- E Q) Some of Defendant's responses are evasive
- F R) Defendant's responses are no response, non-responsive, vague, incomplete and or evasive.

Defendant submits as responses: N/A

Civil Case No. 00-1-1056-3 (EEH
Judgment November 8, 2002

As addresses prior, Plaintiff considers such above stated responses by Defendant are non-responsive and evasive. Responses sought are exclusive to Civil Case No. 00-1-1056-3 EEH.

Defendant's responses do not comply with the Federal Rules of Civil Procedure, FRCP 37, for discovery. Defendant has continually attempted to deprive the Plaintiff of discoverable evidence and information. Defendant has willfully and intentionally disregarded the law, rules, Federal Rules of Civil Procedure (FRCP) and FRCP 37.

Defendant Deborah Y. Miller has continued her pattern of obstructionist conduct by refusing to comply with her disclosure and discovery obligations in an attempt to prevent the Plaintiff from gathering even more prejudicial evidence against her. The Court should not allow Deborah Y. Miller to evade her deposition by casting baseless accusations at the Plaintiff. Accordingly, for the reasons set forth above and previous, the Plaintiff requests that the Court grants the Plaintiff's Motion to Compel.

Dated: March 27, 2007 in Honolulu, Hawaii.

_____
Joseph R. Thames
Plaintiff Pro Se