ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 27 2007

at 11 o'clock and 38 min P M
SUE BEITIA, CLERK

MAR 27 '07 PM 11:58 US DC

Joseph R. Thames
P.O. Box 674
Kailua, HI 96734
(808) 554-8082

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| JOSEPH R. THAMES<br>PLAINTIFF,<br><br>VS.<br><br>DEBORAH Y. MILLER, ET.AL.<br>DEFENDANT (s). | ) CIVIL NO. 04-00644DAE-LEK<br>)<br>) PLAINTIFF'S REPLY MEMORANDUM<br>) TO DEFENDANT'S OPPOSITION TO<br>) PLAINTIFF'S MOTION TO ENLARGE<br>) DISCOVERY PERIOD/EXTEND<br>) DISCOVERY DEADLINE<br>)<br>) |

**PLAINATIFF'S REPLY MEMORANDUM TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO ENLARGE DISCOVERY PERIOD/EXTEND DISCOVERY DEADLINE**

Now Comes Plaintiff and replies to Defendant's Opposition to Plaintiff's Motion to Enlarge Discovery Period/Extend Discovery Deadline. Plaintiff again request of the Court for an extension of time to further respond to Defendant's Opposition, due to Plaintiff attending to medical issues. Additionally, Plaintiff reserves the right to amend this filing due to Defendant's failure to comply with discovery, FRCP; to include Defendant's failure to appear at her deposition and also consideration of pending motion to amend complaint.

To address Defendant's response concerning the issue of new evidence, due to Defendant's not cooperating with discovery Plaintiff has subpoena bank records of transactions of this issue. Defendant has been evasive in providing such evidence which was under her control. Of issue, is documents, records, evidence, etc… to which Defendant removed from the property of Plaintiff and of the property of the Plaintiff. Such evidence is directly related to Plaintiff prosecuting and proving his claim. Defendant intentionally removed such documents, records, evidence, etc… from Plaintiff property. Property removed was personal property of Plaintiff Joseph R. Thames. Plaintiff has sought discovery of this information, these documents and records, and "new" evidence from Defendant. For example subpoena'd loan of Deborah Y. Miller with collateral provided by a certificate of deposit of Joseph R. Thames. Defendant has been asked numerous times in discovery for information of such loan and collateral and to list and produce the documents, and other documents. Plaintiff's copy of the $17,000.00 co-signed collateral loan was removed from Plaintiff's property by Defendant and never returned. Copies of Plaintiff Joseph R. Thames $17,000.00 certificate of deposit was removed from Plaintiff's Properties by Defendant and never returned.

Defendant has not given all documents and things relevant and pertaining to this case and Defendant has not answered every questions asked by the Plaintiff. Defendant has not answered truthfully every question asked by the Plaintiff. Defendant has not answered completely every question asked by the Plaintiff. This evidence and other evidence has been continually withheld from Plaintiff and this Court during discovery and the pretrial proceedings and this court proceeding. Such gathering of evidence from third party proves the Defendant's deceitful and untruthful intent. Defendant's actions have been and are a fraud upon the court. Defendant has failed and or refused to disclose information, etc… Defendant has given false and misleading disclosure. Plaintiff will address concerns of the "new" evidence issue and numerous other issues to which Defendant removed documents, records, evidence, etc… from Plaintiff's property. Plaintiff will raise the issues and other issues to which Defendant removed documents, records, evidence, etc… (personal property of Plaintiff Joseph R. Thames) from Plaintiff property.

Defendant Deborah Y. Miller has continued her pattern of obstructionist conduct by refusing to comply with her disclosure and discovery obligations in an attempt to prevent the Plaintiff from gathering even more prejudicial evidence against her. The Court should not allow Deborah Y. Miller to evade her deposition by casting baseless accusations at the Plaintiff. Accordingly, for the reasons set forth above and previous, the Plaintiff requests that the Court grants the Plaintiff's Motion to Enlarge and Extend Discovery.

Defendant Deborah Y. Miller has continued her pattern of obstructionist conduct by refusing to comply with her disclosure and discovery obligations in an attempt to prevent the Plaintiff from gathering even more prejudicial evidence against her. The Court should not allow Deborah Y. Miller to evade her deposition by casting baseless accusations at the Plaintiff. Accordingly, for the reasons set forth above and previous, the Plaintiff requests that the Court grants the Plaintiff's Motion and require Defendant Deborah Y. Miller to appear for deposition.

For example, the Plaintiff needs to place Deborah Y. Miller under oath to question her about, *in Defendant words*, [day to day "relationship expenses"] and "These allegations include: rent, car repairs, utilities all personal claims between two people who live together, " her meaning of, definition of, understanding of, amounts of and other relevant matters.

Based upon the sheer audacity and complexity of Deborah Y. Miller scheme to defraud Plaintiff, the Plaintiff has a compelling and legitimate need to extensively question Defendant Deborah Y. Miller, under oath, about these unjust activities. Not surprisingly, Defendant Deborah Y. Miller failed to follow the Court's Order and, instead, refused and failed to appear for her deposition. Therefore, she relies on her usual tactic - - attack the Plaintiff as harassing, abusive and misguided.

Plaintiff Joseph R. Thames has attempted numerous times to confer in good faith with Defendant Deborah Y. Miller but received no response. Accordingly, Defendant Deborah Y. Miller should be ordered to pay the Plaintiff cost and fees incurred in bringing this Motion.

Defendant submits as responses: N/A

Civil Case No. 00-1-1056-3 (EEH
Judgment November 8, 2002

As addresses prior, Plaintiff considers such above stated responses by Defendant are non-responsive and evasive. Responses sought are exclusive to Civil Case No. 00-1-1056-3 EEH.

Defendant's responses do not comply with the Federal Rules of Civil Procedure, FRCP 37, for discovery. Defendant has continually attempted to deprive the Plaintiff of discoverable evidence and information. Defendant has willfully and intentionally disregarded the law, rules, Federal Rules of Civil Procedure (FRCP) and FRCP 37. Plaintiff moves and request extended and enlargement of Discovery to appropriately, properly and adequately prosecute his claim.

Dated: March 27, 2007 in Honolulu, Hawaii.

Joseph R. Thames
Plaintiff Pro Se