ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 30 2007

at ___ o'clock and 21 min. __M
SUE BEITIA, CLERK

Joseph R. Thames
P.O. Box 674
Kailua, HI 96734
(808) 554-8082

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| JOSEPH R. THAMES<br>PLAINTIFF, | ) CIVIL NO. 04-00644DAE-LEK<br>)<br>) PLAINTIFF'S MEMORANDUM |
| VS. | ) IN OPPOSITION TO<br>) DEFENDANT'S MOTION |
| DEBORAH Y. MILLER, ET.AL.<br>DEFENDANT (s). | ) REQUESTNG THE COURT'S<br>) PROTECTION<br>)<br>) MEMORANDUM OF LAW<br>)<br>) DECLARATION OF<br>) JOSEPH R. THAMES<br>) EXHIBIT A<br>) |

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION REQUESTNG THE COURT'S PROTECTION

Now Comes Plaintiff and replies to and opposes Defendant's Motion Requesting the Court's Protection. Plaintiff again request of the Court for an extension of time to further respond to Defendant's Motion, due to Plaintiff attending to medical issues. Additionally, Plaintiff reserves the right to amend this filing due to Defendant's failure to comply with discovery, FRCP; to include Defendant's failure to appear at her deposition and also consideration of pending motion to amend complaint.

The Defendant submits to the Court for an unwarranted Protective Order. Defendant's request for a Protective Order is to evade legal and just discovery. Defendant's request and motion for a Protective Order is to allow Defendant to further not comply with the discovery rules, Court Orders, Federal Rules of Civil Procedures and

other rules, regulations and laws. Defendant's motion and request for a Protective Order lacks merit. Defendant has failed and refused to comply with discovery (legal discovery). This Court, in the interest of justice, should not allow Defendant to evade discovery and this Court should not grant Defendant a Protective Order.

    Plaintiff addresses Defendant's claim that Plaintiff continues to send the same documents (Interrogatories, Admissions, Production, etc) over and over again. The Federal Rules of Civil Procedure oftentimes requires for the requesting party to serve the requested discovery document as well as a duplicate copy upon the other party. Also, the Federal Rules of Civil Procedure oftentimes requires for the movant party to serve another copy of the discovery request as part of the document when a party files and moves for a Motion to Compel. Interrogatories, Admissions, Production, etc are all forms of discovery; however, Interrogatories, Admissions, Production, etc. are all different types of forms of discovery. Different discovery and different forms of discovery are necessary to seek discovery and or responses and answers to questions. Again, Plaintiff submits that Defendant has refused, failed and has been evasive to respond and answer discovery. Such actions, by Defendant, has resulted in Plaintiff having to conduct further discovery methods and actions as to include motions to compel which has resulted in the Plaintiff having to send Defendant more copies of the same documents. Also, oftentimes in different subsequent documents such as the discovery request and the motion to compel, the discovery request is enclosed as an exhibit in the motion to compel and thus re-numbered with a different page number than the page number of the original discovery request and enclosed in the document. Plaintiff states that he has complied with the law, the Federal Rules of Civil Procedure. Plaintiff brings

to the attention of the Court that he is only trying to comply with the law, the Federal Rules of Civil Procedure, conduct discovery and prosecute his claim. Defendant's claim of sending the same documents over and over again is baseless.

Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii). Fed. R. Civ. P. 26(b)(1).

Defendant again attempts to mislead the Court by making a false assertion. Again, Defendant attempts to mislead the Court by falsely stating that majority of the questions are related to a case already being adjudicated and has nothing at all to do with this case. Defendant may legally object in providing responses, but such objections require grounds and good cause to object. Objections must have legal merit to be legally accepted. Defendant's objection(s) response(s) has to be a sufficient determinable reason to be held as objectionable to response. Defendant's objects are still held to the Court ruling and standards to be acceptable objection(s) and response(s) as determined oftentimes in a motion to compel. For the Defendant to decide that she is the sole arbitral deciding factor to object to whatever she chooses because she does not want to answer the question is evasion of discovery. This Court has ruled that Defendant shall answer discovery and

comply with the Federal Rules of Civil Procedure. The Defendant has not answered the questions related to this case. As a result of Defendant's prior failure to cooperate in discovery the Court cautioned the Defendant as such "The Court, however, cautions Defendant that she must comply with the Federal Rules of Civil Procedure, the Local Rules, and any deadlines set by the courts. Although pro se litigants are held to less stringent standards than those of their legal counterparts, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); Jackson v. Carey, 353 F. 3d 750, 757 (9th Cir. 2003), a litigant's pro se status cannot excuse her from complying with the procedural or substantive rules of the court. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); see also United States v. Bell, 27 F. Supp. 2d 1191, 1197 (E.D. Cal 1998). Specifically, Defendant must respond to any discovery requests that Plaintiff serves. If Defendant believes that she should not be required to respond to a particular request, for example if the request sees irrelevant information or Plaintiff's request does, not comply with the applicable rules, Defendant must raise the objection in her response must raise the objection in her response and provide answers to the requests that she does not object to. In addition, Defendant may file a motion for a protective order pursuant to Federal Rule of Civil Procedure 26 (a). The Court cautions Defendant that any future failure to comply with the applicable rules regarding discovery may result in sanctions pursuant to Federal Rule of Civil Procedure 37," in Order Granting in Part and Denying in Part Plaintiff's Motion to Compel Responses to Plaintiff's Third Special Interrogatories and Request for Production to Defendant.

The Plaintiff addresses cost of litigation of this matter as one of the damages being claimed and the demand for payment is and will be the cost of bringing forth these matters in litigation. The Plaintiff is seeking to prosecute his claim and is complying with the Federal Rules of Civil Procedure. The Defendant's claim of causing her mental stress and harassment lacks merit.

Plaintiff is unclear of Defendant's statement of "These documents (Interrogatories, Admissions, Production, etc.) (September 2007) were return then returned to the Plaintiff (October 2007)." September 2007 is in the future and has not come; and October 2007 is in the future and has not come. Discovery documents are to be served upon the party(s).

In accordance with the Federal Rules of Civil Procedure, an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond.

Plaintiff considers Defendant's responses to be:

    A) Some of Defendant's responses are no response

    B) Some of Defendant's responses are non-responsive

    C) Some of Defendant's responses are vague

    D) Some of Defendant's responses incomplete

    E) Some of Defendant's responses are evasive

    F) Defendant's responses are no response, non-responsive, vague, incomplete and or evasive.

For example, in the majority of Defendant's responses, Defendant submits as responses:	N/A
Civil Case No. 00-1-1056-3 (EEH
<u>Judgment November 8, 2002</u>

As addressed prior, Plaintiff considers such above stated responses by Defendant are non-responsive and evasive. Responses sought are exclusive to Civil Case No. 00-1-1056-3 EEH. Therefore, Plaintiff holds that Defendant's responses have been and are a failure to disclose, answer, or respond.

Defendant's responses do not comply with the Federal Rules of Civil Procedure, FRCP 26, for discovery. Defendant has continually attempted to deprive the Plaintiff of discoverable evidence and information. Defendant has willfully and intentionally disregarded the law, rules, Federal Rules of Civil Procedure (FRCP) and FRCP 26.

To address Defendant's response concerning the issue of new evidence, due to Defendant's not cooperating with discovery Plaintiff has subpoena bank records of transactions of this issue. Defendant has been evasive in providing such evidence which was under her control. Of issue, is documents, records, evidence, etc… to which Defendant removed from the property of Plaintiff and of the property of the Plaintiff. Such evidence is directly related to Plaintiff prosecuting and proving his claim. Defendant intentionally removed such documents, records, evidence, etc… from Plaintiff property. Property removed was personal property of Plaintiff Joseph R. Thames. Plaintiff has sought discovery of this information, these documents and records, and "new" evidence from Defendant. For example subpoena'd loan of Deborah Y. Miller with collateral provided by a certificate of deposit of Joseph R. Thames. (Exhibit A). Defendant has been asked numerous times in discovery for information of such loan and collateral and to list and produce the documents, and other documents. Plaintiff's copy of the $17,000.00 co-signed collateral loan was removed from Plaintiff's property by Defendant and never returned. Copies of Plaintiff Joseph R. Thames $17,000.00

certificate of deposit (CD) was removed from Plaintiff's Properties by Defendant and never returned. Defendant has not given all documents and things relevant and pertaining to this case and Defendant has not answered every questions asked by the Plaintiff. Defendant has not answered truthfully every question asked by the Plaintiff. Defendant has not answered completely every question asked by the Plaintiff. This evidence and other evidence has been continually withheld from Plaintiff and this Court during discovery and the pretrial proceedings and this court proceeding. Such gathering of evidence from third party proves the Defendant's deceitful and untruthful intent. Defendant's actions have been and are a fraud upon the court. Defendant has failed and or refused to disclose information, etc… Defendant has given false and misleading disclosure. Plaintiff will address concerns of the "new" evidence issue and numerous other issues to which Defendant removed documents, records, evidence, etc… from Plaintiff's property. Plaintiff will raise the issues and other issues to which Defendant removed documents, records, evidence, etc… (personal property of Plaintiff Joseph R. Thames) from Plaintiff property.

     Defendant Deborah Y. Miller has continued her pattern of obstructionist conduct by refusing to comply with her disclosure and discovery obligations in an attempt to prevent the Plaintiff from gathering even more prejudicial evidence against her. The Court should not allow Deborah Y. Miller to evade her deposition by casting baseless accusations at the Plaintiff. Accordingly, for the reasons set forth above and previous, the Plaintiff requests that the Court denies the Defendant's Motion Requesting the Court's Protection.

Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c). The Defendant has not in good faith conferred with Plaintiff, the other affected party in an effort to resolve the dispute without court action. Of Plaintiff's knowledge, the Defendant has not in good faith attempted to conferred with Plaintiff, the other affected party in an effort to resolve the dispute without court action. The Defendant has not conferred with Plaintiff, the other affected party. Defendant has not conferred with Plaintiff, the other affected party, in an effort to resolve the dispute without court action. The Defendant has not presented a good cause showing the reason or grounds for a protective order. Defendant's Motion Requesting The Court's Protection was not accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Thus, Defendant's Motion Requesting The Court's Protection should be denied.

The Plaintiff further raises the issue, as this Court clearly addressed, that the Plaintiff sought to bring the action in U.S. District Court on the East Coast of the United States. The U.S. District Court on the East Coast of the United States is both closer to North Carolina where the Plaintiff is domicile and closer to Massachusetts where the Defendant is domicile. Plaintiff filed complaint in U.S. District Court on the East Coast because the Plaintiff and the Defendant are both domicile in states on the East Coast of the United States. Defendant opposed the action being heard in the U.S. District Court on the East Coast of the United States stating that she was a resident of Hawaii. This Court embraced Defendant's opposition to the matter being heard in U.S. District Court on the East Coast of the United States and accepted venue and jurisdiction. As a result, Plaintiff relocated to Hawaii in efforts to prosecute his claim. Since, Defendant has returned to Massachusetts and claims undue burden and expense to returning to Hawaii. The Plaintiff has suffered undue burden and expenses in relocating to Hawaii to prosecute his claim. To grant consideration for undue burden and expenses in a Protective Order to Defendant on those grounds, or any grounds of travel expenses of Defendant or grounds of a result of Defendant being in Massachusetts or away from Hawaii, would be unjust and prejudicial against Plaintiff and in favor of Defendant. In part, Defendant's purpose of relocating to Massachusetts is in effort to avoid and evade discovery and prevent Plaintiff's prosecution of his claim.

This Court has previously denied Defendant's request for a Protective Order. Since, this Court previous denial of Defendant's request for a Protective Order there has been nothing to transpire and or no action(s) or event(s) to warrant the Court to now

warrant Defendant being granted a Protective Order. Defendant's request for a Protective Order is to only evade or avoid discovery and prevent Plaintiff from prosecuting his claim. "Fed. R. Civ. P. 37(a) (4) (B). A Court may enter a protective order

> which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (1) that the disclosure or discovery not be had;
>
> (2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place;
>
> (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery;
>
> (4) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matter[.]

Fed. R. Civ. P. 26(c).

This Court finds that, at the present time, it is unnecessary for this Court to enter a protective order to protect Defendant from "annoyance, embarrassment, oppression, or undue burden or expense". Further, this Court finds that, under the circumstances of this case, it would be unjust to sanction Plaintiff for filing the instant Motion. Defendant argues that a sanction is warranted because of this Court's warning in its order granting in part and denying in part Plaintiff's motion for leave to amend the original complaint. This Court stated that Plaintiff "may not include any other claims …. The Court further cautions Plaintiff that the failure to follow these instructions may result in sanctions,

including the striking of the First Amended Complaint." This caution, however, referred to the claims that Plaintiff could include in the First Amended Complaint; it did not warn Plaintiff that irrelevant discovery requests could lead to sanctions. Defendant's request for sanctions against Plaintiff is therefore DENIED.

This Court instructs Plaintiff that, he cannot serve further discovery requests regarding the property ownership dispute unless he obtains leave of Court. In order to obtain leave of Court, Plaintiff must explain why the information about the property ownership dispute is relevant to the claims raised in the First Amended Complaint. This Court cautions Plaintiff that failure to follow these instructions may result in sanctions." Order Denying Plaintiff's Motion To Compel; Motion For A More Definite Statement and Motion For Sanctions filed 12/04/2006).

Plaintiff has not served any further discovery requests regarding the property ownership dispute since the above Court Order filed 12/04/06. Plaintiff has filed a Motion To Take Leave of the Court henceforth since the Court Order filed 12/04/06. The only discovery request served upon Defendant by Plaintiff since the Court Order filed 12/04/06 has been the Notice of Deposition of Defendant to which the Plaintiff had notified the Defendant and the Court of prior to the Notice of Deposition of Defendant being served. Plaintiff notified Defendant of Deposition well in advance. This Court should not grant Defendant a Protective Order for failing and refusing to appear at her duly noticed deposition. Plaintiff has and continues to comply with the Court Orders, Federal Rules of Civil Procedure and the law. Defendant does not comply with Court Orders, Federal Rules of Civil Procedure nor the law. Defendant's motion for request for Court Protection is again an effort to evade and avoid discovery, prevent Plaintiff from

prosecution of his claim and to not comply with Court Orders, Federal Rules of Civil Procedure and the law. Plaintiff should be awarded cost and fees to respond to this motion. Defendant has, since being warned by the Court, continued her obstructionist actions in discovery. Defendant has continued to refuse, fail, avoid, and or evade discovery and not comply with the Court Orders, Federal Rules of Civil Procedure and the law. To grant this motion would be to punish and prejudice Plaintiff for complying with the Court Orders, Federal Rules of Civil Procedure and the law. To grant this motion would be to reward the Defendant for not complying with the Court Orders, Federal Rules of Civil Procedure and the law. Thus, Defendant's Motion Requesting The Court's Protection should be denied.