## MEMORANDUM OF LAW

Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c).

A protective order should not be granted unless "good cause" exists. General factors used by the Federal Courts to determine "good cause" are: (a) danger of abuse if a protective is granted; (b) the good faith the various parties' positions (c) the adequacy of protective measures provided by protective measures; and (d) availability of other means of proof. 6 Moores Federal Practice 26.104[1] (Matthew Bender 3d Edition). Rule 26(c), Fed. R. Civ. P., provides that, "[u]pon motion by a party or by the person from whom discovery is sought,… and for good cause shown, the court … may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue or expense." As the Second Circuit has held, "[a] plain reading of the language of Rule 26(c) demonstrates that the party seeking a protective order has the burden of showing that good cause exists for issuance of that order." In re "Agent Orange" Product Liability Litigation, 821 F.2d 139, 145 (2d Cir. 1987). See also 8 Wright, Miller & Marcus, Federal Practice and Procedure, ss 2035 at 484 (2d ed. 1994) ("burden [is] on the party seeking relief to show some plainly adequate reason therefore"). A leading treatise notes that "[t]he courts have insisted on a particular and specific demonstration of fact, as distinguished from stereotyped and conclusive statements, in order to establish good cause." Id.

----

Defendant Deborah Y. Miller has not shown good cause for this Motion Requesting The Court's Protection to be granted. No good cause exists for this Motion Requesting The Court's Protection to be granted. Defendant has not shown, presented or proved the general factors to determine good cause exists for Defendant's Motion Requesting The Court's Protection to be granted. The general factors to determine good cause do not exist for this Motion Requesting The Court's Protection to be granted. The Defendant is the party seeking a Protective Order and the Defendant has the burden of

showing that good cause exists. The Defendant has not met the burden of showing that good cause exists for issuance of a Protective Order. Therefore, the Court should not grant Defendant a Protective Order and the Court should not grant Defendant's Motion Requesting The Court's Protection. The Defendant's Motion Requesting The Court's Protection should be denied.

Dated: March 29, 2007 in Honolulu, Hawaii.

Joseph R. Thames
Plaintiff Pro Se