Joseph R. Thames
P.O. Box 674
Kailua, HI 96734
(808) 554-8082

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| JOSEPH R. THAMES<br>PLAINTIFF,<br><br>VS.<br><br>DEBORAH Y. MILLER, ET.AL.<br>DEFENDANT (s). | ) CIVIL NO. 04-00644DAE-LEK<br>)<br>) PLAINTIFF'S INTERMEDIATE<br>) INTERIM FINAL WITNESS<br>) LIST<br>)<br>)<br>) |

## PLAINTIFF'S INTERMEDIATE/INTERIM FINAL WITNESS LIST

Now Comes Plaintiff and submits and files Plaintiff's Intermediate/Interim Final Witness List. Plaintiff states that Defendant did not appear for her duly noticed deposition. To date, Defendant has not appeared for her duly noticed deposition. Further, Defendant has not cooperated in discovery and Defendant has not complied with the Federal Rules of Civil Procedure, FRCP 26, rules, regulations and laws; of discovery.

Again, Plaintiff requests for an Extension of Time and or Additional Time to submit and file Final Witness List. Plaintiff requests of the Court for an extension of time to properly, appropriately and adequately submit and file Final Witness List due to Defendant's failure to comply with discovery, FRCP; to include Defendant's failure to appear at her deposition and also consideration of pending motion to amend complaint. Additionally, Plaintiff reserves the right to amend this filing and other related filings again due Defendant's failure to comply with discovery, FRCP; to include Defendant's failure to appear at her deposition and also consideration of pending motion to amend complaint.

Due to Defendant's refusal and failure to comply and cooperate with discovery and Defendant's refusal and failure to appear for her deposition, Plaintiff can not appropriate, properly, adequately and or completely respond, submit and file Final Witness. To demand of Plaintiff to submit and file such list when Defendant has not been held to the standards and laws of the Court and this Country is unjust and bias against Plaintiff in favor of the Defendant. Plaintiff has been prevented from questioning the Defendant on matters, discovery. Thus, Plaintiff has limited knowledge of the witness necessary to ensure prevailing and due to Defendant removing (stealing evidence) from Plaintiff, Plaintiff is further limited in the evidence and witness to be presented. At this time, Plaintiff can not adequately, appropriately, properly and or completely submit Final Witness List.

Of notice to the Court: Plaintiff intends to call Magistrate Judge Kobayashi, Magistrate Judge Chang, Hawaii State Judge Hifo, Hawaii State Judge Mckenna, and other Hawaii State Judges, Attorney Mitzie Lee, Attorney Ing, other attorney(s), other State, City – County and local officials, Dr. Leu, Accountants and Financial experts, Joseph R. Thames, and other witnesses to be determined and named later to include Deborah Y. Miller.

Plaintiff objects to the Authenticity/Admissibility of any and all Proposed Exhibits of the Defendant or any Defendant witness. Plaintiff has been prevented from questioning the Defendant on the authenticity and admissibility of any proposed exhibits of Defendant. Allowing the Defendant to present any such proposed exhibits would be a miscarriage of just and an unjust and bias act against the Plaintiff in favor of the Defendant.

Plaintiff does object to Defendant or any Defendant witness from using exhibit(s) and demonstrative aids which Defendant has not allowed Plaintiff to question Defendant of through deposition. Therefore, Plaintiff moves to exclude all and any exhibits and demonstrative aids of Defendant.

Plaintiff objects to Defendant or Defendant witness presenting a notarized letter of a witness to which the witness will not be present to be cross examined by Plaintiff. Plaintiff objects to a witness unknown prior to the Plaintiff to testify due to Plaintiff not having the opportunity to question or depose that witness prior to the proceeding. Thus, Plaintiff moves to exclude Defendant's witness of Mary Turner (Defendant's mother) by notarized letter.

Plaintiff moves to exclude Defendant or Defendant witness from the response or use of response of the property as a qualified response of not answering the questions for which such a response is not related and or adequate.

Plaintiff moves to exclude the Defendant or Defendant witness from making allegations of physical and or mental abuse and or harassment by Plaintiff upon Defendant. Such allegations are false and if raised should be held to the scrutiny and Plaintiff to be allowed to add a claim for slander and or libel. Plaintiff should be allowed to fully question Defendant on the allegation and Defendant compelled to fully answer.

Plaintiff moves to exclude any and all and all other matters of Defendant's evidence or Defendant's witness(es). Plaintiff moves to exclude any and all and all other matters presented by Defendant.

The local rules of the Court allows for Motions in Limine to be filed and served not less than ten (10) business days prior to the date of trial …. The scheduled date of trial is set for April 24, 2007. Additionally, magistrate judge gave notice that trial date would most likely be changed.

Plaintiff should be granted an extension in filing deadline time for the above stated document filings.

Dated: April 3, 2007 in Honolulu, Hawaii.

*Joseph R. Thames*
Joseph R. Thames

2