IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| JOSEPH THAMES, | ) | CIVIL NO. 04-00644 DAE-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DEBORAH MILLER, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ORDER DENYING PLAINTIFF'S DISCOVERY MOTIONS

Before the Court are Plaintiff Joseph R. Thames' ("Plaintiff") (1) Motion to Compel Responses to Plaintiff's First Set of Interrogatories and a Request for Production to Defendant, (2) Motion to Compel Responses to Plaintiff's Second Set of Interrogatories and a Request for Production to Defendant, (3) Motion to Compel Responses to Plaintiff's Second Special Interrogatories and Request for Production to Defendant (collectively "Interrogatory Motions"), (4) Motion to Compel Responses to Plaintiff's First Request for Production of Documents to Defendant ("RFP Motion"), and (5) Motion to Admit Plaintiff's Request for Admissions Admitted and or True ("Admissions Motion"), all filed February 23, 2007.  On March 8, 2007, Defendant Deborah Y. Miller ("Defendant") filed a memorandum in opposition to two of the Interrogatory Motions and a memorandum in opposition the RFP Motion.  Defendant did not file a response to the Admissions Motion.  Plaintiff filed

replies to each motion on March 27, 2007.  The Court finds these matters suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  After careful consideration of the motions, supporting and opposing memoranda, and the relevant legal authority, Plaintiff's motions are HEREBY DENIED for the reasons set forth below.

### BACKGROUND

Plaintiff and Defendant previously lived together and the instant case arises from various disputes that arose out of their cohabitation.  Plaintiff filed the original Complaint in the instant action on October 29, 2004.  On June 24, 2005, Plaintiff filed a motion to amend the Complaint ("First Motion to Amend").  On January 4, 2006, this Court issued an order granting the First Motion to Amend in part and denying it in part ("1/4/06 Order").

In the First Motion to Amend, Plaintiff alleged that, in July 1998, Defendant, acting as his agent, purchased property at 404 Kalama Street in Kailua, Hawai`i ("404 Kalama") with funds that he provided.  The purchase records, however, bore no indication that Plaintiff had ownership of 404 Kalama and Defendant denied that Plaintiff had an ownership interest in the property.  Plaintiff filed suit against Defendant in state court.  The state court ultimately found that Plaintiff never had an

ownership interest in 404 Kalama, that Defendant was the sole owner, and that she was entitled to the proceeds from its sale. This Court therefore denied the First Motion to Amend with regard to all of Plaintiff's proposed claims that either challenged Defendant's ownership of 404 Kalama or were related to Plaintiff's allegation that he had an ownership interest in the property.  The 1/4/06 Order stated that "[t]he First Amended Complaint may include the claims alleged in Plaintiff's original complaint and Plaintiff's proposed claim against Defendant for repayment of the $3,290.00 in loans."  [1/4/06 Order at 10.]

Plaintiff filed his First Amended Complaint on February 17, 2006.  The only claims that Plaintiff alleged in the First Amended Complaint were based upon the $3,290.00 in loans that Defendant allegedly owed to Plaintiff.  Defendant filed her answer on March 16, 2006.[1]

On July 11, 2006, Plaintiff filed his Motion to Compel Responses to Plaintiff's Third Special Interrogatories and Request for Production to Defendant ("First Motion to Compel"). Plaintiff sought an order compelling Defendant to respond to his Third Special Interrogatories and Request for Production to

---

[1] Defendant titled the document as a "Memorandum in Opposition to Plaintiff's First Amended Complaint", but this Court construed it as her answer.

Defendant ("Third Interrogatories"),[2] which posed one interrogatory and one request for production of documents that applied to twenty-two different attachments.  On August 10, 2006, this Court issued an order granting in part and denying in part the First Motion to Compel ("8/10/06 Order").  This Court ordered Defendant to respond to the interrogatory and request for production with regard to Attachments (1) through (12).  The Court ruled that she did not have to respond with regard to Attachments (13) through (22) because they did not relate to the alleged $3,290.00 debt that is the subject of this action.  Attachments (13) through (22) appeared to relate to Plaintiff's claims regarding the dispute regarding the ownership of 404 Kalama.

Defendant submitted responses to the Third Interrogatories in accordance with the 8/10/06 Order.  Unsatisfied with Defendant's responses, Plaintiff filed a Motion to Compel; Motion for a More Definite Statement and Motion for Sanctions on November 1, 2006 ("Second Motion to Compel").  On December 4, 2006, this Court issued an order denying the Second Motion to Compel.  This Court ruled, among other things, that Defendant had adequately responded to the portions of the Third Interrogatories that this Court ordered her to respond to.  This

---

[2] Although titled as his "Third", this was apparently Plaintiff's first set of interrogatories and request for production.

Court also reiterated that Plaintiff did not have respond to any discovery requests regarding the 404 Kalama ownership dispute.

The motions currently before this Court concern the following discovery requests that Plaintiff served after this Court issued its 8/10/06 Order: First Request for Production of Documents, served on September 8, 2006 ("First RFP"); First Set of Interrogatories and a Request for Production to Defendant, served on September 8, 2006 ("First Interrogatories"); Second Set of Interrogatories and a Request for Production to Defendant, served on September 13, 2006 ("Second Interrogatories"); and Second Special Interrogatories and Request for Production to Defendant, served on September 15, 2006 ("Second Special Interrogatories").  Plaintiff also served requests for admissions on Defendant on September 8, 2006, September 15, 2006, September 18, 2006 (two requests), and November 14, 2006 (two requests) (collectively "Requests for Admissions").

**DISCUSSION**

As a threshold matter, this Court must determine whether the instant motions were timely.  Pursuant to this Court's July 1, 2005 Rule 16 Scheduling Order ("Scheduling Order"), the discovery deadline was February 23, 2007 and the deadline to file non-dispositive motions was January 24, 2007.  Plaintiff filed the instant motions after the non-dispositive motions deadline.  This Court therefore will not consider

Plaintiff's motions unless there is good cause to amend the Scheduling Order.

A scheduling order "shall not be modified except upon a showing of good cause and by leave of . . . a magistrate judge." Fed. R. Civ. P. 16(b).  The good cause inquiry focuses on the diligence of the party seeking to modify the scheduling order; if the party seeking the modification was not diligent, the court should deny the motion.  See Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002).  "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'"  Id. (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)). Prejudice to the non-moving party may serve as an additional reason to deny the motion, but the lack of prejudice to the non-moving party does not justify granting the motion if the moving party was not diligent.  See Johnson, 975 F.2d at 609.

In the present case, Plaintiff's First Interrogatories, Second Interrogatories, Second Special Interrogatories, First RFP, and each of Plaintiff's Requests for Admissions directed Defendant to serve her response within thirty days of her receipt of Plaintiff's request.  Plaintiff served all of his requests, with the exception of two of the Requests for Admission, during September 2006.  Plaintiff served the other two Requests for Admissions in November 2006.  By the end of either October 2006

or December 2006, it would have been clear that Defendant either was not going to respond at all or was not responding to Plaintiff's satisfaction.  Plaintiff therefore had ample time to file the instant motions prior to the expiration of the non-dispositive motions deadline.

The Court notes that Plaintiff is pro se and this Court generally gives pro se parties leeway.  Plaintiff, however, has demonstrated that he is fully capable of filing a motion to compel, having filed two motions to compel prior to filing the motions currently before the Court.  Plaintiff also appears to understand the distinction between a non-dispositive motion and a motion in limine, having filed his filed Intermediate/Interim Motion(s) in Limine on April 3, 2007.  Plaintiff cannot argue that he believed that the instant motions were timely according to the April 3, 2007 deadline to file motions in limine.  In addition, this Court had a discussion with the parties about their outstanding discovery during a November 27, 2006 settlement conference.  Among other things, the Court gave Plaintiff guidance regarding the number of interrogatories that he could pose to Defendant and discussed focusing his discovery requests on the areas that were essential to his case.  Plaintiff also could have requested a discovery conference or expedited discovery assistance pursuant to Local Rule 37.1(c).  Throughout this case, Plaintiff has called this Court's courtroom manager on

numerous occasions regarding various matters relating to this case.  Plaintiff could have easily called the courtroom manager to request a discovery conference with the Court.

This Court therefore finds that Plaintiff, in the exercise of due diligence, could have reasonably met the pretrial schedule for the filing of non-dispositive motions.  Plaintiff has not established that there is good cause to amend the Scheduling Order to allow the consideration of motions filed after the deadline.

## **CONCLUSION**

On the basis of the foregoing, Plaintiff's (1) Motion to Compel Responses to Plaintiff's First Set of Interrogatories and a Request for Production, (2) Motion to Compel Responses to Plaintiff's Second Set of Interrogatories and a Request for Production to Defendant, (3) Motion to Compel Responses to Plaintiff's Second Special Interrogatories and Request for Production to Defendant, (4) Motion to Compel Responses to Plaintiff's First Request for Production of Documents to Defendant, and (5) Motion to Admit Plaintiff's Request for Admissions Admitted and or True, all filed February 23, 2007, are HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, April 10, 2007.



    /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**JOSEPH R. THAMES V. DEBORAH Y. MILLER; CR. NO. 04-00644 DAE-LEK; ORDER DENYING PLAINTIFF'S DISCOVERY MOTIONS**