Joseph R. Thames
P.O. Box 674
Kailua, HI 96734
(808) 554-8082

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| JOSEPH R. THAMES<br>PLAINTIFF, | ) CIVIL NO. 04-00644DAE-LEK<br>)<br>) PLAINTIFF'S |
| VS. | ) INTERMEDIATE/INTERIM<br>) OPPOSITION MEMO |
| DEBORAH Y. MILLER, ET.AL.<br>DEFENDANT (s). | ) TO MOTION IN LIMINE<br>)<br>) |

## PLAINTIFF'S INTERMEDIATE/INTERIM OPPOSITION MEMO TO MOTION IN LIMINE

Now Comes Plaintiff and submits and files Intermediate/Interim Opposition Memo to Motion In Limine. For good cause and sound reasoning, Plaintiff moves and requests an Extension of time and Additional Time to submit and file stated documents. Defendant has not complied with discovery. Defendant failed and refused to appear for her deposition. Plaintiff is prevented from appropriately, adequately and properly filing such stated documents. Plaintiff has filed motions to compel Defendant to comply. Also, Plaintiff has filed motions to take leave to amend complaint. Plaintiff has been prevented from questioning Defendant on the issues and the defenses raised by Defendant. Again, Plaintiff requests an Extension of Time and Additional Time in submitting and filing Plaintiff's Opposition Memo to Motion in Limine.

Plaintiff opposes and objects to Defendant's Motion In Limine to preclude any testimony/evidence pertaining to property including monies, loans, paperwork, etc.. that directly involved with property. Plaintiff should not be precluded from presenting information and evidence to prove his claim. Defendant has used illegal methods to gain an advantage. Plaintiff should not be prevented from presenting the truth. This case should be decided on the truthful facts and evidence. Plaintiff has continually complied with the law and Court orders while Defendant has continually not complied with the law nor Court Orders.

Defendant submits numerous Attachment excerpts from orders which Plaintiff has complied with and Defendant has not complied with. Defendant highlights writing about property ownership. Defendant has perpetrated a fraud upon the Court about property ownership. Plaintiff should not be prevented from addressing that fraud and the consequences and effects of the fraud. As ruled by the Ninth Circuit Court of Appeals, the State Court has no power to invade unjustly upon private property rights.

Thus, Plaintiff should not be precluded from presenting any evidence Plaintiff needs to prove Plaintiff's claim. Plaintiff should be allowed to present information about property especially evidence concerning property Defendant illegally, wrongfully and or unjustly removed from Plaintiff's property which was Plaintiff's personal property. Plaintiff should not be limited to matters of $3,290.00.

Dated: April 10, 2007 in Honolulu, Hawaii.

*Joseph R. Thames*
Joseph R. Thames