Joseph R. Thames
P.O. Box 674
Kailua, HI 96734
(808) 554-8082

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| JOSEPH R. THAMES<br>PLAINTIFF,<br><br>VS.<br><br>DEBORAH Y. MILLER, ET.AL.<br>DEFENDANT (s). | ) CIVIL NO. 04-00644DAE-LEK<br>)<br>) PLAINTIFF'S<br>) INTERMEDIATE/INTERIM<br>) TRIAL BRIEF<br>)<br>)<br>) |

**PLAINTIFF'S INTERMEDIATE/INTERIM TRIAL BRIEF**

    Now Comes Plaintiff and submits and files Intermediate/Interim Trial Brief. For good cause and sound reasoning, Plaintiff moves and requests an Extension of time and Additional Time to submit and file stated documents. Defendant has not complied with discovery. Defendant failed and refused to appear for her deposition. Plaintiff is prevented from appropriately, adequately and properly filing such stated documents. Plaintiff has filed motions to compel Defendant to comply. Also, Plaintiff has filed motions to take leave to amend complaint. Plaintiff has been prevented from questioning Defendant on the issues and the defenses raised by Defendant. Again, Plaintiff requests an Extension of Time and Additional Time in submitting and filing Plaintiff's Trial Brief.

    Defendant has used illegal methods to gain an advantage. Plaintiff should not be prevented from presenting the truth. This case should be decided on the truthful facts and evidence. Plaintiff has continually complied with the law and Court orders while Defendant has continually not complied with the law nor Court Orders.

    Plaintiff for sound cause and good reason submitted and requested for Defendant to stipulate to Generalized Damages.

    Plaintiff will present witness(es) for testimony. Plaintiff will present exhibits and demonstrative aids. Trial estimated time presently is eight (8) days. Defendant's refusal and failure to cooperate in discovery, Defendant's refusal and failure to comply with discovery, Federal Rules of Civil Procedure, and Court Orders, and Defendant's failure and refusal to appear for her deposition along with Defendant's evasive conduct, untruthful acts and illegal actions requires the Plaintiff to present much information, material and evidence.

    Plaintiff shall prove at trial the facts and reasons Plaintiff should be awarded judgment and damages.

Background:
   Plaintiff's original complaint was filed in U.S. District Court on October 29, 2004. Amended complaint(s) have been filed subsequent. Plaintiff and Defendant lived together at 404A Kalama Street, Kailua Hawaii. Plaintiff and Defendant had agreements concerning household, money(s) and other matters. Dispute(s) arose/have arisen between Plaintiff and Defendant.

   Plaintiff will present and prove all damages below and any and all other necessary damages.
Facts:
Plaintiff is domicile in North Carolina.
Defendant is domicile in Massachusetts.
The monetary amount(s) of dispute exceeds $75,000.00.
Plaintiff and Defendant resided in the same household during a period of time.
Defendant resided as a tenant.
Plaintiff and Defendant agreed to pay equally 50% each of the utility bills.
Plaintiff was the property owner of the dwelling Defendant resided in as a tenant.
Defendant agreed to pay rent to Plaintiff.
Defendant refused and or failed to pay rent.
Defendant removed Plaintiff's personal property from property owned by Plaintiff.
Plaintiff loaned money to Plaintiff.
Plaintiff provided collateral for Defendant to secure a loan.
Defendant kept an accounting.
Plaintiff deposited money(s) with Defendant for the expenditure in benefit of the Plaintiff.
Defendant did not comply with discovery, Federal Rules of Civil Procedure, and or Court Orders.
Defendant failed and or refused to appear for her deposition.
Plaintiff has been prevented from questioning Defendant on the issues and appropriately, properly and adequately prosecuting his claim.
Defendant made negative statements about Plaintiff.
Plaintiff lost real property equity due to Defendant's wrongful actions.
Plaintiff lost income due to Defendant's wrongful actions.
Plaintiff lost possession of his vehicles due to Defendant's wrongful actions.
Plaintiff incurred storage cost due to Defendant's wrongful actions.
Plaintiff suffered mental and emotional stress, anguish, etc… due to Defendant's wrongful actions.
Plaintiff incurred legal cost, fees and expenses and other cost, fees, and expenses due to Defendant's wrongful actions.

   Plaintiff will present and prove all facts below and any and all other necessary facts.
Facts of Damages:

$3,290.00   The Court limited and restricted damages are owed to Plaintiff. Defendant has not offered a legal defense. Defendant defense has no merit. The monies Defendant asserts to have paid the debt with is monies of the Plaintiff. Further, Defendant did not appear for her Deposition to address, justify or defend her position and or Defense. These damages are for

|  |  |
|---|---|
|  | household bills and loans. These facts have been materialized through discovery, Admissions of Facts and will be further proven at trial. |
| $29,500.00 | Damages due and owed to Plaintiff for funds of Plaintiff withheld and not returned to Plaintiff by Defendant. Funds were money received by Deborah Y. Miller from funds of Joseph R. Thames entrusted and deposited with Defendant Deborah Y. Miller for expenditure in benefit of Plaintiff Joseph R. Thames. These facts have been materialized through discovery, Admissions of Facts and will be further proven at trial. |
| $2,130.00 | Damages are for loan due, owed and not repaid to Plaintiff by Defendant. Loan was for monies loaned to Defendant for her daughter's wedding. These facts have been materialized through discovery, Admissions of Facts and will be further proven at trial. |
| $15,900.00 | Damages from loan repaid from funds of Plaintiff Joseph R. Thames. Loan for Defendant Deborah Y. Miller was secured by $17,000 Certificate of Deposit (CD) of Plaintiff Joseph R. Thames. Loan and CD were held at Hawaii National Bank: Loan Number 059-06822 and CD #01873. Funds are due and owed to Plaintiff by Defendant. These facts have been materialized through discovery, Admissions of Facts and will be further proven at trial. |
| $5,080.00 | Damages for bad check. Check number 0970 surrendered to Plaintiff Joseph R. Thames from Defendant Deborah Y. Miller and returned unpaid due to insufficient funds are due and owed to Plaintiff Joseph R. Thames. These facts have been materialized through discovery, Admissions of Facts and will be further proven at trial. |
| $17,000.00 | Damages for monies owed and due to Plaintiff Joseph R. Thames from Defendant Deborah Y. Miller. Funds were money received by Deborah Y. Miller from funds of Joseph R. Thames entrusted and deposited with Defendant Deborah Y. Miller for expenditure in benefit of Plaintiff Joseph R. Thames. These facts have been materialized through discovery, Admissions of Facts and will be further proven at trial. |
| $6,942.07 | Damages for monies owed and due to Plaintiff Joseph R. Thames from Defendant Deborah Y. Miller. Funds were money received by Deborah Y. Miller from funds of Joseph R. Thames entrusted and deposited with Defendant Deborah Y. Miller for expenditure in benefit of Plaintiff Joseph R. Thames. These facts have been materialized through discovery, Admissions of Facts and will be further proven at trial. |
| $1,290.00 | Damages for monies owed and due to Plaintiff Joseph R. Thames from |

|  |  |
|---|---|
|  | Defendant Deborah Y. Miller. Funds were money received by Deborah Y. Miller from funds of Joseph R. Thames entrusted and deposited with Defendant Deborah Y. Miller for expenditure in benefit of Plaintiff Joseph R. Thames. These facts have been materialized through discovery, Admissions of Facts and will be further proven at trial. |
| $1,000.00 | Damages for monies owed and due to Plaintiff Joseph R. Thames from Defendant Deborah Y. Miller. Funds were money received by Deborah Y. Miller from funds of Joseph R. Thames entrusted and deposited with Defendant Deborah Y. Miller for expenditure in benefit of Plaintiff Joseph R. Thames. These facts have been materialized through discovery, Admissions of Facts and will be further proven at trial. |
| $3,000.00 | Damages for monies owed and due to Plaintiff Joseph R. Thames from Defendant Deborah Y. Miller. Funds were money received by Deborah Y. Miller from funds of Joseph R. Thames entrusted and deposited with Defendant Deborah Y. Miller for expenditure in benefit of Plaintiff Joseph R. Thames. These facts have been materialized through discovery, Admissions of Facts and will be further proven at trial. |
| $6,000.00 | Damages for monies owed and due to Plaintiff Joseph R. Thames from Defendant Deborah Y. Miller. Funds were money received by Deborah Y. Miller from funds of Joseph R. Thames entrusted and deposited with Defendant Deborah Y. Miller for expenditure in benefit of Plaintiff Joseph R. Thames. These facts have been materialized through discovery, Admissions of Facts and will be further proven at trial. |
| $6,700.00 | Damages for monies owed and due to Plaintiff Joseph R. Thames from Defendant Deborah Y. Miller. Funds were money received by Deborah Y. Miller from funds of Joseph R. Thames entrusted and deposited with Defendant Deborah Y. Miller for expenditure in benefit of Plaintiff Joseph R. Thames. These facts have been materialized through discovery, Admissions of Facts and will be further proven at trial. |
| $16,812.35 | Damages for monies owed and due to Plaintiff Joseph R. Thames from Defendant Deborah Y. Miller. Funds were money received by Deborah Y. Miller from funds of Joseph R. Thames entrusted and deposited with Defendant Deborah Y. Miller for expenditure in benefit of Plaintiff Joseph R. Thames. These facts have been materialized through discovery, Admissions of Facts and will be further proven at trial. |
| $500.00 | Damages for monies owed and due to Plaintiff Joseph R. Thames from Defendant Deborah Y. Miller. Funds were money received by Deborah Y. Miller from funds of Joseph R. Thames entrusted and deposited with Defendant Deborah Y. Miller for expenditure in benefit of Plaintiff |

|  |  |
|---|---|
|  | Joseph R. Thames. These facts have been materialized through discovery, Admissions of Facts and will be further proven at trial. |
| $11,050 | Damages for rent owed and due to Plaintiff Joseph R. Thames from Defendant Deborah Y. Miller. These facts have been materialized through discovery, Admissions of Facts and will be further proven at trial. |
| $372,000.00 | Estimated damages for loss of equity. These facts have been materialized through discovery, Admissions of Facts and will be further proven at trial. |
| $2,500.00 | Loss of value of truck. These facts have been materialized through discovery, Admissions of Facts and will be further proven at trial. |
| $2,500.00 | Loss of value of truck. These facts have been materialized through discovery, Admissions of Facts and will be further proven at trial. |
| $3,800.00 | Loss of value of truck. These facts have been materialized through discovery, Admissions of Facts and will be further proven at trial. |

$26,640     Storage of household goods.
$370 per mo. (12 mos. per year) X 6 years.
   These facts have been materialized through discovery, Admissions of Facts and will be further proven at trial.

$420,000.00   Loss of income (estimated).
($70,000.00 X 6 years)
   These facts have been materialized through discovery, Admissions of Facts and will be further proven at trial.

$300,000.00   Loss of income (estimated).
($50,000.00 X 6 years)
   These facts have been materialized through discovery, Admissions of Facts and will be further proven at trial.

|  |  |
|---|---|
| $1,000,000.00 | Mental anxiety and anguish<br>These facts have been materialized through discovery, Admissions of Facts and will be further proven at trial. |
| $1,000,000.00 | Mental stress/disorder<br>These facts have been materialized through discovery, Admissions of Facts and will be further proven at trial. |

| | |
|---|---|
| Undetermined | Damages for Slander, Libel and Defamation of Character. These facts have been materialized through discovery, Admissions of Facts and will be further proven at trial. |
| Undetermined | Other damages undeterminable in generalization at this time because Defendant's illegally removed/stole items from Plaintiff's property. These facts have been materialized through discovery, Admissions of Facts and will be further proven at trial. |
| Undetermined | Legal interest rate upon damages awarded. These facts have been materialized through discovery, Admissions of Facts and will be further proven at trial. |
| Undetermined | Legal fees, cost and expenses. These facts have been materialized through discovery, Admissions of Facts and will be further proven at trial. |
| Undetermined | Punitive damages. These facts have been materialized through discovery, Admissions of Facts and will be further proven at trial. |

Plaintiff will rely on the following laws and any and all other necessary laws.
Conclusion of Law:
The following law apply and concluded in grounds for Plaintiff being awarded a judgment and damages in favor of the Plaintiff.
Plaintiff is entitled to a judgment as a matter of law. Defendant failed to comply with discovery. Defendant failed to comply with Court Orders. Defendant failed and refused to appear for her deposition.

Plaintiff is entitled to a judgment and Plaintiff is entitled to be awarded damages: Two parties (Plaintiff and Defendant) both of age and both of legal capacity had agreement(s). Defendant did not abide by the agreement(s). Defendant withheld Plaintiff's property (to include money and other intangible and other personal property) from Plaintiff. Plaintiff suffered loss(es). Plaintiff was injured. Plaintiff was harmed.

A civil wrong which can be redressed by awarding damages. Smith v. United States, 507 U.S. 197 (1993).

28 U.S.C. Chapter 171.

Damages are based on the loss incurred by the injured party… Surrey CC –v- Bredero Homes Ltd (1992) 3 AllER 302.

Plaintiff should be awarded damages as shown above and any and or all other damages so deemed.

Dated: April 10, 2007 in Honolulu, Hawaii.

*Joseph R. Thames*
Joseph R. Thames