Joseph R. Thames
P.O. Box 674
Kailua, HI 96734
(808) 554-8082

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| JOSEPH R. THAMES<br>PLAINTIFF,<br><br>VS.<br><br>DEBORAH Y. MILLER, ET.AL.<br>DEFENDANT (s). | ) CIVIL NO. 04-00644DAE-LEK<br>)<br>) PLAINTIFF'S<br>) MOTION FOR<br>) RULE 60 RELIEF FROM<br>) MAGISTRATE JUDGE'S ORDER<br>) GRANTING IN PART AND<br>) DENYING IN PART PLAINTIFF'S<br>) EMERGENCY MOTION TO COMPEL<br>) DEFENDANT DEBORAH Y. MILLER<br>) TO APPEAR FOR HER DULY<br>) NOTICED DEPOSITION AND<br>) MOTION FOR SANCTIONS<br>) AND DENYING PLAINTIFF'S<br>) MOTIONS TO EXTEND<br>) DISCOVERY DEADLINE<br>)<br>) EXHIBIT A, B, C AND D<br>)<br>) |

**PLAINTIFF'S MOTION FOR RULE 60 RELIEF FROM MAGISTRATE JUDGE ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S EMERGENCY MOTION TO COMPEL DEFENDANT DEBORAH Y. MILLER TO APPEAR FOR HER DULY NOTICED DEPOSITION AND MOTION FOR SANCTIONS AND DENYING PLAINTIFF'S MOTION TO EXTEND DISCOVERY DEADLINE**

Now Comes Plaintiff and submits and files Plaintiff's Motion for Rule 60 Relief From Magistrate Judge Order Granting in Part and Denying in Part Plaintiff's Emergency Motion to Compel Defendant Deborah Y. Miller to Appear for Her Duly Noticed Deposition and Motion for Sanctions and Denying Plaintiff's Motion to Extend Discovery Deadline. For good cause and sound reason, Plaintiff moves from relief of

Magistrate's Order stated above and filed 04/10/2007. Plaintiff's should be allowed to depose Defendant, Defendant should have heavier sanctions impose to include a Default Judgment entered against her and Discovery deadline should be extended. Plaintiff Motion is based in the law; the Federal Rules of Civil Procedure, Rule 60 (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. The Court writes on page 3 "On January 31, 2007, Plaintiff served a notice for Defendant to appear for her deposition on February 20, 2007 at 9:00 a.m." Further the Court writes, "Plaintiff's deposition notice was mailed on January 31, 2007 for Defendant to appear on February 20, 2007 for her deposition." Thus, the notice only gave Defendant a little more than two weeks to make arrangements to appear or obtain a protective order. Given Defendant's heath issues, her pro se status, and the relatively short period of time between service of the notice and the date of the deposition, the Court concludes that Defendant's failure to appear does not warrant terminating sanctions under the circumstances. This Court therefore DENIES Plaintiff's request for entry of default judgment." (Exhibit A). Exhibit A is a true, accurate and correct copy of the subject court order.

      Plaintiff submits that Defendant was served on January 13, 2007 a notice for Defendant to appear for deposition on February 20, 2007. Plaintiff submitted through a declaration and through an Affidavit; that Plaintiff served upon Defendant on January 13, 2007 a notice for Defendant to appear for deposition on February 20, 2007. Plaintiff submitted the Certificate of Service dated January 13, 2007 as the date Plaintiff served the Notice of Deposition upon Defendant to appear for her deposition on February 20, 2007 at 9:00 a.m. Plaintiff submitted through a declaration and through an Affidavit; the

Certificate of Service dated January 13, 2007 as the date Plaintiff served the Notice of Deposition upon Defendant to appear for her deposition on February 20, 2007 at 9:00 a.m. Plaintiff submitted a copy of the the U.S. Postal Service CERTIFIED MAIL RECEIPT dated and stamped JAN 13 2007 with mailing label number 7006 0810 0004 2162 9066 as the date Plaintiff served the Notice of Deposition upon Defendant to appear for her deposition on February 20, 2007 at 9:00 a.m. Plaintiff submitted through declaration and affidavit the a copy of the U.S. Postal Service CERTIFIED MAIL RECEIPT dated and stamped JAN 13 2007 with mailing label number 7006 0810 0004 2162 9066 as the date Plaintiff served the Notice of Deposition upon Defendant to appear for her deposition on February 20, 2007 at 9:00 a.m. [(Exhibit B and Exhibit C) these records are located in the court files also]. On January 13, 2007, Plaintiff served the notice for Defendant to appear for her deposition on February 20, 2007 at 9:00 a.m. The U.S. Postal Service shows the document was received January 16, 2007. (Exhibit D). Exhibit B is a true, accurate and correct copy of Plaintiff's Declaration from the Plaintiff's Motion to Compel Defendant Deborah Y. Miller to Appear for her Duly Noticed Deposition and Motion for Sanctions and copy of Notice of Deposition Certificate of Service dated January 13, 2007 and U.S. Postal Service CERTIFIED MAIL RECEIPT dated and stamped JAN 13 2007. Exhibit C is a true, accurate and correct copy of Plaintiff's Affidavit from Plaintiff's Reply Memorandum to Defendant's Response to Plaintiff's Emergency Motion to Compel Defendant Deborah Y. Miller to Appear for her Duly Noticed Deposition and Motion for Sanctions and copy of Notice of Deposition Certificate of Service dated January 13, 2007 and U.S. Postal Service CERTIFIED MAIL RECEIPT dated and stamped JAN 13 2007. Exhibit D is a true,

accurate and correct copy of the U.S. Postal Track & Confirm confirmation of delivery of January 16, 2007.

The subject Court's Order is in error, incorrect, inaccurate, a **mistake**, and wrong. Thus, the Defendant had over six (6) weeks to appear for her deposition. In response to the Court's erroneous statement, the Defendant had over six (6) weeks to make arrangements or seek a protective order. The subject Court Order's statement, "On January 31, 2007, Plaintiff served a notice for Defendant to appear for her deposition on February 20, 2007 at 9:00 a.m." is an erroneous statement and a mistake.

Plaintiff moves for relief from the subject Court order, Magistrate Judge Order Granting in Part and Denying in Part Plaintiff's Emergency Motion to Compel Defendant Deborah Y. Miller to Appear for Her Duly Noticed Deposition and Motion for Sanctions and Denying Plaintiff's Motion to Extend Discovery Deadline entered and filed 04/10/2007. The subject Court order contains a vital mistake which the Magistrates conclusion directly depends upon. The Magistrate Judge's Conclusion, Ruling and Order are in error and mistake.

Dated: April 16, 2007 in Honolulu, Hawaii.

Joseph R. Thames
Plaintiff
Pro Se