IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| JOSEPH THAMES, | ) | CIVIL NO. 04-00644 DAE-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DEBORAH MILLER, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S
EMERGENCY MOTION TO COMPEL DEFENDANT DEBORAH Y. MILLER TO
APPEAR FOR HER DULY NOTICED DEPOSITION AND MOTION FOR SANCTIONS
AND DENYING PLAINTIFF'S MOTIONS TO EXTEND DISCOVERY DEADLINE

Before the Court are Plaintiff Joseph R. Thames' ("Plaintiff") Emergency Motion to Compel Defendant Deborah Y. Miller to Appear for Her Duly Noticed Deposition and Motion for Sanctions ("Deposition Motion"), filed February 20, 2007, and Plaintiff's Motion to Enlarge Discovery Period and Motion to Extend Discovery Deadline, Motion to Stay Discovery and Motion to Stay Toll on Discovery, and Motion to Take Leave of the Court to Expand the Scope of Discovery (collectively "Extension Motions"), all filed February 22, 2007. The Extension Motions all raise the same arguments in support of an extension of the discovery deadline in this case. Defendant Deborah Y. Miller ("Defendant") filed a response to the Deposition Motion and a memorandum in opposition to the Extension Motions on March 8, 2007.[1] Plaintiff

---

[1] Defendant's document is entitled "Defendant's Motion in
(continued...)

Exhibit A

5

filed a reply for the Deposition Motion on March 21, 2007 and a supplemental reply on March 22, 2007. Plaintiff filed replies to each of the Extension Motions on March 27, 2007. The Court finds these matters suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i. After careful consideration of the motions, supporting and opposing memoranda, and the relevant legal authority, Plaintiff's Deposition Motion is HEREBY GRANTED IN PART and DENIED IN PART and Plaintiff's Extension Motions are HEREBY DENIED for the reasons set forth below.

## BACKGROUND

Plaintiff and Defendant previously lived together and the instant case arises from various disputes that arose out of their cohabitation. Plaintiff filed the original Complaint in the instant action on October 29, 2004. Plaintiff filed his First Amended Complaint on February 17, 2006. The only claims that Plaintiff alleged in the First Amended Complaint were based upon an alleged $3,290.00 in loans that Defendant owes to

---

[1](...continued)
Opposition to Plaintiff's Motion to Enlarge Discovery Period and Motion to Extend Discovery Deadline". The Court construes this as a memorandum in opposition to all three Extension Motions, insofar as the Extension Motions all raise the same arguments.

Plaintiff. Defendant filed her answer on March 16, 2006.[2]

## I.   Deposition Motion

On January 31, 2007, Plaintiff served a notice for Defendant to appear for her deposition on February 20, 2007 at 9:00 a.m. There were numerous changes to the location of the deposition, but Plaintiff served Defendant with a notice of each change. Plaintiff did not receive any objections or oppositions to the notices. Defendant failed to appear for her deposition. Plaintiff and the court reporter waited for one hour and then created a record of Defendant's failure to appear. Plaintiff also tried to call Defendant, but she did not answer. Plaintiff notes that Defendant has never offered a reason for her failure to appear and he argues that she has failed to comply with her discovery obligations under the Federal Rules of Civil Procedure. Plaintiff asks the Court to: compel Defendant to appear at a deposition; award fees and costs incurred in bringing the instant Deposition Motion; award costs for the February 20, 2007 deposition; extend the discovery period; enter default judgment against Defendant; or award other sanctions.

In her response to the Deposition Motion, Defendant apologized to the Court because she mistakenly believed that this Court's prior discovery orders meant that discovery in this case

---

[2] Defendant titled the document as a "Memorandum in Opposition to Plaintiff's First Amended Complaint", but this Court construed it as her answer.

3

7

was over.³ She therefore believed that she did not have to appear for her deposition. Defendant argues that this Court should not compel her to submit to a deposition because she has already given him all of the relevant documents and things that she has and she has already answered over 100 interrogatories and requests for admissions. Defendant states that she has nothing to add to these responses and she suspects that any questions Plaintiff may ask her at a deposition would be irrelevant to the issues in this case. Defendant argues that having to appear at a deposition would be very difficult for her because of the expense and because of her health condition and pending operation.

Plaintiff states that he would "question Defendant concerning her arrival at the $3,290.00 calculation . . . ." [Reply at 2.] He would also ask her where the funds came from and to prove her assertion that she, and not Plaintiff, provided these funds. Plaintiff also states that he would question her about new evidence, including documents that he alleges Defendant

---

³ Defendant also noted that she did not receive the Deposition Motion until March 3, 2007 because Plaintiff apparently did not mail it until March 1, 2007, even though he filed it on February 20, 2007. In his reply and supplemental reply, Plaintiff argues that he properly served Defendant with the Deposition Motion on February 20, 2007 and that any delay in Defendant's receipt was attributable to her. The Court declines to address this dispute. Although Defendant filed her response one day late, she made a good faith effort to comply with the March 7, 2007 deadline, having mailed the response to the district court on March 5, 2007. Further, Plaintiff was not prejudiced by Defendant's late filing insofar as he was able to file his reply by the March 21, 2007 deadline.

4

8

removed from his property. For example, he cites documentation of a $17,000 loan to Defendant that was collateralized with Plaintiff's certificate of deposit. He states that he has made numerous discovery requests about the loan but Defendant has not responded.

Plaintiff argues that Defendant has not responded fully and truthfully to his discovery requests.[4] He argues that Defendant is wilfully depriving him of discoverable information and evidence in order to prevent him from obtaining prejudicial evidence that he can use against her. Plaintiff therefore argues that sanctions are appropriate.

## II. Extension Motions

This Court's July 1, 2005 Rule 16 Scheduling Order ("Scheduling Order") set the discovery deadline in this case for February 23, 2007. The Extension Motions allege that, despite warnings from this Court, Defendant has not complied with her discovery obligations under the Federal Rules of Civil Procedure. Plaintiff argues that this Court should extend the discovery period because of Defendant's failure to appear for her deposition and because of Plaintiff's pending motion to amend his complaint. Defendant denies obstructing Plaintiff's discovery and argues that she has answered all of Plaintiff's relevant

---

[4] Plaintiff states that he has attempted to meet and confer with Defendant in good faith in an attempt to secure her appearance at a deposition without the Court's intervention.

questions and provided him will all relevant documents.

## DISCUSSION

### I. Defendant's Deposition

The general rule is that "[a] party may take the testimony of any person, including a party, by deposition upon oral examination without leave of court . . . ." Fed. R. Civ. P. 30(a)(1). Plaintiff gave notice of Defendant's deposition pursuant to Rule 30(b)(1). Defendant apparently received the notices, but she did not appear at her deposition because she believed that this Court had ruled that discovery was over. Defendant was mistaken.

In this Court's December 4, 2006 Order Denying Plaintiff's Motion to Compel; Motion for a More Definite Statement and Motion for Sanctions, this Court ruled that Defendant had responded to all of Plaintiff's prior written discovery requests that this Court had previously ordered her to respond to. This Court stated that she did not have to respond to Plaintiff's discovery requests regarding the property ownership dispute which this Court has ruled is not within the scope of this action. This Court also instructed Plaintiff that he could not serve further discovery requests about the property ownership dispute without obtaining leave of court. Although this Court limited the scope of the discovery that Plaintiff could conduct, this Court never ruled that discovery was over.

Absent an appropriate protective order, Defendant would be required to appear at her properly noticed deposition.

If Defendant inquired into subjects that this Court prohibited, Plaintiff could have objected to and refused to answer these questions, and could have thereafter filed a motion for a protective order. See Fed. R. Civ. P. 37(c) (stating that the failure to appear for a deposition "may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has a pending motion for a protective order as provided by Rule 26(c)"). Defendant also argues that attending her deposition would have been unduly burdensome for her because of the cost and her health condition.[5] Defendant could have moved for a protective order on that basis. See Fed. R. Civ. P. 26(c) (stating that a court may issue a protective order "for good cause shown . . . to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense").

This Court does not condone Defendant's failure to appear for her deposition. Under the circumstances of the case, however, the Court finds that it would be inappropriate to compel Defendant to appear at a deposition. Both parties are pro se and there is a high degree of animosity between Plaintiff and

---

[5] Defendant has previously informed the Court that she has cancer and has been spending significant portions of time on the mainland for treatment.

Defendant. Based on this Court's experience with Plaintiff and Defendant during their prior court appearances, the Court is not confident that they can conduct a deposition in a civilized and productive manner. The Court notes that several years of litigation between the parties precluded the instant lawsuit.[6] Further, the parties have already engaged in significant written discovery in this case as well as in the prior litigation. The factual issues in this case are not complex and they arise from the intimate relationship that previously existed between Plaintiff and Defendant. The Court therefore finds that Plaintiff will not be unfairly surprised during Defendant's testimony at trial because of his inability to depose her. Plaintiff's request to compel Defendant to attend a deposition is DENIED.[7]

---

[6] On March 31, 2000, Plaintiff brought suit against Defendant in state court. Plaintiff claimed that, on July 30, 1998, Defendant, acting as his agent, entered into an agreement to purchase property at 404 Kalama Street in Kailua, Hawai`i ("the Property") with funds provided by him.
    On November 8, 2002, the court dismissed Plaintiff's complaint with prejudice and entered judgment in favor of Defendant after Plaintiff failed to appear for trial on November 6, 2002. The court found that Plaintiff never had an ownership interest in the Property, that Defendant was the sole owner, and that she was entitled to the proceeds from its sale. Plaintiff later appealed and, on September 20, 2004, the Hawai`i Intermediate Court of Appeals affirmed the state court's judgement.

[7] The Court will not address the Deposition Motion's request for an extension of the discovery deadline because Plaintiff raised this issue in the Extension Motions.

8

12

II. <u>Plaintiff's Request for Sanctions</u>

Plaintiff requests sanctions for Defendant's failure to appear at her deposition, including default judgment, an award of the costs of the deposition, and an award of the fees and costs incurred in bringing the instant Deposition Motion. Rule 37(c) provides, in pertinent part:

> If a party . . . fails (1) to appear before the officer who is to take the deposition, after being served with a proper notice, . . . the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule. . . . In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(c).

Rule 37(b)(2)(C) does authorize the entry of default judgment as a discovery sanction. Courts, however, cannot impose sanctions as harsh as default judgment as "mere penalties". <u>See United States v. Sumitomo Marine & Fire Ins. Co.</u>, 617 F.2d 1365, 1369 (9th Cir. 1980) (quoting <u>Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.</u>, 602 F.2d 1062, 1066 (2d Cir. 1979)). A court's use of sanctions must be tempered by due process. <u>See id.</u> In order to warrant sanctions that terminate a case, like default judgment, the party's conduct must have been

9

"due to willfulness, fault, or bad faith." See Computer Task Group, Inc. v. Brotby, 364 F.3d 1112, 1115 (9th Cir. 2004) (citations and quotation marks omitted).

It could be argued that Defendant's failure to appear at her deposition was wilful because she knew about the deposition and chose not to appear. The Court, however, will give Defendant some leeway because she is pro se and she is not a sophisticated litigant. Plaintiff's deposition notice was mailed on January 31, 2007 for Defendant to appear on February 20, 2007 for her deposition. Thus, the notice only gave Defendant a little more than two weeks to make arrangements to appear or obtain a protective order. Given Defendant's health issues, her pro se status, and the relatively short period of time between service of the deposition notice and the date of the deposition, the Court concludes that Defendant's failure to appear does not warrant terminating sanctions under the circumstances. This Court therefore DENIES Plaintiff's request for the entry of default judgment.

This Court also finds that it would be unfair to require Plaintiff to bear the full financial burden of Defendant's failure to appear for her scheduled deposition. One of the attachments to Plaintiff's reply was an invoice dated March 3, 2007 for the court reporter's services for Defendant's deposition. The court reporter apparently charged a $120.00 fee

and $5.00 in state general excise tax, which was due upon Plaintiff's receipt of the invoice. This Court therefore orders Defendant to reimburse Plaintiff $125.00 for the court reporter's services. The Court recognizes that Plaintiff incurred other expenses in noticing and attending Defendant's deposition and in bringing the instant Deposition Motion, but the Court finds that, under the circumstances of the case, an award of further fees and costs would be unjust. Plaintiff's request for fees and costs is therefore GRANTED IN PART and DENIED IN PART.

### III. Extension of Discovery Deadline

In order to obtain an extension of the discovery deadline, Plaintiff must establish that an amendment of this Court's Scheduling Order is appropriate. See Fed. R. Civ. P. 16(b) (stating that a scheduling order "shall not be modified except upon a showing of good cause and by leave of . . . a magistrate judge"). Plaintiff argues that the Court should extend the discovery deadline because of Defendant's failure to appear at her deposition and because of his pending motion to amend the complaint. Insofar as this Court has denied Plaintiff's request to compel Defendant to appear for a deposition and this Court previously denied Plaintiff's motion to amend his complaint, this Court finds that Plaintiff has not established good cause to amend the Scheduling Order to extend the discovery deadline. Plaintiff's Extension Motions are

therefore DENIED.

## CONCLUSION

On the basis of the foregoing, Plaintiff's Emergency Motion to Compel Defendant Deborah Y. Miller to Appear for Her Duly Noticed Deposition and Motion for Sanctions, filed February 20, 2007, is HEREBY GRANTED IN PART and DENIED IN PART. The Court GRANTS the Deposition Motion insofar as the Court orders Defendant to pay Plaintiff $125.00 for the cost of the court reporter's services for Defendant's noticed deposition. Defendant shall pay that amount to Plaintiff by no later than Monday, April 30, 2007. The Court DENIES the Deposition Motion in all other respects.

Plaintiff's Motion to Enlarge Discovery Period and Motion to Extend Discovery Deadline, Motion to Stay Discovery and Motion to Stay Toll on Discovery, and Motion to Take Leave of the Court to Expand the Scope of Discovery, all filed February 22, 2007, are HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, April 10, 2007.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

JOSEPH R. THAMES V. DEBORAH Y. MILLER; CIVIL NO. 04-00644 DAE-LEK; ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S EMERGENCY MOTION TO COMPEL DEFENDANT DEBORAH Y. MILLER TO APPEAR FOR HER DULY NOTICED DEPOSITION AND MOTION FOR SANCTIONS AND DENYING PLAINTIFF'S MOTIONS TO EXTEND DISCOVERY DEADLINE