IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| JOSEPH R. THAMES, | ) | CV. NO. 04-00644 DAE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DEBORAH Y. MILLER, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER DENYING PLAINTIFF'S APPEAL
OF THE MAGISTRATE JUDGE'S ORDER

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing Plaintiff's Motion ("Motion") for Rule 60 Relief from Magistrate Judge's Order Granting In Part and Denying In Part Plaintiff's Emergency Motion to Compel Defendant Deborah Y. Miller to Appear for Her Duly Noticed Deposition and Motion for Sanctions and Denying Plaintiff's Motions to Extend Discovery Deadlines ("Order to Compel"), the Court DENIES Plaintiff's Motion.[1]

---

[1] Although Plaintiff stylizes his Motion as one requesting relief from judgment under Rule 60(b), this Court interprets his Motion as an appeal from a magistrate judge's order.

BACKGROUND

Sometime in January 2007, Plaintiff served Defendant with a Notice of Deposition to appear at her deposition scheduled for February 20, 2007.  (Order to Compel at 3.)  Defendant did not appear, and she did not respond to Plaintiff's calls to her regarding the deposition.  (Id.)  Accordingly, Plaintiff filed an Emergency Motion to Compel Defendant Deborah Y. Miller to Appear for Her Duly Noticed Deposition and Motion for Sanctions ("Deposition Motion").  In response to the Deposition Motion, Defendant claimed that she did not appear for the deposition because she believed that this Court's prior discovery orders meant that discovery in this case was closed; thus, she did not believe that she had to appear.  (Id. at 3-4.)  Defendant also argued that the Court should not compel her to appear for the deposition because she already had given Plaintiff all of the relevant documents and other things that she had in her possession, and that she already had answered over 100 interrogatories and requests for admissions.  (Id. at 4.)  Additionally, Defendant contended that, given her health condition, pending operation, and the expense of appearing, the Court should not compel her to appear.  (Id.)

Plaintiff argued that, during a deposition, he would question Defendant about a calculation that she reached and about new evidence, including documents that he alleged Defendant removed from his property. (Id. at 4-5.)

On April 10, 2007, Magistrate Judge Leslie Kobayashi issued the Order to Compel. In the Order to Compel, the Magistrate Judge found that, under the circumstances of this case, "it would be inappropriate to compel Defendant to appear at a deposition." (Order to Compel at 7.) The Magistrate Judge based her decision on the fact that both parties are appearing pro se and a high degree of animosity exists between them; her past experiences indicate that the parties could not conduct a civilized deposition; several years of litigation have passed already; the parties already have engaged in significant written discovery; and, because the facts of this case are not complex and a bench (rather than a jury) trial will be held, Plaintiff will not be unfairly surprised at trial from his inability to depose Defendant. (Id. at 8.)

Additionally, the Magistrate Judge denied the entry of a default judgment as a sanction for Defendant's failure to appear, though she did order Defendant to reimburse Plaintiff for fees associated with the court reporter's services. (Id. at 10-11.) Although the Magistrate Judge did not condone Defendant's behavior, she permitted Defendant some leeway based on her status as

a pro se litigant.  (Id. at 10.)  The Magistrate Judge ultimately found that, given Defendant's health issues, her pro se status, and the relatively short period of time between service of the deposition notice and the deposition, sanctions were not warranted.  (Id.)  The Magistrate Judge also denied an extension of the discovery deadline.  (Id. at 11-12.)

On April 16, 2007, Plaintiff filed the instant Motion.

## STANDARD OF REVIEW

A party may appeal any pretrial, nondispositive matter determined by a Magistrate Judge.  Fed. R. Civ. P. 72(a); LR 74.1.  A district judge "shall set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."  LR 74.1.  To find the magistrate's decision to be "clearly erroneous," the district court must have a "definite and firm conviction that a mistake has been committed."  Burdick v. Comm'r Internal Revenue Serv., 979 F.2d 1369, 1370 (9th Cir. 1992) ("A finding of fact is clearly erroneous if we have a definite and firm conviction that a mistake has been committed.").  "The reviewing court may not simply substitute its judgment for that of the deciding court."  Grimes v. City and County of San Francisco, 951 F.2d 236, 241 (9th Cir. 1991).

DISCUSSION

Plaintiff argues that the Magistrate Judge should have handed down "heavier sanctions" as a result of Defendant's failure to show for her deposition. Plaintiff primarily takes issue with the Magistrate Judge's finding that Defendant only had a "relatively short period of time" to appear for her deposition. In fact, Plaintiff argues that Defendant had over 6 weeks to appear from the date on which he served a Notice of Deposition on Defendant, being January 13, 2007, not January 31, 2007 as the Magistrate Judge indicated. (Motion at 4, Decl. of Thames, at 18, Notice of Deposition, at 19, Certificate of Service, at 21, and Certified Mail Receipt at 23.) Plaintiff contends that the Magistrate Judge's mistake concerning the date on which he served notice warrants reversal of the Magistrate Judge's decision.

Accepting for now that Plaintiff served notice on January 13, 2007, as his documents indicate, the difference between roughly 2½ weeks and 6 weeks is fairly substantial. Notwithstanding, the Magistrate Judge based her decision on other reasons as well, such as the fact that adequate discovery had taken place already, Defendant's reasonable belief that the discovery period was closed, Defendant's health reasons for failing to appear, the fact that both parties are pro se, and that the trial, which is set to occur on April 24, 2007, is a bench trial, during

5

which Plaintiff will have adequate opportunity to question Defendant about any matters that have not been sufficiently addressed already.  For those reasons, this Court does not find the Magistrate Judge's Order to be clearly erroneous.

## CONCLUSION

For the reasons stated above, the Court  DENIES Plaintiff's Motion.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, April 18, 2007.



_____
David Alan Ezra
United States District Judge

Joseph R. Thames vs. Deborah Y. Miller, CV No. 04-00644 DAE-LEK; ORDER DENYING PLAINTIFF'S APPEAL OF THE MAGISTRATE JUDGE'S ORDER