ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 1 8 2007

at 11 o'clock and min. M
SUE BEITIA, CLERK

Joseph R. Thames
P.O. Box 674
Kailua, HI 96734
(808) 554-8082

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| JOSEPH R. THAMES<br>PLAINTIFF, | ) CIVIL NO. 04-00644DAE-LEK<br>)<br>) PLAINTIFF'S |
| VS. | ) MOTION FOR<br>) RULE 60 RELIEF FROM |
| DEBORAH Y. MILLER, ET.AL.<br>DEFENDANT (s). | ) MAGISTRATE JUDGE'S ORDER<br>) DENYING PLAINTIFF'S MOTION<br>) TO TAKE LEAVE TO FILE AN<br>) (SECOND) AMENDED COMPLAINT<br>)<br>) EXHIBIT A & B<br>) |

## PLAINTIFF'S MOTION FOR RULE 60 RELIEF FROM MAGISTRATE JUDGE'S ORDER DENYING PLAINTIFF'S MOTION TO TAKE LEAVE TO FILE AN (SECOND) AMENDED COMPLAINT

Now Comes Plaintiff and submits and files Plaintiff's Motion for Rule 60 Relief from Magistrate Judge's Order Denying Plaintiff's Motion to Take Leave to File an (Second) Amended Complaint. For good cause and sound reasons, Plaintiff moves for relief of Magistrate's Order stated above and filed 04/09/2007. Plaintiff's should be allowed to amend his complaint. Plaintiff motion is based in the law; the Federal Rules of Civil Procedure, Rule 60 (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. The Court writes on "In her memorandum in opposition, Defendant apparently argues that the properties are the same and that Plaintiff is merely submitting the same paper work that he has presented in legal actions for the past seven years." "The state court ultimately found that Plaintiff never had an ownership interest in 404 Kalama, that Defendant was the sole owner, and that she was entitled to the proceeds from its sale." (Exhibit A). Plaintiff submits that the Court assumption of Defendant's argument (Defendant apparently argues that the properties are the same) is a mistake. Plaintiff submits that the Court assumption of Defendant's argument (Defendant apparently argues that the properties are the same) is in error.

Defendant states in her Trial Brief that "The Defendant help the Plaintiff pay his mortgage and utilities while living with the Plaintiff." (Exhibit B). Defendant Trial Brief statement "The Defendant help the Plaintiff pay his mortgage and utilities while living with the Plaintiff," is contrary to the assumption of the Court, Magistrate Judge

Kobayashi, "Defendant apparently argues that the properties are the same, ... that Plaintiff never had an ownership interest..." The Court's (Magistrate Judge Kobayashi) assumption is a mistake. The Court's (Magistrate Judge Kobayashi) assumption is a mistake.

      For the sake of argument, the erroneous assumption of the Court would mean that the Defendant was changing her Defense due to property ownership to not being the property owner of the property which she moved into with Plaintiff and he held the mortgage. For the sake of argument, the erroneous assumption of the Court would justify the Plaintiff Motion to Take Leave to be justified and should be granted due to Defendant changing her Defense just before trial. For the Court in the interest of justice that would raise the issue of surprise and change of Defense. Surprise and or change of Defense by Defendant are clear grounds for Plaintiff to be allowed to amend his complaint and for the scheduling order to be changed and the trial to be continued. Allowance by the Court of such surprise and or change of Defense by the Defendant would be prejudicial, bias and harmful to the Plaintiff. For good cause and sound reason this motion of relief should be granted.

Dated: April 18, 2007 in Honolulu, Hawaii.

Joseph R. Thames
Plaintiff Pro Se