IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| JOSEPH THAMES, | ) | CIVIL NO. 04-00644 DAE-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DEBORAH MILLER, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER DENYING PLAINTIFF'S MOTION TO TAKE
LEAVE TO FILE AN (SECOND) AMENDED COMPLAINT**

Before the Court is Plaintiff Joseph R. Thames' ("Plaintiff") Motion to Take Leave to File an (Second) Amended Complaint ("Motion"), filed February 22, 2007. Defendant Deborah Y. Miller ("Defendant") filed her memorandum in opposition to the Motion on March 8, 2007. Plaintiff filed his reply on March 27, 2007. The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal authority, Plaintiff's Motion is HEREBY DENIED for the reasons set forth below.

**BACKGROUND**

Plaintiff and Defendant previously lived together and the instant case arises from various disputes that arose out of

Exhibit B

3

their cohabitation. Plaintiff filed the original Complaint in the instant action on October 29, 2004. On June 24, 2005, Plaintiff filed a motion to amend the Complaint ("First Motion to Amend"). On January 4, 2006, this Court issued an order granting the First Motion to Amend in part and denying it in part ("1/4/06 Order").

In the 1/4/06 Order, this Court noted that Plaintiff alleged that, in July 1998, Defendant, acting as his agent, purchased property at 404 Kalama Street in Kailua, Hawai`i ("404 Kalama") with funds provided by Plaintiff. The purchase records, however, bore no indication that Plaintiff had ownership of 404 Kalama and Defendant denied that Plaintiff had an ownership interest in the property. Plaintiff filed suit against Defendant in state court. The state court ultimately found that Plaintiff never had an ownership interest in 404 Kalama, that Defendant was the sole owner, and that she was entitled to the proceeds from its sale. This Court therefore denied the First Motion to Amend with regard to all of Plaintiff's proposed claims that either challenged Defendant's ownership of 404 Kalama or were related to Plaintiff's allegation that he had an ownership interest in 404 Kalama. The 1/4/06 Order stated that "[t]he First Amended Complaint may include the claims alleged in Plaintiff's original complaint and Plaintiff's proposed claim against Defendant for repayment of the $3,290.00 in loans." [1/4/06 Order at 10.]

On January 27, 2006, Plaintiff filed a motion for reconsideration of the 1/4/06 Order.[1] Plaintiff argued that the 1/4/06 Order violated his constitutional rights because it directed him to file his First Amended Complaint on January 17, 2006 and he did not receive the order until after that date, and because this Court is not the trier of fact in this case and therefore had no authority to make substantive rulings dismissing his claims. In an order filed on February 1, 2006, this Court denied the motion for reconsideration because it had previously granted Plaintiff an extension of time to file the First Amended Complaint and because this Court did not "dismiss" any of the claims in the Complaint. This Court merely found that certain of Plaintiff's proposed claims were futile and ruled that Plaintiff could not amend his Complaint to allege those claims.

Plaintiff appealed the 1/4/06 Order to the district judge on January 27, 2007. Plaintiff raised the same arguments that he raised in the Motion for Reconsideration. On February 3, 2006, the district judge denied the appeal without prejudice, finding that the appeal was premature because Plaintiff filed it before this Court ruled upon the motion for reconsideration. The district judge informed Plaintiff that he could refile the appeal

---

[1] Plaintiff also filed a Motion to Set Aside on January 27, 2007, and a Motion to Strike on January 30, 2007. These motions alleged the same arguments Plaintiff raised in the motion for reconsideration. This Court denied those motions when it denied the motion for reconsideration.

3

if he was dissatisfied with this Court's denial of his motion for reconsideration. Plaintiff, however, did not refile his appeal to the district judge.[2]

Plaintiff filed his First Amended Complaint on February 17, 2006. The only claims that Plaintiff alleged in the First Amended Complaint were based upon the $3,290.00 in loans that Defendant alleged owed to Plaintiff. Defendant filed her answer on March 16, 2006.[3] The deadline to file motions to join or add parties or amend pleadings was September 22, 2006.

In the instant Motion, filed on February 22, 2006, Plaintiff seeks to file a Second Amended Complaint that would include claims based on his alleged ownership of Apartment No. 404-A of 404/404-A Kalama Street ("Apartment 404-A"). He alleges that the claims that he raised in the Complaint and that he proposed in the First Motion to Amend actually referred to Apartment 404-A. He argues that Apartment 404-A is a separate and distinct property from 404 Kalama and that this Court erroneously relied on the state court ruling regarding 404 Kalama in finding that his claims based on his ownership of Apartment

---

[2] The Court notes that Plaintiff filed an appeal from the 1/4/06 Order with the Ninth Circuit Court of Appeals. The Ninth Circuit dismissed the appeal for lack of jurisdiction because the 1/4/06 Order is not final or appealable.

[3] Defendant titled the document as a Memorandum in Opposition to Plaintiff's First Amended Complaint, but this Court construed it as her answer.

4

404-A were futile. Plaintiff therefore argues that he should be granted leave to file a Second Amended Complaint.

In her memorandum in opposition, Defendant apparently argues that the properties are the same and that Plaintiff is merely submitting the same paper work that he has presented in legal actions for the past seven years. She argues that the only reason that Plaintiff is seeking to amend his complaint is to prolong his harassment of her. Defendant urges the Court to allow the case to proceed to trial.

In his reply, Plaintiff argued that he could not adequately respond to Defendant's memorandum in opposition because Defendant was improperly withholding discovery from him and had not been truthful in the answers that he provided. For example, he alleged that Defendant removed his copy of a $17,000.00 co-signed collateral loan from his property and that she never returned the copy to him. Plaintiff argues that Defendant has continually evaded discovery and that therefore the Court should allow him to amend his complaint.

## DISCUSSION

Insofar as the deadline to amend pleadings was September 22, 2006, Plaintiff must obtain an amendment of this Court's scheduling order before this Court will consider whether he should be granted leave to file a Second Amended Complaint.

A scheduling order "shall not be modified except upon a

5

7

showing of good cause and by leave of . . . a magistrate judge." Fed. R. Civ. P. 16(b). The good cause inquiry focuses on the diligence of the party seeking to modify the scheduling order; if the party seeking the modification was not diligent, the court should deny the motion. See Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002). "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Id. (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)). Prejudice to the non-moving party may serve as an additional reason to deny the motion, but the lack of prejudice to the non-moving party does not justify granting the motion if the moving party was not diligent. See Johnson, 975 F.2d at 609.

Assuming for the sake of argument that Plaintiff's Complaint and Proposed First Amended Complaint intended to raise claims based on his ownership of Apartment 404-A and this Court erroneously based its denial of the First Motion to Amend Complaint on the state court's judgment regarding 404 Kalama, Plaintiff did not bring this error to the Court's attention in a timely manner. Plaintiff could have raised this argument in his motion for reconsideration of the 1/4/06 Order, or in an appeal to the district judge from the 1/4/06 Order after this Court denied his motion for reconsideration. Plaintiff, however, failed to do so. Further, Plaintiff could have brought the

6

instant Motion prior to the September 22, 2006 deadline to amend pleadings. Plaintiff offers no reasons why he failed to do so, except for Defendant's failure to produce discovery. That, however, would not have prevented him from identifying this Court's purported confusion regarding 404 Kalama and Apartment 404-A. This Court therefore finds that Plaintiff was not diligent in bringing the instant Motion.

This Court also finds that allowing Plaintiff to file a Second Amended Complaint would be unfairly prejudicial to Defendant. Plaintiff filed the instant Motion approximately two months before the scheduled April 24, 2007 trial date. Allowing Plaintiff to file a Second Amended Complaint would require a substantial continuance of the trial date and would unduly delay the case. Defendant has an interest in the timely resolution of this case, which has been pending since October 2004. The Court acknowledges that Plaintiff feels that Defendant has not fulfilled her discovery obligations in this case, but even assuming for the sake of argument that this is true, it is unrelated to Plaintiff's request to amend his complaint at this late stage. This Court therefore finds that Plaintiff has not established good cause to amend this Court's scheduling order.

## CONCLUSION

On the basis of the foregoing, Plaintiff's Motion to Take Leave to File an (Second) Amended Complaint, filed

February 22, 2007, is HEREBY DENIED.

    IT IS SO ORDERED.

    DATED AT HONOLULU, HAWAI`I, April 9, 2007.



          /S/ Leslie E. Kobayashi
          Leslie E. Kobayashi
          United States Magistrate Judge

JOSEPH R. THAMES V. DEBORAH Y. MILLER; CIVIL NO. 04-00644 DAE-LEK; ORDER DENYING PLAINTIFF'S MOTION TO TAKE LEAVE TO FILE AN (SECOND) AMENDED COMPLAINT