Deborah Y. Miller
25 Maluniu Avenue
Suite 102, PMB 165
Kailua, HI 96734
808-561-1551

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JOSEPH THAMES, | ) | CIVIL NO. 04-00644 DAE-LEK |
| Plaintiff, | ) | |
| vs. | ) | **TRIAL BRIEF** |
| | ) | CERTIFICATE OF SERVICE |
| DEBORAH MILLER, ET AL., | ) | |
| Defendants. | ) | UNITED STATES MAGISTRATE JUDGE LESLIE E. KOBAYASHI |

Here comes Defendant Deborah Miller, Defendant Pro Se, serving and filing a *Trial Brief*. The following is a breakdown of the case :

**$3,290.00 Cause Complaint.**

**$ 40.00 Administrative charges for return check:**

Defendant was not responsible for bounced check.

**$ 500.00 for trip to East Coast:(This was a gift)**

Defendant traveled home to Boston every year. Defendant was able to pay her own fare to and from Boston. Plaintiff chose to pay Defendant's fare because Plaintiff wanted Defendant to stay in California overnight before going on to Boston, in order to meet the Plaintiff's brother and

1

Exhibit B                              //

his brother's family. Otherwise the Defendant would have flown from Hawaii to St. Louis to Boston via her TWA Travel Card. Defendant's normal routine when visiting family in Boston.

Plaintiff offered to pay and paid for Defendant's travel expenses and also joined Defendant at a later date in Boston to stay with Defendant's family.

### $1,500 utilities: (Exhibits 200-210)

Calculations from Plaintiff's copies of utility sheets shows that **_Plaintiff owes Defendant for rent/utilities. $1,874.00_**

**_Utilities & Food not listed on sheets (cancelled checks)_**

| | |
|---|---|
| **_Exhibits 212 & 213_** | **808.00** |
| Total owed Defendant | $2,682.00 |

### $1,260 unpaid loans:(Exhibits 211)

#### 1.) $200 Car repairs/parts:

It was Plaintiff's idea to fix Defendant's car. Plaintiff never asked Defendant to pay. Defendant does not know what was repaired or what the cost were. The Plaintiff offered and fixed the Defendant car whenever there was a problem.

#### 2.) $200 for emergency funds not replaced:

These monies were used by Plaintiff and Defendant( a cookie jar fund). Monies were placed in and out of this "fund" randomly, by both the Defendant and the Plaintiff.

2

### 3.) $100 money taken out of joint account:

Defendant's money was used to open joint account. Defendant made deposits and withdrawals and had the password and the pass book for this account. Plaintiff never contributed to this account.

### 4.) $100.00 in Boston (ATM) and $450 in Boston:

Defendant paid Plaintiff Defendant was short on cash during an outing in Boston. Plaintiff used his ATM card, Defendant repaid the Plaintiff by check.

### 5.) $100.00 expenses to be paid a client returned check (Tamara)?

Plaintiff has not to date given Defendant any evidence regarding this matter. Defendant has no idea what this means? Nevertheless, Defendant does not owe the Plaintiff for this expense.

### 6.) $100.00 for check from Deborah Y Miller

Same replay as # 5

**$3,290.00 TOTAL.**

None of the above became "complaints" *until 5 months after a 3 year restraining order was granted against the Plaintiff*.

3

/3

The Plaintiff has not to date proved any of these allegations against the Defendant and has shown no evidence to prove his claims against the Defendant. The Defendant believe that this case is not about money but a vehicle for the Plaintiff to continually harass the Defendant using the court system. This case started in the Smalls Claim Court, where it belongs. The Plaintiff began the process of moving the case from court to court, submitting frivolous motions and after 6 year or more of using this case to harass the Defendant, the Plaintiff did not show up for trial:

1. Hawaii Civil No. 00-1-1568-05-VSM trial date set: Plaintiff did not appear.
2. U.S. District Court of Hawaii Civil No. 03-00213 SOM BMK: transferred to
3. U.S. District Court Eastern District of North Carolina Western Division: Dismissed and reprimand from Judge (after lots of paper work on Defendant's behalf)
4. U.S. Court of Appeals N. C. at Raleigh No. 03-2036; No. 04-1097: dismissed.
5. Hawaii S.C. No. 25834: dismissed
6. Once again back to the U.S. District Court of Hawaii, Plaintiff also filed with
7. California Court System; denied due to lack of jurisdiction.

The Defendant has answered NUMEROUS Interrogatories, Request for Admissions and Request for Productions, same questions, over and over. The Plaintiff continues to include question that refer directly to property issues. This is in directly disregards to this court's order cautioning the Plaintiff against including these claims.

It was evident at the Settlement Conference that the Plaintiff refuses to settle for anything less then 52 million dollars?

4

Plaintiff claims that the Defendant owes him 3,290 in rent, utilities, car repair and travel. The Plaintiff has added 52 millions dollars for reasons not stated. The Defendant does not owe the Plaintiff any money.

The Defendant help the Plaintiff pay his mortgage and utilities while living with the Plaintiff. The Plaintiff and Defendant also purchased gifts for each other; took trips together, the Plaintiff voluntarily repaired the Defendant's car and did all other pertinent things that two people living together voluntarily do for each other. The Plaintiffs claims are not justifiable and arise from day to day "relationship expenses".

The living environment became unsafe for the Defendant when the Plaintiff became physically and mentally abusive. The Plaintiff also changed the locks (cylinders) on the doors. The Police had to go with the Defendant in order to get her possessions from the house. The money situation came up only after the Defendant filed a restraining order against the Plaintiff.

The Plaintiff in turn filed a number of restraining orders against the Defendant. The court denied all of the Plaintiff complaints. The Plaintiff then filed two cases against me, in retaliation, one for my property and this case.

In the past the Plaintiff has been adamant about "not settling", vowing to keep the Defendant in court for 10 year (2 years remaining) or for the rest of her life, and continues to use the court system to uphold his threat.

These allegations include: rent, car repairs, utilities all personal claims between two people who lived together. The only person that spent any time with the Plaintiff and the Defendant was the Defendant's mother who visited for six weeks. (In November 1997 through January 1998.)

It was during this time that the Defendant's mother that suggested to the Defendant to keep track of Rent, Food, and Utilities (sheets) because she noticed that the Plaintiff was not or not equally contributing.

DATED: Boston, MA  4-5-07

_____
Deborah Miller, Defendant, Pro Se

6

16

Deborah Miller
25 Maluniu Avenue
Suite #102, PMB165
Kailua, HI 96734
808-561-1551

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF HAWAII

| | |
|---|---|
| Joseph R. Thames<br>    Plaintiff | ) CIVIL NO. 04-00644DAE-LEK<br>)<br>) |
| Vs. | ) CERTIFICATE OF SERVICE<br>)<br>) |
| Deborah Y. Miller, et al.<br>    Defendants | )<br>)<br>) |

### CERTIFICATE OF SERVICE

TO:   Plaintiff Joseph R. Thames
       P.O. Box 674
       Kailua, HI 96734

*Plaintiff Pro Se*

I hereby certify that a copy of the foregoing was duly served upon the above-identified party by depositing in the U.S. Mail, Priority, postage pre-paid.

DATED: _4-5-07_

_____
Deborah Y. Miller, Defendant Pro Se

17