UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
300 ALA MOANA BLVD., C-338
HONOLULU, HAWAII 96850-0338
CLERK

OFFICIAL BUSINESS

RETURN SERVICE REQUESTED



```
THAM674  T967343024 1C06 04 04/17/07
         RETURN TO SENDER
THAMES JOSEPH R
         TEMPORARILY AWAY
     RETURN TO SENDER
```

CV·04·00644 DAE-LEK

**RECEIVED**
CLERK, U.S. DISTRICT COURT
APR 1 8 2007
DISTRICT OF HAWAII

JOSEPH R. THAMES
PO BOX 674
KAILUA, HI 96734

1:04-cv-00644-DAE-LEK
Thames vs. Miller

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| JOSEPH THAMES, | ) | CIVIL NO. 04-00644 DAE-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DEBORAH MILLER, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER DENYING PLAINTIFF'S MOTION FOR A DEFAULT JUDGMENT AND
DENYING DEFENDANT'S MOTION REQUESTING THE COURT'S PROTECTION**

Before the Court are Plaintiff Joseph R. Thames' ("Plaintiff") Motion for a Default Judgment ("Default Judgment Motion"), filed March 13, 2007, and Defendant Deborah Y. Miller's ("Defendant") Motion Requesting the Court's Protection ("Protective Order Motion"), filed March 8, 2007. Defendant did not file a memorandum in opposition to the Default Judgment Motion. Plaintiff filed his memorandum in opposition to the Protective Order Motion on March 30, 2007. The reply for the Default Judgment Motion is not due until April 13, 2007, but no reply is necessary because Defendant did not file a memorandum in opposition. See Local Rule LR7.4 ("A reply must respond only to arguments raised in the opposition."). This Court finds that a reply for the Protective Order Motion is not necessary. The Court finds these matters suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice

of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the motions, supporting and opposing memoranda, and the relevant legal authority, Plaintiff's Default Judgment Motion and Defendant's Protective Order Motion are HEREBY DENIED for the reasons set forth below.

## BACKGROUND

Plaintiff and Defendant previously lived together and the instant case arises from various disputes that arose out of their cohabitation. Plaintiff filed the original Complaint in the instant action on October 29, 2004. On June 24, 2005, Plaintiff filed a motion to amend the Complaint ("First Motion to Amend"). On January 4, 2006, this Court issued an order granting the First Motion to Amend in part and denying it in part ("1/4/06 Order").

In the First Motion to Amend, Plaintiff alleged that, in July 1998, Defendant, acting as his agent, purchased property at 404 Kalama Street in Kailua, Hawai`i ("404 Kalama") with funds that he provided. The purchase records, however, bore no indication that Plaintiff had ownership of 404 Kalama and Defendant denied that Plaintiff had an ownership interest in the property. Plaintiff filed suit against Defendant in state court. The state court ultimately found that Plaintiff never had an ownership interest in 404 Kalama, that Defendant was the sole

2

owner, and that she was entitled to the proceeds from its sale. This Court therefore denied the First Motion to Amend with regard to all of Plaintiff's proposed claims that either challenged Defendant's ownership of 404 Kalama or were related to Plaintiff's allegation that he had an ownership interest in the property.  The 1/4/06 Order stated that "[t]he First Amended Complaint may include the claims alleged in Plaintiff's original complaint and Plaintiff's proposed claim against Defendant for repayment of the $3,290.00 in loans."  [1/4/06 Order at 10.]

Plaintiff filed his First Amended Complaint on February 17, 2006.  The only claims that Plaintiff alleged in the First Amended Complaint were based upon the $3,290.00 in loans that Defendant allegedly owed to Plaintiff.  Defendant filed her answer on March 16, 2006.[1]

## I.   Default Judgment Motion

Plaintiff asks this Court to enter default judgment against Defendant because: Defendant failed to physically appear at the March 13, 2007 final pretrial conference; Defendant failed to appear at her February 20, 2007 deposition; and Defendant has not complied with her discovery obligations under the applicable rules and this Court's orders.

This Court's July 1, 2005 Rule 16 Scheduling Order

---

[1] Defendant titled the document as a "Memorandum in Opposition to Plaintiff's First Amended Complaint", but this Court construed it as her answer.

3

("Scheduling Order") set the final pretrial conference for March 13, 2007. Prior to the June 29, 2005 scheduling conference, Defendant informed the Court that she had been diagnosed with cancer and was required to spend a significant amount of time on the mainland for treatment. Defendant's treatment has been ongoing throughout the pendency of this case. On March 5, 2007, Defendant filed a request to either appear at final pretrial conference via telephone or to continue the final pretrial conference. Over Plaintiff's objection, the Court allowed Defendant to participate at the March 13, 2007 conference via telephone.

Plaintiff noticed Defendant's deposition for February 20, 2007, but Defendant failed to appear. That day, he filed his Emergency Motion to Compel Defendant Deborah Y. Miller to Appear for Her Duly Noticed Deposition and Motion for Sanctions ("Deposition Motion"). One of the sanctions that Plaintiff requested in the Deposition Motion was the entry of default judgment against Defendant. In an April 9, 2007 order, this Court granted the Deposition Motion in part and denied it in part ("Deposition Order"). This Court ruled, among other things, that the sanction of default judgment was inappropriate under the circumstances of this case.

On February 23, 2007, Plaintiff filed the following discovery motions: (1) Motion to Compel Responses to Plaintiff's

First Set of Interrogatories and a Request for Production to Defendant, (2) Motion to Compel Responses to Plaintiff's Second Set of Interrogatories and a Request for Production to Defendant, (3) Motion to Compel Responses to Plaintiff's Second Special Interrogatories and Request for Production to Defendant, (4) Motion to Compel Responses to Plaintiff's First Request for Production of Documents to Defendant, and (5) Motion to Admit Plaintiff's Request for Admissions Admitted and or True (collectively "Discovery Motions").  In an April 10, 2007 order, this Court denied the Discovery Motions as untimely because Plaintiff failed to file them prior to the January 24, 2007 deadline to file non-dispositive motions ("Discovery Motions Order").  This Court found that, insofar as Plaintiff served the discovery requests at issue in September 2006 and November 2006, he could have filed the Discovery Motions prior to the January 24, 2007 deadline.  Plaintiff did not establish good cause to amend the Scheduling Order to allow the Court to consider the untimely Discovery Motions.

## II. **Protective Order Motion**

Throughout the course of this litigation, Plaintiff has served numerous written discovery requests on Defendant, including at least four requests for answers to interrogatories with requests for production, one request for production of documents, and six requests for admissions.  Plaintiff has also

5

filed several motions to compel Defendant to respond to his discovery requests.

Defendant claims that Plaintiff has sent the same documents to her on multiple occasions and that the majority of the questions in Plaintiff's discovery requests deal with issues related to the 404 Kalama ownership dispute, which the Court has ruled is not a part of the instant action. Defendant states that, although she has already answered the questions which are relevant to the issues in this case, Plaintiff continues to send discovery requests raising the same questions about the same supporting documents. Defendant argues that Plaintiff is doing this to harass her and that Plaintiff is blatantly disregarding this Court's prior rulings. The Court construes Defendant's request for "the court's protection" as a motion for a protective order pursuant to Federal Rule of Civil Procedure 26(c).

In his memorandum in opposition, Plaintiff argues that Defendant is requesting a protective order in order to evade discovery. Plaintiff complains that Defendant has continually failed to comply with her discovery obligations under the applicable rules. According to Plaintiff, Defendant is receiving multiple copies of the same discovery requests because the rules often require the requesting party to serve duplicate copies of discovery requests. Further, the rules also required him to attach copies of his discovery requests as exhibits to his

motions to compel.  Plaintiff points out that Defendant failed to object to the discovery requests which she believed were improper and argues that Defendant has failed to comply with this Court's discovery orders.  He complaints that, when Defendant has responded to his discovery requests, her answers have been evasive, incomplete, vague, and misleading.  Plaintiff also emphasizes that he has not served any discovery requests regarding the property ownership dispute since this Court's December 4, 2006 order denying his Motion to Compel; Motion for a More Definite Statement and Motion for Sanctions, filed November 1, 2006 ("12/4/06 Order").  Plaintiff argues that Defendant has not established good cause for a protective order.

## DISCUSSION

### I.   Timeliness of the Parties' Motions

As a threshold matter, this Court must determine whether the instant motions were timely.  Pursuant to this Court's Scheduling Order, the deadline to file dispositive motions was November 22, 2006 and the deadline to file non-dispositive motions was January 24, 2007.  Both of the instant motions were filed after the applicable deadline.  This Court therefore will not consider the motions unless there is good cause to amend the Scheduling Order.

A scheduling order "shall not be modified except upon a showing of good cause and by leave of . . . a magistrate judge."

7

Fed. R. Civ. P. 16(b). The good cause inquiry focuses on the diligence of the party seeking to modify the scheduling order; if the party seeking the modification was not diligent, the court should deny the motion. See Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002). "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Id. (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)).

Plaintiff's Default Judgment Motion is based upon: Defendant's failure to appear in person at the March 13, 2007 final pretrial conference; her failure to appear at her February 20, 2007 deposition; and her failure to adequately respond to Plaintiff's discovery requests. In the Discovery Motions Order, this Court declined to consider the merits of the Discovery Motions because they were untimely. Similarly, this Court will not consider the arguments that Plaintiff raised in the Discovery Motions as support for Plaintiff's Default Judgment Motion. Defendant's deposition and the final pretrial conference, however, occurred after the expiration of the dispositive motions deadline. This Court therefore finds that Plaintiff could not have filed the Default Judgment Motion with regard to those issues prior to the dispositive motions deadline. This Court finds that there is good cause to amend the Scheduling Order to consider Plaintiff's Default Judgment Motion with regard to

Defendant's deposition and the final pretrial conference.

Defendant seeks a protective order on the grounds that Plaintiff's discovery requests constitute harassment. Plaintiff apparently served his discovery requests in September 2006 and November 2006. Thus, Defendant could have filed a motion for a protective order based on improper discovery prior to the January 24, 2007 deadline to file non-dispositive motions. Plaintiff, however, continued to seek the allegedly harassing discovery after the non-dispositive motions deadline by filing the Discovery Motions. Insofar as Defendant's Protective Order Motion is based upon Plaintiff's conduct after the non-dispositive motions deadline, this Court finds that there is good cause to amend the Scheduling Order to consider Defendant's Protective Order Motion.

## II. Meet-and-Confer Requirement

A motion for a protective order must include a certification that the moving party conferred, or attempted to confer, with the opposing party in a good faith effort to resolve the dispute without court intervention. See Fed. R. Civ. P. 26(c); see also Local Rule LR37.1(a) ("The court will not entertain any motion pursuant to Fed. R. Civ. P. 26 through 37 . . . unless counsel have previously conferred, either in person or by telephone, concerning all disputed issues, in a good faith effort to limit the disputed issues and, if possible, eliminate

the necessity for a motion . . . ."").

Defendant's Protective Order Motion does not contain a certification that she met and conferred with Plaintiff, or that she attempted to do so. Plaintiff states in his memorandum in opposition to the Protective Order Motion that the parties did not meet and confer and that, to his knowledge, Defendant did not attempt to meet and confer with him. Based on this Court's experience with the parties, however, this Court finds that Defendant's failure to comply with the meet-and-confer requirement is excusable because a meeting between the parties would have been futile. The Court will therefore address the merits of Defendant's Protective Order Motion.

The Court notes that, in his reply memorandum for his Deposition Motion, Plaintiff certified that he made a good faith attempt to meet and confer with Defendant regarding her failure to appear for her deposition.

### III. Merits of the Parties' Motions

#### A. Default Judgment Motion

Plaintiff asks the Court to enter default judgment against Defendant based on her failure to appear at her February 20, 2007 deposition and her failure to physically appear at the March 13, 2007 final pretrial conference. For the reasons stated in this Court's Deposition Order, this Court finds that default judgment is not an appropriate sanction for Defendant's failure

to appear for her deposition.

With regard to the final pretrial conference, Plaintiff argues that the rules of civil procedure require parties to appear. Federal Rule of Civil Procedure 16(d) provides that a final pretrial conference "shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties." Fed. R. Civ. P. 16(d). The district court's local rules provide that: "Counsel having authority to bind his or her client regarding all matters identified by the court for discussion at the pretrial conference and all reasonably related matters shall appear at each pretrial conference." Local Rule LR16.4. While these rules require attorneys, or unrepresented parties, to appear at a final pretrial conference, nothing in either rule requires their physical presence at the conference. The district court's practice is to allow attorneys or parties to appear at final pretrial conferences by telephone when appropriate under the circumstances. In the present case, this Court granted Defendant permission to appear by telephone at the March 13, 2007 final pretrial conference. Defendant therefore cannot be subject to sanctions for not appearing in person. Plaintiff's Default Judgment Motion is DENIED.

**B.   Protective Order Motion**

Defendant seeks a protective order because she claims

11

that Plaintiff is repeatedly serving her with the same irrelevant discovery requests in order to harass her. Federal Rule of Civil Procedure 26(c) states that a court may issue a protective order "for good shown,"

> to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>    (1) that the disclosure or discovery not be had;
>    (2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place;
>    (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery;
>    (4) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters[.]

Fed. R. Civ. P. 26(c).

Plaintiff has served many written discovery requests upon Defendant. The Court notes that some of the requests dealt with claims that this Court ruled were not a part of this action, such as claims arising from the 404 Kalama ownership dispute. This Court, however, previously ruled that Defendant did not have to respond to those requests and, in the 12/4/06 Order, this Court instructed Plaintiff that he could not serve further discovery requests regarding the property ownership dispute without obtaining leave of court. Defendant apparently has not served any new discovery requests about the property dispute since the 12/4/06 Order, although he has filed a motion to amend his complaint to assert claims based on the property dispute as

12

well as motions to compel Defendant's response to prior discovery requests that contained items concerning the property dispute.

Defendant also complains that Plaintiff sends her the same documents over and over again. Plaintiff explains that, in an attempt to comply with the applicable rules, he sometimes served multiple copies of discovery requests on Defendant and he attached an additional copy of the disputed request as an exhibit each time he filed a motion to compel. This Court has reviewed many of Defendant's discovery requests in the context of Plaintiff's various motions. Plaintiff has sometimes submitted more than one discovery request that referred to the same attachments and some of the individual interrogatories or requests for admissions or production of documents appear to be repetitious. In general, however, each set of interrogatories, requests for admissions, or requests for production of documents that he served in the instant case appear to be distinct.

Finally, insofar as trial in this matter is set for April 24, 2007 and the discovery deadline was February 23, 2007, Plaintiff should not serve any discovery requests on Defendant without first requesting and obtaining permission from this Court or the district judge. This Court finds that, under the circumstances of this case, a protective order is not necessary to protect Defendant from "annoyance, embarrassment, oppression, or undue burden or expense" and that there is not good cause to

13

issue a protective order.  Defendant's Protective Order Motion is therefore DENIED.

### CONCLUSION

On the basis of the foregoing, Plaintiff's Motion for a Default Judgment, filed March 13, 2007, and Defendant's Motion Requesting the Court's Protection, filed March 8, 2007, are HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, April 11, 2007.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

JOSEPH R. THAMES V. DEBORAH Y. MILLER; ORDER DENYING PLAINTIFF'S MOTION FOR A DEFAULT JUDGMENT AND DENYING DEFENDANT'S MOTION REQUESTING THE COURT'S PROTECTION

## Orders on Motions

1:04-cv-00644-DAE-LEK Thames v. Miller, et al

### U.S. District Court

### District of Hawaii - CM/ECF V3.04 (3/07)

### Notice of Electronic Filing

The following transaction was entered on 4/11/2007 at 2:52 PM HST and filed on 4/11/2007
**Case Name:** Thames v. Miller, et al
**Case Number:** 1:04-cv-644
**Filer:**
**Document Number:** 199

**Docket Text:**
ORDER DENYING [158] PLAINTIFF'S MOTION FOR A DEFAULT JUDGMENT AND DENYING [150] DEFENDANT'S MOTION REQUESTING THE COURT'S PROTECTION. Signed by Judge LESLIE E KOBAYASHI on 4/11/07. (afc)

**1:04-cv-644 Notice has been electronically mailed to:**

**1:04-cv-644 Notice will not be electronically mailed to:**

Deborah Y. Miller
25 Maluniu Ave Ste 102
PMB165
Kailua, HI 96734

Joseph R. Thames
PO Box 674
Kailua, HI 96734

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1095854936 [Date=4/11/2007] [FileNumber=263515-0]
[3fff22c74cad53213cbb15cef078c02b88738cd179d94ac69cada123a9744c45b2b6
a6fd5466ed5cd341fc4a73cd135d472c34604463af705085f5e5f761f848]]