Joseph R. Thames
P.O. Box 674
Kailua, HI 96734
(808) 554-8082

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| JOSEPH R. THAMES<br>PLAINTIFF,<br><br>VS.<br><br>DEBORAH Y. MILLER, ET.AL.<br>DEFENDANT (s). | ) CIVIL NO. 04-00644DAE-LEK<br>)<br>) PLAINTIFF'S<br>) MOTION FOR<br>) RECONSIDERATION OF<br>) MAGISTRATE JUDGE'S ORDER<br>) DENYING PLAINTIFF'S MOTION<br>) TO TAKE LEAVE TO FILE AN<br>) (SECOND) AMENDED COMPLAINT<br>)<br>)<br>) |

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF MAGISTRATE JUDGE'S ORDER DENYING PLAINTIFF'S MOTION TO TAKE LEAVE TO FILE AN (SECOND) AMENDED COMPLAINT**

Now Comes Plaintiff and submits and files Plaintiff's Motion for Reconsideration of Magistrate Judge's Order Denying Plaintiff's Motion to Take Leave to File an (Second) Amended Complaint. For good cause and sound reasons, Plaintiff moves for reconsideration of Magistrate's Order stated above and filed 04/09/2007. Plaintiff should be allowed to amend his complaint. The Court writes on "In her memorandum in opposition, Defendant apparently argues that the properties are the same and that Plaintiff is merely submitting the same paper work that he has presented in legal actions for the past seven years." "The state court ultimately found that Plaintiff never had an ownership interest in 404 Kalama, that Defendant was the sole owner, and that she was entitled to the proceeds from its sale." Plaintiff submits that the Court assumption of

Defendant's argument (Defendant apparently argues that the properties are the same) is a mistake. Plaintiff submits that the Court assumption of Defendant's argument (Defendant apparently argues that the properties are the same) is in error.

Defendant states in her Trial Brief that "The Defendant help the Plaintiff pay his mortgage and utilities while living with the Plaintiff." Defendant Trial Brief statement "The Defendant help the Plaintiff pay his mortgage and utilities while living with the Plaintiff," is contrary to the assumption of the Court, Magistrate Judge Kobayashi, "Defendant apparently argues that the properties are the same, … that Plaintiff never had an ownership interest…" The Court's (Magistrate Judge Kobayashi) assumption is a mistake. The Court's (Magistrate Judge Kobayashi) assumption is a mistake.

For the sake of argument, the erroneous assumption of the Court would mean that the Defendant was changing her Defense due to property ownership to not being the property owner of the property which she moved into with Plaintiff and he held the mortgage. For the sake of argument, the erroneous assumption of the Court would justify the Plaintiff Motion to Take Leave to be justified and should be granted due to Defendant changing her Defense just before trial. For the Court in the interest of justice that would raise the issue of surprise and change of Defense. Surprise and or change of Defense by Defendant are clear grounds for Plaintiff to be allowed to amend his complaint and for the scheduling order to be changed and the trial to be continued. Allowance by the Court of such surprise and or change of Defense by the Defendant would be prejudicial, bias and harmful to the Plaintiff. For good cause and sound reason this motion of relief should be granted.

This case should be heard on the merits of the claims. The Court has wrongfully and unjustly restricted and barred Plaintiff complaints and claims. In the interest of justice, Plaintiff should be allowed to present his claims. The Court barred Plaintiff claim even before the Court allowed Plaintiff to file subject amended complaint and the amended complaint and claims be evaluated on the merits. The Plaintiff has complied with the Rules, Laws and Court Orders to be punished by this Court for complying. Defendant has not complied with the rules, laws and Court Orders and the Defendant is rewarded by the Court and given an unfair and unjust advantage.

The Court denied in Part Plaintiff First Motion to Take Leave and restricted the Plaintiff's complaint to $3,290.00. The Plaintiff restricted Plaintiff discovery to the $3,290.00. The Court threatened if Plaintiff raised the issues or the Plaintiff would be subject to this Court dismissing Plaintiff complaint completely. Plaintiff filed numerous reconsiderations with the Court to which the Court much later in discovery allowed the Plaintiff narrow leeway to narrowly expand the scope of the discovery. Defendant was compelled to yield that her Defense was lacking in merit. However, Defendant continued to be evasive in discovery. After further threats to the Plaintiff from the Court to end discovery prematurely, Plaintiff appealed to the Court and the Defendant again revealed that her Defense lacked merit and Defendant changed the base root and subject matter of her Defense. The Defendant would not be prejudice as the Defendant is changing her defense even in this hour. Plaintiff deserves to have his date in Court and be allowed to have his Claim heard on the merits. This claim is about money.

Plaintiff followed the spirit and letter of the Court Order and filed a motion to take leave after the Court granted the opportunity in the Court Order on or about

December 2005. The Plaintiff, a Pro Se – non attorney, worked extremely hard and took adequate time researching and drafting the subject motion for leave to clarify matters to the Court. Plaintiff filed his motion for leave on or about February 22, 2007. Although the motion for leave, clarified the matter to the Court, the Plaintiff was denied due to the Court conclusion the Plaintiff was untimely. Plaintiff raises the issue that he filed only after given permission from this Court to do so. The Plaintiff is not an attorney and diligently worked to prepare and submit a document to as most clearly as Plaintiff could clarify the issues. The time the Plaintiff expended to prepare and submit the subject motion to take leave was reasonable for a Pro Se, non lawyer and non attorney.

In the interest of justice, the scheduling order should be changed and the motion to take leave should be granted.

Dated: April 19, 2007 in Honolulu, Hawaii.

Joseph R. Thames
Plaintiff Pro Se