IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| JOSEPH R. THAMES, | ) | CV. NO. 04-00644 DAE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DEBORAH Y. MILLER, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER DENYING PLAINTIFF'S APPEAL
OF THE MAGISTRATE JUDGE'S ORDER DENYING PLAINTIFF'S MOTION
TO TAKE LEAVE TO FILE HIS SECOND AMENDED COMPLAINT

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing Plaintiff's Motion ("Motion") for Rule 60 Relief from Magistrate Judge's Order Denying Plaintiff's Motion to Take Leave to File An (Second) Amended Complaint, the Court DENIES Plaintiff's Motion.[1]

BACKGROUND

On February 22, 2007, Plaintiff filed a Motion to Take Leave to File a Second Amended Complaint. Plaintiff sought leave to amend his complaint a

---

[1] Although Plaintiff stylizes his Motion as one requesting relief from judgment under Rule 60(b), this Court interprets his Motion as an appeal from a magistrate judge's order.

second time to include his alleged ownership in a property, Apartment No. 404-A of 404/404-A Kalama Street ("Apartment 404-A").  404 Kalama Street in Kailua, Hawaii was the subject of a property dispute in state court, in which the state court found that Defendant was the sole owner of that property.  Plaintiff argued that his Complaint and his First Amended Complaint actually referenced Apartment 404-A, not 404 Kalama Street, which he argued were two separate and distinct properties.  Based on that mistake, Plaintiff claimed that he should have been allowed to amend his complaint again to include claims concerning Apartment 404-A.  (Order Denying Leave at 4.)  Defendant argued that the properties were the same, and that Plaintiff merely was submitting the same paper work that he had been presenting in legal actions over the past seven years.  (Id. at 5.)

Magistrate Judge Leslie Kobayashi ("Magistrate Judge") found that, assuming for the sake of argument that Plaintiff's Complaint and Proposed First Amended Complaint intended to raise claims based on his ownership of Apartment 404-A rather than 404 Kalama Street, Plaintiff failed to bring that alleged error to the Court's attention in a timely manner.  (Id. at 6.)  The Magistrate Judge highlighted several opportunities that Plaintiff had to raise that argument, and she pointed out that he had failed to do so in each instance.  (Id.)  The Magistrate Judge, therefore, found that Plaintiff was not diligent in bringing the instant

Motion and that allowing such a Motion would unfairly prejudice Defendant. (Id. at 7.) Furthermore, the Magistrate Judge found that Plaintiff had not established good cause to permit an amendment to the Court's scheduling order. (Id.)

On April 18, 2007, Plaintiff filed the instant Motion.

STANDARD OF REVIEW

A party may appeal any pretrial, nondispositive matter determined by a Magistrate Judge. Fed. R. Civ. P. 72(a); LR 74.1. A district judge "shall set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." LR 74.1. To find the magistrate's decision to be "clearly erroneous," the district court must have a "definite and firm conviction that a mistake has been committed." Burdick v. Comm'r Internal Revenue Serv., 979 F.2d 1369, 1370 (9th Cir. 1992) ("A finding of fact is clearly erroneous if we have a definite and firm conviction that a mistake has been committed."). "The reviewing court may not simply substitute its judgment for that of the deciding court." Grimes v. City and County of San Francisco, 951 F.2d 236, 241 (9th Cir. 1991).

DISCUSSION

Plaintiff argues that the Magistrate Judge's "assumption" that the Apartment 404-A property and the 404 Kalama Street were the same property was

3

a mistake, constituting clear error that warrants reversal.  The Magistrate Judge made no such assumption.  The Magistrate Judge based her decision on Plaintiff's lack of diligence in filing his Motion, which, if granted, would have caused unfair prejudice to Defendant.  The Magistrate Judge even gave Plaintiff the benefit of the doubt regarding his "mistaken property" argument.  As Plaintiff points to no other clear errors or mistakes that the Magistrate Judge made in her Order and as this Court sees none, this Court DENIES Plaintiff's Motion.

## CONCLUSION

For the reasons stated above, the Court  DENIES Plaintiff's Motion.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, April 20, 2007.



David Alan Ezra
United States District Judge

Joseph R. Thames vs. Deborah Y. Miller, Civil No. 04-00644 DAE; ORDER DENYING PLAINTIFF'S APPEAL OF THE MAGISTRATE JUDGE'S ORDER DENYING PLAINTIFF'S MOTION TO TAKE LEAVE TO FILE HIS SECOND AMENDED COMPLAINT