Joseph R. Thames
P.O. Box 674
Kailua, Hawaii 96734

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 20 2007

at __ o'clock and __ min __ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOSEPH R. THAMES, | ) CIVIL NO. 04-00644 DAE-LEK |
| Plaintiff, | ) |
| | ) PLAINTIFF'S MOTION |
| | ) FOR RECONSIDERATION |
| vs. | ) OF ORDER DENYING |
| | ) PLAINTIFF'S |
| DEBORAH Y. MILLER, ET AL., | ) DISCOVERY MOTIONS |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING PLAINTIFF'S DISCOVERY MOTIONS**

Now Comes Plaintiff for good cause and sound reasons and submits, files and moves the Court to reconsider Order Denying Plaintiff's Discovery Motions. Plaintiff has complied with the laws, Federal Rules of Civil Procedure and the Court Order. Throughout these pretrial proceedings the Court has been giving strict orders and threat to Plaintiff to comply with while allowing lax to no standards of compliance for the Defendant. Plaintiff has been prejudice from the Courts Court's wrongful actions. Unjustly, the Court Order restricted the Plaintiff from serving discovery upon Defendant. Unjustly, the Court limited the Plaintiff's complaint. Plaintiff was restricted by the Court from pursuing such discovery until he had filed a motion to take leave. Plaintiff in compliance with the Court's Order took reasonable for a Pro Se litigant, non lawyer and non attorney and submitted and filed a motion to take leave. Subsequently, Plaintiff filed to compel Defendant to respond to discovery request. Defendant has refused and failed to respond to discovery. Defendant has been allowed to not comply with discovery. Plaintiff is prevented from adequately, appropriately and properly prosecuting his claim.

The Court mentions the discussion of discovery in the settlement conference. In the settlement conference, the Court threatened to terminate and end discovery prematurely. Of note is that the Plaintiff requested and asked (moved) for the scheduling of a discovery hearing. Plaintiff has exercised due diligence throughout these proceedings.

It would be appropriate to modify the scheduling conference to ensure equality and justice for all. Defendant has been allowed to benefit from the Court not applying the standards equally. Plaintiff has had to numerous times contact the court clerks to point out deficiencies and errors in the Court's action(s).

Defendant is allowed to not appear for formally designated events, it would be hard to understand the Court's good faith mentioning of a discovery conference. Further, when all parties were in the room and upon Plaintiff's request of scheduling such discovery hearing or conference, the Court had all power to do so. Plaintiff moves in the interest of justice that the motion be reconsidered and the Defendant be compelled to respond in discovery and the admissions be admitted.

Dated: April 20, 2007 in Honolulu, Hawaii.

*Joseph R. Thames*
Joseph R. Thames