Joseph R. Thames
P.O. Box 674
Kailua, Hawaii 96734

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOSEPH R. THAMES, | ) CIVIL NO. 04-00644 DAE-LEK |
| Plaintiff, | ) PLAINTIFF'S MOTION |
| | ) FOR RECONSIDERATION |
| vs. | ) OF ORDER GRANTING IN |
| | ) PART AND DENYING IN |
| DEBORAH Y. MILLER, ET AL., | ) PART PLAINTIFF'S EMERGENCY |
| | ) MOTION TO COMPEL DEFENDANT |
| Defendants. | ) TO APPEAR FOR DEPOSITION, |
| | ) SANCTIONS AND EXTEND |
| | ) DISOVERY DEADLINE |

## PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S EMERGENCY MOTION TO COMPEL DEFENDANT TO APPEAR FOR DEPOSITION, SANCTIONS AND EXTEND DISCOVERY DEADLINE

Now Comes Plaintiff for good cause and sound reasons and submits, files and moves the Court to reconsider of Order Granting in Part and Denying in Part Plaintiff's Emergency Motion to Compel Defendant to Appear for Deposition, Sanctions and Extend Discovery Deadline. Plaintiff has complied with the laws, Federal Rules of Civil Procedure and the Court Order. Throughout these pretrial proceedings the Court has been giving strict orders and threat to Plaintiff to comply with while allowing lax to no standards of compliance for the Defendant. Plaintiff has been prejudice from the Courts Court's wrongful actions. Unjustly, the Court Order restricted the Plaintiff from serving discovery upon Defendant. With this denial of motion to compel, the Plaintiff is barred and restricted from prosecuting his claim as per the law. Plaintiff is entitled to due process. Plaintiff has the legally right to prosecute his case with in the law and to the best of his knowledge and ability without obstructionist from the Court. Unjustly, the Court limited the Plaintiff's complaint. Plaintiff was restricted by the Court from pursuing such discovery until he had filed a motion to take leave. Plaintiff in compliance with the Court's Order took reasonable for a Pro Se litigant, non lawyer and non attorney and submitted and filed a motion to take leave. Subsequently, Plaintiff filed to compel Defendant to respond to discovery request. Defendant has refused and failed to respond to discovery. Defendant has been allowed to not comply with discovery. Plaintiff is prevented from adequately, appropriately and properly prosecuting his claim.

      It would be appropriate to modify the scheduling conference to ensure equality and justice for all. Defendant has been allowed to benefit from the Court not applying the standards equally. Plaintiff is entitled to equal treatment under the law. As addressed the Plaintiff gave more than sufficient time for Defendant to appear at the deposition. To restrict Plaintiff to not being able to properly prepare for trial is unjust. The tools of discovery, such as a deposition, are methods used to adequately, appropriately and properly prepare for trial. Being allowed to depose the opposite party is a staple in pretrial proceedings. Plaintiff is being barred from such tool which is held as a given to others. Further, to address the Court's reference of the Plaintiff possibly not conducting himself civilly or civilized. Plaintiff addresses that he had conducted himself in a civilized manner through this entire course. First, for the Plaintiff to endure and proceed through what is termed and designated as Federal Civil Procedures is a testament of Plaintiff's civil conduct. For someone to think otherwise, when Plaintiff is pursuing a course of action through civil procedure of litigation, is uncivilized on that other person's behalf or a lack of belief or respect for our civil laws. As an American who has fought and defended the rights of Americans to live in a civil society, I suggest that those who do not believe in a civil society need to leave.

      Plaintiff should be allowed to depose Defendant. Plaintiff moves in the interest of justice that the motion be reconsidered and the Defendant be compelled to respond in discovery and the admissions be admitted.

Dated: April 20, 2007 in Honolulu, Hawaii.

                                                                         Joseph R. Thames