ORIGINAL

CC/KAL

Joseph R. Thames
P.O. Box 674
Kailua, HI 96734
(808) 554-8082

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 2 1 2007

at __o'clock and__min.__ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

JOSEPH R. THAMES
    PLAINTIFF,

VS.

DEBORAH Y. MILLER, ET.AL.
    DEFENDANT (s).

) CIVIL NO. 04-00644DAE-LEK
)
) **PLAINTIFF'S**
) **MOTION FOR**
) **RECONSIDERATION OF**
) **MAGISTRATE JUDGE'S ORDER**
) **DENYING PLAINTIFF'S**
) **MOTION FOR DEFAULT**
) **JUDGMENT**
)
)

## PLAINTIFF'S MOTION FOR RECONSIDERATION OF MAGISTRATE JUDGE ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Now Comes Plaintiff for good cause and sound reasons submits, files and moves this Court to reconsider Order Denying Plaintiff's Motion For Default Judgment entered 04/11/2007. Plaintiff has exercised due diligence in prosecuting this case. Plaintiff has complied with the laws, Federal Rules of Civil Procedure and the Court's Orders. Defendant has not complied with the laws, Federal Rules of Civil Procedure nor the Court's Orders. Defendant has not complied with discovery and Defendant has failed and refused to comply with discovery. Such non compliance of Defendant has prevented Plaintiff from preparing and prosecuting his claim. Such non compliance of Defendant has been willful and to allow such non compliance of Defendant will be prejudice and harmful to Plaintiff.

Defendant removed documents of Plaintiff from Plaintiff's control which are evidence to the matters at issue. Defendant has willfully not produced or returned the removed documents. Of the documents removed were records and accounting of financial transactions, etc… This Court writes "The only claims that Plaintiff alleged in the First Amended Complaint were based upon the $3,290.00 in loans that Defendant allegedly owed to Plaintiff." This Court orders, directed and instructed Plaintiff to restrict and limit his claim as such and as well as this Court threatened Plaintiff if he does otherwise that this Court would dismiss all of his claim(s). The Court raised the bases of the reasons for the Court's actions of limiting the Plaintiff's claim and the Plaintiff's discovery from Defendant is property ownership. The Court writes that the Defendant states that the property is the same – the property of 404 Kalama Street, Kailua Hawaii and the property of 404A Kalama Street, Kailua Hawaii. This Court has referenced

discussion of discovery issues during the settlement conference. The Defendant clearly stated that Plaintiff owed the property of 404A Kalama Street, Kailua Hawaii during the settlement conference which discovery was discussed. The Defendant further stated the property(s) are not the same (the property of 404 Kalama Street, Kailua Hawaii and the property of 404A Kalama Street, Kailua Hawaii). In the Defendant's answer to the original complaint, the Defendant states that the two properties are different properties and not the same. In the Defendant's answer to the original complaint, the Defendant states that the Plaintiff owned the property of 404A Kalama Street, Kailua Hawaii. Plaintiff has been extremely patient with this Court's actions, wrongful actions, threats and errors. Plaintiff has a legal right to due process and equality under the Constitution.

Defendant has refused and failed to provide discovery, especially discovery harmful to the Defendant's defense and or beneficial to Plaintiff claim(s). Such discovery requested by Plaintiff from Defendant is legal and allowable in accordance with the Federal Rules of Civil Procedure. Defendant failed and refused to appear at duly noticed deposition. Defendant's actions are grounds for a Default Judgment being granted. Plaintiff moves for this Court to reconsider denying the motion for Default Judgment.

Dated: April 21, 2007 in Honolulu, Hawaii.

Joseph R. Thames