# MINUTES

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

04/23/2007  4:30 pm

SUE BEITIA, CLERK

CASE NUMBER:    CIVIL NO. 04-00644DAE-LEK

CASE NAME:    Joseph R. Thames vs. Deborah Y. Miller, etc.

ATTYS FOR PLA:

ATTYS FOR DEFT:

INTERPRETER:

JUDGE:    Leslie E. Kobayashi    REPORTER:

DATE:    04/23/2007    TIME:

COURT ACTION:  EO: COURT ORDER REGARDING PLAINTIFF'S MOTION FOR RECONSIDERATION OF COURT'S ORDER DENYING PLAINTIFF'S REQUEST FOR EXTENSION/ADDITIONAL OF TIME

Before the Court is Plaintiff Joseph R. Thames' ("Plaintiff") Motion for Reconsideration of Court's Order Denying Plaintiff's Request for Extension/Additional [sic] of Time ("Motion"), filed April 17, 2007.  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  After careful consideration of the Motion and the relevant legal authority, Plaintiff's Motion is HEREBY DENIED for the reasons set forth below.

On March 27, 2007, Plaintiff filed his Request for Extension/Additional [sic] of Time to Reply and or Respond ("Request").  Plaintiff sought a request for additional time to file his: reply memoranda to eight of his pending motions; memorandum in opposition to Defendant Deborah Y. Miller's pending motion; Exchange of Exhibits and Demonstrative Aids; and other applicable filings.  This Court denied the Request because Plaintiff had already timely filed his reply memoranda and his memorandum in opposition.  Further, he did not explain how a March 27, 2007 medical appointment necessitated the other extensions that he sought.

Plaintiff now argues that the Court should reconsider its ruling because the extension is necessary due to his "medical issues which during some periods precludes his mobility and requires much medical attention to include medical facility visits and

stays and many tests." Courts recognize three grounds for granting reconsideration of an order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Hawai`i 2006) (citing Mustafa v. Clark County Sch. Dist., 157 F.3d 1169, 1178-79 (9th Cir. 1998)) (some citations omitted); see also Local Rule LR60.1. Plaintiff has not alleged an intervening change in the law, nor has he presented new evidence that was not available when he filed the Request. Finally, this Court finds that reconsideration is not necessary to correct clear error or prevent manifest injustice because Plaintiff timely filed his replies and memorandum in opposition and this Court has ruled on those motions and because Plaintiff still has not established that his unspecified medical issues prevent him from meeting the trial deadlines in this case. This Court also notes that, since the filing of the Request, Plaintiff has been able to file numerous documents in this case. Plaintiff's Motion is therefore DENIED.

       IT IS SO ORDERED.

Submitted by: Warren N. Nakamura, Courtroom Manager