Joseph R. Thames
P.O. Box 674
Kailua, HI 96734
(808) 554-8082

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| JOSEPH R. THAMES<br>PLAINTIFF,<br><br>VS.<br><br>DEBORAH Y. MILLER, ET.AL.<br>DEFENDANT (s). | ) CIVIL NO. 04-00644DAE-LEK<br>)<br>) **PLAINTIFF'S**<br>) **MOTION FOR**<br>) **CONTINUANCE OF**<br>) **TRIAL**<br>)<br>) |

## PLAINTIFF'S MOTION FOR CONTINUANCE OF TRIAL

Now Comes Plaintiff, Pro Se, and moves this Court for a continuance of Trial. For good cause and sound reasons, Plaintiff submits and files for a continuance of trial, Pursuant to FRCP Rule 15, LR.LR40.4 and HRCC7. So far, I have proceeded Pro Se in this case; however, the preparation and filing of a legal memorandum to support my appeal is beyond the scope of my legal knowledge and ability. Therefore, I am seeking legal counsel.

The appeal able matters need to be properly put on record. I, the Plaintiff, have been diligent in preparing my case for trial. However, due to Defendant's dilatory actions and or Court errors and actions, I, the Plaintiff have been restrained from preparations for trial. These matters have been harmful to me, the Plaintiff Pro Se, and well beyond the scope of the Plaintiff to accurately address on the record for appeal.

Although the matters for appeal to be addressed are numerous, three matters of major harmful effect to Plaintiff to prepare his claim for trial under due process are: the restricting of Plaintiff's amended complaint due to Court implied and applied res judicata (this application was even imposed without weighing the identity of the claims), denying Plaintiff's Motion to compel deposition of Defendant and restricting and preventing Plaintiff from propounding and compelling discovery.

I have contacted numerous attorneys to assist me. Of the attorneys contacted, the reason the attorneys contacted was unable to assist me is that they cited workload and necessary time to prepare the memorandum for the trial court to support an appeal. Attorney Jung mentions an interest in handling the appeal but the trial record must be properly preserved and his workload does not allow the time now at present the time to prepare the trial memorandum. The only attorney that has indicated that he is willing to evaluate the case and may be willing to assist me is Attorney Wooten. However, Attorney Wooten is out of country and will not be returning until Wednesday, the 25th. Plaintiff has much respect for the Attorney Wooten and Plaintiff has been in contact with Attorney Wooten through his office. Plaintiff requests a continuance to meet and consult with Attorney Wooten upon his return, allow Attorney Wooten to evaluate the case and most promisingly enter and bring the case to resolution.

Courts have been disposed to grant continuances in order to prevent a miscarriage of justice. A court may not disallow a motion for a continuance if to do so would defeat the ends of justice. (Ill.-Chicago City Bank and Trust Co. v. Pick, 235 Ill. App. 3d 252, 176 Ill. Dec. 830, 602 N.E.2d 484 (1st Dist. 1992. Cal.-Cohen v. Herbert, 186 Cal. App. 2d 488, 8 Cal. Rptr. 922(2d Dist.1960). Me.-Higgins v. Higgins, 370 A.2d 670

(Me.1977).  Wash.-Chamberlin v. Chamberlin, 44 Wash. 2d 689, 270 P.2d 464, 68 A.L.R.2d 457 (1954).)  Chief consideration to be weighed in passing upon application for a continuance is whether the grant or denial of a continuance will be in furtherance of substantial justice.  (Conn.-Atkins v. Atkins, 13 Conn. App. 144, 534 A.2d 909 (1987).)

The doctrine of res judicata cannot be invoked unless all its essential elements are present, and each necessary element must be established beyond all question.  (La. Kelty v. Brumfield, 633 So.2d 1210, 93-1142 (La. 2/25/94), rehearing denied 635 So.2d 247, 93-1142 (La. 3/25/94).  Generally, the requirements of res judicata or claim preclusion are that the parties in the present litigation be the same or in privity with the parties to the earlier dispute, that the claim presented in the current action be identical to the one determined in the prior adjudication, and that there be a valid final judgment on the merits.  (Md. – Esslinger v. Baltimore City, 622 A.2d 774, 95 Md.App. 607, certiorari denied 628 A.2d 1066, 331 Md. 479.  Mich. – Makowski v. Towles, 489 N.W.2d 133, 195 Mich.App. 106.  Neb. – VanDeWalle v. Albion Nat. Bank, 500 N.W.2d 566, 243 Neb. 496.  N.Y. – Jerome J. Steiker Co., Inc. v. Eccelston Properties Ltd., 593 N.Y.S.2d 394, 156 Misc.2d 308.  Utah – D'Aston, App., 844 P.2d 345.)

The elements essential to the invoking of the doctrine of res judicata as a bar to an action have been variously stated, sometimes in the same jurisdiction, as identity of parties, of subject matter, and of issues; (N.C. – McInturff v. Gahagan, 136 S.E. S.E. 339, 193 N.C. 147.  Tex. – Morris v. Landoll Corp., App.-Fort Worth, 822 S.W.2d 653, vacated 842 S.W.2d 277, on remand 856 S.W.2d 265, rehearing overruled, error denied.) identity of parties, of subject matter, and of cause of action; (Ga. – Fowler v. Vineyard, 405 S.E.2d. 678, 261 Ga. 454, on remand 410 S.E.2d. 53, 200 Ga.App. 880.  Ill.- Burke

v. Village of Glenview, 1 Dist., 628 N.E.2d. 465, 195 Ill.Dec. 1, 257 Ill.App.3d 63.  N.M. – Johnson v. Aztec Well Servicing Co., App., 875 P.2d 1128, 117 N.M. 697.  Vt. – Berlin Convalescent Center, Inc. v. Stoneman, 615 A.2d 141, 159 Vt. 53.  Wash. – State, Dept. of Ecology v. Yakima Reservation Irr. Dist., 850 P.2d 1306, 121 Wash.2d 257.)  identity of parties, of the matter of issue, and decision on the merits; (N.J. – Meier Credit Co. v. Yeo, 28 A.2d 227, 129 N.J.Law 82.  R.I. – E.W. Audet & Sons, Inc. v. Fireman's Fund Ins. Co. of Newark, New Jersey, 635 A.2d 1181.  S.D. – Moe, 496 N.W.2d 593.)  identity of parties, of cause of action and issues, and judgment on the merits by a court of competent jurisdiction; (U.S. – Retired Chicago Police Ass'n v. City of Chicago, C.A.7(Ill.), 7F.3d 584, on remand 1994 WL 163630, reconsideration denied 1994 WL 243860, affirmed 76 F.3d 856, rehearing denied, certiorari denied 117 S.Ct.305, 136 L.Ed.2d 222.  Levy v. U.S., S.D.N.Y., 776 F.Supp. 831.  Ala. – Benetton S.p.A v. Benedot, Inc. 642 So.2d. 394, rehearing denied.  Ga. – Kaylor v. Turner, 435 S.E.2d 233, 210 Ga.App. 2, certiorari denied.  Ill.- Crum and Forster Managers Corp. v. Resoultion Trust Corp., 620 N.E.2d 1073, 189 Ill.Dec. 756, 156 Ill.2d 384.  Minn. – Porta-Mix Concrete, Inc. v. First Ins. East Grand Forks, App., 512 N.W.2d 119, review denied.  Neb.-DeVaux v. DeVaux, 514 N.W.2d 640, 245 Neb.611.  Tex.-State v. All the Oil and Products of Oil Situated in Certain Pits in Upshur County, Civ.App., 153 S.W.2d 191, error refused w.m.)  and identity of parties and of subject matter and an adjudication in a former suit.  (S.C.-Ford v. Watson, App., 316 S.E.2d 429, 282 S.C. 66.)

It has also been stated that for the doctrine of res judicata to apply, the parties or their privies must be the same, the subject matter of the action must be the same, the issues must be the same and relate to the same subject matter, and the capacities of the

4

persons must be the same in reference to the subject matter and to the issues. (Mont.-Grenz v. Fire and Cas. Of Connecticut, 841 P.2d 494, 255 Mont. 121, appeal after remand 857 P.2d 730, 260 Mont.60. Wyo.-Livingston v. Vanderiet, 861 P.2d 549.) Another statement of the rule is that res judicata or claim preclusion is comprised of: identity of things sued for; identity of cause of action; identity of things sued for; identity of cause of action; identity of persons and of parties to the action; and identity of quality in the persons for or against whom the claim is made. (U.S.- Marshall v. Mayflower, Inc., D.Kan., 817 F.Supp. 922. Fla.-Baxas Howell Mobley, Inc. v. BP Oil Co., App. 3 Dist., 630 So.2d 207. Kan.-Steele v. Guardianship and Conservatorship of Crist, 840 P.2d 1107, 251 Kan.712. Mo.-King General Contractors, Inc. v. Reorganized Church of Jesus Christ of Latter Day Saints, 821 S.W.2d 495. Pa.-Veltri v. City of New Kensington, 601 A.2d 392, 144 Pa.Cmwlth. 121, appeal denied 608 A.2d 32, 530 Pa. 658. Va.-Smith v. Ware, 421 S.E.2d 444, 244 Va. 374. Wash.-U.S. Bank of Washington v. Hursey, 806 P.2d 245, 116 Wash.2d 522.) The absence of any one of the essential elements is fatal to the defense of res judicata. (Md.-Seaboard Terminals Corp. v. American Oil Co., 181 A. 746, 169 Md. 369.)

Under Wisconsin law, in order for prior state court action to bar federal action, there must have been final judgments on the merits, identity of cause of action in the state proceedings and the federal suit, and identity of parties or their privies in the two suits. (Bates v. Department of Corrections, E.D.Wis.1991, 774 F.Supp. 536.) Privity was lacking, for res judicata purposes, between any defendants in current federal case and any defendants in prior California state court case, since prior case dealt with breach of contract issues and defendants in subsequent case were alleged to have commited wrongs

that were independent of any contract between parties. E. & J. Gallo Winery v. Encana Energy Services, Inc., E.D.Cal. 2005, 388 F.Supp.2d 1148.)

Right to take discovery deposition violated is grounds for a continuance. (Ill.- Slatten v. City of Chicago, 12 Ill. App. 3d 808, 299 N.E.2d 442 (1st Dist. 1973).

Res judicata is matter to be determined at trial court and the Plaintiff desires to have his claim heard on the merits of the claim(s). The matters of errors present in the Court presently are not due to the Plaintiff's doing and beyond the Plaintiff's control and beyond the knowledge, scope and abilities of the Plaintiff. Plaintiff moves, request and desires to obtain legal counsel and assistance to address and resolve the matters. Plaintiff prays for this Court to grant this motion for a continuance in the interest of justice.

Dated: April 23, 2007 in Honolulu, Hawaii.

Joseph R. Thames
Plaintiff Pro Se