IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| JOSEPH THAMES, | ) | CIVIL NO. 04-00644 DAE-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DEBORAH MILLER, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF MAGISTRATE JUDGE ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME FOR FILING DISPOSITIVE MOTIONS**

Before the Court is Plaintiff Joseph R. Thames' ("Plaintiff") Motion for Reconsideration of Magistrate Judge Order Denying Plaintiff's Motion for Extension of Time for Filing Dispositive Motions ("Motion for Reconsideration"), filed April 23, 2007. The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Motion for Reconsideration and the relevant legal authority, Plaintiff's Motion for Reconsideration is HEREBY DENIED for the reasons set forth below.

**BACKGROUND**

On November 22, 2006, Plaintiff filed a Motion and Request for Extension of Time for Filing Dispositive Motions ("Extension Motion"). Plaintiff alleged that Defendant

Deborah Y. Miller ("Defendant") had not supplied him with the required discovery and that this prevented him from preparing dispositive motions.  On January 10, 2007, this Court issued an order denying the Extension Motion ("Order").  This Court concluded that Plaintiff had not established good cause to extend the dispositive motions deadline because he did not identify any outstanding discovery requests that Defendant had failed to answer.  This Court noted that it had previously denied Plaintiff's Motion to Compel; Motion for a More Definite Statement and Motion for Sanctions, filed on November 1, 2006, on the ground that Defendant adequately responded to the relevant discovery requests that this Court previously ordered her to respond to.

Plaintiff now asks the Court to reconsider the Order.  Plaintiff again alleges that Defendant's failure to cooperate with discovery prevented him from preparing his case.  He claims that Defendant removed relevant documents from Plaintiff's possession and has refused to produce them.  He also points out that Defendant failed to appear for her deposition and argues that this is grounds for an entry of default judgment against her.  Finally, he argues that this Court's scheduling order was "defective" because the dispositive motions deadline was before the discovery deadline and this made it impossible for him to file dispositive motions.

**DISCUSSION**

Courts recognize three grounds for granting reconsideration of an order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Hawai`i 2006) (citing Mustafa v. Clark County Sch. Dist., 157 F.3d 1169, 1178-79 (9th Cir. 1998)) (some citations omitted); see also Local Rule LR60.1.

The Motion for Reconsideration reiterates Plaintiff's argument that he could not file dispositive motions because Defendant has failed to provide discovery.  To the extent that Plaintiff relies on the same discovery disputes that prompted the Extension Motion, the Motion for Reconsideration merely expresses Plaintiff's disagreement with the Court's ruling.  "Mere disagreement with a previous order is an insufficient basis for reconsideration."  See White, 424 F. Supp. 2d at 1274 (citing Leong v. Hilton Hotels Corp., 689 F. Supp. 1572 (D. Haw. 1988)). Even if the Court construes the Motion for Reconsideration as alleging that the Order was based on a manifest error of law, the Court could not consider the argument because Plaintiff did not raise it in a timely manner.  See Local Rule LR60.1 (stating that motions for reconsideration alleging manifest errors of law or fact "must be filed not more than ten (10) business days after

3

the court's written order is filed").[1]

Plaintiff also complains that Defendant removed relevant evidence from his possession and that Defendant failed to appear for her deposition.  Defendant's deposition was not scheduled until after this Court issued the Order and, although it is not clear from the Motion for Reconsideration, it is possible that Plaintiff did not learn of Defendant's alleged removal of evidence until after this Court issued the Order.  Although these claims could be construed as newly discovered evidence, even if the Court did so, they do not warrant reconsideration of the Order.  Plaintiff filed other motions based on Defendant's failure to appear at her deposition and her alleged removal of evidence from his property.  This Court denied Plaintiff's request to compel Defendant to appear at a

---

[1] Plaintiff states that he "received this order and other orders late due to mailing errors."  Plaintiff, although pro se, is responsible for complying with the applicable rules, which include maintaining his current mailing address with the Clerk's Office and other parties.  See, e.g., Local Rule LR83.1(h) (requiring attorneys to file and serve notice of change of business address).  The Court notes that, although Plaintiff had not notified the Clerk's Office of any change to his address, the copy of the Order that the Clerk's Office mailed to Plaintiff was returned as undeliverable on January 24, 2007.  Nevertheless, Plaintiff did receive the Order.  The docket sheet reflects that an acquaintance of Plaintiff's picked up a copy of the Order from the Clerk's Office on January 31, 2007.  Thus, the mailing error does not explain or excuse Plaintiff's delay in filing the instant Motion for Reconsideration.

deposition[2] and denied his motion for default judgment against Defendant based on her failure to appear at her deposition. Plaintiff also raised the alleged removal of evidence in his motion to for leave to file a second amended complaint and in his motion to extend the discovery deadline.  The Court denied those motions as well.[3]  Insofar as this Court has previously addressed these claims and denied Plaintiff relief, this Court also finds that Defendant's failure to appear at her deposition and her alleged removal of evidence do not constitute grounds to reconsider the Order.

      Finally, Plaintiff argues that it was impossible for him to prepare dispositive motions because the dispositive motions deadline was before the discovery cutoff.  This Court will not consider this argument because Plaintiff could have raised it within the Extension Motion.  See Hawai`i Stevedores, Inc. v. HT & T Co., 363 F. Supp. 2d 1253, 1269-70 (D. Hawai`i 2005) (stating that "reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision" (citing Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000)) (some citations

---

[2] On April 18, 2007, the district judge denied Plaintiff's appeal of the order denying Plaintiff's request to compel Defendant to appear at a deposition.

[3] On April 20, 2007, the district judge denied Plaintiff's appeal of the order denying him leave to file a second amended complaint.

omitted)).  Further, even if the Court did consider this argument, the Court would find that it is not grounds for reconsideration because it is the district court's standard practice in all civil cases to have the dispositive motions deadline before the discovery deadline.

This Court therefore finds that Plaintiff has not raised any arguments or evidence that warrant reconsideration of the Order.

### CONCLUSION

On the basis of the foregoing, Plaintiff's Motion for Reconsideration of Magistrate Judge Order Denying Plaintiff's Motion for Extension of Time for Filing Dispositive Motions, filed April 23, 2007, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, April 30, 2007.



    /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**JOSEPH R. THAMES V. DEBORAH Y. MILLER; CIVIL NO. 04—00644 DAE—LEK; ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF MAGISTRATE JUDGE ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME FOR FILING DISPOSITIVE MOTIONS**