Joseph R. Thames
P.O. Box 674
Kailua, HI 96734
(808) 554-8082

IN THE UNITED STATES DISRTICT COURT
DISTRICT OF HAWAII

| | |
|---|---|
| Joseph R. Thames<br>　　Plaintiff,<br><br>vs.<br><br>Deborah Y. Miller, et al.<br>　　Defendants. | ) CIVIL NO. 04-00644DAE-LEK<br>)<br>) APPEAL TO TRIAL JUDGE<br>) OF MAGISTRATE'S ORDER<br>) DENYING PLAINTIFF'S MOTION<br>) TO TAKE LEAVE TO FILE AN<br>) (SECOND) AMENDED COMPLAINT<br>) |

## APPEAL TO TRIAL JUDGE OF MAGISTRATE'S ORDER DENYING PLAINTIFF'S MOTION TO TAKE LEAVE TO FILE AN (SECOND) AMENDED COMPLAINT

Now Comes Plaintiff and appeals Magistrate Judge's Order Denying Plaintiff's Motion to Take Leave to File an (Second) Amended Complaint entered 4/09/07. Plaintiff has continually asked of this Court to allow his claim to be heard on the merits. This Court has continually refused to allow Plaintiff the right to due process and or equality under the law and constitution and have his claim heard on the merits. Plaintiff has followed and adhered to the orders and instructions of the Court and has been continually not allowed due process. This Court errored, whether intentionally or mistakenly; however, the Court's error harms the Plaintiff in not allowing the Plaintiff to seek just damages and raise his just claims. The law and the constitution are to protect the rights of a person to be justly heard in Court. This Court has continually allowed and assisted the Defendant in not answering to Plaintiff's claim and discovery and excusing Defendant's actions in preventing Plaintiff's from prosecuting his claim(s).

This Court has not allowed the Plaintiff to have his claim(s) heard on the merits. This Court uses the instrument of covertly applying res judicata without stating the rule.

This Court wrongly applied res judicata in the interest of aiding the Defendant. The Court attempts to continually deny the Plaintiff his constitutional right to exercise ownership rights of his property. However, having the claim heard on the merits of the Plaintiff's claim for his money and consequential damages is also being continually denied by this Court.

This Court initial order denying Plaintiff leave to amend his complaint was vague and awkward. Plaintiff followed and adhered to the Court's order to only be again punished for following the instructions of the order which required additional actions and time to be denied on the bases of being untimely. This ruling and denial is paradoxical and ironic and harmful to Plaintiff and gives an unjust advantage to Defendant.

The Court comments on that the Defendant has not fulfilled her discovery obligations. Plaintiff has clearly addressed that the Defendant removed evidence from Plaintiff's property and this evidence was property of the Plaintiff. The Defendant willfully and intentionally removed the evidence and willfully and intentionally did not return the evidence and continually willfully and intentionally refuse to provide discovery of the removed and non returned evidence. Again, this evidence is vital in Plaintiff appropriately presenting and prosecuting his claim. Defendant is allowed to gain an unjust advantage from her wrongful action and her further non compliance with discovery. These unjust and wrong actions are reason and just cause to amend this Court's scheduling order and a continuance of the trial.

Dated May 8, 2007 in Honolulu, Hawaii.

_Joseph R. Thames_
Joseph R. Thames