IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| JOSEPH THAMES, | ) | CIVIL NO. 04-00644 DAE-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DEBORAH MILLER, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER DENYING PLAINTIFF'S MOTION TO TAKE
LEAVE TO FILE AN (SECOND) AMENDED COMPLAINT**

Before the Court is Plaintiff Joseph R. Thames' ("Plaintiff") Motion to Take Leave to File an (Second) Amended Complaint ("Motion"), filed February 22, 2007. Defendant Deborah Y. Miller ("Defendant") filed her memorandum in opposition to the Motion on March 8, 2007. Plaintiff filed his reply on March 27, 2007. The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal authority, Plaintiff's Motion is HEREBY DENIED for the reasons set forth below.

**BACKGROUND**

Plaintiff and Defendant previously lived together and the instant case arises from various disputes that arose out of

Exhibit B

3

404-A were futile. Plaintiff therefore argues that he should be granted leave to file a Second Amended Complaint.

In her memorandum in opposition, Defendant apparently argues that the properties are the same and that Plaintiff is merely submitting the same paper work that he has presented in legal actions for the past seven years. She argues that the only reason that Plaintiff is seeking to amend his complaint is to prolong his harassment of her. Defendant urges the Court to allow the case to proceed to trial.

In his reply, Plaintiff argued that he could not adequately respond to Defendant's memorandum in opposition because Defendant was improperly withholding discovery from him and had not been truthful in the answers that he provided. For example, he alleged that Defendant removed his copy of a $17,000.00 co-signed collateral loan from his property and that she never returned the copy to him. Plaintiff argues that Defendant has continually evaded discovery and that therefore the Court should allow him to amend his complaint.

### DISCUSSION

Insofar as the deadline to amend pleadings was September 22, 2006, Plaintiff must obtain an amendment of this Court's scheduling order before this Court will consider whether he should be granted leave to file a Second Amended Complaint.

A scheduling order "shall not be modified except upon a

5

showing of good cause and by leave of . . . a magistrate judge." Fed. R. Civ. P. 16(b). The good cause inquiry focuses on the diligence of the party seeking to modify the scheduling order; if the party seeking the modification was not diligent, the court should deny the motion. See Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002). "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Id. (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)). Prejudice to the non-moving party may serve as an additional reason to deny the motion, but the lack of prejudice to the non-moving party does not justify granting the motion if the moving party was not diligent. See Johnson, 975 F.2d at 609.

Assuming for the sake of argument that Plaintiff's Complaint and Proposed First Amended Complaint intended to raise claims based on his ownership of Apartment 404-A and this Court erroneously based its denial of the First Motion to Amend Complaint on the state court's judgment regarding 404 Kalama, Plaintiff did not bring this error to the Court's attention in a timely manner. Plaintiff could have raised this argument in his motion for reconsideration of the 1/4/06 Order, or in an appeal to the district judge from the 1/4/06 Order after this Court denied his motion for reconsideration. Plaintiff, however, failed to do so. Further, Plaintiff could have brought the

6

8

instant Motion prior to the September 22, 2006 deadline to amend pleadings. Plaintiff offers no reasons why he failed to do so, except for Defendant's failure to produce discovery. That, however, would not have prevented him from identifying this Court's purported confusion regarding 404 Kalama and Apartment 404-A. This Court therefore finds that Plaintiff was not diligent in bringing the instant Motion.

This Court also finds that allowing Plaintiff to file a Second Amended Complaint would be unfairly prejudicial to Defendant. Plaintiff filed the instant Motion approximately two months before the scheduled April 24, 2007 trial date. Allowing Plaintiff to file a Second Amended Complaint would require a substantial continuance of the trial date and would unduly delay the case. Defendant has an interest in the timely resolution of this case, which has been pending since October 2004. The Court acknowledges that Plaintiff feels that Defendant has not fulfilled her discovery obligations in this case, but even assuming for the sake of argument that this is true, it is unrelated to Plaintiff's request to amend his complaint at this late stage. This Court therefore finds that Plaintiff has not established good cause to amend this Court's scheduling order.

## CONCLUSION

On the basis of the foregoing, Plaintiff's Motion to Take Leave to File an (Second) Amended Complaint, filed

February 22, 2007, is HEREBY DENIED.

　　　　IT IS SO ORDERED.

　　　　DATED AT HONOLULU, HAWAI`I, April 9, 2007.



　　　　　　　　　　　　　　/S/ Leslie E. Kobayashi
　　　　　　　　　　　　　　Leslie E. Kobayashi
　　　　　　　　　　　　　　United States Magistrate Judge

JOSEPH R. THAMES V. DEBORAH Y. MILLER; CIVIL NO. 04-00644 DAE-LEK; ORDER DENYING PLAINTIFF'S MOTION TO TAKE LEAVE TO FILE AN (SECOND) AMENDED COMPLAINT

10