Joseph R. Thames
P.O. Box 674
Kailua, HI 96734
(808) 554-8082

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

| | |
|---|---|
| JOSEPH R. THAMES<br>PLAINTIFF, | CIVIL NO. 04-00644DAE-LEK |
| VS | PLAINTIFF'S<br>FINDINGS OF FACT AND<br>CONCLUSIONS OF LAW |
| DEBORAH Y. MILLER, ET.AL.<br>DEFENDANT (s). | OF THE JUDGMENT |

## PLAINTIFF'S FINDINGS OF FACT AND CONCLUSIONS OF LAW OF THE JUDGMENT

For good cause and sound reasoning, Plaintiff moves and requests an Extension of time and Additional Time to submit and file stated documents. Defendant has not complied with discovery. Plaintiff is appealing rulings, orders and judgment. Plaintiff is prevented from appropriately, adequately and properly filing prosecuting his claim which a just and equitable judgment could be reached. Again, Plaintiff requests an Extension of Time and Additional Time in submitting and filing Plaintiffs Facts and Conclusion of Law.

Defendant has used illegal methods to gain an advantage. Plaintiff should not be prevented from presenting the truth. This case should be decided on the truthful facts and evidence. Plaintiff has continually complied with the law and Court orders while Defendant has continually not complied with the law nor Court Orders.

Facts:
Plaintiff is domicile in North Carolina.
Defendant is domicile in Massachusetts.
The monetary amount(s) of dispute exceeds $75,000.00.
Plaintiff and Defendant resided in the same household during a period of time.
Defendant resided as a tenant.
Plaintiff and Defendant agreed to pay equally 50% each of the utility bills. Plaintiff was the property owner of the dwelling Defendant resided in as a tenant. Defendant agreed to pay rent to Plaintiff.
Defendant refused and or failed to pay rent.
Defendant removed Plaintiff's personal property from property owned by Plaintiff.
Defendant kept accounting of household bills.
Defendant received funds from Plaintiff of Plaintiff's funds entrusted with Defendant to be used and spent in expenditures in behalf of the benefit of Plaintiff.
Defendant kept accounting of funds received from Plaintiff of Plaintiff of Plaintiff's

funds entrusted with Defendant to be used and spent in expenditures in behalf of the benefit of Plaintiff.
Defendant removed accounting records of funds received from Plaintiff of Plaintiff of Plaintiff's funds entrusted with Defendant to be used and spent in expenditures in behalf of the benefit of Plaintiff from Plaintiff's property and or from Plaintiff's control.
Defendant removed accounting records of funds received from Plaintiff of Plaintiff of Plaintiff's funds entrusted with Defendant to be used and spent in expenditures in behalf of the benefit of Plaintiff from Plaintiff's property and or from Plaintiff's control and did not return such accounting records to Plaintiff.
Defendant removed accounting records, documents, records, files, information and or evidence from Plaintiff's property and or from Plaintiff's control.
Defendant removed accounting records, documents, records, files, information and or evidence, etc… from Plaintiff's property and or from Plaintiff's control and did not return such accounting records, documents, records, files, information and or evidence, etc… to Plaintiff.
Defendant removed accounting records, documents, records, files, information and or evidence, etc… from Plaintiff's property and or from Plaintiff's control and did not return such accounting records, documents, records, files, information and or evidence, etc… to Plaintiff with the assistance of Honolulu Police Department.
Plaintiff provided entrusted funds of Plaintiff funds to Defendant to be used and expended in benefit of Plaintiff by cash money.
Plaintiff provided entrusted funds of Plaintiff funds to Defendant to be used and expended in benefit of Plaintiff by check(s).
Plaintiff loaned money to Defendant.
Defendant did not repay money Plaintiff loaned to Defendant.
Plaintiff provided collateral for Defendant to secure a loan.
Defendant's loan secured with Plaintiff's funds, Defendant did not repay loan with Defendant's funds but loan was repaid with Plaintiff's funds.
Defendant kept an accounting.
Defendant has not provided Plaintiff with an accurate accounting of funds Plaintiff entrusted Defendant with.
Plaintiff deposited money(s) with Defendant for the expenditure in benefit of the Plaintiff.
Defendant did not comply with discovery, Federal Rules of Civil Procedure, and or Court Orders.
Defendant failed and or refused to appear for her deposition.
Plaintiff has been prevented from questioning Defendant on the issues and appropriately, properly and adequately prosecuting his claim.
Defendant made negative statements about Plaintiff.
Plaintiff lost real property equity due to Defendant's wrongful actions.
Plaintiff lost income due to Defendant's wrongful actions.
Plaintiff lost possession of his vehicles due to Defendant's wrongful actions.
Plaintiff incurred storage cost due to Defendant's wrongful actions.
Plaintiff suffered mental and emotional stress, anguish, etc … due to Defendant's wrongful actions.
Plaintiff incurred legal cost, fees and expenses and other cost, fees, and expenses due to Defendant's wrongful actions.

Facts of Damages:

| | |
|---|---|
| $3,290.00 | The Court limited and restricted damages are owed to Plaintiff. Defendant has not offered a legal defense. Defendant defense has no merit. The monies Defendant asserts to have paid the debt with is monies of the Plaintiff. Further, Defendant did not appear for her Deposition to address, justify or defend her position and or Defense. These damages are for household bills and loans. These facts have been materialized through discovery, Admissions of Facts and will be further proven at trial. |
| $29,500.00 | Damages due and owed to Plaintiff for funds of Plaintiff withheld and not returned to Plaintiff by Defendant. Funds were money received by Deborah Y. Miller from funds of Joseph R. Thames entrusted and deposited with Defendant Deborah Y. Miller for expenditure in benefit of Plaintiff Joseph R. Thames. These facts have been materialized through discovery, Admissions of Facts and will be further proven at trial. |
| $2,130.00 | Damages are for loan due, owed and not repaid to Plaintiff by Defendant. Loan was for monies loaned to Defendant for her daughter's wedding. These facts have been materialized through discovery, Admissions of Facts and will be further proven at trial. |
| $15,900.00 | Damages from loan repaid from funds of Plaintiff Joseph R. Thames. Loan for Defendant Deborah Y. Miller was secured by $17,000 Certificate of Deposit (CD) of Plaintiff Joseph R. Thames. Loan and CD were held at Hawaii National Bailie Loan Number 059-06822 and CD #01873. Funds are due and owed to Plaintiff by Defendant. These facts have been materialized through discovery, Admissions of Facts and will be further proven at trial. |
| $5,080.00 | Damages for bad check. Check number 0970 surrendered to Plaintiff Joseph R. Thames from Defendant Deborah Y. Miller and returned unpaid due to insufficient funds are due and owed to Plaintiff Joseph R. Thames. These facts have been materialized through discovery, Admissions of Facts and will be further proven at trial. |
| $17,000.00 | Damages for monies owed and due to Plaintiff Joseph R. Thames from Defendant Deborah Y. Miller. Funds were money received by Deborah Y. Miller from funds of Joseph R. Thames entrusted and deposited with Defendant Deborah Y. Miller for expenditure in benefit of Plaintiff Joseph R. Thames. These facts have been materialized through discovery, Admissions of Facts and will be further proven at trial. |
| $6,942.07 | Damages for monies owed and due to Plaintiff Joseph R. Thames from Defendant Deborah Y. Miller. Funds were money received by Deborah Y. Miller from funds of Joseph R. Thames entrusted and deposited with Defendant Deborah Y. Miller for expenditure in benefit of Plaintiff Joseph R. Thames. These facts have been materialized through discovery, Admissions of Facts and will be further proven at trial. |
| $1,290.00 | Damages for monies owed and due to Plaintiff Joseph R. Thames from Defendant Deborah Y. Miller. Funds were money received by Deborah Y. Miller from funds of Joseph R. Thames entrusted and deposited with |

        Defendant Deborah Y. Miller for expenditure in benefit of Plaintiff Joseph R. Thames. These facts have been materialized through discovery, Admissions of Facts and will be further proven at trial.

$1,000.00    Damages for monies owed and due to Plaintiff Joseph R. Thames from Defendant Deborah Y. Miller. Funds were money received by Deborah Y. Miller from funds of Joseph R. Thames entrusted and deposited with Defendant Deborah Y. Miller for expenditure in benefit of Plaintiff Joseph R. Thames. These facts have been materialized through discovery, Admissions of Facts and will be further proven at trial.

$3,000.00    Damages for monies owed and due to Plaintiff Joseph R. Thames from Defendant Deborah Y. Miller. Funds were money received by Deborah Y. Miller from funds of Joseph R. Thames entrusted and deposited with Defendant Deborah Y. Miller for expenditure in benefit of Plaintiff Joseph R. Thames. These facts have been materialized through discovery, Admissions of Facts and will be further proven at trial.

$6,000.00    Damages for monies owed and due to Plaintiff Joseph R. Thames from Defendant Deborah Y. Miller. Funds were money received by Deborah Y. Miller from funds of Joseph R. Thames entrusted and deposited with Defendant Deborah Y. Miller for expenditure in benefit of Plaintiff Joseph R. Thames. These facts have been materialized through discovery, Admissions of Facts and will be further proven at trial.

$6,700.00    Damages for monies owed and due to Plaintiff Joseph R. Thames from Defendant Deborah Y. Miller. Funds were money received by Deborah Y. Miller from funds of Joseph R. Thames entrusted and deposited with Defendant Deborah Y. Miller for expenditure in benefit of Plaintiff Joseph R. Thames. These facts have been materialized through discovery, Admissions of Facts and will be further proven at trial.

$16,812.35    Damages for monies owed and due to Plaintiff Joseph R. Thames from Defendant Deborah Y. Miller. Funds were money received by Deborah Y. Miller from funds of Joseph R. Thames entrusted and deposited with Defendant Deborah Y. Miller for expenditure in benefit of Plaintiff Joseph R. Thames. These facts have been materialized through discovery, Admissions of Facts and will be further proven at trial.

$500.00    Damages for monies owed and due to Plaintiff Joseph R. Thames from Defendant Deborah Y. Miller. Funds were money received by Deborah Y. Miller from funds of Joseph R. Thames entrusted and deposited with Defendant Deborah Y. Miller for expenditure in benefit of Plaintiff Joseph R. Thames. These facts have been materialized through discovery, Admissions of Facts and will be further proven at trial.

$11,050    Damages for rent owed and due to Plaintiff Joseph R. Thames from Defendant Deborah Y. Miller. These facts have been materialized through discovery, Admissions of Facts and will be further proven at trial.

$372,000.00   Estimated damages for loss of equity. These facts have been materialized through discovery, Admissions of Facts and will be further proven at trial.

$2,500.00     Loss of value of truck. These facts have been materialized through discovery, Admissions of Facts and will be further proven at trial.

$2,500.00     Loss of value of truck. These facts have been materialized through discovery, Admissions of Facts and will be further proven at trial.

$3,800.00    Loss of value of truck. These facts have been materialized through discovery, Admissions of Facts and will be further proven at trial.

26,640    Storage of household goods
$370 per mo.(12 mos.Per year) X 6 years
These facts have been materialized through discovery, Admissions of Facts and will be further proven at trial.

$420,000.00    Loss of income (estimated).
($70,000.00 X 6 years)
These facts have been materialized through discovery, Admissions of Facts and will be further proven at trial.

$300,000.00    Loss of income (estimated).
($50,000.00 X 6 years)
These facts have been materialized through discovery, Admissions of Facts and will be further proven at trial.

$1,000,000.00   Mental anxiety and anguish
These facts have been materialized through discovery, Admissions of Facts and will be further proven at trial.

$1,000,000.00   Mental stress/disorder
These facts have been materialized through discovery, Admissions of Facts and will be further proven at trial.

Undetermined   Damages for Slander, Libel and Defamation of Character. These facts have been materialized through discovery, Admissions of Facts and will be further proven at trial.

Undetermined   Other damages undeterminable in generalization at this time because Defendant's illegally removed/stole items from Plaintiffs property. These facts have been materialized through discovery, Admissions of Facts and will be further proven at trial.

Undetermined   Legal interest rate upon damages awarded. These facts have been materialized through discovery, Admissions of Facts and will be further proven at trial.

Undetermined   Legal fees, cost and expenses. These facts have been materialized through discovery, Admissions of Facts and will be further proven at trial.

Undetermined Punitive damages. These facts have been materialized through discovery, Admissions of Facts and will be further proven at trial.

Conclusion of Law:
The following law apply and concluded in grounds for Plaintiff being awarded a judgment and damages in favor of the Plaintiff.

Plaintiff is entitled to a judgment as a matter of law. Defendant failed to comply with discovery. Defendant failed to comply with Court Orders. Defendant failed and refused to appear for her deposition.

Plaintiff is entitled to a judgment and Plaintiff is entitled to be awarded damages:
Two parties (Plaintiff and Defendant) both of age and both of legal capacity had agreement(s). Defendant did not abide by the agreement(s). Defendant withheld Plaintiffs property (to include money and other intangible and other personal property) from Plaintiff. Plaintiff suffered loss(es). Plaintiff was injured. Plaintiff was harmed.

A civil wrong which can be redressed by awarding damages. Smith v. United States, 507 U.S. 197 (1993).

28 U.S.C. Chapter 171.

Damages are based on the loss incurred by the injured party ... Surrey CC -v- Bredero Homes Ltd (1992) 3 AllER 302.

Plaintiff should be awarded damages as shown above and any and or all other damages so deemed.

Dated: May 9, 2007 in Honolulu, Hawaii.

Joseph R. Thames