Joseph R. Thames
P.O. Box 674
Kailua, HI 96734
(808) 554-8082

IN THE UNITED STATES DISRTICT COURT
DISTRICT OF HAWAII

| | |
|---|---|
| Joseph R. Thames<br>    Plaintiff, | ) CIVIL NO. 04-00644DAE-LEK<br>)<br>) APPEAL TO TRIAL JUDGE<br>) OF MAGISTRATE'S ORDER<br>) DENYING PLAINTIFF'S<br>) DISCOVERY MOTIONS |
| vs. | |
| Deborah Y. Miller, et al.<br>    Defendant(s). | )<br>)<br>)<br>) |

## APPEAL TO TRIAL JUDGE OF MAGISTRATE'S ORDER DENYING PLAINTIFF'S DISCOVERY MOTIONS

Now Comes Plaintiff and appeals Magistrate Judge's Order appeal to Trial Judge Magistrate's order denying Plaintiff's discovery motion(s) to compel Deborah Y. Miller to appear for her duly noticed deposition and motion for sanctions and denying plaintiff's motions to extend discovery deadline entered 4/10/07. Defendant has not responded fully and truthfully and that Defendant deprived Plaintiff of discoverable information and evidence. This discoverable information and evidence is necessary for Plaintiff to appropriately and adequately prosecute his claim. Plaintiff has continually asked of this Court to allow his claim to be heard on the merits. This Court has continually refused to allow Plaintiff the right to due process and or equality under the law and constitution, the right to discovery and have his claim heard on the merits. Plaintiff has followed and adhered to the orders and instructions of the Court and has been continually not allowed due process. This Court states, in the order allowing Defendant to not appear for her deposition, that it does not condone Defendant's actions, but this Court's actions show

that the Court not only condones the Defendant's action but also aids and assists in the Defendant's wrongful and unjust actions. Plaintiff is by law entitled under due process to depose the Defendant. The law and the constitution are to protect the rights of a person to be justly heard in Court. This Court has continually allowed and assisted the Defendant in not answering to Plaintiff's claim and discovery and excusing Defendant's actions in preventing Plaintiff's from prosecuting his claim(s). Having the claim heard on the merits of the Plaintiff's claim for his money and consequential damages is also being continually denied by this Court.

The Court has been stern and strict on Plaintiff in appearance and compliance with rules, orders and the law. Plaintiff followed and adhered to the Court's order to only be again punished for following the instructions of the order which required additional actions and time to be denied on the bases of being untimely. The Court has demanded that Plaintiff proceed in a certain manner which was much more time consuming. This Court has delayed proceedings and Plaintiff's prosecution and has allowed, aiding and assisted the Defendant in delaying Plaintiff's prosecution of his claim to not suggest and submit that Plaintiff is untimely and has not exercised due diligence. This ruling and denial is paradoxical and ironic and harmful to Plaintiff and gives an unjust advantage to Defendant.

The Court comments on that the Defendant has not fulfilled her discovery obligations. Plaintiff has clearly addressed that the Defendant removed evidence from Plaintiff's property and this evidence was property of the Plaintiff. The Defendant willfully and intentionally removed the evidence and willfully and intentionally did not return the evidence and continually willfully and intentionally refuse to provide discovery of the removed and non returned evidence. Again, this evidence is vital in Plaintiff

appropriately presenting and prosecuting his claim. Defendant is allowed to gain an unjust advantage from her wrongful action and her further non compliance with discovery. These unjust and wrong actions are reason and just cause to amend this Court's scheduling order, a continuance of the trial and grant this motion.

Dated May 9, 2007 in Honolulu, Hawaii.

_____
Joseph R. Thames