Joseph R. Thames
P.O. Box 674
Kailua, HI 96734
(808) 554-8082

IN THE UNITED STATES DISRTICT COURT
DISTRICT OF HAWAII

| | |
|---|---|
| Joseph R. Thames<br>Plaintiff, | ) CIVIL NO. 04-00644DAE-LEK<br>)<br>) MOTION FOR RECONSIDERATION |
| vs. | ) OF FINDINGS OF FACT AND<br>) CONCLUSIONS OF LAW |
| Deborah Y. Miller, et al.<br>Defendants. | ) AND JUDGMENT<br>) |

## MOTION FOR RECONSIDERATION OF FINDINGS OF FACTS AND CONCLUSIONS OF LAW

Now Comes Plaintiff and moves the Court to reconsider the Findings of Fact and Conclusions of Law and judgment filed and or entered 05/02/2007. Plaintiff moves the Court for sound cause and good reasons to reconsider the Findings of Fact and Conclusions of Law and or judgment filed and or entered 05/02/2007. Plaintiff case and claims were not heard on the merits. Plaintiff was restricted, not allowed and prevented from prosecuting his claims. The Plaintiff was restricted, barred and not allowed to submit evidence. Such evidence was vital to Plaintiff's case. Defendant testified to that she had removed accounting records, accounting evidence and or evidence from Plaintiff's property and or Plaintiff's control. Defendant did not return and or produce subject accounting records, documents and or evidence. Defendant was not compelled to produce and or return subject accounting records, documents. Defendant was allowed to not produce discovery of subject accounting records, documents and or evidence. Defendant was allowed to not appear for her duly noticed deposition and respond to

questions of subject accounting records, documents and or evidence. Defendant was allowed to not answer and not fully answer questions about subject accounting records, documents and or evidence at trial when questioned by Plaintiff. Defendant was allowed to gain an unjust advantage.

Thus, the Court has not considered the evidence which could have been justly submitted. The Court has not made determination as to relevance and materiality of just evidence. The Court has not justly assessed the credibility of the witnesses. The Court has not ascertained the probative significance of the evidence which could have been justly submitted.

The Magistrate Judge unjustly, mistakenly and or erroneously dismissed all claims related to property. This Court wrongfully and unjustly removed property from

Plaintiff filed an appeal to Magistrate Judge's Order Denying in Part and Granting in Part Plaintiff's Motion to Take Leave and file an amended complaint January 27, 2006 well over a year ago. Plaintiff addressed his request/demand for a jury trial in the Rule 16 Scheduling Conference. Trial Judge ruled on the Appeal of the Magistrate's Order Denying in Part and Granting in Part Plaintiff's Motion to Take Leave. It raises credibility questions of the Trial Judge to, on the day of the trial, appear surprised or that he has no to limited understanding of this Magistrate's Judge's Order of over a year from trial. Vagueness and errors of the Magistrate's order should have been addressed over a year ago. This matter and issues further addresses, as the Plaintiff, as reserved as possible but as necessary as it was, well over a year ago, raised the competency, command of the English language and errors issues of the Magistrate Judge, over a year ago, to the Magistrate Judge and to the Trial Judge. The Plaintiff has been extremely

patient in the manner of trying to understand, comply with and request clarity on the numerous errors and vagueness of Magistrate Judge. Plaintiff has been harmed in justly prosecuting his claims and case. Plaintiff has been abridged from due process and his constitutional rights further violated.

As an American citizen and being one who has taking an oath of office to serve the United States of America, one would expect better from the United States District Court. Also, having served as United States Marine Officer, one would expect better oversight and management competence. Plaintiff raises the issue of concern of the Trial Court lack of oversight, competency, command and conveyance of the English language and or exercise of due diligence to which has prejudiced and or harmed Plaintiff from adequately, appropriately and justly prosecuting his claim(s).

Further sound reason and good cause and other reasons and matters moves this Court to reconsider. Plaintiff moves for this Court to reconsider the Findings of Fact and Conclusions of Law and judgment.

Date: May 12, 2007 in Honolulu, Hawaii.

*[signature]*
Joseph R. Thames