IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | | |
|---|---|---|
| JOSEPH R. THAMES, | ) | CV. NO. 04-00644 DAE-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DEBORAH Y. MILLER, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF
FINDINGS OF FACTS AND CONCLUSIONS OF LAW

      Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for

disposition without a hearing.  After reviewing Plaintiff's Motion for

Reconsideration of Findings of Facts and Conclusions of Law ("Motion for

Reconsideration"), the Court DENIES Plaintiff's Motion for Reconsideration.

BACKGROUND

      On October 29, 2004, Plaintiff, Joseph R. Thames, brought suit

against Defendant, Deborah Y. Miller, for breach of contract and breach of duty of

good faith and fair dealing.  Both parties were pro-se.  Before trial commenced,

Plaintiff filed a barrage of pre-trial motions before Magistrate Judge Leslie E.

Kobayashi ("Magistrate Judge"), all of which were appealed to the Court.  Plaintiff

also filed a number of motions before the Court up to and including the eve of trial,

many of which were repetitive and lacked merit.  The Court handled all motions

accordingly.  Following a one-day bench trial on April 24, 2007, the Court issued

its Findings of Fact and Conclusions of Law, finding in favor of Defendant,

Deborah Y. Miller, and against Plaintiff, Joseph R. Thames.  On May 12, 2007,

Plaintiff filed a Motion for Reconsideration.

STANDARD OF REVIEW

The disposition of a motion for reconsideration is within the discretion

of the district court.  See Lolli v. County of Orange, 351 F.3d 410, 411 (9th Cir.

2003); Plotkin v. Pac. Tel. & Tel. Co., 688 F.2d 1291, 1292 (9th Cir. 1982).  That

rule derives from the compelling interest in the finality of judgments, which should

not be disregarded lightly.  See Rodgers v. Watt, 722 F.2d 456, 459 (9th Cir.

1983); Carnell v. Grimm, 872 F. Supp. 746, 758 (D. Haw. 1994).

A successful motion for reconsideration should furnish a reason why

the court should reconsider its prior decision and include facts or law of a strongly

convincing nature to induce the court to reverse its prior decision.  See Carnell, 872

F. Supp. at 758.  "Courts have established only three grounds justifying

reconsideration: (1) an intervening change in controlling law; (2) the discovery of

new evidence not previously available; and (3) the need to correct clear or manifest

error in law or fact, to prevent manifest injustice."  Id. at 758-59.  Federal Rules of

2

Civil Procedure ("Fed. R. Civ. P.") 60(b) also provides that the court may grant

relief from judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence which by due diligence
> could not have been discovered in time to move for a
> new trial under Rule 59(b); (3) fraud (whether heretofore
> denominated intrinsic or extrinsic), misrepresentation, or
> other misconduct of an adverse party; (4) the judgment is
> void; (5) the judgment has been satisfied, released, or
> discharged, or a prior judgment upon which it is based
> has been reversed or otherwise vacated, or it is no longer
> equitable that the judgment should have prospective
> application; or (6) any other reason justifying relief from
> the operation of the judgment.

## DISCUSSION

Plaintiff claims that "his case and claims were not heard on the

merits."  Plaintiff argues that the Court failed to consider evidence that was vital to

his case because the Magistrate Judge and the Court improperly excluded such

evidence, giving Defendant an unjust advantage.  Plaintiff also contends that the

Court failed to assess the credibility of the witnesses in a just way and that the

Court's credibility should be questioned.

The Court already considered Plaintiff's arguments regarding

evidence and discovery, which were made by motion before entry of judgment.

(Docket Nos. 206, 216, 230.)  Plaintiff fails to raise any new evidence or point to

3

any error of fact or law that would warrant reconsideration of the judgment.

Plaintiff disagrees with the Court's credibility assessment, and he argues that the

Court lacked "oversight, competency, command and conveyance of the English

language and or exercise of due diligence[.]"  Not only does Plaintiff fail to make

specific challenges to the Court's findings that would suggest a lack of oversight,

competency, command, or exercise of due diligence, but deference is given to a

fact-finder's credibility determinations.  See United States v. Durham, 464 F.3d

976, 983 n.11 (9th Cir. 2006).  Plaintiff has presented the Court with no reason to

reconsider the judgment, nor does the Court, after careful consideration, see any

reason that would justify relief to prevent manifest injustice.

<u>CONCLUSION</u>

For the reasons stated above, this Court DENIES Plaintiff's Motion

for Reconsideration.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, May 22, 2007.

_____
David Alan Ezra
United States District Judge

Joseph R. Thames v. Deborah Y. Miller, Civil No. 04-00644 DAE-LEK; ORDER DENYING
PLAINTIFF'S MOTION FOR RECONSIDERATION OF FINDINGS OF FACT AND
CONCLUSIONS OF LAW